IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOE ANDREW  SALAZAR | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. 2:16-cv-1096-JRG-RSP |
| v. | § | |
| | § | |
| HTC CORPORATION, | § | |
| | § | |
| Defendant. | § | |

MOTION TO DISMISS COMPLAINT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Defendant HTC Corporation ("HTC") moves to dismiss Plaintiff's Original Complaint for Patent Infringement (D.I. 1, "Complaint"), with leave to amend, because the Complaint fails to state a plausible claim for relief for (i) willful infringement or (ii) direct infringement.  The Complaint fails to set forth any facts supporting the boilerplate assertion of willful infringement and provides insufficient factual allegations to give rise to a plausible inference that either identified device meets all elements of a specific claim.  The willful and direct infringement claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), with leave to amend.

## I. Introduction

Plaintiff here sues HTC over U.S. Patent No. 5,802,467 (the "'467 Patent"), which expired in 2015.[1]  The Complaint asserts direct infringement by HTC and that such infringement was willful.  The application which became the '467 Patent was filed in 1995 and discloses that it

---

[1] Plaintiff did not file a copy of the '467 Patent with the complaint, so HTC attaches the patent as Exhibit A hereto.  In deciding a Rule 12(b)(6) motion, the Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."  *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cr. 2010).  The '467 Patent is central to the claim and referenced by the Complaint.

"employs an encoding technique to store the desired signals in a memory space in an order of **10Kbytes** of data."[2]  (Emphasis added.)  To this end, the "desired signals" are "command codes" for diverse external devices and the disclosed coding technique involves using a microprocessor creating "reprogrammable communication protocols," with each protocol including a "command code set" defining the signals for communicating with each external device.  In addition, a memory device is configured to store "parameter sets" from which the microprocessor can create a desired appropriate "command code set," so the memory needs less space than if it was storing command code sets.[3]

In pertinent part, the Complaint alleges "[o]n information and belief, Defendant is offering for sale and selling products including but not limited to HTC One M7 and HTC One M8 that directly infringe at least claims 1-9, 11, 15, 16, 17, 19, 20, 21 and 29-34 of the '467 Patent." Complaint, ¶ 9.  *See also* Complaint, ¶ 11.  In addition, the Complaint alleges "[o]n information and belief, Defendant's infringement of the '467 Patent has been deliberate, willful, and with full knowledge, or willful blindness to knowledge, of the '467 Patent."  Complaint, ¶ 13.

## II.      The Legal Standard Under Rule 12(b)(6)

HTC moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) because the pleading "fail[s] to state a claim upon which relief can be granted."  The Court must assume that all well-pleaded facts are true and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012.)  To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Plausibility does not mean probability,

---

[2] '467 Patent, 8:17-31.

[3] Of course, today memory is measured in gigabytes (rather than megabytes or kilobytes).  Each of the independent claims recites a so-configured memory, and each such limitation was added to overcome a prior art rejection.  In addition, each independent claim recites a microprocessor creating such protocols, each containing a command control set.  '467 Patent, 25-30.

but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009).  To be plausible, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  A plaintiff's obligation to provide the grounds of his entitled-to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555.

### III.    The Willful Infringement Allegation

There are simply no facts set forth in the Complaint to support plaintiff's "formulaic recitation of the elements" of willful infringement.  *Twombly*, 550 U.S. at 555; s*ee also Halo Elecs., Inc. v. Pulse Elecs., Inc*., 136 S.Ct. 1923, 1926 (2016)(identifying elements); *In re Seagate Tech*., LLC, 497 F.3d 1360, 1371 (Fed. Cir. 2007)(same).  This case is thus unlike cases involving allegations of knowledge for willful infringement based on hiring away of knowledgeable employees, *BMC Software, Inc. v. Servicenow, Inc*., No. 2:14-CV-903-JRG (E.D. Tex., May 18, 2015) or pre-suit knowledge based on a presentation made to the defendant.  *Elm 3DS Innovations, LLC v. Samsung Elecs. Co.*, 2015 WL 5725768 (D. Del.  September 29, 2015). The courts in those cases denied Rule 12(b)(6) motions based on such factual allegations, but the Complaint here is devoid of any facts directed to willful infringement.  Moreover, since the patent expired more than a year before Plaintiff filed his complaint, this case **cannot** involve willful infringement based on post-Complaint knowledge of the '467 Patent.  That is black letter law.  *See, e.g., Bonito Boats, Inc. v. Thunder Craft Boats, Inc.,* 489 U.S. 141, 165 (1989) ("For almost 100 years it has been well established that in the case of an **expired patent**, the federal **patent** laws *do* create a federal right to `copy and use.'").

Under the circumstances, the Court should grant HTC's motion and dismiss the willful infringement allegation, without prejudice to repleading.

## IV.      The Direct Infringement Allegation

Form 18 no longer provides the proper measure for the sufficiency of a complaint. Instead, the *Iqbal/Twombly* standard applies.  *Lyda v. CBS Corp*., 838 F.3d 1331, 1337, 1337 n.2 (Fed. Cir. 2016).  HTC acknowledges that the Complaint identifies two specific smartphones and 22 claims of the '467 Patent.  With that said, the unique circumstances present here are insufficient to allow a reasonable inference that any device meets all elements of a specific claim.  *Id*. at 1339.

First, Plaintiff's identification of claims 11, 15-17, 19-21 and 31 does not state a plausible claim for relief against HTC.  Those eight claims are dependent claims, all ultimately depending from unasserted independent claim 10.  Claim 10, however, recites "[a] **handset and a base station** employed **in a** communications, command, control and sensing **system** for communicating with a plurality of external devices, said handset and base station **each comprising** …."  '467 Patent, 27:5-9 (emphasis added).  Plaintiff, however, accuses HTC only of direct infringement, and only based on handset products.  Identifying individual handset products does not state a plausible claim for relief for direct infringement as to system claims requiring both a handset and a base station in a system.

Second, the Complaint's listing of 22 claims does not state a plausible claim for relief against HTC in the context present here.  As noted in Section I, *supra*, the '467 Patent discloses and claims hardware and software that together use stored parameters to recreate and generate signals corresponding to a desired command code set, a technique needed at a time long ago when memory was available only in kilobytes.  The case involves computer software used to deal with memory existing only in kilobytes, rather than hardware alone, and complicated claims mixing hardware and method steps.  Unlike the situation in *Uniloc USA, Inc. v. Avaya Inc*., No. 6:15-cv-1168-JRG (E.D. Tex., May 13, 2016) [Dkt. No. 48], the Complaint does not even

describe any accused functionality within the two identified handsets.  Plaintiff should be able to allege the accused functionality, even if, *arguendo*, Plaintiff believes the fine details are proprietary and unavailable to him.  Moreover, one cannot discern from the Complaint whether infringement is allegedly based on publicly available or proprietary third-party software, or source code created by HTC.[4]  The Court should grant HTC's motion and dismiss the direct infringement allegations, without prejudice.

### V.      Conclusion

In view of the foregoing, the Court should grant the Motion to Dismiss the Complaint, with leave to replead.

PATTERSON + SHERIDAN, LLP

_____/s/ Jerry R. Selinger_____
Jerry R. Selinger
State Bar No. 18008250
Email: jselinger@pattersonsheridan.com
Trampas A. Kurth
State Bar No. 24055807
Email: tkurth@pattersonsheridan.com
1700 Pacific Avenue, Suite 2650
Dallas, Texas 75201
Telephone: 214-272-0957
Facsimile: 713-623-4846

ATTORNEYS FOR DEFENDANT
HTC CORPORATION

---

[4] HTC agreed on March 15, 2017 to plaintiff's request for extension of the infringement contention deadline from March 13, 2017 until April 12, 2017.  The Court entered the Order on March 15, 2017.  [Dkt. No. 12]

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 27, 2017, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case filing ("ECF") system of the court.  The attorneys of record who have consented in writing to accept notice as service of this document by electronic means are being served pursuant to Local Rule CV-5(a)(3) by a "Notice of Electronic Filing," sent by the ECF system.

_____/s/ Jerry R. Selinger_____