IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOE ANDREW SALAZAR | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. 2:16-cv-1096-JRG-RSP |
| v. | § | |
| | § | |
| HTC CORPORATION, | § | |
| | § | |
| Defendant. | § | |

MOTION TO DISMISS FIRST AMENDED ORIGINAL COMPLAINT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Pursuant to Fed. R. Civ. P. 12(b)(6), defendant HTC Corporation ("HTC") moves to dismiss Plaintiff's First Amended Original Complaint for Patent Infringement (D.I. 17, "Amended Complaint"), with leave to amend only upon a showing of good cause based on specific facts, because the Amended Complaint fails to state a plausible claim for relief for (i) willful infringement, (ii) induced infringement, or (iii) direct infringement. The Amended Complaint fails to set forth any facts supporting the boilerplate assertion of willful infringement and provides insufficient factual allegations to give rise to a plausible inference that HTC had the requisite knowledge for inducement infringement. Moreover, the shotgun identification of claims allegedly directly infringed is not plausible based on the identified claims and the specific smartphones accused of infringement. The Amended Complaint should be dismissed.

I. **Introduction**

Plaintiff sued HTC over U.S. Patent No. 5,802,467 (the "'467 Patent"), **which expired in 2015**.[1] The Original Complaint asserted direct infringement by HTC and that such infringement was willful. The application which became the '467 Patent was filed in 1995 and discloses that it "employs an encoding technique to store the desired signals in a memory space in an order of **10Kbytes** of data."[2] (Emphasis added.) To this end, the "desired signals" are "command codes" for diverse external devices and the disclosed coding technique involves using a microprocessor creating "reprogrammable communication protocols," with each protocol including a "command code set" defining the signals for communicating with each external device. In addition, a memory device is configured to store "parameter sets" from which the microprocessor can create a desired appropriate "command code set," so the memory needs less space than if it was storing all of the command code sets.[3]

In pertinent part, the Original Complaint alleged "[o]n information and belief, Defendant is offering for sale and selling HTC handsets including but not limited to HTC One M7 and HTC One M8 that directly infringe at least claims 1-9, 11, 15, 16, 17, 19, 20, 21 and 29-34 of the '467 Patent." Complaint, ¶ 9. *See also* Complaint, ¶ 11. In addition, the Complaint alleged "[o]n information and belief, Defendant's infringement of the '467 Patent has been deliberate, willful,

---

[1] Plaintiff did not file a copy of the '467 Patent with the Amended Complaint, so HTC attaches the patent as Exhibit A hereto. In deciding a Rule 12(b)(6) motion, the Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cr. 2010). The '467 Patent is central to the claim and referenced by the Amended Complaint.
[2] '467 Patent, 8:17-31.
[3] The Court is aware that memory now is measured in gigabytes (rather than megabytes or kilobytes). In all events, each independent claim recites a so-configured memory. Each independent claim also recites a microprocessor creating a plurality of reprogrammable communication protocols, each created protocol containing a command control set that defines the signals to communicate with a different external device. '467 Patent, 25-30. HTC handsets lack so-configured smartphones and microprocessors that create command code sets from parameter sets.

and with full knowledge, or willful blindness to knowledge, of the '467 Patent." Complaint, ¶ 13.

HTC timely filed its Motion to Dismiss the claims for direct infringement and willful infringement. (D.I. 14). Plaintiff then filed the Amended Complaint. (D.I. 17) The Amended Complaint seemingly seeks to respond to defects HTC's motion identified in the Original Complaint by listing Google Android and Microsoft Windows as relevant source codes, Amended Complaint, ¶ 14, and by adding an allegation that Plaintiff made and sold products marked with the patent number beginning in 1999. *Id*., ¶ 11. At the same time, the Amended Complaint adds a cause of action for induced infringement, *id*., ¶ 15, alleging actual notice by HTC – of an expired patent – at least from the time the Original Complaint was filed, and also because the patent issued in 1998 and some unspecified number of products were sold marked with the patent number beginning in 1999. *Id*., ¶¶ 15-19.

The Amended Complaint continues to allege infringement was willful. *Id*., ¶ 21. Plaintiff changed the list of claims accused of direct infringement, but the resulting accusations remain implausible. HTC thus files this renewed Motion to Dismiss the Amended Complaint.

## II. The Legal Standard Under Rule 12(b)(6)

HTC moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) because the pleading "fail[s] to state a claim upon which relief can be granted." The Court must assume that all well-pleaded facts are true and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012.) To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). To be plausible, the plaintiff must plead "factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A plaintiff's obligation to provide the grounds of his entitled-to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

### III. The Willful Infringement Allegation

There are simply no plausible facts set forth in the Amended Complaint to support plaintiff's "formulaic recitation of the elements" of willful infringement. *Twombly*, 550 U.S. at 555; s*ee also Halo Elecs., Inc. v. Pulse Elecs., Inc*., 136 S.Ct. 1923, 1926 (2016)(identifying elements); *In re Seagate Tech*., LLC, 497 F.3d 1360, 1371 (Fed. Cir. 2007)(same). This case is thus unlike cases involving allegations of knowledge for willful infringement based on hiring away of knowledgeable employees, *BMC Software, Inc. v. Servicenow, Inc*., No. 2:14-CV-903-JRG (E.D. Tex., May 18, 2015) or pre-suit knowledge based on a presentation made to the defendant. *Elm 3DS Innovations, LLC v. Samsung Elecs. Co.*, 2015 WL 5725768 (D. Del. September 29, 2015). The courts in those inapposite cases denied Rule 12(b)(6) motions based on such plausible factual allegations, but the Amended Complaint here is devoid of any plausible facts directed to willful infringement.

Simply stated, Plaintiff's new assertions -- that the '467 Patent issued in 1998 and Plaintiff sold products marked with that number – without any "factual content" suggesting that HTC had reason to be knowledgeable about the patent or the product (which it was not), do not constitute plausible factual allegations. *Iqbal*, 556 U.S. at 687. Moreover, Plaintiff's continuing allegations based on knowledge HTC gained upon the filing of the complaint are meritless at best, since the patent **expired** more than a year **before** Plaintiff filed his complaint. Black-letter law instructs there cannot be post-filing willful infringement based on post-Complaint knowledge of the '467 Patent in this case, since the patent expired before Plaintiff filed suit. *See,*

*e.g., Bonito Boats, Inc. v. Thunder Craft Boats, Inc.,* 489 U.S. 141, 165 (1989) ("For almost 100 years it has been well established that in the case of an expired patent, the federal patent laws *do* create a federal right to `copy and use.'").

The Court should grant HTC's motion and dismiss the willful infringement allegations of paragraph 21 of the Amended Complaint and paragraph D of the Prayer for Relief.

### IV.     The Inducement Infringement Allegations

To prove induced infringement, the patentee "must show direct infringement, and that the alleged infringer `knowingly induced infringement and possessed specific intent to encourage another's infringement.'" *See, e.g.*, *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.,* 420 F.3d 1369, 1378 (Fed. Cir. 2005). Plaintiff's allegations regarding the specific intent component of induced infringement are fatally deficient for reasons analogous to the reasons warranting dismissal of the willful infringement allegations.

The knowledge HTC gained of the '467 Patent upon the filing of suit in 2016 is irrelevant to the issue of specific intent, since the patent expired in 2015. Acts after the patent expired cannot constitute patent infringement. *See, e.g.*, *Bonito Boats, supra.* Plaintiff's only factual assertions regarding specific intent while the '467 Patent was extant are that the patent issued in 1998, and plaintiff marked some unspecified number of products beginning in 1999. Those assertions are devoid of facts plausibly suggesting that HTC had reason to be knowledgeable about the patent or the product and do not constitute plausible factual allegations concerning specific intent. The Court should dismiss the induced infringement allegations in paragraphs 5, 11 and 15-19 of the Amended Complaint and any cause of action based on induced infringement.

### V.     The Direct Infringement Allegation

Form 18 no longer provides the proper measure for the sufficiency of a complaint. Instead, the *Iqbal/Twombly* standard applies. *Lyda v. CBS Corp.*, 838 F.3d 1331, 1337, 1337 n.2

(Fed. Cir. 2016). HTC acknowledges that the Amended Complaint identifies three specific handsets and 18 claims of the '467 Patent. Amended Complaint, ¶ 5. With that said, the unique circumstances present here are insufficient to allow a reasonable inference that any device meets all elements of a specific claim. *Id.* at 1339.

First, Plaintiff's identification of claims 10, 14, 17, 23 and 26 does not state a plausible claim for relief against HTC. Claim 10 recites "[a] **handset and a base station** employed **in a** communications, command, control and sensing **system** for communicating with a plurality of external devices, said handset and base station **each comprising** …." '467 Patent, 27:5-9 (emphasis added). Plaintiff, however, accuses HTC of direct infringement based only on sales of individual handsets. The allegations of direct infringement do not state a plausible claim for relief of such system claims because Plaintiff only accuses HTC of infringement based on sales of individual handsets, without any suggestion that HTC sells base stations (which it does not) or any "system" having the required set of products.

Second, the Amended Complaint's listing of the 18 claims[4] does not state a plausible claim for relief against HTC in the context present here. As noted in Section I, *supra*, the independent claims of the '467 Patent each require "a microprocessor … creating a plurality of reprogrammable communication protocols … wherein each communication protocol includes a command code set that defines the signals that are employed to communicate with each one of said external devices" In addition, they require "a memory device … configured to store a plurality of parameter sets retrieved by said microprocessor so as to create a desired command code set, such that the memory space required to store said parameters is smaller than the memory space required to store said command code sets …." *See, e.g.*, '467 Patent, claim 1. The claims thus require structure for generating a universe of control signals constituting stored

---

[4] Nos. 1-7, 10, 14, 17, 23, 26-32 and 34. Amended Complaint, ¶ 5.

parameters that the microprocessor uses to recreate signals corresponding to a desired command code set within the universe.

Yet, the Amended Complaint does not allege that HTC's accused handsets use stored parameters to recreate and generate signals corresponding to a desired command code set.[5] The Amended Complaint does no more than assert the accused handsets have components all admittedly found in the prior art. *Compare* Amended Complaint, ¶ 14 *with* '467 Patent, col. 1 (prior art patent). Pleading only generic elements, coupled with the absence of any allegations that a microprocessor and memory are configured to have the critical, recited functionality, makes this case unlike the situation in *Uniloc USA, Inc. v. Avaya Inc.*, No. 6:15-cv-1168-JRG (E.D. Tex., May 13, 2016) [Dkt. No. 48]. The Court should grant HTC's motion and dismiss the direct infringement allegations.

### VI. Conclusion

In view of the foregoing, the Court should grant the Motion to Dismiss the Amended Complaint.

PATTERSON + SHERIDAN, LLP

_____/s/ Jerry R. Selinger_____
Jerry R. Selinger
State Bar No. 18008250
Email: jselinger@pattersonsheridan.com
Trampas A. Kurth
State Bar No. 24055807
Email: tkurth@pattersonsheridan.com
1700 Pacific Avenue, Suite 2650
Dallas, Texas 75201
Telephone: 214-272-0957
Facsimile: 713-623-4846

ATTORNEYS FOR DEFENDANT
HTC CORPORATION

---

[5] HTC's accused handsets do not use stored parameters to recreate and generate signals corresponding to a desired command code set.

## **CERTIFICATE OF SERVICE**

  I hereby certify that on April 21, 2017, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case filing ("ECF") system of the court.  The attorneys of record who have consented in writing to accept notice as service of this document by electronic means are being served pursuant to Local Rule CV-5(a)(3) by a "Notice of Electronic Filing," sent by the ECF system.

                _____/s/ Jerry R. Selinger_____