**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| JOE ANDREW SALAZAR § | |
| § | |
| v. § | Case No. 2:16-CV-1096-JRG-RSP |
| § | |
| HTC CORPORATION § | JURY TRIAL DEMANDED |

**JOINT NOTICE OF SUBMISSION OF DISPUTED PROTECTIVE ORDER**

Pursuant to the Court's Order Setting Scheduling Conference (Doc. No. 9) and Order Granting Extension of Time (Doc. No. 27), Plaintiff Joe Andrew Salazar ("Salazar") and Defendant HTC Corporation ("HTC"), (collectively, the "Parties"), hereby notify the Court that the Parties have a dispute related to the proposed Protective Order to be entered in this action. The Parties' dispute regarding the proposed Protective Order is described below:

**Salazar's Position on the Proposed Protective Order**

1.  Salazar requests that the following sentence be added to subparagraph 10(h) of the Protective Order to be entered by the Court: "*However, nothing in this subparagraph shall operate to limit the amount of Source Code that may be copied into notes or printed by the receiving Party that relates to the functionality of the accused products.*" *See* Salazar's proposed Protective Order attached hereto as Exhibit A[1]. The reason that Salazar requests the addition of this sentence is that subparagraph 10(h) of the Protective Order proposed by HTC – although it allows a Party's outside counsel and/or expert to take notes relating to Source Code – thereafter limits the copying of Source Code into those notes to no more than ten (10) continuous lines of Source Code. In addition, although subparagraph 10(h) of HTC's proposed Protective Order also allows the receiving Party to make a reasonable number of printouts and photocopies of Source Code

---

[1] The sentence at issue is highlighted in yellow on Salazar's attached Exhibit A.

Material, HTC thereafter states that for purposes of this provision, a reasonable number of printouts and photocopies is limited to no more no more than 25 single-sided double-spaced 12-point font consecutive pages with one (1) inch margins and 150 total pages of source code in the aggregate during the duration of the case.  Salazar is willing to agree to both of these limitations proposed by HTC so long as they do not operate to limit the amount of Source Code that Salzar's outside counsel and/or expert may copy into their notes or that may be printed off or photocopied if that Source Code relates to the functionality of the accused products – hence the reason for the added sentence that is at the center of the Parties' protective order dispute.

2. The Court's local patent rules specifically provide that when submitting invalidity contentions, a party opposing a claim of patent infringement must produce for inspection and copying: "(a) Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its P. R. 3-1(c) chart". *See* P.R. 3-4(a). As Salazar has a clear right to access this type of source code under the Court's patent rules, he should not be arbitrarily limited to a certain amount of that source code that may be utilized by his outside counsel and/or expert to assist with establishing his claims of infringement or defending against HTC's invalidity defenses.  This is especially true in circumstances such as the instant case where Salazar has had no prior access to any of the relevant Source Code and has no idea how much (or how little) Source Code that his outside counsel and/or expert may need to copy or print out or photocopy to accomplish a proper analysis of that Source Code.

**HTC's Position on the Proposed Protective Order**

3. HTC submits that its proposed Protective Order, attached hereto as Exhibit B, should be entered by the Court.  Limitations on source code production, such as the use of a stand-

alone computer and page limits, operate to protect the highly confidential information found in a producing party's source code. The proposed page limits prevent a receiving party from printing large portions of source code and transporting it for review elsewhere – which would frustrate the purpose of providing the source code on a stand-alone computer at an agreed-upon location, where the source code can be protected from unauthorized distribution.

4.      In addition, Salazar and/or his representatives are not absolutely limited to the 150-page limit. The parties can meet and confer if Salazar wishes to exceed the page limit and Salazar's request cannot be unreasonably denied. A request to print additional source code above the 150-page limit will not be unreasonably denied if those additional portions of source code are necessary to prepare court filings, pleadings, formal infringement contentions and a testifying expert's expert report or declaration, as described in the Protective Order. If the need exists for larger portions of source code to be printed, Salazar's request will be accommodated, either by agreement or by Order of the Court if the parties cannot reach an agreement.

PREMISES CONSIDERED, Plaintiff Joe Andrew Salazar requests the Court to enter the Protective Order attached hereto as Exhibit A and Defendant HTC Corporation requests the Court to enter the proposed Protective Order attached hereto as Exhibit B.

Dated: April 24, 2017            Respectfully submitted,

*/s/ Andy Tindel w/ permission of Lead Attorney*

Dariush Keyhani, Lead Attorney
New Jersey State Bar No. 044062002
MEREDITH & KEYANI, PLLC
125 Park Avenue, 25th Floor
New York, NY 10017
(212) 760-0098 Telephone
(212) 202-3819 Facsimile
dkeyhani@meredithkeyani.com

ANDY TINDEL
Texas State Bar No. 20054500
MT² LAW GROUP
MANN | TINDEL | THOMPSON
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile: (903) 596-0909
Email: atindel@andytindel.com

*Attorneys for Plaintiff Joe Andrew Salazar*

/s/ Trampas A. Kurth
Jerry R. Selinger
State Bar No. 18008250
Email: jselinger@pattersonsheridan.com
Trampas A. Kurth
State Bar No. 24055807
Email: tkurth@pattersonsheridan.com
PATTERSON + SHERIDAN, LLP
1700 Pacific Avenue, Suite 2650
Dallas, Texas 75201
Telephone: (214) 272-0957
Facsimile: (214) 623-4846

*Attorneys for Defendant HTC Corporation*

**CERTIFICATE OF SERVICE**

This is to certify that all known counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on this the 24th of April, 2017. Any other known counsel of record will be served with a copy of this document by email and/or facsimile transmission

Andy Tindel