**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| JOE ANDREW SALAZAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:16-cv-01096-JRG-RSP |
| | § | |
| HTC CORPORATION | § | |
| | § | JURY TRIAL DEMANDED |
| Defendant. | § | |

**PLAINTIFF JOE ANDREW SALAZAR'S RESPONSE IN OPPOSITION TO
DEFENDANT HTC CORPORATION'S MOTION TO DISMISS
FIRST AMENDED ORIGINAL COMPLAINT PURSUANT TO FEDERAL RULE OF
<u>CIVIL PROCEDURE 12(b)(6)</u>**

Plaintiff Joe Andrew Salazar ("Plaintiff" or "Salazar") hereby opposes Defendant HTC Corporation's ("Defendant" or "HTC") Motion to Dismiss.

## I.  INTRODUCTION

On April 10, 2017, Plaintiff filed its amended complaint alleging that HTC infringed various claims of U.S. patent No. 5,802,467 ("the '467 Patent"). *See* Pl.'s Amended Complaint ("Complaint") (Dkt. # 17). On April 21, 2017 Defendant filed a Motion to Dismiss Plaintiff's First Amended Original Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion") (Dkt. # 28). The Court should deny Defendant's motion for the following reasons. First, Plaintiff's allegations that HTC directly infringed the asserted claims of the '467 Patent exceed Rule 8(a)'s notice pleading standard. Second, Defendant's arguments that its HTC One M7, HTC One M8, and HTC M9 do not meet all elements of the asserted claims has no bearing on the sufficiency of Plaintiff's pleadings. Third, Plaintiff's allegations of inducement and willful

infringement meet the applicable pleading standards. Accordingly, HTC's motion should be denied.

## II. STANDARD OF REVIEW

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202-WCB, 2016 WL 1643315, at *3 (E.D. Tex. Apr. 26, 2016). When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must assume that all well-pleaded facts are true and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012). The court must then decide whether those facts state a claim for relief that is plausible on its face. *Bowlby*, 681 F.3d at 217. As the Supreme Court noted, the plausibility requirement is not akin to a "probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal" that the defendant is liable for the alleged misconduct. *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556 (2007); *Viveve, Inc. v. Thermigen, LLC*, 2017 WL 1425604, at *1–2 (E.D. Tex. Apr. 20, 2017). In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted. *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 232 (5th Cir. 2009); *McAvoy v. Johnson*, 2013 WL 968262, at *2 (E.D. Tex. Mar. 12, 2013).

## III. ARGUMENT

### A. The allegations contained in Plaintiff's Amended Complaint sufficiently state its infringement claims

Salazar's claims of: (1) direct infringement and (2) inducement satisfy the pleading requirements of Rule 8(a)(2).

#### 1. Salazar's direct infringement claims are sufficiently pled

To state a claim for direct patent infringement, a plaintiff must plead facts that plausibly support the assertion that a defendant "without authority makes, uses, offers to sell, or sells any patented invention, within the [U.S.] or imports into the [U.S.] any patented invention during the term of the patent." 35 U.S.C. § 271(a); *Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*, No. 2:16-CV-0134-JRG-RSP, 2017 WL 970383, at *4 (E.D. Tex. Mar. 1, 2017), *report and recommendation adopted*, No. 2:16-CV-134-JRG-RSP, 2017 WL 1154921 (E.D. Tex. Mar. 28, 2017). Allegations that a specific accused product or system infringes a patent is sufficient to meet Rule 8(a)(2) and a Plaintiff need not allege what specific components, features, or capabilities the accused product has or how it infringes. *Raytheon Co. v. Cray, Inc.*, No. 216CV00423JRGRSP, 2017 WL 1362700, at *4 (E.D. Tex. Mar. 13, 2017), *report and recommendation adopted*, No. 216CV00423JRGRSP, 2017 WL 1344900 (E.D. Tex. Apr. 12, 2017) (asserting that such detail is "not required at the pleading standard, as numerous courts have held after Form 18 was eliminated); *Uniloc USA, Inc. v. Avaya Inc*., No. 6:15-CV-1168-JRG, 2016 WL 7042236, at *3 (E.D. Tex. May 13, 2016)(refusing to apply such a stringing standard and explaining that "[f]ar from a 'short and plain statement,' this level of specificity is tantamount to a legal exposition of the claimant's infringement theories.").

Here, Plaintiff alleges that "Defendant has directly infringed, and is continuing to directly infringe (literally and/or under the doctrine of equivalents) at least claims 1-7, 10, 14, 17, 23, 26-32 and 34 of the '467 Patent." *See* Amended Complaint at ¶ 13 (Dkt. # 17). Further, Plaintiff states how Defendant has infringed and continues to infringe, by making, offering for sale or use, and/or selling, distributing, promoting or providing for use, the '467 Patent, specifically identifies the accused products, HTC One M7, HTC One M8, and HTC One M9, and states that these devices embody wireless communications, control and sensing systems for communicating with external

3

devices, including televisions and other devices. *Id.* Plaintiff further describes components and features of the accused products: "[t]he accused HTC One smartphones are Android or Windows based phones and include microprocessors, memory devices, user interfaces, and infra-red frequency transceivers, among other components and features." *Id.* at 14. These allegations provide HTC with ample notice and exceed the pleading requirements of Rule 8(a)(2).

With respect to HTC's arguments relating to claims 10, 14, 17, 23, and 26, Defendant proffers its theories to argue that the claim elements of these asserted claims are not met. Plaintiff set out an analysis of infringement of these claims on a claim element by claim element basis in its Local Patent Rules 3-1 and 3-2 Disclosure of Asserted Claims and Infringement Contentions, which were served on Defendant on April 19, 2017.[1] While Defendant understandably disagrees with Plaintiff's analyses, Defendant's arguments are not properly addressed at the pleading stage of this case and cannot overcome Plaintiff's sufficiently pled complaint. Accordingly, Defendant's arguments and theories have no bearing on the sufficiency of Plaintiff's pleadings and should be saved for a trier of fact.

### 2. Plaintiff's inducement claims satisfy Rule 8(a)

Under 35 U.S.C § 271(b), "whoever actively induces infringement of a patent shall be liable as an infringer." "To prove induced infringement, the patentee must show direct infringement, and that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1363 (Fed. Cir. 2012) (quoting *i4i Ltd. P'ship. v. Microsoft Corp.*, 598 F.3d 831, 851 (Fed. Cir. 2010) (internal quotation marks omitted)).

---

[1] In accordance with the Docket Control Order (Dkt. # 21), Plaintiff will elaborate on its infringement contentions in its expert disclosures after it obtains further evidence from Defendant.

The Federal Circuit has held that advertising the benefits of the accused functionality "gives rise to a reasonable inference [a defendant] intend[ed] to induce[its] customers to accomplish these benefits through utilization of the patented method." *In Re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1341–42 (Fed. Cir. 2012); *Uniloc USA*, 2016 WL 7042236, at *4. (E.D. Tex. May 13, 2016) (alleging that a defendant provided customers with instructions to use the accused products in a way that infringes the asserted patents satisfies the intent element).

Here, in addition to sufficiently pleading direct infringement, Plaintiff alleges that "Defendant knew of the '467 Patent," "knowingly and specifically intended third parties to infringe the '467 Patent's claims," and "induced, caused, urged, encouraged, aided, and abetted its direct and indirect customers to infringe the claims of the '467 Patent." Complaint at ¶¶ 15, 17. Plaintiff further alleges that Defendant has done so by "marketing the infringing capabilities of such products, and providing instructions, technical support, and other encouragement for the use of such products." *Id.* at ¶ 16. These allegations give rise to the inference that HTC knowingly induced infringement and possessed the requisite specific intent to encourage infringement by its customers. *Id.* at ¶¶ 11, 15, 17-19.

### B. Plaintiff states a claim for willful infringement

Salazar adequately alleges sufficient facts to support his claims of willful infringement. Infringement is willful when the infringer was aware of the asserted patent, but nonetheless acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. *Nonend Inventions, N.V. v. Apple. Inc.,* 2016 WL 1253740, at *2 (E.D. Tex. Mar. 11, 2016). The "bar for pleading willful infringement is not high" and a party need only show "some limited factual basis regarding knowledge" to state a claim for relief of willful infringement. *Lodsys, LLC*

*v. Brother Int'l Corp.*, 2012 WL 760729, at *4 (E.D. Tex. Mar. 8, 2012). "Willfulness does not equate to fraud, and thus, the pleading requirement for willful infringement does not rise to the stringent standard required by Rule 9(b)." *Content Guard Holdings, Inc. v. Amazon.com, Inc.*, 2015 WL 1432158, at *2 (E.D. Tex. Mar. 30, 2015).

Here, Plaintiff alleges that Defendant "has had knowledge of the '467 Patent since as early as September 1998 when the '467 Patent issued" and became public record and that "beginning in 1999 Salazar manufactured and sold products that embody the inventions disclosed and claimed in the '467 Patent" and marked these products in compliance with the Marking Statute. *See* Complaint at ¶¶ 11, 17-18. Taken as true, these allegations are sufficient to support Plaintiff's claim of willful infringement. *Mobile Telecommunications Techs., LLC v. Amazon.com, Inc.*, 2014 WL 10418271, at *2 (E.D. Tex. Aug. 26, 2014).

## IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court deny HTC's Motion to Dismiss or, if HTC's motion is granted, that Plaintiff be afforded leave to amend its Amended Complaint.

Dated: May 5, 2017

Respectfully submitted,

*/Andy Tindel w/ permission of Lead Attorney/*

Dariush Keyhani  (Lead Attorney)
New Jersey State Bar No. 044062002
MEREDITH & KEYHANI, PLLC
125 Park Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 760-0098
Facsimile: (212) 202-3819
Email: dkeyhani@meredithkeyhani.com

ANDY TINDEL
Texas State Bar No. 20054500
MT² LAW GROUP
MANN | TINDEL | THOMPSON
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile:  (903) 596-0909
Email: atindel@andytindel.com

**CERTIFICATE OF SERVICE**

This is to certify that all known counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on this the 5th of May, 2017.  Any other known counsel of record will be served with a copy of this document by email and/or facsimile transmission

_____

Andy Tindel