IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOE ANDREW  SALAZAR | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. 2:16-cv-1096-JRG-RSP |
| v. | § | |
| | § | |
| HTC CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## HTC CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED ORIGINAL COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

HTC Corporation's ("HTC") Motion to Dismiss First Amended Original Complaint ("Amended Complaint) is well founded and should be granted.

### I.  Induced Infringement

HTC moved to dismiss the induced infringement allegations because the Amended Complaint failed to contain <u>facts</u> plausibly showing that HTC knew that customer acts constituted infringement of the '467 Patent.  This requires pleading plausible facts that HTC knew of the patent.  *DSU Med. Corp. v. JMS Co.* 471 F.3d 1293, 1304 (Fed Cir. 2006)(en banc)("The requirement that the alleged infringer knew or should have known his actions would induce actual infringement necessarily includes the requirement that he or she knew of the patent.")

Mr. Salazar's allegations of HTC's knowledge of the patent are in paragraph 18.  While the Amended Complaint pleads "actual knowledge … no later than the filing of the" lawsuit, plaintiff does not seek to rely on that allegation since the complaint was not filed until after the '467 Patent expired.  Instead, plaintiff pleads "on information and belief, Defendant has had

1

knowledge of the '467 Patent since as early as September of 1998 when the '467 Patent issued and/or in 1999 and thereafter when products" marked with the patent number were offered for sale and sold in the United States.  Amended Complaint, ¶ 18.[1]

Those assertions are devoid of facts plausibly suggesting that HTC had any reason to know about the patent or the product.  Plaintiff's "on information and belief" allegations seeking to impute actual knowledge to HTC impermissibly rely on "a sheer possibility that [HTC] acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009).  Those are not plausible factual allegations that HTC knew of the '467 Patent prior to the filing of suit. Plaintiff's reliance on *In re Bill of Lading* and *Uniloc*, Opposition Br. at 5, misses the point.  Those cases focus on the knowing inducement of conduct by others, not on whether an accused infringer knew of the patent.  Constructive notice under marking is different from the knowledge of the patent required under *DSU*.  Cf.  *SSL Services, LLC v. Citrix Systems, Inc*., 940 F.Supp.2d 480, 487 (E. D. Tex. 2013).

Allegations based on "information and belief" that a Taiwanese corporation had knowledge of a U.S. patent simply because the patent issued and because some unspecified number of sold products were marked is not "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 at 687. The Court should dismiss the induced infringement allegations in paragraphs 5, 11 and 15-19 of the Amended Complaint and any cause of action based on induced infringement.

## II.  **Willful Infringement**

Mr. Salazar concedes one element of willful infringement is that HTC must have been aware of the '467 Patent and there must be some plausible factual basis regarding knowledge.

---

[1] Plaintiff also relies on other paragraphs of the Amended Complaint.  Paragraph 15, however, makes no mention of knowledge by HTC, and paragraph 17 is a conclusory assertion void of any factual allegation.  Paragraph 19 is qualified by "information and belief" and adds no factual allegation beyond the speculation in paragraph 18.

Opposition Br. at 5-6.  Plaintiff relies on the same factual allegations for willfulness as for inducement, *id,* "on information and belief."  Amended Complaint, ¶ 21.  Those qualified allegations are no more than speculation, not plausible factual allegations.

This Court has found plausible allegations of knowledge sufficient for willfulness allegations of a presentation made to the defendant or hiring away of knowledgeable employees by the defendant.  Opening Br. at 4.  Plaintiff does not point to any case upholding an allegation of willful infringement based only on the issuance of a patent or the presence of a marked product in the marketplace without some link to the accused infringer.

*Mobile Telecommunications Techs., LLC v. Amazon.com, Inc*., 2014 WL 10418271, at *4-5 (E.D. Tex. August 26, 2014) does not save Plaintiff.  Amazon's challenge focused on post-filing knowledge of the patent as a basis for willful infringement.  Of course, that is not an issue here since the '467 Patent had expired before suit was filed.  In all events, Mr. Salazar's merely speculative pleadings are insufficient under *Iqbal*.  The Court should grant HTC's motion and dismiss the willful infringement allegations of paragraph 21 of the Amended Complaint and paragraph D of the Prayer for Relief.

### III.    Direct Infringement

The issue is whether assertions of direct infringement contradicted by publicly-available information, or pleading gaps at critical junctures where publicly available information would contradict such allegations, complies with the *Iqbal/Twombly* standard.

HTC's opening brief first identified the fatal flaws in Plaintiff's pleadings of infringement of claims 10, 14, 17, 23 and 26.  In his opposition, Plaintiff does not deny that independent claim 10 and its dependencies require both a handset and a base station.  Plaintiff does not disagree with HTC's assertion that HTC does not sell base stations, nor does Plaintiff plead that HTC sells a system of paired products of any form that are sold to be the claimed

3

system.  Plaintiff contends that pairs of handsets can be used by unnamed third parties, but for allegations of direct infringement against HTC, those allegations do not comply with the *Iqbal/Twombly* standard.  *Cf. Raytheon Co. v. Cray, Inc.*, No. 2:16-cv-00423-JRG-RSP, 2017 WL 1362700, at *4 (E.D. Tex. March 13, 2017) ("For the direct infringement element of a joint infringement claim, *Lyda* specified that the facts alleged should be sufficient to 'allow a reasonable inference that *all steps of the claimed method* are performed." 838 F.3d at 1339 (emphasis added.))"  *See also Atlas IP LLC v. Pacific Gas and Electric Co*., No. 15-cv-05469-EDL, 2016 WL 1719545, at *2 (N.D. Cal., Mar. 9, 2016)("[S]imply reciting some of the elements of a representative claim and then generally how an accused product operates, without specifically typing the operation to any asserted claim or addressing all of the claim requirements, is insufficient.")

Second, HTC's opening brief explained that the Amended Complaint's assertion of the 18 claims does not state a plausible claim for relief against HTC in the context present here. HTC pointed out that Mr. Salazar amended the Original Complaint to add identification of some handset components, but in so doing failed to assert HTC's accused handsets are configured to meet the recited functionality.  That change is insufficient.  *See, e.g., Raytheon, supra, Atlas IP, supra*. Moreover, information readily available in the public domain makes it clear that HTC handsets connect to a third-party system, rather than having those claimed elements and functionalities.[2]  Mr. Salazar should be required to replead to make those allegations of direct infringement, which can be measured against Rule 11.

### IV.    Conclusion

In view of the foregoing, the Court should grant HTC's Motion to Dismiss First Amended Original Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[2]Peel Technologies, Inc. provides this functionality. *See* http://blog.htc.com/2015/04/sense-tv-going-away-need-know/  ("Sense TV was powered by the Peel Smart Remote ….")

PATTERSON + SHERIDAN, LLP

_____/s/ Jerry R. Selinger_____
Jerry R. Selinger
State Bar No. 18008250
Email: jselinger@pattersonsheridan.com
Trampas A. Kurth
State Bar No. 24055807
Email: tkurth@pattersonsheridan.com
1700 Pacific Avenue, Suite 2650
Dallas, Texas 75201
Telephone: 214-272-0957
Facsimile: 713-623-4846

ATTORNEYS FOR DEFENDANT
HTC CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2017, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case filing ("ECF") system of the court.  The attorneys of record who have consented in writing to accept notice as service of this document by electronic means are being served pursuant to Local Rule CV-5(a)(3) by a "Notice of Electronic Filing," sent by the ECF system.

_____/s/ Jerry R. Selinger_____