# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| JOE ANDREW SALAZAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:16-cv-01096-JRG-RSP |
| | § | |
| HTC CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF JOE ANDREW SALAZAR'S SUR-REPLY IN OPPOSITION TO DEFENDANT HTC CORPORATION'S SECTION 1404 MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA

Dariush Keyhani, Lead Attorney
New Jersey State Bar No. 044062002
MEREDITH & KEYANI, PLLC
125 Park Avenue, 25th Floor
New York, NY 10017
(212) 760-0098 Telephone
(212) 202-3819 Facsimile
dkeyhani@meredithkeyhani.com

Andy Tindel
Texas State Bar No. 20054500
MT² LAW GROUP
MANN | TINDEL | THOMPSON
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile:  (903) 596-0909
Email: atindel@andytindel.com

*Attorneys for Plaintiff Joe Andrew Salazar*

Defendant HTC Corporation's ("HTC") Section 1404 Motion to Transfer Venue to the Northern District of California ("Motion") alleging that the Eastern District of Texas (this "District") is an inconvenient forum for HTC to litigate this action should be denied because HTC has failed to meet its burden of demonstrating that the Northern District of California ("NDCA") is a *clearly more convenient*[1] venue than this District.

### I. MR. SALAZAR HAS NOT IMPROPERLY ATTEMPTED TO DEVALUE THE IMPORATANCE OF COMPULSORY PROCESS IN THIS CASE

HTC's Reply incorrectly states that Mr. Salazar's Response improperly devalues the importance of compulsory process in this case. This is not true. Mr. Salazar's Response simply pointed out that the California-based non-party witnesses that HTC mentioned in its transfer motion were either immaterial, possessed information of doubtful relevance, or were not specifically identified by HTC. As to those non-party witnesses that HTC actually identified – Mr. Salazar explained that HTC made no showing that the three Peel Technologies, Inc. witnesses in NDCA had crucial information or testimony beyond the operation of the company's source; that in all events could be obtained from a subpoena issued from this District and which, after examination by the parties' experts, could be entirely sufficient to explain its operation in relation to functions of the accused products. Mr. Salazar also explained that even if for some reason Peel's source code required explanation from any of the three identified Peel executives that testimony would be of a highly technical nature and customarily secured by deposition and relied on by the experts as a basis for their opinions and conclusions in the case – versus the type of factual

---

[1] *In re Volkswagen II*, 545 F.3d at 314-5 (emphasis added); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1200 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009); *see also AT&T Intel. Prop. I, L.P. v. Airbiquity Inc.*, No. 3:08-CV-1637, 2009 WL 774350, at *1 (N.D. Tex. Mar. 24, 2009) (denying a motion to transfer venue where transferee venue was not clearly more convenient even though defendant demonstrated that transferee forum was more convenient than transferor venue).

testimony that would be important for a jury to hear from a witness testifying live at trial.

In response, the best that HTC can come up with to refute these facts is an argument that it "improperly usurps HTC's right to be the master of its own evidence at trial."[2] If this was a tenable legal position, then a party to a transfer motion could simply pick any number of non-party witnesses located in various places that supported their particular position on the transfer issue and, *ipse dixit*, state these witnesses must appear as live witnesses because we are masters of our own evidence.  That, however, is not a sustainable legal position and HTC's attempts to turn the location of these Peel executives into the crux of the transfer decision is unavailing for that reason. The other identified NDCA third party witness, Mr. Nerieri, is the only Google employee named by HTC. However, other than the fact that Mr. Salazar's infringement contentions "refer" to Google's Android operating system, HTC provides no elaboration as to the importance of this particular Google witness to this particular case or even why documents relating to the Android operating system (or Microsoft's operating system for that matter) are material to the case. In addition to simply identifying a potential witness by name and location "[a] district court should [also] assess the relevance and materiality of the information the witness may provide."[3] Moreover, the ability of this Court to compel the appearance of any California-based non-party witnesses to provide testimony by deposition at a place within 100 miles of where these non-party witnesses live and work further diminishes the importance of the subpoena power.[4] Especially so since HTC has not argued or claimed that it would be prejudiced by having to present the testimony of these non-party witnesses by video deposition at trial versus as live witnesses.[5]

---

[2] HTC's Reply, pg. 2.
[3] *In re Genentech,* 566 F.3d 1338, 1343–44 (Fed Cir. 2009).
[4] *See Stingray Music USA, Inc. v. Choice,* No. 2:16-cv-964, 2017 WL 1022741, at *3 (E.D. Tex. March 16, 2017).
[5] *Nexus Display Technologies LLC v. Dell, Inc.*, No. 2:14-cv-762, 2015 WL 5043069, at *4 (E.D. Tex. Aug. 25, 2015) ("the Fifth Circuit [has] observed that a videotape deposition would serve as an acceptable substitute for live testimony", *see Battle ex rel. Battle v. Mem'l Hosp. at Gulfport,* 228 F.3d 544, 554 (5th Cir. 2000) (citing *United States v. Tunnell,* 667 F.2d 1182, 1188 (5th Cir. 1982)). While there is some benefit to providing live witnesses at

HTC next accuses Mr. Salazar of ignoring another non-party witness, Robert Myers, who HTC claims is subject to the absolute subpoena power of NDCA. However, Mr. Myers is a resident of Lompoc, California, which is located 300 miles away from San Francisco in the Central District of California, and is not subject to the absolute subpoena power of NDCA because that court can only command Mr. Myers to appear as a witness if he "would not incur substantial expense" in attending trial in San Francisco.[6] HTC has presented no evidence or proof to the Court that shows Mr. Myers would not incur substantial expense if required to travel to San Francisco for trial.[7] Moreover, HTC's statement that "cost-shifting to the party seeking the testimony is available to a subpoenaed trial witness" is not coupled with any undertaking, express or implied, by HTC to pay Mr. Myers' expenses; nor do the Committee Notes to Rule 45 cited by HTC indicate is it mandatory that the court enforce such a subpoena even if HTC actually offered to pay those expenses.[8]

HTC also mentions that Mr. Salazar is subject to the transferee court's subpoena power but, as previously noted, the respective locations of the *parties'* witnesses are given minimal (if any) weight in the transfer analysis.[9] At any rate, this District is Mr. Salazar's chosen forum and

---

trial, the Court is not convinced that using the non-party witnesses' deposition as opposed to live testimony at trial would seriously inconvenience [the parties]. *See In re Genentech, Inc.,* 566 F.3d at 1346 ('The Supreme Court has long held that § 1404(a) requires individualized, case-by-case consideration of convenience and fairness.') (internal quotation omitted). If the parties know beforehand that depositions will be used at trial, any inconvenience of not having the witnesses appear live is reduced even further.") (internal citations to the record omitted).

[6] *See* Fed. R. Civ. P. 45(c)(1)(A); Fed. R. Civ. P. 45(c)(1)(B).

[7] *See Quad Powerline Techs. LLC v. TRENDnet, Inc.,* No. 2:14-cv-1169, 2015 WL 4911094, at *4 (E.D. Tex. Aug. 17, 2015) (TRENDnet has no evidence showing that witnesses based over 100 miles from the courthouse in the Central District of California would not incur substantial evidence if required to travel to travel to Los Angeles for trial).

[8] HTC's Reply, pg. 3.

[9] *Presquiber, LLC v. CureMD.Com, Inc.,* No. No. 6:14-cv-446, 2015 WL 11578560 at *3 (emphasis supplied); *See also Ziilabs, Inc. v. Samsung Electronics Co. Ltd.*, No. 2:14-cv-203, 2015 WL 5278744, at *9 (E.D. Tex. Sept. 9, 2015) ("Party witnesses normally do not require compulsory process. The Court's analysis of this factor tends to focus on third-party witnesses."); *Certified Measurement, LLC v. Centerpoint Energy Houston Elec. LLC,* No. 2:14-cv-627, 2015 WL 1046267, at *3 (E.D. Tex. Mar. 10, 2015) (explaining that the location of the defendant's employees would not affect this analysis); *Quad Powerline Techs. LLC v. TRENDnet, Inc.,* No. 2:14-cv-1169, 2015 WL 4911094, at *4 (E.D. Tex. Aug. 17, 2015) ("Party witnesses do not require compulsory process, and the Court's analysis of this factor focuses on third-party witnesses for whom compulsory process to attend trial might be necessary.")

he has already indicated that he is not an unwilling witness for whom compulsory process to appear at trial would even be needed to issue from this Court.[10] Properly focusing on the non-party witnesses, HTC has only identified five non-party witnesses in California – one of which is not under the absolute subpoena power of the court in NDCA. In contrast, Mr. Salazar has identified two non-party witnesses in New York who are the prosecuting attorneys of the patent-in-suit and one non-party witness in Spain who is a co-inventor of the patent-in-suit. In addition, neither this District nor NDCA has trial appearance subpoena power over any non-party witnesses residing in Washington State or on the East Coast or in Taiwan or in Spain. While these facts might ordinarily prompt the Court to simply find that this factor is neutral,[11] it is not in this case. That is because Mr. Molero-Castro – the co-inventor of the patent-in-suit and a very important witness for that reason – cannot be compelled to appear at trial if the action is transferred to NDCA but he has voluntarily agreed to appear and testify as a live witness at trial if the case remains in this District. That fact alone moves this factor from neutral towards heavily disfavoring transfer of this action to NDCA.

## II. NDCA IS NOT THE MORE CONVENIENT FORUM FOR THE MAJORITY OF THIRD PARTY AND PARTY WITNESSES

HTC again falls far short of making a compelling case in its Reply that the convenience of the witnesses weighs in favor of transferring this action to NDCA. First of all, other than Ms. Gietzen and Mr. Wei[12], HTC has failed to specifically identify any of its employee witnesses that might conceivably be inconvenienced by having the case remain in this District. In addition, concerning any of HTC's employees that reside in Taiwan, the Court should not place too much

---

[10] *See* Keyhani Decl., ¶ 3.
[11] *Gonzalez v. Tagged, Inc.,* No. 2:14-cv-00906, 2015 WL 5578367, at *3 (E.D. Tex. Sept. 22, 2015).
[12] Although Mr. Wei states in his declaration that he would have to travel from Taiwan to be a trial witness he does not say he would be inconvenienced by having to travel to this District for trial. *See* Wei Declaration, ¶ 6

4

weight on either the relative inconvenience for these overseas witnesses or the additional travel time for parties arriving from overseas.[13] Despite Mr. Salazar pointing this out in his Response, HTC again fails to specifically identify any Qualcomm or Microsoft employees who might be inconvenienced by having this case remain in this District.[14] Concerning Qualcomm in particular, merely stating that witnesses works for a company that may be located in the state where the transferee court sits is insufficient.[15] A court cannot undertake a meaningful analysis of the relative convenience of non-party witnesses without specifically identifying those witnesses.[16] HTC's failure to identify these non-party witnesses with any degree of specificity does not satisfy its burden of showing the convenience of witness factor weighs in favor of transfer.[17] For the reasons stated above, the five named California-based non-party witnesses do not tip the balance in favor of transfer when compared against the non-party witnesses and sources of proof located on the East Coast and taking into consideration the fact the co-inventor of the patent-in-suit can only appear as a trial witness in this District.

### III. CONCLUSION

In conclusion, all of the private and public interest factors are either neutral or weigh against transfer and, as such, HTC has failed to carry its burden of demonstrating that NDCA is a clearly more convenient venue for this dispute than this District. Accordingly, HTC's Section 1404 Motion to Transfer Venue to the Northern District of California should be denied.

---

[13] *Mondis Technology Ltd. v. Top Victory Electronics (Taiwan)Co. Ltd.*, No. 2:08-cv-478, 2009 WL 3460276, at *2 (E.D. Tex. Oct. 23, 2009) citing *In re Genentech*, 566 at 1344.
[14] HTC characterizes these Qualcomm employees "yet unidentified individuals." *See* HTC's Reply, pg. 3, fn.1.
[15] *Adaptix v. HTC Corp.*, No. 6:12-cv-19, 2013 WL 12137846, at *6 ("Although the transferee forum would be more convenient for [Qualcomm] witnesses from these offices [in San Diego and Irvine], the Court discounts these witnesses because the parties have not specifically identified them."; *U.S. Ethernet Innovations, LLC*, 2013 WL 1363613, at *3 ("The [c]ourt gives more weight to those specifically identified witnesses and affords less weight to vague assertions that witnesses are likely located in a particular forum.").
[16] *See Mondis Technology Ltd.*, 2009 WL 3460276, at *3 (Convenience of witness factor does not weigh in favor of transfer where there is identification of specific employees of non-parties.).
[17] *Id.*

Dated: June 14, 2017

Respectfully submitted,

*/s/ Andy Tindel w/ permission of Lead Attorney*

Dariush Keyhani, Lead Attorney
New Jersey State Bar No. 044062002
MEREDITH & KEYANI, PLLC
125 Park Avenue, 25th Floor
New York, NY 10017
(212) 760-0098 Telephone
(212) 202-3819 Facsimile
dkeyhani@meredithkeyhani.com

Andy Tindel
Texas State Bar No. 20054500
MT² LAW GROUP
MANN | TINDEL | THOMPSON
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile:  (903) 596-0909
Email: atindel@andytindel.com

*Attorneys for Plaintiff Joe Andrew Salazar*

## CERTIFICATE OF SERVICE

This is to certify that all known counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on this the 14th day of June, 2017.  Any other known counsel of record will be served with a copy of this document by email and/or facsimile transmission

_____
Andy Tindel

6