**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| JOE ANDREW SALAZAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:16-cv-01096-JRG-RSP |
| | § | |
| HTC CORPORATION and | § | |
| AT&T, Inc., | § | |
| | § | JURY TRIAL DEMANDED |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT**
**FOR PATENT INFRINGEMENT**

Plaintiff Joe Andrew Salazar ("Salazar" or "Plaintiff"), files this Second Amended Original

Complaint for Patent Infringement against Defendant HTC Corporation ("HTC") and Defendant

AT&T, Inc. (AT&T") (collectively "Defendants") and as claim for relief states as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for patent infringement under the Patent Act.

2.      Salazar is an individual with an address of 825 Clemens Way, Lompoc, California

93436.

3.      On information and belief, Defendant HTC Corporation is a Taiwanese multi-

national corporation with a principal place of business at No 23 Xinghua Rd., Taoyuan City,

Taoyuan County 330, Taiwan.

4.      On information and belief, HTC Corporation is in the business of designing,

manufacturing, and selling electronic devices including smartphones.

5.      On information and belief, Defendant AT&T, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 208 South Akard Street, Dallas, Texas. AT&T may be served with this complaint through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

6.      On information and belief, AT&T is in the business of selling and offering for sale electronic devices including smartphones and tablets.

7.      Defendants directly infringe and induce others to infringe at least claims 1-7, 10, 14, 17, 23, 26-32, 34 of the '467 Patent in the United States by offering for sale and selling smartphone products including but not limited to HTC One M7, HTC One M8, and HTC One M9.

## JURISDICTION AND VENUE

8.      This is an action for patent infringement arising under the patent laws of the United States, United States Code, Title 35, §§ 1 *et seq*.

9.      This Court has subject matter jurisdiction of the action under Title 28, United States Code, §§ 1331, 1338(a), because this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

10.     Venue in this judicial district is proper under Title 28, United States Code, §§ 1391(b) and 1400(b) as to HTC in that HTC has committed acts of infringement in violation of 35 U.S.C. § 271, and has placed infringing products into the stream of commerce, with knowledge or understanding that such products are sold in the State of Texas, including in this District.

11.     Venue in this judicial district is proper under Title 28, United States Code, § 1400(b) as to AT&T because AT&T has committed acts of infringement in this District in violation of 35 U.S.C. § 271, and because AT&T has a regular and established place of business in this District. For example, on information and belief, AT&T has stores operating in this District located at 4757 South Broadway Av., Tyler, Texas 75703 and 8922 South Broadway Ave., Tyler, Texas

75703.  On information and belief, AT&T has other regular and established places of business in this District.

## BACKGROUND

12.    Salazar is the owner of all rights, title and interest in and to United States patent No. 5,802,467 ("the '467 Patent").

13.    After the '467 Patent issued in 1998, beginning in 1999, Salazar manufactured and sold products that embody the inventions disclosed and claimed in the '467 Patent.  These products were marked with U.S. Patent No. 5,802,467 in accordance with and in compliance with the Marking Statute, 35 U.S.C. § 287.

## COUNT ONE
## INFRINGEMENT OF U. S. PATENT NO. 5,802,467

14.    Salazar incorporates by reference herein the allegations set forth in paragraphs 1-11 herein.

15.    Pursuant to 35 U.S.C. § 271(a), Defendants have directly infringed (literally and/or under the doctrine of equivalents) at least claims  1-7, 10, 14, 17, 23, 26-32, 34 of the '467 Patent by making, offering for sale or use, and/or selling, distributing, promoting or providing for use by others in the Eastern District of Texas and elsewhere in the United States, smartphone products including but not limited to HTC One M7, HTC One M8, and HTC One M9 that embody wireless communications, control and sensing systems for communicating with external devices, including televisions and other devices.

16.    The accused HTC One smartphones are Android or Windows based phones and include microprocessors, memory devices, user interfaces, and infra-red frequency transceivers, among other components and features.

17.     In violation of 35 U.S.C. § 271(b), Defendants have infringed (literally and/or under the doctrine of equivalents) at least claims 1-7, 10, 14, 17, 23, 26-32, 34 of the '467 Patent indirectly by inducing the infringement of the '467 Patent claims by third parties, including their direct and indirect customers.  Defendants have induced, caused, urged, encouraged, aided, and abetted its direct and indirect customers to infringe the claims of the '467 Patent.

18.     Defendants have done so by affirmative acts including but not limited to selling infringing products, marketing the infringing capabilities of such products, and providing instructions, technical support, and other encouragement for the use of such products.

19.     Defendants knowingly and specifically intended third parties to infringe the '467 Patent's claims. Defendants knew of the '467 Patent, performed affirmative acts that constitute induced infringement, and knew or should have known that those acts would induce actual infringement of one or more of the '467 Patent's claims by third parties.

20.     Defendants had actual notice of the '467 Patent no later than the filing of Plaintiff's Original Complaint For Patent Infringement and, on information and belief, Defendants had knowledge of the '467 Patent since as early as September of 1998 when the '467 Patent issued and/or in 1999 and thereafter when products embodying the inventions disclosed and claimed in '467 Patent and bearing the '467 U.S. patent number were offered for sale and sold in the United States.

21.     On information and belief, Defendants, while fully aware that at least their smartphone products HTC One M7, HTC One M8, and HTC One M9 infringe one or  more of the claims of the '467 Patent, offered for sale, sold, and induced others to buy, use and sell these infringing products.

22.     As a result of Defendants' infringement of the '467 Patent, Salazar has suffered monetary losses for which Salazar is entitled to an award of damages that are adequate to

compensate Salazar for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

23.     On information and belief, Defendants' infringement of the '467 Patent has been deliberate, willful and with full knowledge, or willful blindness to knowledge, of the '467 Patent.

24.     Salazar has suffered damages in an amount to be determined at trial by reason of Defendants' willful infringement of the '467 Patent.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for relief, as follows:

A.     That Plaintiff is the owner of all right, title, and interest in and to United States patent No. 5,802,467, together with all rights of recovery under such patent for past and future infringement thereof;

B.     That United States patent No. 5,802,467 is valid and enforceable in law and that Defendants have infringed said patent;

C.     Awarding to Plaintiff his damages caused by Defendants' infringement of United States patent No. 5,802,467;

D.     That Defendants' infringement has been willful and said damages be trebled pursuant to 35 U.S.C. § 284;

E.     That this is an exceptional case and awarding to Plaintiff his costs, expenses and reasonable attorney fees pursuant to 35 U.S.C. § 285; and

F.     Awarding to Plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b) and E. D. Tex. Loc. R. 38, Plaintiff hereby demands a trial by jury for all issues triable by jury.

Dated: June 15, 2017

Respectfully submitted,

*Andy Tindel w/ permission of Lead Attorney*

Dariush Keyhani  (Lead Attorney)
New Jersey State Bar No. 044062002
MEREDITH & KEYHANI, PLLC
125 Park Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 760-0098
Facsimile: (212) 202-3819
Email: dkeyhani@meredithkeyhani.com

ANDY TINDEL
Texas State Bar No. 20054500
MT² LAW GROUP
MANN | TINDEL | THOMPSON
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile:  (903) 596-0909
Email: atindel@andytindel.com

## CERTIFICATE OF SERVICE

This is to certify that all known counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on this the 15th day of June, 2017. Any other known counsel of record will be served with a copy of this document by email and/or facsimile transmission.

*Andy Tindel*

Andy Tindel

6