**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| JOE ANDREW SALAZAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:16-cv-01096-JRG-RSP |
| | § | |
| HTC CORPORATION, et al. | § | |
| | § | JURY TRIAL DEMANDED |
| Defendants. | § | |

**PLAINTIFF JOE ANDREW SALAZAR'S RESPONSE IN OPPOSITION TO DEFENDANT HTC CORPORATION'S MOTION TO SEVER AND STAY CLAIMS AGAINST NEWLY-ADDED DEFENDANT AT&T, INC.**

Plaintiff Joe Andrew Salazar (Plaintiff" or "Salazar") files this Response in Opposition to Defendant HTC Corporation's ("Defendant" or "HTC") Motion to Sever and Stay Claims Against Newly-Added Defendant AT&T, Inc. ("Motion to Sever") (Doc. No. 55) and shows:

## I. INTRODUCTION

HTC's Motion to Sever argues that this Court must sever AT&T, Inc. from this case because Salazar has not met either of the alternate requisites for joinder set forth in 35 U.S.C. § 299(a)(1) or because considerations of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness make it necessary and appropriate for the Court to sever Salazar's claim against AT&T in order to facilitate a transfer of Salazar's claims against HTC to the Northern District of California. Salazar's response will show that the Court should deny HTC's Motion to Sever because the claims against HTC and AT&T have not been improperly joined in violation of 35 U.S.C. § 299 and because no delay, prejudice or fundamental unfairness would result from the Court's refusal to sever and stay Salazar's claim against AT&T. Accordingly, HTC's Motion to Sever should be denied.

## II. FACTUAL BACKGROUND

On October 5, 2016, Salazar filed his Original Complaint (Doc. No. 1) against HTC alleging that it infringed various claims of U.S. patent No. 5,802,467 ("the '467 Patent"). On April 10, 2017, Salazar filed his First Amended Original Complaint (Doc. No. 17). On June 15, 2017, Salazar filed his Second Amended Original Complaint (Doc. No. 44) against HTC and a second defendant, AT&T, Inc. The filing of Salazar's Second Amended Original Complaint adding AT&T, Inc. as a new defendant in this action apparently prompted the filing of HTC's Motion to Sever. Subsequent to the filing his Second Amended Complaint, Salazar has determined that the correct AT&T corporate entity defendant is AT&T Mobility LLC ("AT&T Mobility"), a subsidiary of AT&T, Inc.[1] Upon learning of this information, Salazar filed a Motion for Leave to Correct/Amend Salazar's Second Amended Original Complaint that seeks to correct his complaint by substituting AT&T Mobility as the correct defendant in this action in place of AT&T, Inc.

## III. APPLICABLE LAW

### A. Joinder Under Section 299 Of The America Invents Act

"Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) (citing Federal Rules of Civil Procedure ("F.R.C.P.") Rules 2, 18–20 and 42). "[M]otions to sever are governed by Federal Circuit law because joinder in patent cases is based on an analysis of the accused acts

---

[1] AT&T Mobility is the AT&T entity directly involved in offering for sale and selling smartphones and tablets. AT&T's legal counsel has confirmed that the accused HTC products were offered for sale and sold by AT&T's entity AT&T Mobility. *See* Declaration of Dariush Keyhani at ¶¶ 2-3 (July 14, 2017) submitted in support of Salazar's Motion for Leave to Correct/Amend Salazar's Second Amended Original Complaint.

of infringement, and this issue involves substantive issues unique to patent law." *In re EMC Corp.*, 677 F.3d 1351, 1354 (Fed.Cir.2012) ("*In re EMC I*").

Joinder is normally governed by Federal Rule of Civil Procedure 20. However, in actions involving patents, joinder of defendants into actions and/or trials is governed by the Leahy – Smith America Invents Act (AIA). *See generally* 35 U.S.C. § 299.[2] This statute largely tracks the language of Fed. R. Civ. P. 20 but adds additional limitations particularized to patent cases. Specifically, parties accused of infringement may be joined in one action as defendants only if (1) the right to relief is asserted against the parties jointly or severally, or in the alternative arising out of the same transaction, occurrence, or series of transactions or occurrences relating to infringing activity; and (2) if there are common question of fact to all defendants that will arise in the action. *See* 35 U.S.C. § 299(a). Additionally, under the AIA accused infringers cannot be joined in one action based solely on allegations that they each have infringed the patent or patents in suit. 35 U.S.C. § 299(b). Otherwise, Rules 18 through 22 provide, generally, for the joinder of claims and parties in civil litigation. "A plaintiff may assert a claim under Rule 18 only if the defendants are properly joined in the first instance." *In re Nintendo Co., Ltd.*, 544 Fed. Appx. 934, 938

[2] **35 U.S.C. § 299** entitled "Joinder of Parties" and provides as follows:

(a) Joinder of Accused Infringers. – With respect to any civil action arising under any Act of Congress relating to patents, other than an action or trial in which an act of infringement under section 271(e)(2) has been pled, parties that are accused infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, only if –

(1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and

(2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

(b) Allegations Insufficient for Joinder. – For purposes of this subsection, accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit.

(c) Waiver. – A party that is an accused infringer may waive the limitations set forth in this section with respect to that party.

(Fed.Cir.2013) (unpublished) (citing *Intercon Research Assocs., Ltd. v. Dresser Indus., Inc.,* 696 F.2d 53, 57 (7th Cir.1982)).

The Federal Circuit in *In re EMC I* clarified the test for joinder in patent cases under Rule 20. Although *In re EMC I* was not decided under the AIA, Courts have looked to it for guidance as to how the Federal Circuit might address joinder questions under the AIA. *Smartflash, LLC v. Apple, Inc.*, No. 6:13-cv-447, 2014 WL 11071873, at *2 (E.D. Tex. April 4, 2014). Under Rule 20, joinder is proper where: (1) the claims against the defendants arise out of the "same transaction, occurrence, or series of transactions or occurrences," and (2) there is a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2)5; *In re EMC I,* 667 F.3d at 1356. "Rule 20's two requirements – that the claims share 'question[s] of law or fact common to all defendants,' and 'aris[e] out of the same transaction [or] occurrence' – help ensure that the scope of the action remains "consistent with fairness to the parties.' " *Id.* at 1355 (citing *Gibbs*, 383 U.S. at 724).

"It is clear that where defendants are alleged to be jointly liable, they may be joined under Rule 20 because the transaction-or-occurrence test is always satisfied." *In re EMC I,* 667 F.3d at 1356 (citing *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990)). "Defendants may [also] be joined if 'any right to relief is asserted against them jointly, severally, or in the alternative,' [ ] so an allegation of joint liability is not required.' " *Id.* "The cases make equally clear that the fact that the defendants are independent actors does not preclude joinder as long as their actions are part of the 'same transaction, occurrence, or series of transactions or occurrences.' " *Id.* "[I]ndependent defendants satisfy the transaction-or-occurrence test of Rule 20 when there is a logical relationship between the separate causes of action." *Id.* at 1358. "The logical relationship test is satisfied if there is substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant." *Id.*

In describing when this substantial evidentiary overlap occurs, *In re EMC I,* further clarified the standard for joinder by holding that "[c]laims against independent defendants (i.e., situations in which the defendants are not acting in concert) cannot be joined under Rule 20's transaction-or-occurrence test unless the facts underlying the claim of infringement asserted against each defendant share an aggregate of operative facts." *In re EMC I*, 667 F.3d at 1359. In addition, "joinder is not appropriate where different products or processes are involved." *Id.* "Joinder of independent defendants is only appropriate where the accused products or processes are the same in respects relevant to the patent." *Id.* "Unless there is an actual link between the facts underlying each claim of infringement, independently developed products using differently sourced parts are not part of the same transaction, even if they are otherwise coincidentally identical." *Id.*

**B. Considerations For Determining When A Stay Is Appropriate**

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon, Inc.,* 356 F.Supp.2d 660, 662 (E.D.Tex.2005) (citations omitted). Management of the Court's docket requires "the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether to grant a stay, the Court considers three factors: (1) whether a stay would unduly prejudice the non-moving party or present a clear tactical advantage to the moving party; (2) whether a stay would simplify the issues in question and the trial of the case; and (3) whether discovery is complete and whether a trial date has been established. *Soverain Software*, 356 F.Supp.2d at 662. "Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on these factors." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd.*, Civ., 2008 WL 869576, at *6 (E.D. Tex. Oct. 29, 2008).

## IV. ARGUMENT

### A. Salazar's Claims Against AT&T Are Properly Joined With His Claims Against HTC

HTC alleges that Salazar has misjoined his claims for relief against HTC and AT&T in contravention of 35 U.S.C. § 299(a) and that these claims should therefore be severed pursuant to Fed. R. Civ. 21. The AIA establishes a three-part test for joinder of patent defendants that are not jointly or severally liable. The right to relief must: (1) relate to the same accused product or process; (2) arise out of the same series of transactions or occurrences; and (3) there must be questions of fact common to all defendants. *Smartflash, LLC v. Apple, Inc.*, 2014 WL 11071873, at *2. HTC's Motion to Sever argues that Salazar has failed to satisfy the second of these three requisites. Motion to Sever at pg. 5. While the AIA added a "same product or process" requirement for joinder, the "same transaction or occurrence" requirement was always part of the Rule 20 analysis. *Id.*, at *4.

HTC first argues that joinder is improper because AT&T, Inc., as only a holding company, does not, itself, sell any of the accused products and that Salazar has not identified any transaction or series of transactions connecting HTC and AT&T, Inc. As noted earlier, Salazar has moved the Court to allow him to correct his Second Amended Original Complaint to substitute in AT&T Mobility as the correct defendant in place of AT&T as AT&T Mobility is the AT&T entity that is directly involved in offering for sale and selling the accused HTC smartphones.

Nonetheless, HTC has further argued that even if it directly sold the accused products to AT&T, Inc., which, in turn, resold those products to AT&T, Inc.'s customers; these "independent" transactions would not be sufficient to satisfy section 299's "same series of transactions or occurrences" test (citing *Digitech Image Techs., LLC v. Agfaphoto Holding GmbH,* 2012 U.S.

Dist. LEXIS 142034 at **13-15, 104 USPQ2d 1534, 1537 (C.D. Cal. October 1, 2012) for the proposition that, even a direct manufacturer-retailer relationship is insufficient to satisfy Section 299). Motion to Sever at pg. 5. However, as shown in *Smartflash, LLC v. Apple, Inc.*, No. 6:13-cv-447, 2014 WL 4421657, at *3 (E.D. Tex. Sept. 4, 2014), this interpretation of "series of transaction or occurrences" is unfeasibly narrow and contrary to the plain language of § 299(a)(1).

In *Smartflash*, Apple contended that joinder of several app developers as co-defendants would not be proper even in circumstances involving separate sales of the exact same products. *Smartflash, LLC*, 2014 WL 4421657, at *3. The court concluded that Apple sought to effectively limit joinder to individual transactions – an interpretation that goes against the very idea of a "*series* of transactions of occurrences." *Id.*, (citing 35 U.S.C. § 299(a)(1) (emphasis added)). The court noted that the practical result of Apple's interpretation would be joinder only being proper with an allegation of joint liability. *Id.* As the court concluded, Apple's interpretation of joinder would be contrary to the clear language of Rule 20 and § 299. *Id.*; 35 U.S.C. § 299(a)(1) ("any right to relief is asserted jointly, severally, or in the alternative ...") (emphasis added); Fed. R. Civ. P. 20(a)(2); *In re EMC I*, 677 F.3d at 1356. Here the sale or offering for sale of the same accused HTC products are the focus of Salazar's infringement claims against both HTC and AT&T and operate to satisfy the "series of transactions or occurrences" test found in both Rule 20 and section 299 of the AIA. As such joinder of HTC in AT&T in this action is not improper.

### B. Principles Of Fairness And Convenience Do Not Dictate That Salazar's Claims Against AT&T Should Be Severed And Stayed

Salazar recognizes that, "even if a plaintiff's claims arise out of the same transaction and there are questions of law and fact common to all defendants, district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or

safeguarding principles of fundamental fairness." *In re EMC I,* 667 F.3d at 1360 (citing *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir.2010)). However, those concerns will not be negatively implicated if the Court denies HTC's Motion to Sever.

"To be sure, Rule 21, which authorizes a district court to 'sever any claim against a party,' provides a district court broad discretion." *In re EMC I,* 667 F.3d at 1355. "Just as when weighing the § 1404(a) factors, however, that discretion must be exercised within the boundaries set by relevant statutes and precedent." *Id.* As an initial matter, the instant action does not present the type of complex patent litigation involving multiple defendants and many different witnesses and documents that would counsel against joinder. "In a complicated patent litigation a large number of defendants might prove unwieldy, and a district court would be justified in exercising its discretion to deny joinder when different witnesses and documentary proof would be required." *Id.* at 1360.

More importantly, HTC has also failed to articulate any convincing argument that it would somehow be prejudiced by keeping Salazar's claims against it and AT&T together in one action – either for pretrial discovery purposes or for trial. Nor has a convincing case been made by HTC that any delay experienced with adding AT&T to this case would delay either the preparation of this action for trial or the Court's consideration and ruling on its transfer motion. Nor would there be any judicial economies achieved by splitting these very similar claims against HTC and AT&T into totally separate actions. *See* footnote 4 *infra*.

There is also no reason to stay and sever Salazar's claim against AT&T on the so-called "customer suit exception"[3] as HTC asserts, based on its allegation that the claims against AT&T

[3] The customer-suit exception has also been applied in multi-defendant actions in which the manufacturer and retailers are defendants in the same case. In those cases, the customer-suit exception has been used as a basis for severing the action against the retailers from the action against the manufacturer and transferring the action against the manufacturer to a venue where suit against the retailer defendants could not have

are secondary or peripheral to those asserted by Salazar against HTC. Motion to Sever at pg. 6. This is not a case where HTC is the "true defendant" and AT&T is merely a "peripheral defendant" and HTC cannot ask the Court to indulge that assumption given the very early stage of discovery this case is presently in. *See Contentguard Holdings, Inc. v. Google, Inc.*, No. 2:14-cv-00061, 2014 WL 1477670, at *5 (E.D. Tex. Apr. 15, 2014) ("Ultimately, however, this Court finds the record has not been sufficiently developed at this point in time for it to determine with clarity whether or not joinder is proper in this case. . . . Given that the case is still in its early stage and discovery has barely started, the Court deems it prudent to carry the joinder issue and let the parties further develop the record to resolve, among other things, the relative significance of the software and hardware components of ContentGuard's claims.").

Moreover, even the decision cited by HTC in support of its sever and stay argument, *In re Nintendo of America*, 756 F.3d 1363, 1365-66 (Fed. Cir. 2014), recognizes that the customer-suit exception does not apply where the determination of liability as to the seller of an accused product or system would not entirely determine its customer's liability for infringement of that product or system. *See Erfindergemeinschaft Uropep GbR v. Eli Lilly and Co*, No. 2:15-cv-1202, 2016 WL 1659924, at *5 (E.D. Tex. Apr. 26, 2016) (in a case such as *Nintendo*, both the manufacturer and the retailer may be independently liable for direct infringement. Even in the absence of any proof of retail sales, the manufacturer can be liable for infringement due to its making, using and selling (to retailers) the accused products.)).

---

been brought. The theory underlying that course of action is that the manufacturer is the "true defendant" and the retailer is merely a "peripheral defendant." *Erfindergemeinschaft Uropep GbR v. Eli Lilly and Co*, No. 2:15-cv-1202, 2016 WL 1659924, at *2 (E.D. Tex. Apr. 26, 2016) (citing *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014) (applying the customer-suit exception to sever the manufacturer from a single action, stay the severed retailer defendants, and transfer the case against the manufacturer to different forum).

Lastly, HTC charges that Salazar only added AT&T as a defendant in this action for the purposes of derailing or delaying the Court's consideration of HTC's Motion to Transfer and that a ruling on this motion should not have to wait for AT&T to appear in the case, nor should HTC be forced to re-brief that motion after AT&T does appear. First of all, the charge that Salazar added AT&T simply to delay a ruling on HTC's § 1404(a) convenience transfer motion is false. As shown above and by Salazar's pleadings, a valid claim for patent infringement has been stated as to the accused HTC products that are sold by AT&T that Salazar is entitled to assert. Second, HTC's Motion to Transfer has been fully briefed by the parties and the facts and legal authorities cited by Salazar in opposition to that motion are sufficient to establish that transfer of his action against HTC to the Northern District of California is not warranted and should be denied – regardless of whether or not an AT&T entity is also defendant in this case.

Third, it appears that HTC is utilizing this allegation as a vehicle for re-arguing positions previously asserted in its convenience transfer motion. As just stated, the briefing Salazar already has on file in opposition to HTC's transfer motion is more than sufficient to justify the denial of that motion and there is no point in repeating those same arguments in the context of HTC's Motion to Sever. However, it should be at least mentioned that severing Salazar's claims against HTC and AT&T into separate lawsuits would not promote either judicial economy or efficiency[4] since

[4] In deciding whether a party is entitled to transfer under 28 U.S.C. § 1404(a), courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir.2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2009). Those private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir.2004) ("*In re Volkswagen I*"); *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319. Practical problems include those that are rationally based on judicial economy. Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer. *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed.Cir.2009) ("*In re Volkswagen III* ").

the infringement claims against both these defendants are based on the identical accused products. *See PersonalWeb Technologies, LLC v. NEC Corp. of America, Inc.*, No. 6:11-cv-655, 2013 WL 960033, at *21 (March 21, 2013) ("Dropbox is accused of infringing by using Amazon's services, so there is likely to be significant factual and evidentiary overlap between the two Defendants. Thus, judicial economy is best promoted by keeping Amazon and Dropbox together. It would be highly inefficient to sever Amazon and Dropbox into different cases in different venues when the cases against both Defendants are very similar.") (citing *In re Vistaprint Ltd.*, 628 F.3d 1342, 1345 (Fed.Cir.2010); *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed.Cir.2009). Simply put – under these facts it is neither fair, nor appropriate, nor in the interests of judicial economy to sever and stay Salazar's claims against AT&T from his claims against HTC.

## V. CONCLUSION

Based on the foregoing, Plaintiff Joe Andrew Salazar respectfully requests the Court to deny HTC's Motion to Sever and Stay Claims Against Newly-Added Defendant AT&T, Inc. in all respects and for such other and further relief as the Court deems suitable and just.

Dated: July 14, 2017

Respectfully submitted,

Andy Tindel w/ permission of Lead Attorney

Dariush Keyhani (Lead Attorney)
New Jersey State Bar No. 044062002
MEREDITH & KEYHANI, PLLC
125 Park Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 760-0098
Facsimile: (212) 202-3819
Email: dkeyhani@meredithkeyhani.com

ANDY TINDEL
Texas State Bar No. 20054500
MT² LAW GROUP
MANN | TINDEL | THOMPSON
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile: (903) 596-0909
Email: atindel@andytindel.com

*Attorneys for Plaintiff Salazar*

**CERTIFICATE OF SERVICE**

This is to certify that all known counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on this the 14th day of July, 2017. Any other known counsel of record will be served with a copy of this document by email and/or facsimile transmission

Andy Tindel