**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| JOE ANDREW SALAZAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:16-cv-01096-JRG-RSP |
| | § | |
| HTC CORPORATION and | § | |
| AT&T, Inc., | § | |
| | § | |
| Defendants. | § | |

**MOTION FOR LEAVE TO CORRECT/AMEND PLAINTIFF JOE ANDREW**
**SALAZAR'S SECOND AMENDED ORIGINAL COMPLAINT**

## I.    INTRODUCTION

Pursuant to Rule 15 of the Federal Rules for Civil Procedure, Plaintiff Joe Andrew

Salazar ("Salazar" or "Plaintiff") moves for leave to file a corrected complaint in the above

captioned matter or, in the alternative, to amend his complaint.  Plaintiff filed his Second

Amended Original Complaint against Defendants HTC Corporation ("HTC") and AT&T, Inc.

("AT&T") on June 15, 2017 asserting claims of patent infringement.  Plaintiff's Second

Amended Complaint added AT&T, Inc. as a Defendant.[1]  Since filing his Second Amended

Original Complaint, Plaintiff has learned that the correct defendant AT&T corporate entity is

AT&T Mobility LLC ("AT&T Mobility"), a subsidiary of AT&T, Inc.  Upon further research of

AT&T's court filings, Plaintiff located a declaration by a representative of AT&T who

represented that its subsidiary, AT&T Mobility is the AT&T entity directly involved in offering

for sale and selling smartphones and tablets.  AT&T's legal counsel confirmed that the accused

---

[1] The Plaintiff has also made a few typographical corrections in the proposed amended pleading and edits to ¶¶ 6 and 13.

HTC products were offered for sale and sold by AT&T's entity AT&T Mobility.  *See* Declaration of Dariush Keyhani at ¶¶ 2-3 (July 14, 2017).  Plaintiff seeks to correct his complaint by substituting AT&T with AT&T Mobility.[2]

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(c)(1) "governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely."  *Krupski v. Costa Crociere S.p.A.*, ____ U.S. ____, 130 S.Ct. 2485, 2489 (2010).  Under Rule 15(c)(1)(C), an amendment to a pleading relates back to the date of the original pleading when the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B)[3] is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  The United States Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave.  In *Foman v. Davis*, the Supreme Court explained:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment,

---

[2] A copy of Plaintiff's Proposed Corrected Second Amended Original Complaint is attached as Exhibit A.

[3] Rule 15(c)(1)(B) states "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out—in the original pleading."

futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.   ARGUMENT

### A.   Plaintiff meets the standard to correct the Defendant corporate entity.

This case satisfies Federal Rule of Civil Procedure 15(c)(1).  First, the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out—in the original pleading.  The assertions against AT&T Mobility are identical to those asserted in Plaintiff's Second Amended Original Complaint against AT&T.  Second, AT&T Mobility received notice of this action at the same time AT&T did and it will not be prejudiced in defending this case.  AT&T Mobility received notice through AT&T's counsel[4] and given the early stage of this case there would be no prejudice.  *See, e.g.*, *G.F. Co. v. Pan Ocean Shipping Co., Ltd.*, 23 F.3d 1498, 1502-1503 (9th Cir. 1994) ("[n]otice to a named defendant will be imputed to an unnamed defendant where there is a "community of interest" between the parties).  Further, AT&T Mobility knew or should have known that it was the intended entity as it is responsible for selling and offering for sale HTC's smartphone products, as Plaintiff alleges in his complaint.  *See* Keyhani Decl. at ¶3 (AT&T's counsel confirmed that with respect to the claims in this action AT&T Mobility is the correct defendant entity).  Further, the 90-day time limit for serving AT&T Mobility under Rule 4(m) has not expired as the amended pleading including AT&T, Inc. was filed on June 15, 2017 and Plaintiff consented to a 45-day extension for AT&T to answer or otherwise respond to this pleading.  *See* Keyhani Decl. at ¶3.  Accordingly, as Rule 15(c)(1) is satisfied, Plaintiff respectfully requests that the Court

---

[4] It is understood that all the AT&T corporate entities share a central in-house legal and intellectual property legal department.

grant him leave to file Plaintiff's corrected Second Amended Original Complaint to substitute AT&T with its subsidiary AT&T Mobility and for this pleading to relate back to June 15, 2017 when Plaintiff's Second Amended Original Complaint was filed.

Alternatively, if the Court does not deem the substitution of the AT&T defendant entity (relating back to June 15, 2017) appropriate in this case, Plaintiff respectfully requests leave to file the proposed corrected Second Amended Original Complaint.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the foregoing Motion for Leave to Correct/Amend Plaintiff's Second Amended Complaint be granted and for such other relief as the Court deems suitable and just.

Dated: July 14, 2017

Respectfully submitted,

*Andy Tindel w/ permission of Lead Attorney*

Dariush Keyhani  (Lead Attorney)
New Jersey State Bar No. 044062002
MEREDITH & KEYHANI, PLLC
125 Park Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 760-0098
Facsimile: (212) 202-3819
Email: dkeyhani@meredithkeyhani.com

ANDY TINDEL
Texas State Bar No. 20054500
MT$^2$ LAW GROUP
MANN | TINDEL | THOMPSON
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile:  (903) 596-0909
Email: atindel@andytindel.com

*Attorneys for Plaintiff Salazar*

## CERTIFICATE OF SERVICE

This is to certify that all known counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on this the 14th day of July, 2017.  Any other known counsel of record will be served with a copy of this document by email and/or facsimile transmission.

*Andy Tindel*

Andy Tindel

## CERTIFICATE OF CONFERENCE

I certify that on June 30, 2017, I conferred by telephone with HTC's counsel, Jerry Selinger, about whether his client would consent to the relief that Plaintiff seeks in the foregoing Motion for Leave to Correct/Amend Second Amended Complaint. Mr. Selinger informed me that his client did not consent and opposed Plaintiff's Motion for Leave to Correct/Amend Second Amended Complaint. Previously, Dariush Keyhani, lead counsel for Plaintiff had conferred by telephone with Brian J. Gaffney, Assistant Vice President, Senior Legal Counsel IP Litigation, AT&T Services, Inc., on June 28, 2017, about whether AT&T would consent to the relief that Plaintiff seeks in the foregoing Motion for Leave to Correct/Amend Second Amended Complaint. Mr. Gaffney informed Mr. Keyhani that AT&T did not consent and opposed Plaintiff's Motion for Leave to Correct/Amend Second Amended Complaint.   Having reached an impasse with Defendants, Plaintiff presents this motion to the Court for resolution.

*Andy Tindel*

Andy Tindel