IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOE ANDREW SALAZAR,<br><br>Plaintiff,<br><br>v.<br><br>HTC CORPORATION et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.<br>2:16-cv-01096-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**HTC CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO SEVER AND STAY CLAIMS AGAINST NEWLY-ADDED DEFENDANT AT&T, INC.**

Jerry R. Selinger
State Bar No. 18008250
Trampas A. Kurth
State Bar No. 24055807
Susan E. Powley
State Bar No. 00784785
PATTERSON + SHERIDAN, LLP
1700 Pacific Ave., Suite 2650
Dallas, Texas 75201
(214) 272-0957 (Telephone)
(713) 623-4846 (Facsimile)
jselinger@pattersonsheridan.com

ATTORNEYS FOR DEFENDANT
HTC CORPORATION

When Plaintiff filed his Second Amended Complaint adding AT&T, Inc., on the last day to join additional parties, HTC's Motion to Transfer was fully briefed and ripe for decision. HTC promptly moved to sever and stay Plaintiff's claims against AT&T, Inc. to facilitate transfer pursuant to its already pending motion. In his opposition to HTC's Motion to Sever and Stay, Plaintiff concedes that AT&T, Inc. is not properly joined in this action. For this reason alone, the Court should grant HTC's motion to sever and stay and proceed with transfer of this action to the Northern District of California.

Plaintiff hopes to avoid this just and proper result by pointing to his untimely motion for leave to amend his complaint (for a third time), now seeking to join AT&T Mobility, LLC ("AT&T Mobility") as a defendant and instead of AT&T, Inc. Plaintiff's motion for leave was filed after the June 15, 2017 deadline for joining additional parties and should be denied because Plaintiff has not shown, or even attempted to show, that good cause exists to permit his belated attempt to add AT&T Mobility to this case.[1] In all events, HTC established in its Opening Brief that considerations of fairness clearly support HTC's request that the Court sever and transfer Plaintiff's claims against HTC and stay his claims against whatever AT&T entity is ultimately named as a defendant.

## I. **PLAINTIFF CONCEDES THAT AT&T, INC. IS NOT A PROPERLY JOINED IN THIS ACTION**

Plaintiff's Second Amended Complaint (Dkt.# 44), filed on the last day to join parties under the Court's First Amended DCO (Dkt. # 40), added AT&T, Inc. as a defendant. Plaintiff now concedes that AT&T, Inc. is not a proper party and that, instead, he should have joined AT&T Mobility as a defendant. *See* Plaintiff's Opposition (Dkt. # 61) at p.2 & n.1; *id,* at p. 6. For this reason alone, joinder of AT&T, Inc. cannot be proper under 35 U.S.C. §299(a). In this

[1] HTC is filing its Opposition to Plaintiff's motion for leave concurrently with this reply.

situation, severance of Plaintiff's claims against AT&T, Inc. is the appropriate remedy. *See* Opening Brief (Dkt. # 55) at pp. 2-4.

Notably, Plaintiff's Opposition does not actually address the misjoinder of AT&T, Inc. Instead, his arguments against severance necessarily presume that his motion for leave to amend will be granted and that AT&T Mobility is the newly-added defendant. HTC submits that the Court should not reward Plaintiff's lack of diligence by entertaining Plaintiff's arguments. Plaintiff's seriatim amendments to his complaint have already delayed consideration of HTC's original motion to dismiss, which it has now refiled twice.[2] Plaintiff's eleventh-hour addition of AT&T, Inc. as a defendant necessitated HTC's Motion to Sever and Stay in order to facilitate the Court's consideration of HTC's fully-briefed Motion to Transfer. Fairness dictates that the Court address these motions on the merits before turning to Plaintiff's untimely motion to join AT&T Mobility as a defendant. Any further delay is unwarranted and clearly will exacerbate the prejudice to HTC. Moreover, HTC established in its Opening Brief, pp. 4-5, that even joinder of AT&T Mobility (a reseller of accused handsets) in this case would be improper under Section 299.

## II. HTC HAS DEMONSTRATED THAT THE REQUESED SEVERANCE AND STAY IS BOTH FAIR AND PROPER UNDER THE CIRCUMSTANCES

Even if Plaintiff had timely joined AT&T Mobility as a defendant (which he did not), HTC's Opening Brief, pp. 5-8, established that considerations of fairness and convenience still warrant the requested severance and stay. Plaintiff's opposition does not establish the contrary. Indeed, on multiple occasions, Plaintiff references facts from **other cases** that weighed against

[2] Like HTC's Motion to Transfer, HTC's Renewed Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. # 50) is also fully briefed and ripe for decision.

severance and/or stay but points to no analogous facts **in this case** (pleaded or otherwise) that would support the same result.

As an initial matter, Plaintiff's argument that HTC failed to demonstrate prejudice would result if the Court declined severance is simply incorrect. Plaintiff delayed until the last minute to add AT&T, Inc. to this case, in a transparent effort to derail or delay consideration of HTC's Motion to Transfer. Even then, Plainitff's apparent lack of diligence resulted in the naming of the wrong AT&T entity as a defendant. Now, Plaintiff has asked the Court to permit the post-deadline addition of AT&T Mobility to the case, without any attempt to show the requisite good-cause. Plaintiff's belated amendments clearly have delayed consideration of HTC's Motion to Transfer and, absent severance, will likely force HTC to rebrief that motion, regardless of which AT&T entity, if any, ultimately appears in this case.

Plaintiff argues that there can be no prejudice because HTC's Motion to Transfer lacks merit, whether or not an AT&T entity is also a defendant (*see* Opposition, Dkt. # 61, at p. 10). Of course, the only way to test this argument is for the Court to rule on that motion. This is particularly true since the Court must consider the merits of HTC's Motion to Transfer as part of the severance analysis. HTC properly raised the merits of its Motion to Transfer in support of its Motion to Sever. *See Shifferaw v. EMSON USA*, 2010 U.S. Dist. LEXIS 25612 *4 (E.D. Tex. Mar. 18, 2010)(one factor in deciding request to sever is "whether the § 1404(a) factors warrant transfer of the severed claims"). HTC has proven that, among other factors, the presence of critical third-party witnesses in the Northern District of California weighs heavily in favor of transfer and that none of the relevant factors warrant keeping Plaintiff's claims against HTC in Texas. *See also In re Nintendo*, 544 F. App'x 934, 940-41, 2013 U.S. App. LEXIS 19606 at **18-19 (Fed. Cir. September 25, 2013) ("Rule 21 provides courts with considerable latitude to

order severance **solely** for purposes of facilitating transfer")(emphasis added); *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968).

As to the two remaining *Shifferaw* factors (*i.e.*, whether the remaining claims are peripheral to the severed claims and whether adjudication of the severed claims would potentially dispose of the remaining claims), Plaintiff simply concludes, without explanation, that they are not met. First, Plaintiff argues, that "[t]his is not a case where HTC is 'the true defendant' and AT&T is merely a 'peripheral defendant' . . . ." Opposition at p. 9. Yet, Plaintiff fails to present any facts in support of this conclusion. Indeed, Plaintiff expressly concedes that "the sale and offering for sale of the same accused HTC products are the focus of [his] infringement claims against both HTC and AT&T . . . ." Opposition at p. 7. Plaintiff concedes that AT&T, Inc. does not sell anything at all and is not even a proper defendant. Nor has Plaintiff established or made any plausible argument that AT&T Mobility (whom he now proposes to add to this case) is anything more than a retailer of accused handsets manufactured by HTC and, thus, peripheral. *Shifferaw*, 2010 U.S. Dist. LEXIS 25612 *9 ('[w]here a single manufacturer is the only entity . . . that makes and sells the only accused product to retailers, a patent infringement claim against a retailer is peripheral to the claims against the manufacturer"); *see also* Opening Brief at pp. 6-7 (citing additional cases finding downstream resellers of accused products to be peripheral defendants).

HTC also established in its Opening Brief HTC that resolution of Plaintiff's infringement claims against HTC (the manufacturer of the accused products) has the potential to dispose of his infringement claims against AT&T, Inc. The same holds true for AT&T Mobility. Moreover, Plaintiff has pointed to no claims that are unique to either AT&T entity or that might remain unresolved if HTC's accused handsets (resold by AT&T Mobility) are found not to infringe or

Plaintiff's patent is found invalid. Plaintiff's reliance on *In re Nintendo of America, Inc.* [*Nintendo II*], 756 F.3d 1363, 1365-66 (Fed. Cir. 2014) is simply misplaced. Indeed, the *Nintendo II* court held that severance and transfer of the case against the manufacturer was appropriate. 756 F.3d at 1366 ("'[a]lthough there may be additional issues involving the defendants in [the customer] action, their prosecution will be advanced if [the plaintiff] is successful on the major premises being litigated in [the manufacturer litigation], and may well be mooted if [the plaintiff] is unsuccessful.'")(citation omitted).

As was the case in *Nintendo II*, severance and transfer is appropriate here because it would materially advance the administration of justice. *Id.* at 1366 ("Since Nintendo's liability is predicate to recovery from any of the [customer] defendants, the case against Nintendo must proceed first, in any forum. The benefits of trying the case against Nintendo in the Western District of Washington are indisputable. We conclude that the district court should have exercised its discretion to grant the petition."). The same logic warrants a stay of Plaintiff's claims against either AT&T, Inc. or AT&T Mobility.

## III. CONCLUSION

For the reasons set forth above and in HTC's Opening Brief, HTC respectfully submits that Plaintiff's claims against AT&T (be it AT&T, Inc. or AT&T Mobility) should be severed and stayed, and Plaintiff's claims against HTC transferred to the Northern District of California pursuant to HTC's previously filed Motion to Transfer.

Respectfully submitted,

____/s/Jerry R. Selinger_____

Jerry R. Selinger
State Bar No. 18008250
Trampas A. Kurth
State Bar No. 24055807
Susan E. Powley
State Bar No. 00784785
PATTERSON & SHERIDAN, LLP
1700 Pacific Ave., Suite 2650
Dallas, Texas 75201
(214) 272-0957 (Telephone)
(713) 623-4846 (Facsimile)
jselinger@pattersonsheridan.com

ATTORNEYS FOR DEFENDANT
HTC CORPORATION

**CERTIFICATE OF SERVICE**

I certify that on July 20, 2017, that the foregoing document was electronically filed with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case filing ("ECF") system of the court. The attorneys of record who have consented in writing to accept notice as service of this document by electronic means are being served by a "Notice of Electronic Filing," sent by the ECF system.

____/s/Jerry R. Selinger_____