IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOE ANDREW SALAZAR, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 2:16-cv-01096-JRG-RSP |
| v. | ) | |
| | ) | |
| HTC CORPORATION et al. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |
| | ) | |

**HTC CORPORATION'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO CORRECT/AMEND SECOND AMENDED COMPLAINT**

Jerry R. Selinger
State Bar No. 18008250
Trampas A. Kurth
State Bar No. 24055807
Susan E. Powley
State Bar No. 00784785
PATTERSON + SHERIDAN, LLP
1700 Pacific Ave., Suite 2650
Dallas, Texas 75201
(214) 272-0957 (Telephone)
(713) 623-4846 (Facsimile)
jselinger@pattersonsheridan.com

ATTORNEYS FOR DEFENDANT
HTC CORPORATION

## I.   __INTRODUCTION__

Plaintiff added AT&T, Inc. as a defendant in his Second Amended Complaint, filed at shortly before midnight on the June 15, 2017 deadline to join additional parties.[1]   Until that time, HTC Corporation ("HTC") was the sole defendant in this case.   On July 14, 2017, one month after the deadline to join parties, Plaintiff filed his instant Motion for Leave to Correct/Amend his Second Amended Complaint (Dkt. #62, the "Motion for Leave").   In that Motion, Plaintiff now seeks leave to file a belated third amended complaint, misnomered as a "Corrected Second Amended Complaint."   Plaintiff seeks leave to amend his Second Amended Complaint in order to add AT&T Mobility, LLC ("AT&T Mobility") as a party to this action, while dropping the recently-added AT&T, Inc.

Plaintiff's Motion for Leave is both misleading and unsupported by any showing of the requisite "good cause" for post-deadline amendments.   Plaintiff seeks to circumvent the "good cause" requirement of Fed. R. Civ. P. 16(b)(4) by improper reliance on the "relation back" provisions of Fed. R. Civ. P. 15(c).   These "relation back" provisions, however, do not excuse Plaintiff from meeting Rule 16(b)'s good cause requirement.   Plaintiff has made no attempt to show good cause exists for his belated request to add AT&T Mobility as a defendant, and none exists.   For this reason alone, the Court should deny his Motion for Leave.   Moreover, as demonstrated below, Plaintiff's Motion for Leave is just another dilatory tactic to derail or, at least, delay HTC's efforts to transfer this case to the Northern District of California, which is clearly the more convenient forum for Plaintiff's claims against HTC.   If granted, Plaintiff's

---

[1] The original deadline to join additional parties was June 2, 2017.  *See* April 19, 2017 Docket Control Order (Dkt. # 25) at p.4.   By agreement, the parties requested an extension of this deadline to June 15, 2017, as reflected in the Court's First Amended Docket Control Order (Dkt. # 40), entered May 30, 2017.   Subsequent amendments to the Docket Control Order were entered after the expiration of the June 15, 2017 deadline.

Motion for Leave also would inevitably and unfairly delay consideration of HTC's currently pending Renewed Motion to Dismiss.

For the reasons set forth below, HTC respectfully requests that the Court deny Plaintiff's Motion for Leave.

## II.   RULE 16(b)'s "GOOD CAUSE" REQUIREMENT IS APPLICABLE TO PLAINTTIFF'S MOTION

As an initial matter, Plaintiff erroneously assumes the "relation back" provisions of Fed. R. Civ. P. 15(c)(1) somehow excuses him from meeting Rule 16(b)(4)'s "good cause" requirement for <u>post-deadline</u> amendments. This assumption is both unsupported and incorrect.

The "relation back" provisions in Rule 15(c)(1) have no role in determining the standard applicable to Plaintiff's Motion for Leave.  The purpose of Rule 15(c)(1) is "to allow a party to amend an operative pleading despite applicable statute of limitations in situations where the parties have been sufficiently put on notice of facts and claims which may give rise to future, related claims." *Kansa Reinsurance Co., Ltd. v. Congressional Mortgage Corp. of Texas*, 20 F.3d 1362, 1366-67 (5th Cir. 1994).[2]  Rule 15(c)(1), however, does not change the distinction between pre-deadline and post-deadline motions or the applicability of the "good cause" standard to the latter.  As a sister of this Court explained in an analogous situation:

> [T]he court must conclude that the good cause standard of Rule 16(b)(4) is met before allowing [Plaintiff] to amend his complaint or to argue that any potential amendment relates back to the date of his complaint. "The Rule 16(b) standard controls any decisions to alter a scheduling order for purposes of making pleading amendments and it must be satisfied before determining whether an amendment should be permitted under Rule 15."

---

[2] HTC notes that the statute of limitations is simply not relevant here.   The earliest of the accused handsets in question (the HTC One, aka the HTC One (m7)) was not released until sometime in 2013.  Accordingly, Plaintiff would have until sometime in 2019 to file suit against AT&T Mobility and still be entitled to collect all past damages, if any, incurred before the patent-in-suit expired in September of 2015.  *See* 35 U.S.C. § 286 (setting 6 year limitation on patent damages).

*Grimsley v. Methodist Richardson Med. Center Found., Inc.*, 2011 U.S. Dist. LEXIS 21243 at **18-19, n.7 (N.D. Tex. March 3, 2011) (Fitzwater, CJ)(quoting 6A Charles A. Wright, et al., *Federal Practice and Procedure* § 1522.2, at 312 (3d ed. 2010)). *See also*, *Tardif v. City of New York*, 2016 U.S. Dist. LEXIS 58805 at *9 & n.4 (S.D.N.Y. May 3, 2016) (Rule 15(c) relation back provisions do "not excuse Plaintiff from the requirement to comply with a valid scheduling order imposed by the Court" or applicability of Rule 16(b)(4) "good cause" standard in the case of post-deadline amendments).

## III.   PLAINTIFF HAS NOT SHOWN GOOD CAUSE EXISTS FOR THE REQUESTED AMENDMENT AND THERE IS NONE

Plaintiff's Motion for Leave does not even acknowledge the applicability of the "good cause" requirement, let alone establish (or even argue) that "good cause" justifies his belated request to join AT&T Mobility as a defendant.  HTC submits that, for this reason alone, the Court should summarily deny Plaintiff's Motion.  *See Modern Grp. Ltd. v. Pinnacle Cos.*, 2013 U.S. Dist. LEXIS 199110 at * 5 (E.D. Tex. March 14, 2013) ("Only after a movant demonstrates good cause to modify a scheduling order, will the more liberal standard of Rule 15(a) apply."). In all events, under the circumstances present in this case, Plaintiff would have been unable to establish good cause for his dilatory amendment even had he tried to do so.

### A.   The Rule 16(b)(4) "Good Cause" Standard

As noted, Federal Rule of Civil Procedure 16(b) governs amendment of pleadings after a scheduling order's deadline to amend has expired.  *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir.2008).  Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot

reasonably be met despite the diligence of the party needing the extension.'"  *S&W Enters.,*

*L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir.2003) (citation omitted).

Four factors are relevant to good cause: "'(1) the explanation for the failure to timely

move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in

allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Sw.*

*Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546-47 (5th Cir.2003) (quoting *S&W Enters.*, 315

F.3d at 536).

### B.      Plaintiff Cannot Show Good Cause For the Requested Amendment.

The Court's First Amended Docket Control Order extended the deadline to join

additional parties until June 15, 2017.  Until that date, HTC was the sole defendant in this case.

On the last day to join parties, Plaintiff filed his Second Amended Complaint (Dkt. # 44), adding

AT&T, Inc. as a Defendant.  Before Plaintiff filed his Second Amended Complaint, HTC had

two fully-briefed motions pending before this Court and ripe for decision: (1) HTC's Motion to

Dismiss Plaintiff's First Amended Original Complaint (Dkt. #28) and (2) HTC's Section 1404

Motion to Transfer Venue to The Northern District of California (Dkt. #35).  In response to

Plaintiff's Second Amended Complaint, HTC promptly filed a Renewed Motion to Dismiss (Dkt.

# 50, filed June 23, 2017), which is now fully briefed and ripe for decision. Shortly thereafter,

HTC filed its Motion to Sever and Stay Plaintiff's Claims Against Newly-Added Defendant,

AT&T, Inc. (Dkt. # 55, filed June 30, 2017), which should be fully briefed no later than July 27,

2017.  Plaintiff did not file the instant Motion for Leave until July 14, 2017.

Plaintiff's actions (or lack thereof) demonstrate that he did not exercise the diligence

required to support his post-deadline motion for leave to amend.   First, Plaintiff had months to

add AT&T, Inc. as a party to this case, but waited until the last day to do so.  At the very least,

Plaintiff cannot fairly dispute that, at the time he filed his Original Complaint, it was widely

4

known that some "AT&T" entity was one of the wireless carrier-retailers selling the accused handsets to the general public  A simple Google search would have sufficed.  Moreover, had Plaintiff acted with even a modicum of due diligence, he easily could have determined, well before the deadline to join additional parties, that AT&T Mobility was the AT&T entity responsible for these sales.  *See* Selinger Decl.,[3] Ex. 1 (excerpts from AT&T, Inc. Form 10-K for year ending 12/31/2015, filed 2/18/2016)(confirming AT&T, Inc. is a only holding company and that AT&T Mobility is the subsidiary responsible for wireless communication operations).  *See also* Selinger Decl., Ex. 2 (Declaration of Steven D. Threlkeld, filed 8/6/13 in E.D. Texas Civil Action No. 6:13-cv-00403-KNM, Dkt. #48-4) at ¶¶ 5-7.  There is simply no reasonable argument that Plaintiff, had he acted with reasonable diligence, could not have discovered this information before the deadline for joining parties.  That Plaintiff offers no explanation for this failure is telling.

Plaintiff also makes no argument reaching the other Rule 16(4) "good cause" factors, nor could he fairly do so.  First, the amendment Plaintiff seeks is not important to his case against HTC.  At best, AT&T Mobility (a retailer of products manufactured by HTC) would be a peripheral defendant.  *See* HTC's Motion to Sever and Stay (Dkt. # 55) at pp. 6-8 and HTC's Reply Brief in Support of Motion to Sever and Stay (Dkt. # 63) at p. 4.  In his disclosures, Plaintiff has never identified any AT&T, Inc. or AT&T Mobility witness or potential witness as a person that may have relevant knowledge.  As noted above, Plaintiff's right to recover damages from AT&T Mobility, if any, would not be adversely affected if his Motion for Leave is denied. *See supra*, n.2.

---

[3] The Declaration of Jerry R. Selinger is attached to this Opposition as Exhibit A.

Second, allowing Plaintiff's belated addition of AT&T Mobility would inflict substantial prejudice on HTC, not the least of which is further postponing consideration of its Motion to Transfer, and possibly requiring that motion to be resubmitted and re-briefed.  It also would likely further delay in consideration of HTC's Renewed Motion to Dismiss.  Finally, while HTC cannot speak with authority as to the prejudice allowing the amendment might inflict on AT&T Mobility, HTC notes that, by the time AT&T Mobility is fully joined in this action, the parties will be well into claim construction activities (activities in which AT&T Mobility will not have had a fair opportunity to participate).  Discovery deadlines in this case are also fast approaching.

Third, even were the Court inclined to grant a continuance, doing so would not cure this prejudice.  HTC should not have to suffer further delay in payment for Plaintiff's lack of diligence.

Finally, as HTC has demonstrated elsewhere, given the timing of Plaintiff's amendment adding AT&T, Inc. as a Defendant (albeit an incorrect one), it is clear that Plaintiff added AT&T, Inc. in hopes of derailing or, at least significantly delaying this Court's consideration of, HTC's justified efforts to transfer this case to the Northern District of California.  *See* HTC's Motion to Sever and Stay (Dkt. # 55) at pp. 1-3, 7-8.  This is the sort of gamesmanship that the Court should not reward by allowing a further, post-deadline amendment to join AT&T Mobility.[4]

---

[4] HTC submits that this sort of conduct would warrant denial of Plaintiff's Motion for Leave to Amend even if the more liberal Rule 15(a)(2) standard applied to Plaintiffs motion (which it does not).  *See Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A.*, 195 F.3d 765, 770 (5th Cir. 1999)(recognizing substantial reasons "such as undue delay, bad faith, dilatory motive, and undue prejudice" as grounds for discretionary denial motion for leave to amend governed by Rule 15(a)(2))(citation and quotation marks omitted); *accord Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139-41 (5th Cir. 1993) (collecting cases).

IV.     **CONCLUSION**

For all of the foregoing reasons, HTC Corporation respectfully requests that the Court

deny Plaintiff's Motion for Leave.

Respectfully submitted,

_____/s/Jerry R. Selinger _____

Jerry R. Selinger
State Bar No. 18008250
Trampas A. Kurth
State Bar No. 24055807
Susan E. Powley
State Bar No. 00784785
PATTERSON & SHERIDAN, LLP
1700 Pacific Ave., Suite 2650
Dallas, Texas 75201
(214) 272-0957 (Telephone)
(713) 623-4846 (Facsimile)
jselinger@pattersonsheridan.com

ATTORNEYS FOR DEFENDANT
HTC CORPORATION

7

## <u>CERTIFICATE OF SERVICE</u>

      I certify that on July 20, 2017, that the foregoing document was electronically filed with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case filing ("ECF") system of the court.  The attorneys of record who have consented in writing to accept notice as service of this document by electronic means are being served by a "Notice of Electronic Filing," sent by the ECF system.

                                                _____/s/Jerry R. Selinger_____