**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| JOE ANDREW SALAZAR, | § § | Case No. 2:16-cv-1096-JRG-RSP |
| Plaintiff, | § § § § | |
| v. | § § | **JURY TRIAL DEMANDED** |
| HTC CORPORATION and AT&T, Inc., | § § § | |
| Defendants. | § § | |

**<u>DEFENDANT AT&T INC.'S EMERGENCY MOTION TO STAY CLAIMS AGAINST AT&T INC. PENDING RESOLUTION OF HTC CORP. AND AT&T INC.'S MOTION TO SEVER AND STAY, PLAINTIFF'S MOTION TO AMEND/CORRECT, AND AT&T INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE FOR CONTINUANCE OF CLAIM CONSTRUCTION DEADLINES</u>**

## TABLE OF CONTENTS

                              Page

I.     BACKGROUND .................................................................................................................. 1

II.    ARGUMENT ...................................................................................................................... 4

        A.     The Claims Against AT&T Should be Stayed Pending Resolution of the Motion to Sever and Stay, the Motion to Amend/Correct, and the Motion to Dismiss................................................................................................................... 4

        B.     Should the Court Decide to Allow Plaintiff's Belated Claims Against AT&T to Proceed, the Claim Construction Deadlines Should be Continued........ 5

               1.     Good Cause Exists for Continuing the Claim Construction Deadlines...................................................................................................... 5

               2.     Imposing the Current Claim Construction Schedule on AT&T Would Violate its Due Process Rights...................................................... 11

III.   CONCLUSION................................................................................................................. 14

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alford v. United States*,
   709 F.2d 418 (5th Cir. 1983) .................................................................................................12

*Armstrong v. Manzo*,
   380 U.S. 545 (1965) ...............................................................................................................12

*Christopher v. Kendavis Holding Co. (in re Kendavis Holding Co.)*,
   249 F.3d 383 (5th Cir. 2001) .................................................................................................12

*Dearth v. Gonzales*,
   2007 U.S. Dist. LEXIS 26535 (S.D. Ohio Apr. 10, 2007) .....................................................10

*Grannis v. Ordean*,
   234 U.S. 385 (1914) ...............................................................................................................12

*High Point Sarl v. Sprint Nextel Corp.*,
   2010 U.S. Dist. LEXIS 85497 (D. Kan. Aug. 18, 2010) ........................................................12

*Keranos, LLC v. Silicon Storage Tech., Inc.*,
   797 F.3d 1025 (Fed. Cir. 2015) ................................................................................................7

*Lacy v. Sitel Corp.*,
   227 F.3d 290 (5th Cir. 2000) ...................................................................................................9

*Mendenhall v. Cedarapids, Inc.*,
   5 F.3d 1557 (Fed. Cir. 1993) .................................................................................................11

*In re Microsoft Corp.*,
   630 F.3d 1361 (Fed. Cir. 2011) .............................................................................................10

*Mkt. Masters-Legal v. Sutter Law Firm, P.L.L.C.*,
   2003 U.S. Dist. LEXIS 12839 (D. Mass. July 24, 2003) .......................................................10

*MobileMedia Ideas LLC v. HTC Corp.*,
   No. 2:10-cv-112-JRG, Dkt. No. 151 (E.D. Tex. May 3, 2012) .............................................10

*Nelson v. Adams USA, Inc.*,
   529 U.S. 460 (2000) ........................................................................................................11, 12

*O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*,
   2008 U.S. Dist. LEXIS 87352 (E.D. Tex. Oct. 29, 2008) ........................................................9

Table of Authorities
(continued)

Page(s)

*S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*,
    315 F.3d 533 (5th Cir. 2003) ..................................................................................................5, 6

*Soverain Software LLC v. Amazon.com, Inc.*,
    356 F. Supp. 2d 660 (E.D. Tex. 2005).........................................................................................4

*Swanson v. Bennett*,
    219 F. Supp. 2d 1225 (M.D. Ala. 2002) ...................................................................................12

*Texas Instruments, Inc. v. Linear Techs. Corp.*,
    182 F. Supp. 2d 580 (E.D. Tex. 2002)......................................................................................11

*Wang Labs., Inc. v. Am. Online, Inc.*,
    197 F.3d 1377 (Fed. Cir. 1999)..................................................................................................6

*WesternGeco L.L.C. v. Geophysical Corp.*,
    No. 4:09-cv-1827, 2011 U.S. Dist. LEXIS 159954 (S.D. Tex. Nov. 17, 2011) .............8, 11, 13

*WIAV Networks, LLC v. 3COM Corp.*,
    2010 U.S. Dist. LEXIS 110957 (N.D. Cal. Oct. 1, 2010).........................................................8

*In re Zimmer Holdings, Inc.*,
    609 F.3d 1378 (Fed. Cir. 2010)................................................................................................10

**Other Authorities**

Federal Rule of Civil Procedure
    16(b)(4) ..................................................................................................................................5, 6
    11................................................................................................................................................6
    21..............................................................................................................................................10

EDTX Patent Rule 3-1 ....................................................................................................................7

Local Rule 7(f)................................................................................................................................3

Defendant AT&T Inc. ("AT&T") should be dismissed from the case for the reasons explained in AT&T's Motion to Dismiss (Dkt. No. 69), or at the very least severed into its own case and stayed while the case against HTC Corporation ("HTC") moves forward for the reasons explained in HTC and AT&T's Motion to Sever and Stay (Dkt. Nos. 55, 70). All claims against AT&T should be stayed pending resolution of the aforementioned motions. However, if the Court is inclined to allow Plaintiff's belated claims against AT&T to proceed, then AT&T hereby respectfully moves for continuance of the claim construction deadlines set forth in the Court's Third Amended Docket Control Order ("DCO") (Dkt. No. 49), so that AT&T may meaningfully participate in its defense.

## I. BACKGROUND

Plaintiff brought this patent infringement suit against HTC nearly a year ago. A month and a half ago, on June 15, 2017, Plaintiff joined AT&T as an additional defendant on the last day possible under the Court's scheduling order. (Dkt. No. 40). This belated addition—made worse by Plaintiff and HTC extending the deadline to add parties without extending any other deadlines[1]—meant that AT&T was joined at a time when the scheduling conference had already been held, a docket control order had been entered and modified multiple times, a mediator had been selected by Plaintiff and HTC, a discovery order and protective order had been entered after careful negotiations between Plaintiff and HTC, and Plaintiff and HTC had exchanged infringement and invalidity contentions. (*See* Dkt. No. 25). Moreover, within less than two weeks of the joinder came the deadline for exchanging claim terms (June 27), within less than a

---

[1] The original deadline to join additional parties was June 2. The deadline was only extended to June 15 after Plaintiff filed a joint motion to amend the DCO, claiming: "The Parties have mutually agreed to allow each other additional time to answer certain discovery requests and an extension of the Docket Control Order deadline for joining additional parties will allow the Parties the ***necessary time required to review the other's discovery responses*** prior to the expiration of the deadline to join additional parties." Dkt No. 39 at 1 (emphasis added). No other deadlines were pushed back.

month came the deadline for exchanging preliminary claim construction (July 12), and within six weeks came the deadline for submitting the joint claim construction statement (August 1).

These deadlines have since passed without Plaintiff even reaching out to AT&T to discuss claim construction, let alone any of the other disclosures that had already occurred. Under the current DCO, the deadline to complete claim construction discovery expires in less than two weeks (August 22) and the parties are required to file their opening claim construction brief in less than a month (September 5). The current schedule is severely prejudicial to AT&T's ability to properly investigate the claims against it and develop its defenses accordingly.

Plaintiff's joinder of AT&T was largely an attempt to manipulate venue in response to HTC's Motion to Transfer.  (*See* Dkt. No. 35).  During the course of briefing, Plaintiff realized that the present circumstances did not warrant keeping this lawsuit in the Eastern District of Texas, so Plaintiff attempted to manufacture a change in circumstances, at AT&T's expense. Namely, even after Plaintiff extended the deadline to file a response to HTC's Motion to Transfer "[d]ue to commitments on the time of undersigned counsel for Salazar that was required in order to meet deadlines in other cases," the original deadline to join parties fell *before* HTC's reply in support of its transfer motion was due. (Dkt. No. 38 at 1). If Plaintiff had joined AT&T at that time, HTC would have been able to directly address Plaintiff's joinder of AT&T for what is.

However, as discussed above, Plaintiff also pushed the deadline to join parties until *after* briefing on HTC's Motion to Transfer was closed.[2]  Then Plaintiff joined AT&T for performing the allegedly infringing acts of "making, offering for sale or use, and/or selling, distributing,

---

[2] The deadline for Plaintiff's Surreply in Opposition to HTC's Motion to Transfer was due June 14.  *See* Civ. Local Rule 7(f). However, Plaintiff filed his Surreply on June 15, *after* the deadline.  (Dkt. No. 43).  Thus, even though Plaintiff's Surreply and his Amended Complaint were both filed on June 15, the extended deadline to join parties officially fell after the close of briefing on HTC's Motion to Transfer.

promoting or providing for use" of the accused HTC products. (Dkt. No. 44 at 3). Plaintiff did not join any other wireless carrier (*e.g.*, Verizon) or retail store (*e.g.*, Best Buy) that sold the accused HTC devices. It is no coincidence that the headquarters of the single peripheral seller of the accused HTC devices that was joined to this case is located in Texas. Plaintiff's gamesmanship is further shown by the fact that he has ignored his claims against AT&T since amending his Complaint. Indeed, Plaintiff has still not served infringement contentions on AT&T under P.R. 3-1.[3]

## II. ARGUMENT

### A. The Claims Against AT&T Should be Stayed Pending Resolution of the Motion to Sever and Stay, the Motion to Amend/Correct, and the Motion to Dismiss

AT&T respectfully requests that the claims against AT&T be stayed pending resolution of the Motion to Sever and Stay, the Motion to Amend/Correct, and the Motion to Dismiss. (Dkt. Nos. 55, 62, 69, 70).

A stay of all claims against AT&T pending resolution of the pending motions is proper under the traditional three-factor test: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify issues in question

---

[3] Plaintiff's complete disregard of AT&T is in stark contrast to his actions toward HTC—the true defendant in this case. (*See* Dkt. Nos. 55, 70.) Not only has Plaintiff served infringement contentions on HTC four months ago, he attempted to serve amended infringement contentions on HTC (which HTC opposed) more than six weeks ago—all the while ignoring entirely his P.R. 3-1 obligation toward AT&T, who was already in the case at that time. *See* P.R. 3-1 ("[A] party claiming patent infringement must serve on ***all parties*** a 'Disclosure of Asserted Claims and Infringement Contentions'") (emphasis added). Not until August 10, 2017, the day before the parties' meet and confer on the instant motion, did Plaintiff belatedly send AT&T a copy of its amended infringement contentions, no doubt understanding that the total lack of disclosure to AT&T would render any opposition to AT&T's motion frivolous. The amended contentions, however, were directed solely at HTC; the word "AT&T" does not appear anywhere in them. (*See* Ex. A.) Because the amended contentions are devoid of any information related to AT&T, they are not proper contentions as to AT&T under this Court's local rules. *See* P.R. 3-1 ("***Separately for each opposing party***, the 'Disclosure of Asserted Claims and Infringement Contentions' shall contain the following information…each accused apparatus, product, device, process, method, act, or other instrumentality ('Accused Instrumentality') ***of each opposing party*** of which the party is aware.") (emphasis added).

and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005).

*First*, granting AT&T a stay would not prejudice Plaintiff because his claims against HTC can still go forward as scheduled. The claims against HTC are the focal point of Plaintiff's case anyway, as to this day Plaintiff still has not produced a single document to nor served any discovery requests on AT&T.[4] And, until the day before the parties' meet and confer on this motion, Plaintiff had not provided AT&T with any infringement contentions (even then sending only his contentions directed solely to HTC, devoid of any information related to AT&T).

*Second*, granting a stay would potentially simplify issues in this case. The Court's decision on the pending motions would, among other things, reveal who is the true defendant, possibly relieving AT&T Inc. (or AT&T Mobility) of the burden of this litigation altogether and streamlining the entire proceedings. Without a stay, AT&T Inc. (or AT&T Mobility) is poised to expend significant resources in the coming months on several matters in progress, including invalidity contentions, claim construction, and document production. Granting a brief stay to AT&T between now and the Court's ruling on the pending motions promotes judicial economy.

*Third*, although the case was filed in October, 2016 and a trial date has been set, AT&T was joined less than two months ago. AT&T has only just responded to Plaintiff's Complaint. No infringement contentions or discovery requests have been served on AT&T. Plaintiff's claims against AT&T are still very much in their infancy.

---

[4] The deadline to substantially complete document production is less than a month away. Given that AT&T has been in this case since the middle of June, and to the extent Plaintiff has previously produced documents to HTC that he expects to produce to AT&T, Plaintiff's failure to produce *any* documents to AT&T thus far also appears to fall short of the DCO's requirement that "Counsel are expected to make good faith efforts to produce all required documents *as soon as they are available and not wait* until the substantial completion deadline." DCO at 3 (emphasis added).

Therefore, if the Court decides to proceed with the current schedule as set forth in the DCO, AT&T respectfully requests that the claims against AT&T be stayed pending resolution of the pending motions.

### B. Should the Court Decide to Allow Plaintiff's Belated Claims Against AT&T to Proceed, the Claim Construction Deadlines Should be Continued

If the Court does not stay the claims against AT&T, AT&T respectfully requests, in the alternative, that the claim construction proceedings—which have started without AT&T's participation and without Plaintiff reaching out to AT&T for discussion—be continued.

#### 1. Good Cause Exists for Continuing the Claim Construction Deadlines

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (internal quotations omitted). In assessing whether good cause is present under Rule 16(b)(4), courts consider the following four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.*, 315 F.3d at 535 (internal citations and quotations omitted). All four factors support AT&T's request for continuance.

*First*, there is no undue delay in AT&T Inc.[5] moving for leave to amend. Plaintiff added AT&T Inc. less than two months ago—almost a year after he first sued HTC. (*See* Dkt. No. 44). On top of that delay, Plaintiff's Second Amended Complaint named AT&T Inc. as the

---

[5] Because this paragraph deals with the distinction between AT&T entities: AT&T Inc. (which is admittedly the wrong entity) and AT&T Mobility LLC (which would be the appropriate entity if the case were to proceed), the full names of the corporate entities are used in this paragraph to avoid confusion.

defendant—an entity Plaintiff now admits is not the correct AT&T entity. (*See* Dkt. No. 72 at 1-3). It was not until July 14—a mere four weeks ago—that Plaintiff belatedly sought to replace AT&T Inc. with AT&T Mobility LLC. (*See* Dkt. No. 62). Despite the brief time that AT&T Inc. has been in the case and Plaintiff's request in the interim to accuse a different AT&T entity, AT&T Inc. has been diligently fulfilling its obligations under the current DCO. AT&T Inc. has brought this request for continuance as soon as its Rule 11 investigation for the request was completed.

*Second*, an opportunity to meaningfully participate in claim construction is crucial to AT&T's ability to defend itself. Claim interpretation is fundamental to any patent infringement suit. "[T]o decide what the claims mean is nearly always to decide the case." *Wang Labs., Inc. v. Am. Online, Inc.*, 197 F.3d 1377, 1381 (Fed. Cir. 1999) (citation omitted).

Here, AT&T cannot meaningfully participate in claim construction unless a continuance is granted. Plaintiff added AT&T with less than two weeks until the deadline for the parties to exchange proposed claim terms. (*See* Dkt. Nos. 44, 49). During the two months since AT&T was joined, Plaintiff and HTC have exchanged proposed claim terms, exchanged preliminary claim constructions, and submitted their joint claim construction statement—all without AT&T's participation. Indeed, AT&T could not have meaningfully participated in any of these claim construction procedures, because the first deadline came up less than two weeks after AT&T was joined—faster than the time allotted for AT&T to respond to the Second Amended Complaint.[6]

Equally important, Plaintiff did not provide any infringement contentions to AT&T until the day before the parties' meet and confer on the instant motion.[7] Until that day, all AT&T had were the thread-bare allegations in the Complaint, which provide little clue as to how each claim

---

[6] *See* Dkt. Nos. 65-68.
[7] As explained above, the infringement contentions Plaintiff did provide are devoid of any information related to AT&T and are instead directed entirely at HTC.

element is allegedly infringed.[8] The belated infringement contentions, devoid of any information related to AT&T to begin with, leave AT&T with—at most—eleven days for conducting claim construction discovery and a month to prepare its opening brief.  AT&T cannot meaningfully develop its claim construction positions within those time constraints.  *See* Pat. L. R. 3-1 ("Not later than 10 days before the Initial Case Management Conference with the Court, a party claiming patent infringement must serve on all parties a 'Disclosure of Asserted Claims and Infringement Contentions.'"); *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015) ("The purpose of [EDTX Patent Rule 3-1], and the local patent rules in general, is to require parties to crystallize their theories of the case ***early in the litigation*** so as to prevent the shifting sands approach to claim construction.") (internal quotations and citations omitted) (emphasis added).  The Court's DCO—in contrast—required Plaintiff to serve infringement contentions on HTC nearly four months ago—providing HTC more than four months for claim construction discovery and four and a half months to prepare its opening brief.  (*See* Dkt. Nos. 25, 49).  Likewise, the Court's DCO also permitted HTC two months to develop its invalidity contentions after service of Plaintiff's infringement contentions.  This time afforded HTC the opportunity to investigate the state of the prior art as of the Asserted Patent's alleged priority date (in full view of Plaintiff's theory of infringement), before claim construction.

Plaintiff's joining AT&T late in the case and his failure to promptly serve AT&T with infringement contentions (let alone the other discovery entitled to AT&T) have deprived AT&T of any opportunity to meaningfully participate in the ongoing claim construction proceedings.  With the deadline to complete claim construction discovery in less than two weeks and the deadline for filing AT&T's claim construction brief in a month, good cause justifies continuance

---

[8] *See* Defendant AT&T Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint. (Dkt. No. 69 at 9-11).

of all claim construction proceedings so that AT&T can adequately prepare for and participate in them.

Moreover, while the interests of AT&T and HTC are aligned to some extent, they are undoubtedly separate, unrelated entities. Each is entitled to present its own claim construction arguments. *See WesternGeco L.L.C. v. Geophysical Corp.*, No. 4:09-cv-1827, 2011 U.S. Dist. LEXIS 159954, at *3-5 (S.D. Tex. Nov. 17, 2011) (granting later joined defendant additional claim construction proceedings even though its interest "undoubtedly aligned [with the earlier joined defendant] to some extent"); *see also WIAV Networks, LLC v. 3COM Corp.*, 2010 U.S. Dist. LEXIS 110957, at *16-17 (N.D. Cal. Oct. 1, 2010) ("[T]he accused defendants — who will surely have competing interests and strategies — are also entitled to present individualized assaults on questions of non-infringement, invalidity, and claim construction."). Despite the hardships stated above, AT&T has been diligently preparing for claim construction. Though lacking adequate disclosure from Plaintiff to develop fully informed claim construction positions, AT&T has already identified areas where it may have different positions than HTC, and may well identify additional areas of difference as its investigation and analysis proceed. Precluding AT&T from meaningfully participating in claim construction would unduly prejudice its ability to defend itself.[9]

*Third*, granting continuance of the claim construction deadlines would not prejudice Plaintiff. Although continuing claim construction would necessarily implicate other deadlines in the DCO, including the scheduled pretrial and trial dates, "mere delay does not alone constitute prejudice." *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000). This is not a case where

---

[9] AT&T's position is not inconsistent with the pending Motion to Sever and Stay. There, HTC and AT&T argued that the claims against AT&T should be severed and stayed under the customer-suit exception, pending resolution of Plaintiff's claims against the true defendant, HTC. (*See* Dkt. Nos. 55, 70). Unless and until the Court grants the Motion to Sever and Stay, however, AT&T remains a completely separate and unrelated defendant from HTC.

"[t]he parties are direct competitors in the market," and "a denial of timely enforcement of the plaintiff's patent rights [would] unduly prejudice the plaintiff." *See O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 2008 U.S. Dist. LEXIS 87352, at \*7 (E.D. Tex. Oct. 29, 2008). Money damages are all that Plaintiff is seeking in his Complaint and all that Plaintiff can seek because the Asserted Patent is expired. (*See* Dkt. No. 44). A modest extension for AT&T to prepare its claim construction positions would not impose any prejudice on Plaintiff.

Any delay resulting from continuance of the claim construction deadlines is the result of Plaintiff's deliberate choices. Plaintiff elected to add AT&T late in the case, knowing full well that AT&T could not possibly meet the looming claim construction deadlines. The Court should not allow Plaintiff to capitalize on any gamesmanship at the expense of a full and fair opportunity for AT&T to defend itself.

Indeed, the timing of the joinder appears to have been carefully calculated to follow the close of briefing on HTC's Motion to Transfer. Until the day before the parties' meet and confer on this motion, Plaintiff had not served a single disclosure on AT&T, despite having served infringement contentions on HTC four months ago; nor has Plaintiff produced a single document to or requested a single document from AT&T. The infringement contentions Plaintiff did send to AT&T do not even contain the word "AT&T." All Plaintiff has done with respect to AT&T is add three paragraphs to his Second Amended Complaint asserting that AT&T's presence in this district allegedly makes venue proper.[10] (*See* Dkt. No. 44 ¶¶ 5-6, 11).

Allowing Plaintiff to proceed with the case as scheduled, without consequence or regard to AT&T's fair opportunity to defend itself, would no doubt signal to future litigants that such a blatant attempt at venue manipulation is tolerated in this Court. This would sharply contradict

---

[10] As explained above, Plaintiff now admits that those paragraphs failed to even identify the correct AT&T entity. (*See* Dkt. No. 72 at 1-3).

not only this Court's precedent but also settled precedent of other courts across the country. *See, e.g.*, *MobileMedia Ideas LLC v. HTC Corp.*, No. 2:10-cv-112-JRG, Dkt. No. 151, at 5 (E.D. Tex. May 3, 2012) ("This Court reaches no other reasonable conclusion than to believe that Defendant HTC America has knowingly undertaken to manipulate venue in this case. That conduct should not be rewarded."); *Mkt. Masters-Legal v. Sutter Law Firm, P.L.L.C.*, 2003 U.S. Dist. LEXIS 12839, at *7 (D. Mass. July 24, 2003) (imposing sanctions on plaintiff's counsel because counsel had manipulated venue: "the failure of plaintiff's counsel to confront candidly, and conform with, the Court's venue rules cannot pass unsanctioned"); *Dearth v. Gonzales*, 2007 U.S. Dist. LEXIS 26535, at *9-10 (S.D. Ohio Apr. 10, 2007) (dropping later joined defendant from the case under Rule 21 to prevent the manipulation of venue); *see also In re Microsoft Corp.*, 630 F.3d 1361, 1364 (Fed. Cir. 2011) (evidence created to manipulate venue was entitled no weight); *In re Zimmer Holdings, Inc.*, 609 F.3d 1378 (Fed. Cir. 2010) (same).

*Fourth*, because a continuance of claim construction deadlines would not result in any prejudice to Plaintiff, no further continuance is necessary for curing such prejudice.

All four factors strongly support a finding of good cause to modify the claim construction deadlines to afford AT&T the same amount of time afforded to HTC for completing claim construction discovery and for filing opening claim construction brief after service of infringement contentions—counting from the day Plaintiff actually serves AT&T with infringement contentions under P.R. 3-1. *See* P. R. 3-3 (service of infringement contentions determines the timing of service of invalidity contentions); DCO at 4 (service of invalidity contentions in turn drives the remainder of the deadlines). AT&T also requests an extension of

other deadlines in the DCO, including the trial date, to accommodate the continuance of claim construction proceedings.[11]

### 2. Imposing the Current Claim Construction Schedule on AT&T Would Violate its Due Process Rights

The claim construction deadlines should be continued for the separate reason that imposing the current deadlines on AT&T would violate its due process rights to a full and fair opportunity to litigate the claims against it.

"As a matter of due process, each new defendant in a patent suit is entitled to make its own defense," which means each defendant must be afforded "a full and fair opportunity to litigate the claim at issues." *Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1571 (Fed. Cir. 1993) (internal quotation omitted); *see also Nelson v. Adams USA, Inc.*, 529 U.S. 460, 471-72 (2000) (due process requires that newly added parties be given an adequate opportunity to respond to claims against them). The opportunity to participate in claim construction is a process due to parties in a patent infringement suit. *See Texas Instruments, Inc. v. Linear Techs. Corp.*, 182 F. Supp. 2d 580, 586, 590 (E.D. Tex. 2002) (depriving a later defendant "the opportunity to brief and argue the issue of claim construction" raised due process concerns); *WesternGeco*, 2011 U.S. Dist. LEXIS 159954, at *3-5 (denying a late-joined defendant further claim construction proceedings is a violation of due process). Judicial efficiency—while a great interest of courts— cannot trump a party's right to due process. *See Alford v. United States*, 709 F.2d 418, 424 (5th Cir. 1983) ("While the public has an interest in the prompt and efficient administration of justice, and the trial court in the management and control of its own docket, these interests must be weighed in relation to the petitioner's need for a fair hearing."); *High Point Sarl v. Sprint Nextel Corp.*, 2010 U.S. Dist. LEXIS 85497, at *15-16 (D. Kan. Aug. 18, 2010) ("[T]he claim

---

[11] Should the Court grant AT&T's request for continuance, AT&T would coordinate with the other parties to jointly submit an amended DCO.

construction schedule must be modified to accommodate the orders set out herein, and to ensure the parties each have a full and fair opportunity to present their arguments relating to claim construction."); *cf. Nelson*, 529 U.S. at 465 ("The Federal Rules of Civil Procedure are designed to further the due process of law that the Constitution guarantees.").

Here, imposing the existing claim construction schedule on AT&T would effectively deprive AT&T of a full and fair opportunity to participate in claim construction which, as discussed above, would have a significant negative impact on AT&T's defense of the entire case. As the Supreme Court has long recognized, a fundamental requirement of due process is "the opportunity to be heard," and to that end, notice. *Grannis v. Ordean*, 234 U.S. 385, 394 (1914). That opportunity "must be granted at a meaningful time and in a meaningful manner," *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965), including notice that allows the parties sufficient time to prepare their arguments and objections. *See, e.g.*, *Christopher v. Kendavis Holding Co. (in re Kendavis Holding Co.)*, 249 F.3d 383, 384, 387 (5th Cir. 2001) (the due process concept of notice must "allow[] sufficient time to permit the claimant to present his objections"); *see also Swanson v. Bennett*, 219 F. Supp. 2d 1225, 1229 (M.D. Ala. 2002) ("[T]he due process concept of fair notice requires that any law requiring that something be done by a certain date must afford adequate time in which to do it.").

As explained above, AT&T—being added to the case less than two months ago—has neither adequate time nor adequate disclosure from Plaintiff to formulate meaningful claim construction positions, and as a result, to properly prepare its defense. Under the current DCO, even putting aside the serious deficiency with Plaintiff's amended infringement contentions (*i.e.*, they contain no information related to AT&T), AT&T would be left with only eleven days to complete claim construction discovery and only a month to prepare and file its opening brief.

HTC, in contrast, had more than four months after it received infringement contentions to complete claim construction discovery and four and half months to prepare and file its opening brief. Furthermore, HTC had two months to investigate the prior art and prepare its invalidity contentions before claim construction even started. Requiring AT&T—which had absolutely no information about Plaintiff's detailed infringement theory until the day before the parties' meet and confer on this motion—to follow the same schedule as HTC would be unreasonable, unduly burdensome, and would effectively preclude AT&T from meaningfully participating in claim construction.

Moreover, as explained above, AT&T will suffer actual prejudice if a continuance is not granted. AT&T has identified several claim construction positions that may differ from that of HTC, and may well identify others as its investigation and analysis proceed.[12] For at least this reason, HTC cannot adequately represent AT&T's interests with respect to claim construction. *See WesternGeco*, 2011 U.S. Dist. LEXIS 159954, at *3-5 (finding that as a matter of due process, an earlier-joined defendant cannot adequately represent the interest of a later-joined defendant at claim construction proceedings even though the parties' interest partially aligned). Due process mandates continuance of claim construction proceedings to afford AT&T a full and fair opportunity to present its positions and defend itself.

While Plaintiff was amenable to modifying the schedule leading up to the *Markman* hearing, adjusting the interim deadlines would not alleviate the prejudice as the *Markman* hearing itself is merely two months away. Plaintiff was also amenable to postponing the *Markman* hearing until mid-January 2018, but only if the trial date (April 2, 2018) was not moved. This proposal would set the *Markman* hearing date merely two and a half months before

---

[12] AT&T cannot definitively determine to what extent its proposed terms and constructions will differ from HTC's until, at the very least, AT&T has been afforded adequate time to consider Plaintiff's infringement contentions.

trial, creating even further prejudice. If the *Markman* hearing date is continued, then the trial date must also be continued by the same amount so the intervening events can proceed in a normal fashion.

## III.     CONCLUSION

For the reasons stated above, AT&T respectfully requests that the claims against AT&T be stayed pending resolution of the three pending motions. (Dkt. Nos. 55, 62, 69, 70). In the alternative, if the Court permits Plaintiff's belated claims against AT&T to proceed, then AT&T respectfully moves for continuance of the claim construction deadlines set forth in the Court's DCO (Dkt. No. 49), as well as the subsequent deadlines, including trial.

DATED:     August 11, 2017

By:   /s/ *Christopher W. Kennerly*
Christopher W. Kennerly  (Texas Bar No. 00795077 )
Yar R. Chaikovsky
Jonas P. Herrell
Wei Wang
**PAUL HASTINGS LLP**
1117 S. California Avenue
Palo Alto, CA 94304-1106
Telephone: (650) 320-1800
Facsimile: (650) 320-1900
chriskennerly@paulhastings.com
yarchaikovsky@paulhastings.com
jonasherrell@paulhastings.com
wangwei@paulhastings.com

Attorneys for Defendant
**AT&T INC.**

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for AT&T has complied with the meet and confer requirement under Local Rules CV-7(h) and (i). Counsel for HTC does not oppose the relief sought in this motion. Counsel for Plaintiff opposes this motion. Counsel for Plaintiff, Andy Tindel, and counsel for AT&T (Christopher Kennerly and Jonas Herrell) met and conferred via telephone on August 11, 2017. Plaintiff opposes staying the claims against AT&T pending resolution of the three pending motions. As for the alternative relief sought in this motion, while Plaintiff was amenable to modifying the claim construction deadlines, including postponing the *Markman* hearing until mid-January, 2018, Plaintiff opposed any extension to the trial date. Therefore, the parties are at an impasse, which requires the Court's intervention.

/s/   Christopher W. Kennerly

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 11, 2017, to all counsel of record who have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5.

/s/   Christopher W. Kennerly