IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOE ANDREW SALAZAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 2:16-CV-01096-JRG-RSP |
| | § | |
| HTC CORPORATION et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

In this patent case, the Court now considers HTC's and AT&T's Motion to Sever and Stay Claims Against Newly-Added Defendant AT&T, Inc. [Dkt. # 55].[1] Notice [Dkt. # 70].For the following reasons, the Court will **GRANT** the motion.

**I. BACKGROUND**

Joe Salazar sued HTC Corporation in October 2016 alleging infringement of U.S. Patent 5,802,467. Compl. [Dkt. # 1]. The '467 Patent is generally directed to a system for sound and data transmission and reception. '467 Patent [54]. According to Salazar, HTC infringes the '467 Patent by selling mobile phones that embody the asserted claims. *Id.* ¶ 9; *see also* First Am. Compl. [Dkt. # 17] ¶ 5.

Salazar is a California resident, and HTC Corporation is a Taiwanese corporation. Second Am. Compl. [Dkt. # 44] ¶¶ 2, 3. Based partly on the parties' lack of presence in this

---

[1] AT&T partially joined HTC's motion.

District, HTC moved to change venue to the Northern District of California. HTC's Venue Motion [Dkt. # 35].

On June 15, 2017—the last day to join parties without leave—Salazar amended his complaint to add AT&T Inc. as a defendant. Second Am. Compl. [Dkt. # 44]. HTC then promptly filed the present motion to sever and stay the claims against AT&T as misjoined under 35 U.S.C. § 299. HTC's Motion [Dkt. # 55].

Since then, however, Salazar has admitted AT&T is *not* the correct defendant. Salazar discovered his mistake after he found a declaration that AT&T Mobility sells the accused devices. Because of that further research, Salazar moved for leave to correct his pleading by substituting AT&T Mobility for AT&T. Salazar's Motion for Leave [Dkt. # 62].

Other than the addition of AT&T as a defendant, there isn't much difference between Salazar's First and Second Amended Complaints. Salazar makes identical factual allegations against AT&T concerning infringement as he does against HTC, and there are no specific allegations that support Salazar's claim of willful infringement by AT&T. In fact, the only allegations specifically directed to AT&T relate to Salazar's assertion of venue. *See* Second Am. Compl. [Dkt. # 44] ¶ 11.

As a final "background" matter, the Court's schedule is important to resolution of this motion. Some of the claim construction deadlines have already passed, and the deadline to complete claim construction discovery is August 22. Thus, says AT&T, if this case goes forward on its current schedule, it will be deprived of the opportunity to meaningfully participate in claim construction. AT&T's Emergency Motion to Stay [Dkt. # 78].

## II. APPLICABLE LAW

Multiple accused infringers may be joined in one action only if

> (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and
>
> (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

35 U.S.C. § 299. These requirements alone, however, are not sufficient, and a court may still refuse joinder to avoid prejudice and delay, ensure judicial economy, or safeguard principles of fundamental fairness. *In re Nintendo Co.*, 544 Fed. Appx. 934, 939 (Fed. Cir. 2013). In fact, courts have an obligation to look at these considerations. *See id.* at 942 ("the district court had an obligation to exercise its discretion to decide whether the action against the retailer defendants should have been severed . . . for purposes of fairness and convenience").

## III. DISCUSSION

HTC proffers three arguments in support of its motion. First, HTC contends that, because AT&T is only a holding company, there are no transactions connecting HTC and AT&T that satisfy 35 U.S.C. § 299. Second, principles of fairness and convenience require the Court to stay Salazar's claims against AT&T given that it has not had an opportunity to participate in, among other things, claim construction. Third, AT&T argues Salazar's claims against it are merely secondary or peripheral to those against HTC, because AT&T

(or AT&T Mobility) is just a retailer. AT&T argues the only reason Salazar has asserted claims against AT&T is to aid with resisting HTC's motion to change venue.

Salazar generally makes two arguments in response. First, Salazar argues he has moved to correct his Second Amended Complaint by naming AT&T Mobility. Second, he argues it is unfair, inappropriate, and inefficient to sever and stay his claims against AT&T. Also, Salazar rejects the notion he needs to add AT&T for purposes of maintaining current venue.

Several factors weigh in favor of granting Defendants' motion. First, AT&T is clearly misjoined. Given that AT&T is a holding company that does not sell the accused products, a fact that Salazar now concedes, there are no transactions that connect HTC with AT&T as required by 35 U.S.C. § 299. And while Salazar argues he has moved to the correct this problem, so far AT&T Mobility is not a party to this proceeding.

Second, Salazar waited until the last possible moment to add AT&T as a defendant without leave. While that is permissible, he added the wrong defendant. Salazar discovered his mistake based on "further research" after he located a declaration representing that AT&T Mobility sells the accused devices. The Court, however, sees no reason why Salazar could not have identified AT&T Mobility as the correct party well before June 15. Thus, it appears that Salazar rushed to add another defendant at the last moment without conducting the proper research to ensure he named the correct party.

In fact, the timing of and changes in Salazar's Second Amended Complaint suggest Salazar treated AT&T as an afterthought. There are no new factual allegations directed to

AT&T's alleged infringement separate from those previously directed to HTC. Nor does Salazar make any specific factual allegations concerning AT&T's alleged willful infringement of the '467 Patent. This supports Defendants' contention that Salazar's claims against AT&T (or AT&T Mobility) are merely peripheral to his claims against HTC.

And all the while the Court's claim construction deadlines were, and are, running. The parties are now nearly at the close of claim construction discovery. Clearly, AT&T (much less AT&T Mobility) has not had a chance to meaningfully participate. This places the Court in the position of forcing AT&T (or AT&T Mobility) to compress its claim-construction proceedings into a very short time span or significantly extending the Court's claim-construction deadlines.

Salazar's argument about judicial efficiency is not without merit; clearly it is more desirable, all else being equal, to address all issues related to a particular patent at one time. Here, however, the Court will have to deal with judicial *in*efficiency regardless of whether Salazar's claims are stayed. On the one hand, if the claims are severed, the Court may have to hold separate claim construction hearings for both HTC and AT&T (or AT&T Mobility); on the other hand, the Court will have to disrupt either its schedule or AT&T's schedule to allow a full opportunity to participate in claim construction proceedings.

Salazar's "fairness" and "inappropriateness" arguments aren't convincing. This District's local rules allow patent holders to move through the pretrial process more quickly than other venues. The tradeoff, however, is that this District requires its plaintiffs to be extraordinarily prepared before they file their cases. *See, e.g.*, *Connectel, LLC v. Cisco Sys.,*

*Inc.*, 391 F. Supp. 2d 526, 528 (E.D. Tex. 2005) ("Plaintiffs are expected to rigorously analyze all publicly available information before bringing suit . . . ."); *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005) ("The Patent Rules demonstrate high expectations as to plaintiffs' preparedness before bringing suit . . . ."). Here, Salazar has not upheld his end of that bargain.

## IV.  CONCLUSION AND ORDERS

First, the Court concludes AT&T is misjoined because, at the very least, there are no transactions connecting HTC and AT&T as required by 35 U.S.C. § 299. Second, the Court finds it in the interest of avoiding prejudice and delay and safeguarding principles of fundamental fairness to sever and stay Salazar's claims against AT&T.

The Court therefore **GRANTS** HTC's Motion to Sever and Stay [Dkt. # 55] and **ORDERS** the District Clerk to **SEVER** Salazar's claims against AT&T. Those claims are **STAYED** until further notice. The Court also **ORDERS** the District Clerk to transfer the following motions (along with any associated briefing) to the new cause and retain their original filing dates:

(1)  Plaintiff's Motion for Leave to Correct/Amend Plaintiff Joe Andrew Salazar's Second Amended Original Complaint [Dkt. # 62]; and

(2)  Defendant AT&T Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint [Dkt. # 69].

Finally, the Court **DENIES** AT&T's Emergency Motion to Stay [Dkt. # 78] as **MOOT**.

**SIGNED this 20th day of August, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE