IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOE ANDREW SALAZAR, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 2:16-cv-01096-JRG-RSP |
| v. | ) | |
| | ) | |
| HTC CORPORATION, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S SURREPLY TO PLAINTIFF'S REPLY TO DEFENDANT'S
RESPONSIVE CLAIM CONSTRUCTION BRIEF**

Jerry R. Selinger
State Bar No. 18008250
Trampas A. Kurth
State Bar No. 24055807
Susan E. Powley
State Bar No. 00784785
PATTERSON & SHERIDAN, LLP
1700 Pacific Ave., Suite 2650
Dallas, Texas 75201
(214) 272-0957 (Telephone)
(713) 623-4846 (Facsimile)
jselinger@pattersonsheridan.com

ATTORNEYS FOR DEFENDANT
HTC CORPORATION

**TABLE OF CONTENTS**

I.     Introduction .................................................................................................... 1

II.    "Base Station" ................................................................................................ 1

III.   The "Microprocessor" Limitations ............................................................... 2

IV.    The "Memory Device" Limitations ............................................................... 3

V.     The "Selector" Limitations ........................................................................... 4

# TABLE OF AUTHORITIES

**Cases**

*IPXL Holdings, L.L.C. v. Amazon.com, Inc.,*
    430 F.3d 1377 (Fed. Cir. 2005)................................................................. 3

*KKG, LLC v. The Rank Group PLC*,
    No. 2:11-cv-00012 (E.D. Tex. April 16, 2013) .......................................2

*Microsoft Corp. v. Multi-Tech. Sys., Inc.,*
    357 F.3d 1340, 1348 (Fed. Cir. 2004)..................................................2, 4

*Typhoon Touch Technologies, Inc. v. Dell, Inc.,*
    No. 6:07-cv-546 (E.D. Tex. July 23, 2009) ........................................... 3

**Statutes**

35 U.S.C. § 112 ...................................................................................... 4

## I.       Introduction

Salazar waited until his reply brief to abandon "no construction necessary - plain and ordinary meaning" and unveil his "capability" construction.   His reply brief also includes characterizations of the intrinsic evidence that properly belonged in his opening brief, which would have allowed HTC to address the many errors and omissions.   Salazar's gamesmanship compels HTC to file this focused surreply brief.

## II.      "Base Station"

Salazar unfairly characterizes a minor change in HTC's proposed construction of "base station."   HTC's realignment followed a Stipulation in which Salazar abandoned several constructions, *e.g.*, "communications … system." [Dkt. 89]   Moreover, while acknowledging that HTC's construction was realigned, Salazar seeks to distract focus with arguments about aspects of a construction no longer pursued by either side.   Such arguments are irrelevant.

Claim 10 recites two different devices employed together in a "communications … system."   Contrary to Salazar's arguments, Figures 4 and 5 identify specific structures in "the base station device … in accordance with the present invention," which are not included in Figures 2 and 3, which are "the handset device … in accordance with the present invention." '467 Patent, 6:13-22.   *Compare with* Salazar Reply at 3 ("The patent does not discriminate between the components and functionality of the handset or base station.")   In particular, the additional base station structure in Figures 4 and 5 "in accordance with the present invention" includes a telephone line interface 310, an AC line FM coupler 161, an AC power supply 116 and a battery charger 110 – none of which are present in the handset device (Figs. 2 and 3).

The "communications … system" of claim 10 and its dependencies need not employ all the functionality available from the base station, but the "base station" in the preamble must

include the required functionality.  Contrary to Salazar's argument, dependent claim 12 expands

the claimed system from one merely able to communicate "with a plurality of external devices,"

to one that is actually "coupled to at least one telephone line" by the "telephone line interface" of

the base station.  Salazar's claim differentiation argument is inapposite because claim 12

expressly adds the "coupled to" limitation.  *See, e.g., KKG, LLC v. The Rank Group PLC*, No.

2:11-cv-00012 (E.D. Tex. April 16, 2013) Slip Op. at 12-13 (claim differentiation is of limited

weight because the dependent claim "recites other limitations") [Dkt. 178].

Salazar's reliance on *Microsoft Corp. v. Multi-Tech. Sys., Inc.*, 357 F.3d 1340, 1348 (Fed.

Cir. 2004) to elevate the summary snippet into lexicography also is misplaced.  First, *Microsoft*

used the summary and the specification to together limit all claims to include a "telephone line,"

even though several claims did not mention a telephone line.  *Id*. at 1347-48.  Second, the

summary alone is merely a summary.  Reading the summary in context with claim 10's

requirements of "a base station and a handset employed in a communications … system," and

Figures 2-5 and their corresponding descriptions, the Court should adopt HTC's construction,

clarifying that the base station and handset are two different devices and identifying the

differences explicitly required by the applicants.

## III.     The "Microprocessor" Limitations

Salazar's reply brief for the first time asserts the "microprocessor" limitations define

"capability," accusing HTC of seeking to improperly narrow the claims.  Salazar pins his

argument on a single appearance in the Notice of Allowability of the word "capability," ignoring

the critical relevance of applicants' amendments and arguments responsive to the rejection of all

claims over the *Krisbergh* patent.  *See Howlink Global LLC v. Ventris Information Systems, LLC*,

No. 4:11-cv-71, Slip Op. at 2 (E.D. Tex. August 30, 2012) (rejecting an argument of no disavowal "because the patentee amended the claims to overcome prior art.")

Salazar does not deny that applicants amended the "microprocessor" limitations and then argued patentability based on the amended "microprocessor" limitations.  Salazar asserts in conclusory fashion that HTC's prosecution history quote is taken out of context, but he is wrong. Even the quoted emphasis is from the prosecution history, not something added by HTC.

Applicants used functional claim language and added even more functional claim language, thus claiming the structure of "microprocessor" beyond being merely a microprocessor and emphasized that structure for patentability.  HTC Response Br. at 8-10.  While the claims recite "a microprocessor for generating" and "creating," for the reasons articulated in *Typhoon Touch Technologies, Inc. v. Dell, Inc.*, No. 6:07-cv-546 (E.D. Tex. July 23, 2009), Slip Op. at 5, the Court should construe those terms as requested by HTC to be requirements, not capabilities.[1]

## IV.    The "Memory Device" Limitations

Salazar seeks to rewrite the "memory device" limitations by ignoring functional language he admits cannot be performed by the memory device.  Salazar Reply Br. at 7 ("A microprocessor, and not a memory device, is capable of performing the 'recreate' function."). Yet, Salazar cannot deny the applicants added the memory device limitations (directed to "recreating") at the same time as the microprocessor limitations (directed to "creating").  These limitations cannot be ignored or simply attributed to a different limitation.  Salazar does not dispute the literal claim language defining the functionality identified in HTC's Brief at 14.  Nor could he; Salazar is bound by the actual claim terms.  *Id*. at 15 (citing cases).  *Finjan, Inc. v.*

---

[1] *IPXL Holdings, L.L.C. v. Amazon.com, Inc.,* 430 F.3d 1377 (Fed. Cir. 2005) remains applicable and the properly construed claims are indefinite.  Again, HTC is limiting its surreply to some of the more egregious errors in Salazar's reply brief.

*Secure Computing Corp.*, 626 F.3d 1197 (Fed. Cir. 2010) supports HTC, not Salazar: "Here, by contrast, Finjan's apparatus claims do not require that the proactive scanning software be **configured** in a particular way …." *Id.* at 1204 (emphasis added).   Here, the claimed "memory device" must be "configured to" perform the functions. Thus, for the reasons stated above an in HTC's Responsive Brief, the Court should adopt HTC's proposed construction.

Salazar also concedes (at least by silence) that the memory device lacks sufficient structure to perform all of the recited functionality, triggering application of 35 U.S.C. § 112(f) and that there is no corresponding structure linked to the recited function.

## V.    The "Selector" Limitations

Salazar abandons his "no construction necessary" position while incorrectly accusing HTC of seeking to rewrite claim language.  HTC simply construes the limitation consistent with applicants' clear disavowal of claim scope made by claim amendments and arguments during prosecution.  HTC Responsive Br. at 17-18.  The quoted portions of the prosecution history are clear, unambiguous and reflect applicants' choice to identify user selection between RF and IR as the key difference between the claimed invention and the prior art *Krisbergh* patent.

HTC's construction is also supported by the specification.   '467 Patent, 20:3-7 (describing operation "based on the mode selection made via touch sensitive device 14.") *See Microsoft*, 357 F.3d at 1347-48 (construing claims as requiring telephone line.)  The express claim language provides further support for HTC's proposed construction that the selector has the capability of receiving signals from external devices via both RF and IR.  Since the selector needs to be able to transmit via either RF or IR signals "as desired," and to receive a signal from any one of the external devices via either RF or IR signals, the selector has to receive via both RF and IR.  The Court should adopt HTC's proposed construction.

4

Respectfully submitted,

_____/s/ Jerry R. Selinger_____

Jerry R. Selinger
State Bar No. 18008250
Trampas A. Kurth
State Bar No. 24055807
Susan E. Powley
State Bar No. 00784785
PATTERSON & SHERIDAN, LLP
1700 Pacific Ave., Suite 2650
Dallas, Texas 75201
(214) 272-0957 (Telephone)
(713) 623-4846 (Facsimile)
jselinger@pattersonsheridan.com

ATTORNEYS FOR DEFENDANT
HTC CORPORATION

## CERTIFICATE OF SERVICE

I certify that on October 2, 2017, that the foregoing document was electronically filed with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case filing ("ECF") system of the court.  The attorneys of record who have consented in writing to accept notice as service of this document by electronic means are being served by a "Notice of Electronic Filing," sent by the ECF system.

_____/s/Jerry R. Selinger_____

5