IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOE ANDREW SALAZAR, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 2:16-cv-01096-JRG-RSP |
| v. | ) | |
| | ) | |
| HTC CORPORATION, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## HTC CORPORATION'S OPPOSITION TO TO PLAINTIFF'S MOTION TO STRIKE SURREPLY CLAIM CONSTRUCTION BRIEF

HTC Corporation ("HTC") opposes Salazar's Motion to Strike HTC's Surreply Brief on claim construction (Dkt. # 98). Salazar waited until his reply brief (Dkt. # 94) to abandon his "no construction necessary - plain and ordinary meaning" constructions and unveil his newly-proposed microprocessor "capability" and "selector" constructions. Plaintiff's reply brief also included characterizations of the intrinsic evidence relating to the "memory device" and "base station" limitations that properly belonged in his opening brief. These tactics necessitated HTC's filing of a surreply brief. Insofar as Salazar complains because HTC did not concurrently file an opposed motion to leave, HTC has moved for retroactive leave to file its focused Surreply Brief on those specific issues (Dkt. # 100).

**I.     BACKGROUND**

Plaintiff's opening claim construction brief was devoid of detail with the exception of two preamble issues, one since mooted and the other requiring adjustment as a result of agreements the parties reached thereafter. *See* Stipulations (Dkt. #s 88 & 89). Plaintiff's reply brief raised a number of issues that Plaintiff was required to include in his opening brief. These

1

issues included Plaintiff's offering claim constructions on the "microprocessor" limitations and the "selector" limitations. Plaintiff also raised inaccurate arguments about, and misstated law relating to, the "memory device" limitation and the "base station" term. Those arguments should have been raised in Plaintiff's opening claim construction brief, which would have allowed HTC to correct the most material errors in its responsive brief. (Dkt. # 85).

It is improper for any party to withhold their claim construction positions until their final claim construction brief. Having not had the opportunity to address Plaintiff's positions, HTC filed its four–page Surreply Brief addressing the four new arguments Plaintiff raised for the first time in his reply brief. In the interests of fairness to HTC, and to provide the Court with a complete understanding of these four issues, the Court should deny Salazar's motion to strike, grant HTC's motion for leave and consider its Surreply Brief in construing the disputed terms of the '467 Patent.[1]

## II. ARGUMENT

There is no real prejudice to Salazar in allowing HTC's Surreply. The Court's motion practice set forth in Local Rule CV-7 clearly contemplates that, in the normal course of events, regular briefing ends with a surreply, not a reply. Moreover, HTC filed its Surreply within four (4) business days after Plaintiff filed his Reply and more than two weeks before the scheduled *Markman* hearing. HTC's Surreply Brief is only four pages long and was narrowly tailored to addresses only those arguments and claim interpretations raised for the first time in Plaintiff's Reply Brief – rather than responding to every argument in Plaintiff's Reply. There is adequate time for the Court and Plaintiff to digest the substance of HTC's limited Surreply Brief prior to

---

[1] HTC did not oppose Plaintiff's request to exceed the page limit in his claim construction reply brief. *See* Dkt. # 93. HTC, however, did not agree that Plaintiff could do so to raise arguments that should have been raised in his opening claim construction brief.

the October 18, 2017 *Markman* hearing. On the other hand, HTC will be prejudiced if the Court does not consider its Surreply Brief, which addresses only arguments and interpretations raised for the first time in Plaintiff's Reply Brief.

Plaintiff does not argue that the rules of the Court expressly prohibit a surreply in claim construction briefing, and they do not. The Local Rules generally permit surreply briefs. *See* Local Rule CV-7(f), and the Local Patent Rules are silent on the filing of surreply briefs in claim construction, as is the Fourth Amended Docket Control Order (Dkt. # 82). Plaintiff contends that, absent an express grant of permission in the Local Patent Rules and/or an express surreply deadline in the Fourth Amended Docket Control Order, HTC's Surreply Brief is prohibited. Salazar's position runs contrary to the purpose of claim construction briefing, especially under the circumstances present here. In his reply brief, Plaintiff presented substantial new arguments and claim construction positions. HTC had two options – either answer these new arguments and positions (which Plaintiff should have presented in his opening brief) in its Surreply Brief or move to strike. HTC chose the option best suited to creating a full record. To obviate Plaintiff's objection, HTC currently seeks retroactive leave to file the Surreply Brief. Under these circumstances, Salazar's motion to strike is unfair, prejudicial, and should be denied.

### III. CONCLUSION

The Court should deny Plaintiff's Motion to Strike HTC's Surreply Claim Construction Brief, grant HTC's Motion for Leave to file same (Dkt. # 100), and consider the arguments offered in HTC's Surreply Brief (Dkt. # 97).

Respectfully submitted,

  /s/ Jerry R. Selinger

Jerry R. Selinger
State Bar No. 18008250
Trampas A. Kurth
State Bar No. 24055807
Susan E. Powley
State Bar No. 00784785
PATTERSON & SHERIDAN, LLP
1700 Pacific Ave., Suite 2650
Dallas, Texas 75201
(214) 272-0957 (Telephone)
(713) 623-4846 (Facsimile)
jselinger@pattersonsheridan.com

ATTORNEYS FOR DEFENDANT
HTC CORPORATION

## CERTIFICATE OF SERVICE

  I certify that on October 10, 2017, that the foregoing document was electronically filed with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case filing ("ECF") system of the court. The attorneys of record who have consented in writing to accept notice as service of this document by electronic means are being served by a "Notice of Electronic Filing," sent by the ECF system.

    /s/Jerry R. Selinger