IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOE ANDREW SALAZAR, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 2:16-cv-01096-JRG-RSP |
| v. | ) | |
| | ) | |
| HTC CORPORATION, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## HTC CORPORATION'S OBJECTIONS TO ORDER DENYING MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA

Jerry R. Selinger
State Bar No. 18008250
Trampas A. Kurth
State Bar No. 24055807
Susan E. Powley
State Bar No. 00784785
PATTERSON & SHERIDAN, LLP
1700 Pacific Ave., Suite 2650
Dallas, Texas 75201
(214) 272-0957 (Telephone)
(713) 623-4846 (Facsimile)
jselinger@pattersonsheridan.com

ATTORNEYS FOR DEFENDANT
HTC CORPORATION

Pursuant to Fed. R. Civ. P. 72(a), HTC Corporation objects to the Order denying its Motion to Transfer Venue to the Northern District of California [Dkt. 104] ("the Order"). The Order contains clearly erroneous findings of fact for both public-interest factors and private-interest factors. The challenged "private-interest" findings are: (1) relative ease of access to sources of proof, (2) availability of compulsory process to secure the attendance of witnesses, and (3) all other practical problems. The challenged "public-interest" findings are: (1) administrative difficulties and (2) the local interest in having localized interests decided at home. The Order also fails to give sufficient weight to convenience of non-party witnesses, although finding this private factor weighs in favor of transfer. The Northern District of California is clearly more convenient, and refusal to transfer will materially prejudice HTC Corporation.

1. <u>Core relevant facts in the briefs</u>

Salazar (who resides in California) filed suit against HTC Corporation, a Taiwanese corporation, on October 5, 2016. Two months later, Salazar sought to serve process by Federal Express delivery to an HTC Corporation manufacturing facility in Taiwan. [Dkt. 6]. To avoid a dispute about service of process, HTC Corporation agreed to waive formal service in return for having March 27, 2017 as its response date, an agreement approved by the Court. [Dkt. 7, 8] After HTC timely filed a Rule 12(b)(6) motion to dismiss, Salazar responded on April 12, 2017, but with a First Amended Original Complaint that did not cure all pleading defects and still was imprecise about the basis for infringement. Importantly, Salazar's April 19, 2017 infringement contentions for the first time identified "Sense-TV" as providing the claimed functionality.

Based on this new and specific information, HTC Corporation realized that Peel Technologies, Inc., a third party located in the Northern District of California owned relevant source code and databases, and Peel maintained them on its servers. *Cf.* Wei Decl., ¶¶ 3-5. HTC

Corporation filed its § 1404 motion, with supporting evidence, within three weeks of learning about the importance of Peel (and other third parties) to Salazar's infringement contentions.

    2. The Relative Ease of Access to Sources of Proof (Private Factor 1)

The Order acknowledges that highly relevant Peel documents are located in the Northern District of California, but opined that "[a]t most Peel may have to produce source code" for its application. *Id*. at 10. Neither party identified **any** proof in this District, yet the Order holds that "the Court cannot conclude this factor weighs in favor of transfer **when no other** parties or third parties have material evidence located in the proposed transferee district." *Id*. (Emphasis added.)

This finding is clearly erroneous. First, there **is** important documentary evidence in the Northern District of California (as the Order acknowledged) and **none** in this District. Second, unique constraints control source code production and review, such as limits on who can access a computer containing source code, limits on the location for access to source code, and limits on the amount of copying of source code. These source-code specific constraints make the presence of source code evidence in the Northern District of California highly significant, despite technological advances regarding electronic documents generally. Third Salazar's post-briefing document subpoena to Peel belies the speculation that "at most" Peel would have to produce source code.[1] Each of these facts causes this factor to weigh strongly in favor of transfer.

    3. The availability of compulsory process (Private Factor 2)

The Northern District of California has absolute subpoena power over three identified Peel witnesses. Order at 4. The Order expressly acknowledges the importance of those third-

---

[1] In addition to source code, which itself can be voluminous, Salazar demanded "all technical specifications and/or API (application program interface documentation) sufficient to disclose, depict and describe the design and development of the source code" and "all documents sufficient to describe the design/development of the source code" used with any of HTC Corporation's accused products.

2

party witnesses, *id.* at 9-10, albeit discounting Google, Microsoft and Qualcomm. Yet, the Order deemed this factor neutral because neither forum "has absolute subpoena power over a party" and because "experts would likely testify about Peel's source code and functionalities, thereby minimizing (or altogether eliminating) the need for Peel employees to appear live at trial." *Id.* at 11. The findings concerning Peel and absolute subpoena power over a party are each clearly erroneous and legal error, although HTC Corporation does not agree that it was appropriate to discount the three other suppliers accused in Salazar's infringement contentions.

Most importantly, the Order's rejection of the value of live testimony of Peel witnesses because there can be a source code battle between competing experts is clearly erroneous and materially prejudicial to HTC Corporation. Experts may quibble about nuances of Peel's source code, but Peel fact witnesses are expected to testify to the jury that: (1) Peel does not provide its source code to any of its customers; (2) Peel stores and maintains the proprietary software necessary for a customer's microprocessor to create a plurality of communication protocols for transmission to any of multiple external appliances; (3) Peel stores and maintains a database of command code sets for multiple external appliances; (4) Peel is the source for specific command code sets used for remote control of a desired external appliance; and (5) Peel maintains command code sets for substantially all major brands of various devices on its servers. *Cf.* Wei Decl., ¶¶3-5. In addition, Peel witnesses are expected to testify about the broad range of functionality Peel's software provides to end users. The trial testimony of Peel employees will be a critical part HTC Corporation's noninfringement and damages case.

The Order's reliance on the absence of "absolute subpoena power over a party" in the Northern District of California is clearly erroneous and irrelevant. It is clearly erroneous because there is absolute subpoena power over plaintiff Salazar there, Fed. R. Civ. P. 45 (c)(1)(B); Order

3

at 2-3 (Salazar resides in California), and because there is **no** absolute subpoena power over either party or any third-party witness in this District. That erroneous finding also is irrelevant and affording it any weight is legal error. In addition, the absence of such power over a party does not detract from the importance of absolute subpoena power in the Northern District of California over third-party fact witnesses recognized in the Order (*i.e.*, Peel) as possessing relevant factual information. This factor strongly supports transfer and provides clear evidence of material prejudice to HTC Corporation.

### 4. All other practical problems (Private Factor 4)

The Order found this factor weighed against transfer for two reasons. First, HTC Corporation allegedly waited six months after suit was filed to file its § 1404 motion, noting that HTC Corporation filed two Rule 12(b)(6) motions before filing this motion. While the absolute time is correct, the attribution of fault to HTC Corporation is clear error. As stated above, HTC Corporation filed its transfer motion **within three weeks** after first learning that Salazar's infringement position required "Sense TV." HTC Corporation's Rule 12(b)(6) motions, the first two of which were mooted by Salazar's filing of amended complaints and the last of which remains pending, were in part intended to learn the information which Salazar finally revealed in his infringement contentions. Second, although the Court has expended some time and effort in the initial case management of this action, that investment will not be lost whether the case is tried before Judge Gilstrap or in California. The Order's finding that this factor weighs against transfer is clearly erroneous.

### 5. Administrative difficulties (Public Factor 1)

While HTC Corporation acknowledges this District generally provides a faster time to trial than many other districts, the data points in the Order represent one period with unusual

disparity. Moreover, the Court can in its discretion ascertain whether the Northern District of California would be willing to put this case on a faster path to resolution.

6. Local interest in having localized interests decided at home (Public Factor 2)

The Order correctly concluded that this District has no local interest, but committed clear error in finding no local interest by the Northern District of California. This suit calls into question the reputation of individuals at Peel in that community. While Peel is not a party, its technology is undisputedly at issue in this case and perhaps subsequent ones. This factor favors transfer. *See, e.g.,* Selinger Decl., Ex. 10, [Dkt. # 35-13] at 14-15 (Slip Op., *Touchscreen Gestures, LLC v. HTC Corporation*, No. 6:12-cv-261 [Dkt. 17]5 (E.D. Tex. March 27, 2013))

7. Private factor 3 and convenience of witnesses should be heavily weighted

While the Order correctly found that Private Factor 3 weighs in favor of transfer, Order at 13, it erred in giving each factor equal weight. *Id*. at 15-16. "The convenience of the witnesses is probably the single most important factor in a transfer analysis." *Sanger Ins. Agency, Inc. v. Hub Int'l, Ltd.*, No. 2:13-cv-528-JRG, 2014 U.S. Dist. LEXIS 153094 at *5-6 (E.D. Tex. March 25, 2014) (citation omitted). That important factor weighs heavily in favor of transfer.

8. Conclusion

The Order correctly found private factor 3 supported transfer, but committed clear error in finding private factors 1 and 2 were neutral, and private factor 4 weighed against transfer. Private factors 1 and 2 strongly support transfer, and private factor four should be neutral. The Order correctly found public factors 3 and 4 were neutral, but committed clear error in finding factor 2 is neutral, and factor 1 weighs against transfer. Giving appropriate weight to private factor 3, the Northern District of California is clearly more convenient, and HTC Corporation will suffer material prejudice without transfer.

                      Respectfully submitted,

                      _____/s/ Jerry R. Selinger_____

                      Jerry R. Selinger
                      State Bar No. 18008250
                      Trampas A. Kurth
                      State Bar No. 24055807
                      Susan E. Powley
                      State Bar No. 00784785
                      PATTERSON + SHERIDAN, LLP
                      1700 Pacific Ave., Suite 2650
                      Dallas, Texas 75201
                      (214) 272-0957 (Telephone)
                      (713) 623-4846 (Facsimile)
                      jselinger@pattersonsheridan.com

                      ATTORNEYS FOR DEFENDANT
                      HTC CORPORATION

## **CERTIFICATE OF SERVICE**

      I certify that on October 30, 2017, that the foregoing document was electronically filed with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case filing ("ECF") system of the court.  The attorneys of record who have consented in writing to accept notice as service of this document by electronic means are being served by a "Notice of Electronic Filing," sent by the ECF system.

                      _____/s/Jerry R. Selinger_____