IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOE ANDREW SALAZAR, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 2:16-cv-01096-JRG-RSP |
| v. | ) | |
| | ) | |
| HTC CORPORATION, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## HTC CORPORATION'S OBJECTIONS
## TO CLAIM CONSTRUCTION OPINION AND ORDER

Jerry R. Selinger
State Bar No. 18008250
jselinger@pattersonsheridan.com
Trampas A. Kurth
State Bar No. 24055807
tkurth@pattersonsheridan.com
Susan E. Powley
State Bar No. 00784785
spowley@pattersonsheridan.com
PATTERSON + SHERIDAN, LLP
1700 Pacific Ave., Suite 2650
Dallas, Texas 75201
(214) 272-0957 (Telephone)
(713) 623-4846 (Facsimile)

ATTORNEYS FOR DEFENDANT
HTC CORPORATION

Pursuant to Fed. R. Civ. P. 72(a), HTC Corporation objects to two aspects of the Claim Construction Opinion and Order [Dkt. 108] (the "Order") filed November 3, 2017.

First, the Order erred in not including in the construction of the "microprocessor" limitation several important words: "a microprocessor configured to generate a plurality of control signals used to operate said system and configured to create **all of the** *a plurality of* [reprogrammable] communication protocols **of each of the plurality of external devices with which the system is intended to communicate**." *Compare* Order at 15, 22. The Order declined to include the language in bold and, instead, included the italicized phrase.

The parties stipulated that the preambles of the independent claims are substantive limitations, Dkt. No. 89, since the preambles provide antecedent basis. Each preamble includes "for communicating with a plurality of external devices." The "microprocessor" limitation recites "said microprocessor creating a plurality of reprogrammable communication protocols, for transmission to said external devices, wherein **each** communication protocol includes a command code set that defines the signals that are employed to communicate with **each one of said** external devices." Order at 17 (emphasis added). This language requires communication protocols for transmission to **each** of the plurality of external devices. Consequently, the microprocessor must be configured to create a communication protocol for <u>all</u> of the plurality of external devices with which the system is intended to communicate. The Court should sustain this objection, and revise the construction by adding the language in bold and eliminating the italicized language.

HTC Corporation's construction is consistent with the disclosed invention. '467 Patent, 6:28-30 ("Detailed Description of the Invention"). Applicants developed a universal remote preloaded with multiple desired signals, but reduced the required memory by using parameter

1

sets as an encoding technique. *Id.*, 8:17-21 ("Handset 10 in accordance with the present invention employs an encoding technique to store the desired signals in a memory space in the order of 10Kbytes of data.") The problem they reportedly confronted in 1995 was that to "have a handset that is capable of communicating with substantially all major brands of various devices," "requires a substantially large memory to store all the command code sets with various sets of signals." *Id.*, 7:55, *et seq.* Storing "270 different code sets" required memory of about "135Mbyts," because "[t]ypically, each manufacturer of one of these devices such as TV sets, VCR sets … employs a specific communication protocol that includes a command code set for performing various functions to remotely control the device." *Id.*, 7:40-46. *See also* Dkt. 91-5, at 11 ("[I]nstead of storing actual signals that are employed to communicate with external devices… a set of parameters are stored in the memory...") (prosecution history).

Second, HTC Corporation objects to the determination that the "memory device" limitations are not subject to construction under § 112(f) and thus are not invalid for failing to disclose linked corresponding structure. Order at 28-30. According to the Order:

> The microprocessor and related memory device terms are recited in each of the independent claims in substantially similar language. As an example, Claim 1 recites:
>
> a **microprocessor** for <u>generating</u> a plurality of control signals used to operate said system, said microprocessor <u>creating</u> a plurality of reprogrammable communication protocols, for transmission to said external devices wherein each communication protocol includes a command code set that defines the signals that are employed to communicate with each one of said external devices;
>
> A **memory device** coupled to said microprocessor configured to store a plurality of parameter sets retrieved by said microprocessor <u>so as to recreate</u> a desired command code set, such that the memory space required to store said parameters is smaller than the memory space required to store said command code sets;

Order at 17 (emphasis in original).

The construed limitation is "a microprocessor configured to generate a plurality of control signals used to operate said system and configured **to create** a plurality of [reprogrammable] communication protocols." Order at 21 (emphasis added). As noted, immediately following the construed claim phrase is "for transmission to **said** external devices [referring to the preamble] wherein **each** communication protocol includes a command code set …." '467 Patent, 25:63-65 (emphasis added). Thus, as construed, the microprocessor is configured to **create** communication protocols for **each** of the external devices, with **each** protocol including a command code set. *See* Dkt. No. 89 (Stipulation regarding preamble). This construction is relevant to the "memory device" issue, as explained below.

HTC Corporation argued that the "memory device" limitations should be construed under § 112(f) because each term recites "function without reciting sufficient structure for performing that function." Br. at 13-14 (*citing Williamson v. Citrix Online LLC*, 792 F.3d 1339, 1348 (Fed. Cir. 2015)) [Dkt. 91]; Order at 23 (proposed construction). The "memory device" limitations recite additional function without sufficient structure beyond what a "memory" alone could accomplish, *e.g.*, "configured to store a plurality of parameter sets retrieved by said microprocessor so as to recreate a desired command code set, such that the memory space required to store said parameters is smaller than the memory space required to store said command code sets." Br. at 14.

The Order rejected this *Williamson* argument, opining that "the microprocessor, not the memory device, recreates the desired command code set." Order at 27. In addition, it ruled that "memory" "is sufficient structure for accomplishing the recited function of storing a plurality of parameter sets," and the rebuttable presumption had not been overcome. *Id*. at 29.

The "memory device" limitations were construed as:

3

> a memory device coupled to said microprocessor configured to store a plurality of parameter sets retrieved by said microprocessor **so as to recreate**, by the microprocessor, **a desired command code set**, **such that** the memory space required to store said parameters is smaller than the memory space required to store said command code sets,

and as:

> a memory device coupled to said microprocessor configured to store a plurality of parameter sets retrieved by said microprocessor **so as to recreate**, by the microprocessor, based on said parameter sets a desired set of pulse signals corresponding to logical "1's" and "0's" as specified by the command code set."

Order at 30 (emphasis added). This construction is wrong for two reasons.

First, construing the "memory device" limitation so the microprocessor **recreates** a desired command code set (or corresponding pulse signals) conflicts with the microprocessor limitation's construction. The "microprocessor" is "configured to **create** a plurality of communication protocols," but "each communication protocol includes a command code set." '467 Patent, 27:13-15. Thus, considering the two constructions together, the microprocessor is configured to **create and recreate** the same command code set, a result inconsistent with the disclosure that communication protocols and command sets are created by third parties. *Id.*, 7:37-46, 16:40-58. For this reason, HTC Corporation's proposed function – requiring all of the recited language be part of the function – better aligns with the actual claim language.

Second, the Order ignores part of the claim language on which applicants relied for patentability, Br. at 4, even, *arguendo*, if "retrieved by said microprocessor so as to recreate a desired command code set" means the microprocessor is configured to retrieve parameter sets from the memory device so as to recreate a desired command code set. Order at 17 (claim language). In particular, the functional language that remains requires the memory device be: (1) "configured to store a plurality of parameter sets," and (2) "such that the memory space required to store said parameters is smaller than the memory spaced required to store said command code

4

sets." *Id*. While the purpose of a memory device is to store, and it thus can be "configured to store," a memory device alone cannot perform the function of storing "such that the memory space required to store the parameters is smaller than the memory required to store command code sets" (claims 1, 10) or "based on said parameter sets a desired set of pulse signals corresponding to logical "1's" and "0's" as specified by a command code set."

The '467 Patent and its prosecution history confirm neither of the claimed functions tied to the memory device can be performed by the memory device. Br. at 3-4, 14-15. The microprocessor, not the memory device, performs the claimed functions, yet the claim language clearly requires the memory device perform the "such that the memory space" and counterpart claim 34 functions. Since the "memory device" limitations each recite "function without reciting sufficient structure for performing that function," *Williamson,* 792 F.3d at 1348, the Order committed legal error in not construing the "memory device" terms under § 112(f).

Neither the specification nor the prosecution history provides "corresponding structure" linking the recited functions of the "memory device" limitations to structure in the specification allowing the memory device to perform the recited functions. Br. at 15-16. Nor did Salazar propose any such corresponding structure. For these reasons, the Court should sustain this objection and hold that the "memory device" limitations in the independent claim are indefinite. *See, e.g., Net MoneyIN, Inc. v. VeriSign, Inc*., 545 F.3d 1359, 1367 (Fed. Cir. 2008). Consequently, each independent claim, and the asserted dependent claims are invalid. *See, e.g*., *Typhoon Touch Technologies, Inc. v. Dell, Inc*., No. 6:07-cv-546 (E.D. Tex. July 23, 2009), Slip Op. at 12 (absent corresponding structure under § 112(f), claims are indefinite and invalid).

In view of the foregoing, the Court should overrule the Order on the objected-to constructions and issue the requested constructions for "memory device" and "microprocessor."

5

Respectfully submitted,

_____/s/ Jerry R. Selinger_____

Jerry R. Selinger
State Bar No. 18008250
jselinger@pattersonsheridan.com
Trampas A. Kurth
State Bar No. 24055807
tkurth@pattersonsheridan.com
Susan E. Powley
State Bar No. 00784785
spowley@pattersonsheridan.com
PATTERSON + SHERIDAN, LLP
1700 Pacific Ave., Suite 2650
Dallas, Texas 75201
(214) 272-0957 (Telephone)
(713) 623-4846 (Facsimile)

ATTORNEYS FOR DEFENDANT
HTC CORPORATION

**CERTIFICATE OF SERVICE**

    I certify that on November 17, 2017, that the foregoing document was electronically filed with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case filing ("ECF") system of the court. The attorneys of record who have consented in writing to accept notice as service of this document by electronic means are being served by a "Notice of Electronic Filing," sent by the ECF system.

    _____/s/Jerry R. Selinger_____