## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| JOE ANDREW SALAZAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:16-cv-01096-JRG-RSP |
| | § | |
| HTC CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO HTC CORPORATION'S OBJECTIONS TO CLAIM CONSTRUCTION OPINION AND ORDER

Defendant filed objections to the Court's Claim Construction Opinion and Order (Dkt. # 108) arguing that the Order "erred" in construing: (1) microprocessor and (2) memory device. Plaintiff opposes these objections. The Magistrate Judge correctly construed the claim terms at issue after extensive briefing from both sides, oral argument at the claim construction hearing, HTC's technology tutorial, and with the assistance of a technical advisor. Defendant's criticisms of the Order consist of new arguments that could have been raised in its briefing, but never were, and rehashed arguments already presented to the Court. To the extent Defendant uses its objections as an opportunity to take a second bite at the apple with new arguments, these arguments should be rejected outright. Defendant had ample opportunity, including filing a sur-reply without leave, to make its case. The remainder of Defendant's arguments should also be rejected as they improperly rewrite the claims by arbitrarily adding claim limitations purportedly justified by misinterpretations of claim language and fabricated inconsistencies/ambiguity. As the findings of the Magistrate Judge were not clearly erroneous or contrary to the law, the Court should overrule Defendant's objections.

## I.     APPLICABLE LAW

On an objection to a Court's Opinion and Order, the objecting party bears the burden of proving that the findings of the Magistrate Judge were clearly erroneous or contrary to the law. *See* 28 U.S.C. § 636(b)(1)(A); Local Rule CV 72(b); *Droplets, Inc. v. Overstock.com, Inc.*, No. 2:11-CV-401-JRG-RSP, 2014 WL 12638484, at *1 (E.D. Tex. Dec. 1, 2014); *Synqor, Inc. v. Cisco Sys., Inc.*, No. 2:14CV286, 2014 WL 11462445, at *1 (E.D. Tex. May 5, 2014).

Pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636, along with the abundant body of interpretive case law, a party is not entitled to raise new arguments in appeals to a district judge.  In *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 990-91 (1st Cir. 1988), a case that has been adopted by the Fifth Circuit, the court "h[e]ld categorically that an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate."[1] *See also Requena-Rodriguez v. Pasquarell*, 190 F.3d 299, 307 (5th Cir. 1999) (stating that a district court has the power to decide that legal arguments not raised before a magistrate judge are waived); *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994).  The court explained that a party "has a duty to put its best foot forward" before the Magistrate Judge—i.e., "to spell out its arguments squarely and distinctly," and that the reasons for this rule include that "[s]ystemic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser" and "it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and-having received an unfavorable recommendation—shift gears before the district judge." *Paterson-*

---

[1] *Paterson-Leitch* involved a Rule 72(b) objection, where the district court's standard of review is de novo.  This case involves a Rule 72(a) objection, where the district court reviews the magistrate judge's ruling under the highly deferential "clearly erroneous or contrary to law" standard.  Fed. R. Civ. P. 72.

*Leitch Co.*, 840 F.2d at 990-91.

## II.   ARGUMENT

### A.   "microprocessor"

The Magistrate Judge construed the term "a microprocessor for generating a plurality of control signals used to operate said system, said microprocessor creating a plurality of reprogrammable communication protocols" in claims 1, 10, and 34 to mean "**a microprocessor configured to generate a plurality of control signals used to operate said system and configured to create a plurality of [reprogrammable] communication protocols.**"  Plaintiff agrees with this construction.

Defendant, for the first time, argues that the claim language should be rewritten in light of the preamble.  Defendant did not present this argument in any of its briefing on this issue[2] and did not ask the Court to construe the preamble, despite having full opportunity to do so.  Indeed, Defendant's briefing is completely devoid of any discussion relating to the scope of communication protocols.   Therefore, Defendant's arguments should be rejected outright. Nevertheless, neither the preamble nor the elements in the body of the claim requires that the microprocessor be configured to "create all of the communication protocols."   Accordingly, the Magistrate Judge did not clearly err in construing "a microprocessor for generating a plurality of control signals used to operate said system, said microprocessor creating a plurality of reprogrammable communication protocols" and Defendant's attempt to add limitations to this claim language lacks support and should be rejected.

### B.   "memory device"

---

[2] Defendant offers no persuasive reason (or any reason) for its previous failure to assert this argument.

The Magistrate Judge construed "a memory device coupled to said microprocessor configured to store a plurality of parameter sets retrieved by said microprocessor so as to recreate a desired command code set, such that the memory space required to store said parameters is smaller than the memory space required to store said command code sets" to mean "**a memory device coupled to said microprocessor configured to store a plurality of parameter sets retrieved by said microprocessor so as to recreate, by the microprocessor, a desired command code set, such that the memory space required to store said parameters is smaller than the memory space required to store said command code sets**."  The Magistrate Judge explained that "one of ordinary skill in the art, based upon the specification and the claims, would understand 'memory device' ['and the remaining terms in the disputed phrase'] to have [their] plain and ordinary meaning." Dkt. # 108 at 29-30.  Plaintiff agrees.

In its objections to the Magistrate Judge's construction, Defendant appears to again argue that this claim phrase is indefinite under § 112 and in the alternative proposes a construction that improperly adds limitations to the claim language and attempts to justify this with manufactured semantical arguments.

First, Defendant's argument that claims containing the "memory device limitations" are indefinite must be rejected.  As the Court noted, Defendant failed to rebut the presumption that § 112 does not apply because "the words of the claim are understood by persons of ordinary skill in the art to have a sufficiently definite meaning as the name for structure."  Defendant did not raise any specific arguments regarding the phrase "such that the memory space required to store the parameters is smaller than the memory required to store command code sets" in its original briefing and therefore these arguments should be rejected.  Nevertheless, Defendant's argument that this is a function that requires "corresponding structure" is meritless.  The disputed language summarizes

what follows from the collaboration between the memory device as it functions and the microprocessor as it functions to one of ordinary skill in the art, and it does not require any further construction nor does it require any identification of any additional structures because the functions and the corresponding structures have already been identified in the earlier part of the claim element.

Second, to the extent Defendant's other arguments can be comprehended, they fail to show that the Magistrate Judge's findings were erroneous or contrary to law.  Defendant's argument that there is an inconsistency when the claim elements it identifies are read together is not supported by the claim language or the specification and Defendant misrepresents the language of the claim elements.  Each claim element describes a separate aspect of the invention and the role of the microprocessor and the claim elements do not contradict each other and clearly describe the invention.  The first element of the body of the claim recites the role of the microprocessor in the invention generally and the second element of the body of the claim describes the role of the microprocessor in connection with the functionality of the memory device.  The claim language simply states that the microprocessor recreates command code sets from the parameter sets retrieved from the memory device.  The fact that these command code sets originate from (*i.e.*, are created by) third parties does not in any way contradict the disclosed invention and the claim language that the microprocessor can create command code sets so that it can communicate with these third party devices using their language.  Accordingly, the Court should overrule Defendant's objections with respect to "microprocessor."

## III.    CONCLUSION

Defendant has not met its burden of proving the findings of the Magistrate Judge were clearly erroneous or contrary to the law.  Accordingly, Defendant's objections should be overruled.

Dated: December 1, 2017                    Respectfully submitted,

DARIUSH KEYHANI, Lead Attorney
NJ SBN 044062002
*Pro Hac Vice*
MEREDITH & KEYHANI, PLLC
125 Park Avenue, 25th Floor
New York, New York 10017
(212) 760-0098 Telephone
(212) 380-1325 Direct Line
(212) 202-3819 Facsimile
dkeyhani@meredithkeyhani.com

ANDY TINDEL
Texas State Bar No. 20054500
MT² LAW GROUP
MANN | TINDEL | THOMPSON
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile:  (903) 596-0909
Email: atindel@andytindel.com

*Attorneys for Plaintiff Joe Andrew Salazar*

## CERTIFICATE OF SERVICE

This is to certify that all known counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on this the 1st day of December, 2017.  Any other known counsel of record will be served with a copy of this document by email and/or facsimile transmission.

Andy Tindel

6