IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOE ANDREW SALAZAR, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 2:16-cv-01096-JRG-RSP |
| v. | ) | |
| | ) | |
| HTC CORPORATION, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |

**HTC CORPORATION'S MOTION TO STRIKE ALLEGATIONS REGARDING
THE "HTC MINI+" FROM CLAIM CHART A TO PLAINTIFF'S FIRST AMENDED
DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS AND
FOR CLARIFICATION OF CONSTRUCTION OF "TELEPHONE LINE INTERFACE"**

## I.    Introduction

HTC Corporation moves to strike Salazar's brand new assertions regarding a device named the "HTC Mini+" from "Claim Chart A" to Plaintiff's First Amended Disclosure of Asserted Claims and Infringement Contentions, served November 29, 2017 ("Amended Infringement Contentions") (collectively Exhibit 1 hereto).  Salazar served the Amended Infringement Contentions without seeking or receiving leave from the Court, and HTC Corporation understands Salazar did so based on P.R. 3-6(a)(1).

The "HTC Mini+" was not accused or even mentioned in Plaintiff's April 19, 2017 Disclosure of Asserted Claims and Infringement Contentions or his attached claim chart (collectively Exhibit 2 hereto).  The HTC Mini+ is not accused or even mentioned in Salazar's Amended Infringement Contentions, but is added in amended "Claim Chart A" under the "selector" limitation of dependent claim 2, the preamble and "said microprocessor creating" limitations of independent claim 10, and the "sensor" limitation added in dependent claim 23.

1

*See* Ex. 1, Claim Chart A, at 13-15, 18-20, 37-38.  Notably, the left-hand column in both the initial Claim Chart A and the amended Claim Chart A continue to identify only HTC Corporation's One M7, One M8, and One M9 under the heading "product."

Salazar has no basis on which to include, for any purpose, the "HTC Mini+" at this late date.  As discussed below, local Patent Rule 3-6(a)(1) does not authorize Salazar's belated efforts to include the "HTC Mini+" in amended Claim Chart A, nor can Salazar show good cause for that addition.  P. R. 3-6.

In addition, HTC Corporation seeks clarification of the term "telephone line interface," which is part of the Court's construction of "base station."  Dkt. 108, at 15.  The Amended Infringement Contentions refer to something characterized as a "cellular communications interface device" or "Wi-Fi interface" within accused smartphones, presenting an apparent ambiguity about the meaning of "telephone line interface."

## II.      P.R. 3-6(a)(1) Does Not Authorize Salazar's "HTC Mini+" Addition

Local Patent Rule 3-6(a)(1) states:

> If a party claiming patent infringement believes *in good faith* that the Court's Claim Construction Ruling so requires, not later than 30 days after service by the Court of its Claim Construction Ruling, that party may serve "Amended Infringement Contentions" without leave of court that amend its "Infringement Contentions" *with respect to the information required by Patent R. 3-1(c) and (d).*

(Emphasis added).  This exception allows parties to respond to an unexpected claim construction by the Court.  *Nike, Inc. v. Adidas Am. Inc.,* 479 F.Supp 2d 664, 667 (E.D. Tex. 2007).  Importantly, P.R. 3-6 (a)(1) only authorizes amendment of the information required by P.R. 3-1 (c) and (d).  Local Patent Rule 3-1(b) requires identification of each "Accused Instrumentality," but that is **not** a category of information that may be amended under P.R. 3-6(a)(1).  All that can be amended is the chart showing "where each element of each asserted claim is found within

each Accused Instrumentality," P.R. 3-1(c), and allegations required by P.R. 3-1(d) as to whether each element of each asserted claim is infringed literally or under the doctrine of equivalents.

Thus, P.R. 3-6(a)(1) allows a patentee, in limited circumstances, to apply a new claim construction to already-accused products in a somewhat different way than the patentee applied claim limitations to those products initially.  That rule, however, does not allow a patentee to add new products to an existing claim chart with previously-identified Accused Instrumentalities. Salazar seems to understand this limitation because he did not amend the list of Accused Instrumentalities in the Amended Infringement Contentions or the list of "products" in the left-hand column of amended Claim Chart A.  Instead, he seeks to circumvent the limitation on adding additional products without leave of court by adding references to the "HTC Mini +" only in connection with the "where" portion of the chart.  Because P.R. 3-6(a)(1) does not allow addition of products (especially a product that was in existence at the time Plaintiff served his original Infringement Contentions), the Court should strike all references to the HTC Mini+ in "Claim Chart A" to the Amended Infringement Contentions.

### III.     The Amended Infringement Contentions Fail to Comply with P.R. 3-1(c)

In addition, the Court should strike Salazar's assertions regarding the HTC Mini+ from the Amended Infringement Contentions because the Amended Infringement Contentions fail to comply with the obligation of P.R. 3-1(c) to show "where each element of each asserted claim is found within" the newly-added HTC Mini+.  In pertinent part, the preamble of claim 10 recites "said handset and base station each comprising."  Yet, with respect to each substantive limitation of claim 10, the Amended Infringement Contentions fail to show where each accused handset and each accused base station separately meet each claim limitation.  *See, e.g.*, Ex. 1, Claim Chart A at 32-34 (failing to show how the HTC Mini+ meets the "selector" limitation).

### IV.    "Good Cause" and Objective Good-Faith Belief are Both Lacking

For completeness, HTC Corporation also explains why there is neither "good cause" nor a basis for a "good faith" belief that the Court's Claim Construction Ruling requires this change. P.R. 3-6(a)(1) does not allow parties to file amended infringement contentions simply because a claim construction order has been issued. *Nike,* 479 F.Supp 2d at 667.  Rather, the right to amend is subject to the Court's duty to protect parties from unfair prejudice through "eleventh-hour alterations."  *Id.* at 668 (quoting *IXYS Corp. v. Advanced Power Tech., Inc.,* 2004 WL 1368860, *1 (N.D. Cal. June 16, 2004).   Therefore, the Court requires that the party have a "good faith" belief that the claim construction requires the amendment. *See* P.R. 3-6(a)(1); *Saffran v. Boston Sci. Corp.,* No. 2:05-cv-547 (E.D. Tex. Jan 28, 2008) ("The Court emphasizes that the amending party must believe in *good faith* that the court's claim construction requires the amendment."). *See also SSL Services, LLC v. Citrix Systems, Inc*., No. 2:08-cv-158-JRG, Dkt. 181, Slip Op. at 3 (E.D. Tex. March 16, 2012).

The HTC Mini+ is not a new device.   Indeed, Salazar's Amended Infringement Contentions rely on public documents about this device from 2013.  Ex. 1, Claim Chart A, at 51 nn.97-99.   Moreover, even *arguendo*, if the local rule allowed insertion of new products, Salazar's proposed "base station" claim construction shows that the Court's Claim Construction Rulings did not require Salazar's belated addition.

For context, independent claim 10 recites, in pertinent part, both a "base station" and a "handset."   Dkt. 108 at 3-4 (Claim Construction Opinion and Order, quoting claim 10). Salazar's proposed construction of "base station" was: "Ordinary meaning.  The handset and the base station have similar components and function in substantially the same manner.  The base station may have additional features, for example: … and it may be coupled to public or private

telephone lines." *Id*. at 9. Salazar initially elected to assert infringement based only on the accused smartphones, which he contended served as both a base station and a handset. Ex. 2, Claim Chart A, at 20 (preamble). Salazar did so even though his own proposed construction recognized that a base station might also have a telephone line connection -- that is, the base station might be different than the handset even though it might also have similar components and functions. Dkt. 108, at 9. Indeed, the Amended Infringement Contentions add the HTC Mini+ to dependent claim 2, even though that claim and independent claim 1 does not recite a base station. Ex. 1, Claim Chart A, at 13.

There was no good-faith reason why Salazar did not earlier make his assertions regarding the HTC Mini+. If he had, the Claim Construction Ruling would merely have narrowed the universe of Accused Products. Salazar's tactical decision to focus only on accused smartphones when (1) his own proposed construction recognized that handset and base station could be different devices and (2) he now adds that additional device to dependent claim 2 when neither that claim nor independent claim 1 recites "base station," negates any good-faith belief or good cause.

Consequently, the Court should strike all mention of HTC Mini+ in amended Claim Chart A of Salazar's Amended Infringement Contentions, including under the "selector" limitation of dependent claim 2, the preamble and "said microprocessor creating" limitations of independent claim 10, and the "sensor" limitation added in dependent claim 23. *See* Ex. 1, Claim Chart A, at 13-15, 18-20, 37-38.

## V.     The Construction of Telephone Line Interface

The Court construed "base station" to mean "a device separate from the handset that has a telephone line interface." Dkt. 108, at 15. Salazar's Amended Infringement Contentions do

not identify where "a telephone line interface" is found within any of the accused smartphones. Instead, the Amended Infringement Contentions generally refer to a "cellular communications interface device" and a "Wi-Fi interface."  Ex. 1, Claim Chart A, at 18 (claim 10).  HTC Corporation believes Salazar's Amended Infringement Contentions present an issue for construction.  HTC Corporation proposes that "telephone line interface" be construed as "a hardware connector structured to receive a physical telephone line."

The "summary of the invention" states that "[a]ll communication links between the communications, command, control and sensing system and external appliances and/or apparatuses are wireless, except where the base station is coupled to a telephone line …."  '467 Patent, 5:10-14.  Telephone line interface 310 is depicted in Figure 4 as a physical component. Referring to Figure 4, the specification under the heading "Detailed Description of the Invention" explains that "touch sensitive device 125 activates telephone protocols in microprocessor 200.  In response, microprocessor 200 generates the control signals for accessing the telephone line via the telephone line interface 310, the handset, a cellular cell or some other apparatus responsive to the control signal."  *Id*., 24:14-20.  That is, the specification clearly distinguishes accessing the telephone line via telephone line interface 310 from alternative wireless telephone communications, *e.g*., the handset or a cellular cell.

Consequently, HTC Corporation asks the Court to construe "telephone line interface" as "a hardware connector structured to receive a physical telephone line."

## VI.   Conclusion

In view of the foregoing, the Court should strike all mention of the HTC Mini+ in amended Claim Chart A of Salazar's Amended Infringement Contentions, including under the "selector" limitation of dependent claim 2, the preamble and "said microprocessor creating"

limitations of independent claim 10, and the "sensor" limitation added in dependent claim 23.  In addition, the Court should construe "telephone line interface" as "a hardware connector structured to receive a physical telephone line."

Respectfully submitted,

_____/s/Jerry R. Selinger_____

Jerry R. Selinger
State Bar No. 18008250
Trampas A. Kurth
State Bar No. 24055807
Susan E. Powley
State Bar No. 00784785
PATTERSON + SHERIDAN, LLP
1700 Pacific Ave., Suite 2650
Dallas, Texas 75201
(214) 272-0957 (Telephone)
(713) 623-4846 (Facsimile)
jselinger@pattersonsheridan.com

ATTORNEYS FOR DEFENDANT
HTC CORPORATION

## CERTIFICATE OF CONFERENCE

I certify that on December 5, 2017, I conferred by telephone with Plaintiff's counsel, Darius Keyhani and Andy Tindel, about whether their client would consent to striking the HTC Mini+ from the Amended Infringement Contentions.  Having reached an impasse with Plaintiff, Defendant HTC Corporation presents this motion to the Court for resolution.

_____/s/Jerry R. Selinger_____

## CERTIFICATE OF SERVICE

I certify that on December 8, 2017, the foregoing document was electronically filed with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case filing ("ECF") system of the court.  The attorneys of record who have consented in writing to accept notice as service of this document by electronic means are being served by a "Notice of Electronic Filing," sent by the ECF system.

_____/s/Jerry R. Selinger_____