**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| JOE ANDREW SALAZAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:16-cv-01096-JRG-RSP |
| | § | |
| HTC CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S OPPOSITION TO HTC CORPORATION'S MOTION TO STRIKE ALLEGATIONS REGARDING THE "HTC MINI+" FROM CLAIM CHART A TO PLAINTIFF'S FIRST AMENDED DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS AND FOR CLARIFICATION OF CONSTRUCTION OF "TELEPHONE LINE INTERFACE"**

**I.     Preliminary Statement**

Defendant's motion to strike portions of Plaintiff's Amended Infringement Contentions and for clarification of construction of the term "telephone line interface" should be denied for the following reasons. First, Plaintiff's Amended Infringement Contentions were properly made pursuant to P.R. 3-6(a)(1) within 30 days of the Court's Claim Construction Opinion and Order. Contrary to Defendant's arguments, Plaintiff identified the HTC Mini+ as a component that meets claim elements containing the "base station/hand set" limitation under P.R. 3-1 (d) and not as an "Accused Instrumentality" under P.R. 3-1(b).

Second, Plaintiff's Amended Infringement Contentions were made in good faith after the Court's construction of "base station" foreclosed Plaintiff's applicable original infringement contentions. In light of the Court's construction, which directly contradicted Plaintiff's proposed construction, Plaintiff was faced with either abandoning his claims or identifying a new component to meet the claim elements at issue. Denying Plaintiff the ability to amend his infringement

contentions under these circumstances would be inconsistent with the purpose of P.R. 3-6(a)(1) and would be highly prejudicial to Plaintiff.

Third, the Court should deny Defendant's request for clarification of the term "a telephone line interface." HTC itself proposed "telephone line interface" as part of its construction of "base station" and already had full opportunity to clarify this claim term, but chose not to. Further, Defendant's proposed construction attempts to arbitrarily add claim limitations that are directly contradicted by the specification.

Accordingly, Defendant's motion should be denied in its entirety.

## II. Plaintiff properly amended his infringement contentions pursuant to Local Patent Rule 3-6(a)(1)

Local Patent Rule 3-1 requires a party claiming infringement to serve infringement contentions on all parties. This Court has explained that:

> Infringement contentions are not intended to require a party to set forth a *prima facie case* of infringement and evidence in support thereof. While infringement contentions must be reasonably precise and detailed ... to provide a defendant with adequate notice of the plaintiff's theories of infringement, they need not meet the level of detail required, for example, on a motion for summary judgment on the issue of infringement because infringement contentions "are not meant to provide a forum for litigation on the substantive issues."

P.R. 3-1; *Glob. Sessions LP v. Travelocity.com LP*, No. 6:10CV671 LED-JDL, 2012 WL 1903903, at *1–2 (E.D. Tex. May 25, 2012).

Further, Local Patent Rule 3-6(a)(1) allows a party to amend its infringement contentions without leave:

> If a party claiming patent infringement believes in good faith that the Court's Claim Construction Ruling so requires, not later than 30 days after service by the Court of its Claim Construction Ruling, that party may serve "Amended Infringement Contentions" without leave of court that amend "Infringement Contentions" with respect to the information required by P.R. 3-1(c) and (d).

2

A plaintiff is not required to incorporate a defendant's contrasting proposed constructions in its infringement contentions prior to those constructions being adopted by the Court. *Cell & Network Selection LLC v. AT&T Inc.,* No. 6:13-CV-403, 2014 WL 10727108, at *3 (E.D. Tex. Nov. 10, 2014) ("Although the Court is concerned about encouraging late-hour amendments of infringement contentions...[plaintiff] was not required to incorporate [d]efendants' contrasting proposed constructions in its infringement contentions prior to those constructions being adopted by the Court."). Further, amendment under P.R. 3-6(a)(1) is proper when a court's claim construction ruling disposes a party's infringement allegations. *Virnetx Inc. v. Cisco Sys., Inc.*, No. 6:10-CV-417, 2012 WL 12546881, at *3 (E.D. Tex. Oct. 22, 2012) (denying the defendants' motion to strike where the plaintiff raised concerns that its literal infringement allegations against defendants were disposed of in light of the court's claim construction ruling); *cf. Nike, Inc. v. Adidas Am. Inc.*, 479 F. Supp. 2d 664, 667 (E.D. Tex. 2007) (granting motion to strike and noting the plaintiff did not raise the possibility that plaintiff's literal infringement theory was foreclosed by the Court's claim construction).

Plaintiff's P.R. 3-1 infringement contentions were served on Defendant on April 19, 2017 based on Plaintiff's proposed claim constructions. Following extensive briefing and a Markman hearing, the Court issued its Claim Construction Order and Opinion (Dkt. # 108) on November 3, 2017. With respect to the construction of the claim term "base station,"[1] Plaintiff's proposed construction and infringement contentions contemplated an accused device[2] as satisfying both the "handset" and "base station" elements of the asserted claims. The Court rejected both Plaintiff and Defendant's proposed constructions and construed "base station" as "a device separate from

---

[1] The claim term "base station" appears in independent claim 10 and dependent claims 12, 13, 14, 18, and 23 of the '467 patent.
[2] HTC One M7, M8 and M9.

the handset that has a telephone line interface." The Court's construction directly and materially contradicted Plaintiff's proposed construction in such a way that required Plaintiff to choose between dropping his claims or identifying a new component to meet the Court's construction.[3] Consistent with Local Patent Rule 3-6(a)(1), Plaintiff identified a new component after an investigation in light of the Court's construction, the HTC Mini+,[4] that comports with the Court's construction, and amended his infringement contentions accordingly. Plaintiff served his Amended Infringement Contentions and Claim Chart A on Defendant on November 29, 2017, within P.R. 3-6(a)(1)'s 30-day period.

Defendant's argument that P.R. 3-6(1) does not authorize Salazar's identification of the HTC Mini+ is without merit. Plaintiff is not accusing the HTC Mini+ device of infringement. Plaintiff is merely identifying the HTC Mini+ as a component that meets certain claim elements in light of the Court's construction, which rendered Plaintiff's original infringement contentions with respect to these claim elements untenable. This is precisely the type of amendment contemplated and allowed by P.R. 3-6(1) and Defendant's argument that Plaintiff did not comply with P.R. 3-6(1) should be rejected. *Virnetx,* 2012 WL 12546881, at *3.

**III. Plaintiff's Amended Infringement Contentions were made in good faith**

Plaintiff had a good faith belief that the Court's claim construction required amending his infringement contentions. Indeed, as previously addressed, Plaintiff could not maintain his original infringement contentions with respect to the "base station/handset" limitation without amending his amended his infringement contentions.

---

[3] As a matter of law, the Court's construction of "base station" would render Plaintiff's infringement contentions of claims including the base station element meritless. Plaintiff had no choice but to drop these claims or identify a different component.

[4] The fact that the HTC Mini+ is a component that happens to be a product marketed and sold by HTC is immaterial. The HTC Mini+ is not an "Accused Instrumentality" within the meaning of P.R. 3-6 and Plaintiff is not accusing the HTC Mini+ of infringement.

4

Additionally, Plaintiff's proposed claim constructions were reasonable and made in good faith. Plaintiff's proposed constructions were consistent with ten out of eleven of the Court's constructions of disputed terms. Further, in not adopting Plaintiff's construction of "base station," the Court acknowledged an ambiguity in the '467 patent's specification and found that the '467 patent provided "no special meaning to the term 'handset' or 'base station.'" Dkt. 108 at 14. Plaintiff had a good faith belief that the accused HTC device could meet both the handset and base station claim elements and Plaintiff was not required to incorporate HTC's conflicting proposed construction into its infringement contentions. *Cell & Network Selection,* 2014 WL 10727108, at *3.

Defendant's argument that Plaintiff should have accused the HTC Mini+ of infringement because "it is not a new product" or because Salazar's proposed construction recognizes that a base station might also have a telephone line interface should be rejected. Even if Plaintiff had alleged infringement of the HTC Mini+[5] in his original infringement contentions, Plaintiff could not have contemplated how/if it would meet the base station/handset limitations until the Court issued its Claim Construction Order and Opinion.

Furthermore, contrary to Defendant's assertion, Plaintiff's discussion of the HTC Mini+ in claim 2 of Claim Chart A does not demonstrate a lack of good faith. Plaintiff's infringement contentions with respect to claim 2 already meet P.R. 3-1's notice requirements and the additional commentary (which was not required) added by Plaintiff's expert merely elaborates on how the claim elements of claim 2 are met.[6] The fact that Plaintiff's expert added non-essential additional

---

[5] As discussed, at no point has Plaintiff accused the HTC Mini+ of infringement.
[6] The HTC Mini+ is discussed in claim 2 to illustrate how *one of several* exemplary RF transceivers of the Accused Devices (in this case, a Bluetooth transceiver) meets the claim elements of dependent claim 2. In the context of claim 2, Plaintiff's expert details how the "HTC One supports Bluetooth accessories *such as the HTC mini+*." While Plaintiff's expert included this discussion

commentary to his earlier infringement contentions with respect to claim 2 in no way negates the fact that the asserted claims reciting a base station required amendment following the Court's Claim Construction Order and Opinion. Accordingly, Plaintiff's amended infringement contentions satisfy P.R. 3-6(a)'s good faith requirement.

**IV.     Plaintiff's Amended Infringement Contentions comply with P.R. 3-1(c)**

Plaintiff's Claim Chart A meets the requirements of P.R. 3-1(c). Plaintiff's Claim Chart A specifically details how each claim element of the asserted claims is met. In the section relating to claim 10, Claim Chart A details how the handset (HTC Mini+) and the base station (HTC One phone) communicate with each other. *See* Claim Chart A at 18-35. The selector limitation is discussed in detail with respect to claim 2 and therefore need not be repeated in claim 10. *Id.* at 11-15. All other claim elements of claim 10 are met in the handset HTC Mini+ in substantially the same manner as detailed in the claim chart with respect to the base station HTC One phones and Defendant is given adequate notice of Plaintiff's theory of infringement. To the extent Plaintiff's Amended Infringement Contentions are deemed insufficient, Plaintiff respectfully requests leave to amend. This Court addresses the following four factors in determining whether leave to amend should be granted: (1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded if the proposed amendment is not allowed; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. *Intellectual Ventures II LLC v. FedEx Corp.,* No. 2:16-CV-00980-JRG, 2017 WL 4812436, at *2 (E.D. Tex. Oct. 25, 2017).

First, Plaintiff fully complied with P.R. 3-1. In its 54 pages, Claim Chart A provides a detailed analysis and supporting footnotes that specifically identify each of the accused devices,

---

in Plaintiff's amended infringement contentions, it was not required and instead could have been added to Plaintiff's expert report.

where each element of each asserted claim is found, and whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents. Plaintiff's original infringement contentions and Claim Chart A were based on his good faith understanding of the meaning of the claim terms at that time (and up to and until the Court issued its Claim Construction Order and Opinion) and Plaintiff could not have included the HTC Mini+ component in Claim Chart A prior to the Court's construction of the term "base station." Without the benefit of the Court's construction, Plaintiff could not have an infringement contention based on a claim construction materially contradictory to his understanding of the claim language.

Second, the allegations Defendant seeks to strike are vitally important to Plaintiff's infringement claims. If Plaintiff is not afforded leave to amend his infringement contentions, Plaintiff cannot maintain his claims of infringement with respect to claims containing the base station limitation. This factor heavily favors Plaintiff.

Third, Defendant would not be prejudiced if the Court were to allow Plaintiff's HTC Mini+ allegations. Plaintiff's allegations do not concern a third party component, but rather involve HTC's own component, which HTC admits is "not a new device," and Plaintiff relies on Defendant's own public documents concerning the HTC Mini+ and its functionality. Thus, HTC is already familiar with its functionality and capabilities when paired with an accused device. Further, the scope of Plaintiff's allegations relating to the HTC Mini+ is narrow and Plaintiff's infringement theory remains the same. Plaintiff is merely including the HTC Mini+ as a component to meet a claim element and is not accusing the HTC Mini+ of infringement and is not seeking damages based on sales of the HTC Mini+. Moreover, Defendant's brief is completely devoid of any allegations or evidence that it will be prejudiced by Plaintiff's amended infringement contentions.

Fourth, to the extent Defendant may be prejudiced, a continuance is not necessary. Defendant can amend its Invalidity Contentions pursuant to 3-6(a)(2) and as expert disclosures have not yet been completed, Defendant can fully address any issues it has with Plaintiff's amended claim elements in its expert reports. Accordingly, as all four factors favor Plaintiff, Plaintiff respectfully requests that the Court grant him leave to amend his infringement contentions.

V. **Defendant's attempt to construe the term "telephone line interface" should be rejected**

Defendant's construction of "telephone line interface" should be rejected because: (1) HTC had full opportunity to construe this term during its claim construction briefing but elected not to; and (2) "a telephone line interface" requires no construction and Defendant's proposed construction is contradicted by intrinsic evidence.

A. **Defendant had full opportunity to offer a proposed construction of this term but chose not to**

The term "a telephone line interface" does not appear in the language of the asserted claims and was proposed by HTC itself in its construction of "base station."[7] In its construction, HTC proposed no clarification or elaboration of the term, and therefore implicitly conceded that no further construction was necessary. Now, HTC asks that the Court depart from the ordinary and customary meaning of the term to suit HTC's noninfringement theory. HTC's belated request to construe this term should be rejected.

---

[7] For the claim term "base station," Defendant proposed the construction: "A device separate from the handset that is structured to transmit signals to and receive signals from the handset, has *a telephone line interface* that can be used to couple the system to a telephone line, has an AC line FM coupler that can be used to couple FM signals to and from the AC power line and an AC power supply that can be used to provide AC power for operating the base station and charging the handset battery." *See* Dkt. # 91 at 7 (emphasis added).

### B. Defendant's proposed construction is contradicted by intrinsic evidence

If the Court should decide to construe the term "a telephone line interface," the Court should reject Defendant's attempt to depart from its ordinary and customary meaning as understood by one of ordinary skill in the art at the time of the invention in the context of the patent. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312–13 (Fed. Cir. 2005). Defendant's proposed construction attempts to rewrite/narrow the scope of the asserted claims of the '467 patent by misrepresenting the specification and arbitrarily adding claim limitations to improperly narrow the scope of the claims.

The specification teaches a variety of ways to access a telephone line that need not be through a hardware connector structured to receive a physical telephone line including by a handset, a cellular cell, or some other apparatus. *See, e.g.*, Col. 24:15-20. Further, the summary of the invention states that "[a]ll communication links between the communications, command, control and sensing system and external appliances and/or apparatuses **are wireless**, except where the base station is coupled to a telephone line *and an alternating current (AC) signal power line*.[8] '467 patent Col. 5:10-14 (emphasis added). Therefore, where the base station is coupled to only a telephone line (and not also an alternating current (AC) signal power line), the specification explicitly contemplates a wireless communication link.

Defendant's proposed construction misrepresents the specification and attempts to narrow the scope of the asserted claims by limiting the construction of a telephone line interface to the embodiment depicted in 310 (Fig. 4). The telephone line interface 310 as disclosed in one embodiment of the specification of the '467 Patent is only one example of a structure that may be employed to access a telephone line. *See* Col. 24:16-20. As described in the specification, in "the

---

[8] In its briefing, Defendant misrepresents the specification by omitting the key language "*and an alternating current (AC) signal power line.*"

telephone embodiment," control signals generated by the microprocessor may also access a telephone line via "the handset, a cellular cell, or some other apparatus responsive to the control signal."[9] *Id*. Accordingly, Defendant's attempt to construe this term should be rejected and, in the alternative, the ordinary and customary meaning of "a telephone line interface" as understood by one of ordinary skill in the art at the time of the invention in the context of the patent should be applied.

**VI.   Conclusion**

For the foregoing reasons, Defendant's motion to strike allegations regarding the HTC Mini+ from Claim Chart A to Plaintiff's Amended Disclosure of Asserted Claims and Infringement Contentions and for clarification of construction of "a telephone line interface" should be denied.

Dated: December 22, 2017                                    Respectfully submitted,

*/Andy Tindel w/ permission of Lead Attorney/*

DARIUSH KEYHANI, Lead Attorney
NJ SBN 044062002
*Pro Hac Vice*
MEREDITH & KEYHANI, PLLC
125 Park Avenue, 25th Floor
New York, New York 10017
(212) 760-0098 Telephone
(212) 380-1325 Direct Line
(212) 202-3819 Facsimile
dkeyhani@meredithkeyhani.com

---

[9] The specification teaches that "...microprocessor 200 generates the control signals for accessing the telephone line via the telephone line interface 310, the handset, a cellular cell, *or* some other apparatus responsive to the control signal. *See* Col. 24:15-19 (emphasis added).

ANDY TINDEL
Texas State Bar No. 20054500
MT² LAW GROUP
MANN | TINDEL | THOMPSON
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile: (903) 596-0909
Email: atindel@andytindel.com

*Attorneys for Plaintiff Joe Andrew Salazar*

### CERTIFICATE OF SERVICE

This is to certify that all known counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on this the 22nd day of December, 2017. Any other known counsel of record will be served with a copy of this document by email and/or facsimile transmission

_____
Andy Tindel