IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JOE ANDREW SALAZAR § | |
| § | |
| Plaintiff, § | |
| § | Case No. 2:16-cv-1096-JRG-RSP |
| v. § | |
| § | |
| HTC CORPORATION, § | |
| § | |
| Defendant. § | |

**HTC CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE ALLEGATIONS REGARDING THE "HTC MINI+" FROM CLAIM CHART A TO PLAINTIFF'S FIRST AMENDED DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS AND FOR CLARIFICATION OF CONSTRUCTION OF "TELEPHONE LINE INTERFACE"**

Defendant HTC Corporation moved to strike allegations regarding the "HTC Mini+" from Claim Chart A to Plaintiff's First Amended Disclosure of Asserted Claims and Infringement Contentions for two reasons: (1) Local Patent Rule 3-6(a)(1) does not authorize changes to Accused Instrumentalities, and (2) Salazar cannot show good cause for adding that product to the claim chart because (i) independent claim 10 requires that the base station and handset "each" have all of the recited limitations but Salazar concedes the HTC Mini+ does not meet all limitations and (ii) lack of good faith is evidenced by adding the HTC Mini+ in dependent claim 2, since neither that dependent claim nor independent claim 1 recites a base station. HTC Corporation also sought clarification of the construction of "telephone line interface" based on Salazar's changed chart.

Salazar's response confirms that the Court should grant the relief requested by HTC Corporation. As a practical matter, claims 1-7, 27-30 and 34 will remain in the case.

A. Salazar Cannot Unilaterally Add Additional Products Under P.R. 3-6(a)

Only products accused of infringement may properly be cited in Infringement Contentions. "Local Patent Rule 3-1 requires a party claiming infringement to identify each accused product in its infringement contentions. The 'identification shall be as specific as possible,' including name and model number, if known. P.R. 3-1(b)." *See, e.g., Tivo Inc. v. Samsung Electronics Co.*, 2:15-cv-1503-JRG at page 3 (E.D. Tex., July 22, 2016). Products not reasonably disclosed in the original Infringement Contentions may not be accused of infringement without leave of Court. *Id*. at page 4. *See also* Opening Brief at 2 ("P.R. 3-6 (a)(1) only authorizes amendment of the information required by P.R. 3-1 (c) and (d).").

To circumvent P.R. 3-6, Plaintiff concedes he "is not accusing the HTC Mini+ device of infringement," and characterizes the amended Claim Chart A as "merely identifying the HTC Mini + as a component that meets certain claim elements." Response Br. at 4. *See also id*. at 7 (Plaintiff "is merely including the HTC Mini+ as a component to meet a claim element and is not accusing the HTC Mini+ of infringement and is not seeking damages based on sales of the HTC Mini+."). Based on Plaintiff's concessions that the HTC Mini+ is not accused of infringement and does not meet all claim limitations, there is no basis for including the HTC Mini+ in the First Amended Infringement Contentions. *Tivo, supra*, at page 4. Salazar has no good-faith basis for continuing its assertions of infringement of independent claim 10 or any of the asserted dependent claims.

B. Plaintiff Cannot Show Good Cause for Leave to Amend Under P.R. 3-6(b)

Salazar cannot show good cause for leave to amend, for any of three reasons. First, Plaintiff concedes the HTC Mini+ is not accused of infringement. That concession alone is sufficient reason to exclude the HTC Mini+ and grant the instant motion.

Second, good cause does not exist because Salazar concedes the HTC Mini+ does not meet each limitation of independent claim 10. The preamble of independent claim 10 is a substantive claim limitation, Dkt. 91-6, and recites "[a] handset and a base station employed in a … system for communicating with a plurality of external devices, **said handset and base station each comprising:** ..." (Emphasis added). Infringement of independent claim 10 requires there be both a handset and base station, and that each of the two different devices have all of the limitations following the phrase "each comprising:".

Even, *arguendo*, had Plaintiff sought to add the HTC Mini+ to the list of accused products, Plaintiff does not contend that the HTC Mini+ meets each limitation of claim 10. *See* Opening Br. at 3 (citing Claim Chart A at 32-34.) Plaintiff concedes that the HTC Mini + only "meets certain claim elements." Response Br. at 4. Because of this, the HTC Mini+ cannot – as Salazar asserts -- serve as the "handset" required for claim 10. Salazar does not contend the HTC Mini+ is a "base station." Salazar thus lacks good cause for adding the HTC Mini+ at this late date.

Third, further evidence shows good cause does not exist. Opening Br. at 4-5. First, Salazar's proposed construction of "base station" recognized that "base station" could be different from "handset," although Salazar argued the two could also be the same. *Id*., *citing* Dkt. 108, at 9. Second, Salazar added the HTC Mini+ to the chart for dependent claim 2, although neither dependent claim 2 nor independent claim 1 recites either a base station or a handset. Consequently, the Court's construction of "base station" cannot be the basis for adding the HTC Mini+ to the chart.

Consequently, Plaintiff cannot meet any of the four factors considered in a good-cause analysis. *Tivo, supra*, at page 4. Plaintiff concedes that the HTC Mini+ does not meet all

3

limitations of independent claim 10 and is not accused of infringement. It is not at all relevant and is "unimportant" in the context of the four-factor test. Thus, excluding the HTC Mini+ does not prejudice Plaintiff. Granting HTC Corporation's motion, moreover, will not prejudice Plaintiff because even if claim 10 and its dependent claims are no longer in the case, Plaintiff will still have 12 claims asserted against the accused products. Even, *arguendo*, had Plaintiff independently sought leave of Court under Local Patent Rule 3-6(b), good cause does not exist as a matter of law. For this reason also, HTC Corporation's motion to strike is well founded and should be granted.

### C. Plaintiff's Untenable View of "Telephone Line Interface" is a Backdoor Challenge to the Court's Claim Construction Ruling and Creates an *O2* Issue

There may not be a need for the Court to construe "telephone line interface" if the Court strikes the allegations regarding the HTC Mini+. *See* Responsive Br. at 7 ("If Plaintiff is not afforded leave to amend his infringement contentions, Plaintiff cannot maintain his claims of infringement with respect to claims containing the base station limitation.") However, for completeness of the record, HTC Corporation responds briefly to Salazar's "telephone line interface" arguments.

HTC Corporation's proposed construction of "base station" was based on Salazar's initial infringement contentions. The Court agreed with HTC Corporation that "base station" is a device different than a handset and has "a telephone line interface." Dkt. 108, at 15. Salazar did not object to the construction, but now makes a backdoor effort to eliminate the physical connection required by the common meaning of "telephone line interface," identifying wireless connections as the portion of the accused smartphones meeting the "telephone line interface" limitation. *See* Claim Chart A, at 18 (claim 10)(pointing to a "cellular communications interface

device" and a "Wi-Fi interface.)." Salazar's First Amended Infringement Contentions created an ambiguity that did not previously exist about the meaning of telephone line interface.

HTC Corporation showed that the disclosed invention clearly distinguishes accessing the telephone line via telephone line interface 310 from alternative wireless telephone communications, *e.g.*, the handset or a cellular cell. Opening Br. at 5-6. Telephone line interface 310 is separate and independent from RF transceiver 160 and IR transceiver 160. *See, e.g.*, '467 Patent, Fig. 5 and accompanying text. Salazar does not fairly read the summary of the invention, which teaches that all of the communications links between the disclosed and claimed invention and external devices are wireless, except the base station has two additional wired connections. Response Br. at 9. The telephone line interface is "where the base station is coupled to a telephone line." Salazar misreads the plain language of the sentences he quotes. The "except where" language refers to two non-wireless (*i.e.*, wired) links: (1) the telephone line and (2) the A/C power line. '467 Patent, 5:10-13. The sentence does not say that the telephone line is only wired when using an A/C power line and wireless otherwise.

Finally, if the "telephone line interface" can be wireless, then there is no difference between a base station and a handset. Yet the Order is clear that the base station is a device different than the handset. Salazar's argument is contrary to the clear language of the '467 Patent and plainly inconsistent with the Court's claim construction ruling. For avoidance of future confusion, HTC Corporation asks the Court to construe "telephone line interface" as "a hardware connector structured to receive a physical telephone line."

D. Conclusion

In view of the foregoing, the Court should grant the relief requested in HTC Corporation's opening brief.

Respectfully submitted,

PATTERSON + SHERIDAN, LLP

/s/ Jerry R. Selinger
Jerry R. Selinger
State Bar No. 18008250
Email: jselinger@pattersonsheridan.com
Trampas A. Kurth
State Bar No. 24055807
Email: tkurth@pattersonsheridan.com
1700 Pacific Avenue, Suite 2650
Dallas, Texas 75201
Telephone: 214-272-0957
Facsimile: 713-623-4846


*/s/ Fred I. Williams*
Fred I. Williams
TX Bar No. 00794855
fwilliams@velaw.com
Mario A. Apreotesi
TX Bar No. 24080772
mapreotesi@velaw.com
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, Texas 78746
Tel: 512.542.8400
Fax: 512.542.8612

Todd E. Landis
TX Bar No. 24030226
tlandis@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201
Tel: 210.220.7700
Fax: 210.220.7716

ATTORNEYS FOR DEFENDANT
HTC CORPORATION

## **CERTIFICATE OF SERVICE**

       I hereby certify that on December 29, 2017, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case filing ("ECF") system of the court.  The attorneys of record who have consented in writing to accept notice as service of this document by electronic means are being served pursuant to Local Rule CV-5(a)(3) by a "Notice of Electronic Filing," sent by the ECF system.

                                                                                                       _____/s/ Jerry R. Selinger_____