**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| JOE ANDREW SALAZAR, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No. 2:16-cv-01096-JRG-RSP |
| § | |
| HTC CORPORATION, § | |
| § | |
| Defendant. § | |

**PLAINTIFF'S SUR-REPLY IN SUPPORT OF ITS OPPOSITION TO HTC CORPORATION'S MOTION TO STRIKE ALLEGATIONS REGARDING THE "HTC MINI+" FROM CLAIM CHART A TO PLAINTIFF'S FIRST AMENDED DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS AND FOR CLARIFICATION OF CONSTRUCTION OF "TELEPHONE LINE INTERFACE"**

**I.   Plaintiff's addition of the HTC Mini+ component to Claim Chart A is consistent with Local Patent Rule 3-6(a)(1)**

As detailed in Plaintiff's opposition brief (Dkt. No. 123), Plaintiff properly amended his infringement contentions pursuant to P. R. 3-6(a)(1).  Defendant's argument that Plaintiff chose not to accuse the HTC Mini+ of infringement in order to "circumvent" P.R. 3-6 is without merit. Plaintiff is not prevented from identifying the HTC Mini+ as a component that meets certain claim elements merely because the HTC Mini+ alone may also infringe some claims of the '467 Patent.  Nevertheless, Plaintiff is not accusing the HTC Mini+ of infringement and is not seeking damages based on sales of the HTC Mini+, and Plaintiff's inclusion of the HTC Mini+ in Claim Chart A fully meets the requirements of 3-6(a)(1).

Defendant's references to *Tivo Inc. v. Samsung Electronics* do not support its arguments. In *Tivo*, the Court held that the plaintiff's supplemental infringement contentions that accused 67 new products of infringement were improper and a misuse of Local Patent Rule 3-1(g), which

allows for limited supplementation to the extent there are claim elements that are software limitations. *Tivo Inc. v. Samsung Elecs. Co.*, No. 2:15-cv-1503-JRG, 2016 WL 5172008, at *3-4 (E.D. Tex. July 22, 2016). Unlike in *Tivo*, Plaintiff's amendment did not accuse any new products of infringement and was made in direct response to the Court's claim construction that foreclosed Plaintiff's original infringement contentions. Further, Defendant's assertion that "[b]ased on Plaintiff's concessions that the HTC Mini+ is not accused of infringement and does not meet all claim limitations, there is no basis for including the HTC Mini+ in the First Amended Infringement Contentions" is without merit.[1] While it is not Plaintiff's position that the HTC Mini+ alone meets all the claim elements of claim 10, particularly the "base station" element of the preamble, all the elements of claim 10 are met when the HTC Mini+ operates in connection with the base station (in this case, the HTC One M7, M8, or M9) as described in Plaintiff's Amended Infringement Contentions. Accordingly, Plaintiff's amended infringement contentions are fully consistent with the purpose and scope of P.R. 3-6(a)(1).

## II.     Plaintiff demonstrates good cause for leave to amend under P.R. 3-6(b)

Defendant's position that Plaintiff cannot show good cause to amend because he failed to present infringement contentions on infringement theories based on claim term constructions that he did not know and could not know is unreasonable and is not required by the Local Rules. *See Cell & Network Selection LLC v. AT&T Inc.*, No. 6:13-cv-403, 2014 WL 10727108, at *3 (E.D. Tex. Nov. 10, 2014). In his proposed construction of disputed terms, Salazar proposed the following construction for the term "base station":

> the handset and the base station have similar components and function in substantially the same manner. The base station ***may have additional***

---

[1] On numerous occasions, Defendant also appears to assert that Salazar cannot show good cause for leave to amend because the HTC Mini+ does not meet each claim limitation of claim 10. It is not clear how this is relevant to the good cause analysis and nevertheless, as discussed, the HTC Mini+ meets all claim elements of claim 10 when the HTC Mini+ operates in connection with the base station.

> *features, for example*: it couples a frequency modulated signal to alternating current (AC) power line; it may be powered by an alternative alternating current (AC) signal and battery power sources; it may provide battery charging for the handset, and it may be coupled to public or private telephone lines.

*See* Dkt. No. 73-2 (emphasis added).

According to HTC, because Salazar's proposed construction recognized that a "base station" and a "handset" may be different, Salazar cannot show good cause for leave to amend because he did not include in his infringement contentions all the possible non-required components that a base station *may* include or that may fall within the "for example" reference in the specification. Plaintiff's proposed construction did not require the base station to include any elements additional to those of the handset. Therefore, for the purpose of Plaintiff's infringement contentions, the universe of possible "additional features" was immaterial and irrelevant. Plaintiff only included the "additional features, for example" language in his proposed constructions of disputed terms for the purpose of providing context from the specification. It was not Salazar's burden to present infringement contentions to account for all possible "additional features" a base station may "for example" include. Only when the Court unequivocally identified the specific limitation (a telephone line interface) required by a base station, could Plaintiff amend his infringement contentions to account for the additional necessary element.

HTC's argument that Plaintiff asserts other claims against the accused HTC devices and therefore will not be prejudiced if the Court grants Defendant's motion is false. Claim 10 and its dependent claims are different in scope than the other asserted claims, and Defendant is challenging the validity of all the claims and there could be a scenario in which some of the broader claims are found to be invalid whereas some of the narrower claims are not. Therefore,

preserving the narrower claims could be dispositive for Plaintiff and determinative of whether Plaintiff ultimately prevails in this case.

Accordingly, Plaintiff's failure to present infringement contentions to account for a construction of a "base station" that he was not aware of and could not have been aware of, as demanded by Defendant, in no way demonstrates a lack of good cause to amend and excluding the HTC Mini+ would highly prejudice Plaintiff.

### III. Defendant's attempt to construe the term "telephone line interface" should be rejected

The Court should deny Defendant's motion to clarify the term "a telephone line interface." Defendant, not Plaintiff, is making a "backdoor effort" to rewrite the claims by attempting to create a physical connection requirement where none exists. As previously addressed, the specification explicitly teaches a variety of ways to access a telephone line, including by "a handset, a cellular cell, or some other apparatus," and "the telephone line interface 310" is merely one example of a structure that may be employed to access a telephone line. *See, e.g.*, '467 Patent, Col. 24:15-20 (Ex. A).

Further, Defendant's premise that if a "telephone line interface" can be wireless, then there is no difference between a base station and a handset is unavailing. The base station (here, the HTC One M7, M8, or M9) contains specific components that are not present in the handset (here, the HTC Mini+) that allow it to make a wireless connection with a telephone line. *See, e.g.*, Dkt. No. 116, Ex. 1 at 28-32. The absence of a hardware connector does not mean that the base station and the handset are the same, and Plaintiff identifies specific components that meet the Court's "a telephone line interface" limitation and demonstrate that they are in fact not the same.

As Plaintiff detailed in his opposition brief, a person of ordinary skill in the art at the time

4

of the invention in the context of the patent would understand the ordinary and customary meaning of the term "telephone line interface," and Defendant's attempt to narrow claim 10 to **the telephone line interface 310** embodiment violates basic tenets of claim construction and should be rejected. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1312–13 (Fed. Cir. 2005); *Liebel-Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 913 (Fed. Cir. 2004).

## IV. Conclusion

For the foregoing reasons, Defendant's motion to strike allegations regarding the HTC Mini+ from Claim Chart A to Plaintiff's Amended Disclosure of Asserted Claims and Infringement Contentions and for clarification of construction of "telephone line interface" should be denied.

Dated: January 5, 2018

Respectfully submitted,

*/Andy Tindel w/ permission of Lead Attorney/*

DARIUSH KEYHANI, Lead Attorney
NJ SBN 044062002
*Pro Hac Vice*
MEREDITH & KEYHANI, PLLC
125 Park Avenue, 25th Floor
New York, New York 10017
(212) 760-0098 Telephone
(212) 380-1325 Direct Line
(212) 202-3819 Facsimile
dkeyhani@meredithkeyhani.com

ANDY TINDEL  
Texas State Bar No. 20054500  
MT² LAW GROUP  
MANN | TINDEL | THOMPSON  
112 East Line Street, Suite 304  
Tyler, Texas 75702  
Telephone: (903) 596-0900  
Facsimile:  (903) 596-0909  
Email: atindel@andytindel.com

*Attorneys for Plaintiff Joe Andrew Salazar*

## CERTIFICATE OF SERVICE

This is to certify that all known counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on this the 5th day of January, 2018.  Any other known counsel of record will be served with a copy of this document by email and/or facsimile transmission

_____  
Andy Tindel