**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| JOE ANDREW SALAZAR,<br><br>    Plaintiff,<br><br>    v.<br><br>HTC CORPORATION,<br><br>    Defendant. | Civil Action No. 2:16-cv-01096-JRG-RSP<br><br>JURY TRIAL DEMANDED<br>**PATENT CASE** |

**HTC CORPORATION'S OPPOSITION TO PLAINTIFF'S *DAUBERT* MOTION TO EXCLUDE OR STRIKE PORTIONS OF THE EXPERT REPORT, TESTIMONY AND OPINIONS OF DEFENDANT HTC CORPORATION'S DAMAGES EXPERT, CHRISTOPHER BAKEWELL**

Jerry R. Selinger
State Bar No. 18008250
Email: jselinger@pattersonsheridan.com
Trampas A. Kurth
State Bar No. 24055807
Email: tkurth@pattersonsheridan.com
PATTERSON + SHERIDAN, LLP
1700 Pacific Avenue, Suite 2650
Dallas, Texas 75201
Tel: 214.272.0957
Fax: 713.623.4846

Harry Lee Gillam, Jr.
State Bar No. 07921800
Email: gil@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas  75670
Tel: 903.934.8450
Fax: 903.934.9257

Fred I. Williams
State Bar No. 00794855
Email: fwilliams@velaw.com
Mario A. Apreotesi
State Bar No. 24080772
Email: mapreotesi@velaw.com
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, Texas  78746
Tel: 512.542.8400
Fax: 512.542.8612

Todd E. Landis
State Bar No. 24030226
Email: tlandis@velaw.com
VINSON & ELKINS, LLP
2001 Ross Avenue, Suite 3700
Dallas, Texas  75201
Tel: 214.220.7700
Fax: 214.220.7716

ATTORNEYS FOR DEFENDANT
HTC CORPORATION

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION ................................................................................................. | 1 |
| II. | THE MOTION SHOULD BE DENIED BECAUSE MR. BAKEWELL'S OPINIONS REGARDING NONINFRINGING ALTERNATIVES ARE RELIABLE AND PROPER ................................................................................. | 1 |
| | A. Mr. Bakewell's Opinions Are Not Improper Merely Because They Discuss Noninfringing Alternatives That Remove Allegedly Infringing Hardware ............ | 2 |
| | B. Mr. Bakewell Reliably And Properly Discusses Acceptable Noninfringing Alternatives That Provide The Purported Advantages Of The Asserted Claims ................................................................................................................ | 3 |
| III. | CONCLUSION ...................................................................................................... | 6 |

# TABLE OF AUTHORITIES

**Cases**

*Apple, Inc. v. Samsung Elecs. Co.*,
    No. 11-cv-01846-LHK, 2013 WL 5958178 (N.D. Cal. Nov. 7, 2013) .................................. 2, 4

*Carnegie Mellon Univ. v. Marvell Tech. Gp., Ltd.*,
    No. 09-cv-290, 2012 WL 3686736 (W.D. Pa. Aug. 24, 2012) .................................................... 4

*Slimfold Mfg. Co. v. Kinkead Indus., Inc.*,
    932 F.2d 1453 (Fed. Cir. 1991) ....................................................................................... 2, 3, 5

*SmithKline Diagnostics, Inc. v. Helena Labs. Corp.*,
    926 F.2d 1161 (Fed. Cir. 1991) .................................................................................................. 2

I.      **INTRODUCTION**

Defendant HTC Corporation ("HTC Corp.") opposes Plaintiff Joe Andrew Salazar's ("Salazar") *Daubert* Motion to Exclude or Strike Portions of the Expert Report, Testimony and Opinions of Defendant HTC Corporation's Damages Expert, Christopher Bakewell (Dkt. 162 or the "Motion"). The Motion argues that Mr. Bakewell's opinions regarding noninfringing alternatives are based on incorrect statements of the law. Salazar is incorrect: Mr. Bakewell properly provides opinions related to three noninfringing alternatives that provide the purported advantages of the Asserted Claims by using different hardware. And it is Salazar's arguments—not Mr. Bakewell's opinions—regarding noninfringing alternatives that are based on incorrect statements of the law. Therefore, as shown below, the Court should not exclude Mr. Bakewell's testimony and the Motion should be denied.

II.     **THE MOTION SHOULD BE DENIED BECAUSE MR. BAKEWELL'S OPINIONS REGARDING NONINFRINGING ALTERNATIVES ARE RELIABLE AND PROPER**

The Court should deny Salazar's Motion because Mr. Bakewell's noninfringing alternatives analysis is reliable. Mr. Bakewell's opinions address three noninfringing alternatives: (1) remove the IR transceiver from the Accused Instrumentalities; (2) remove the IR learning capability (i.e., the IR receiver) from the Accused Instrumentalities; and (3) store the "fully modulated IR signals" at the Nyquist rate in the Accused Instrumentalities. Motion, Ex. 1 at 39-48. The Motion argues that the first and second alternatives should be excluded. Motion at 4-7. Because Mr. Bakewell's opinions are based on correct statements of law and reliably apply the facts of this case thereto, they are proper and should not be excluded.

1

### A. Mr. Bakewell's Opinions Are Not Improper Merely Because They Discuss Noninfringing Alternatives That Remove Allegedly Infringing Hardware

The Court should not exclude Mr. Bakewell's opinions merely because his report discusses noninfringing alternatives that remove allegedly infringing hardware. The Motion argues that Mr. Bakewell's opinions are based on incorrect statements of law because "a product that lacks the advantages of the patented product can hardly be termed a substitute acceptable to the customer who wants those advantages." Motion at 6. Established case law shows that Salazar is incorrect. "[A] noninfringing alternative need not have the patented feature in order to be deemed 'acceptable.'" *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-cv-01846-LHK, 2013 WL 5958178, at *2 (N.D. Cal. Nov. 7, 2013). As the Federal Circuit has explained, "by definition, noninfringing products do not represent an embodiment of the invention." *SmithKline Diagnostics, Inc. v. Helena Labs. Corp.*, 926 F.2d 1161, 1166 (Fed. Cir. 1991) (rejecting plaintiff's argument that "the noninfringing products lacked one or more features of the patented invention and, therefore, would not be deemed part of the market"); *see also Slimfold Mfg. Co. v. Kinkead Indus., Inc.*, 932 F.2d 1453, 1458 (Fed. Cir. 1991) (agreeing with district court's conclusion that older technology that lacked the patented hardware was nevertheless an acceptable noninfringing alternative).

Consistent with these decisions, the first two noninfringing alternatives discussed by Mr. Bakewell (removing some or all of the claimed IR hardware) are not excludable for this reason alone. Instead the Court, and ultimately the jury, must consider the "realities of the marketplace" in assessing whether these noninfringing alternatives are acceptable substitutes. *SmithKline Diagnostics*, 926 F.2d at 1166 (stating that the district court "properly considered the realities of the marketplace" in connection with assessing the acceptability of noninfringing alternatives). Mr. Bakewell's opinions address this point and the Motion fails to make any showing that the non-infringing alternatives are not acceptable substitutes.

### B. Mr. Bakewell Reliably And Properly Discusses Acceptable Noninfringing Alternatives That Provide The Purported Advantages Of The Asserted Claims

The Motion should also be denied because Mr. Bakewell discusses commercially acceptable noninfringing alternatives that provide the purported advantages of the Asserted Claims. The Motion conclusorily argues that "[t]he unique attractiveness of the HTC accused products to customers who purchased them was that IR functionality came fully integrated into what was otherwise commonly available smartphone technology." Motion at 6. The Motion then states that "[b]y removing that differentiating component of integrated functionality, the accused HTC products would relinquish the advantages they held over similar smartphones that did not incorporate this type of built-in IR capability." *Id.* Salazar provides no support for the assertion that the IR functionality was the "unique" (and implicitly only) motivation for customers to buy the Accused Instrumentalities. *See* Apreotesi Decl., Ex. 1 at 65:3-17 (Salazar's damages expert admitting that he did not conduct a survey to determine the importance of IR functionality in smartphones to consumers). In fact, Salazar's own damages expert testified to the contrary: Mr. Blok agreed that "HTC incorporates a wide variety of technologies and features into its accused products in addition to this [IR] functionality." *Id.* at 63:24-64:3. And he also agreed that each one of those other technologies has "some contribution" to HTC's ability to generate revenue. *Id.* at 64:4-9. Because Salazar fails to show that customers of the Accused Instrumentalities specifically wanted the claimed IR functionality, the Motion should be denied. *See Slimfold Mfg.*, 932 F.2d at 1458 ("[Plaintiff] failed to show that *buyers* of bi-fold metal doors specifically want a door having the advantages of the [asserted] patent ….") (emphasis in original).

Similarly, Mr. Bakewell opined that "there is no incremental income attributable to the accused functionality, and there is relatively little (or even no) economic demand for it." Motion, Ex. 1 at 60; *see also id.* at 55-61 (citing supporting evidence). Mr. Bakewell also opined that

3

"contemporaneous evidence [shows] that a company can have a successful smartphone without offering IR functionality," citing Apple, Samsung, Google, and HTC as examples. Motion, Ex. 1 at 41.

Salazar's conclusory objections to Mr. Bakewell's testimony may properly be the subject of cross-examination at trial: "Whether any given noninfringing alternative is an acceptable substitute for the patented product is a question of fact that the jury at the [trial] will have to decide." *Apple*, 2013 WL 5958178, at *3; *see also Carnegie Mellon Univ. v. Marvell Tech. Gp., Ltd.*, No. 09-cv-290, 2012 WL 3686736, at *5 (W.D. Pa. Aug. 24, 2012) ("More importantly, the question of whether there is a noninfringing substitute is a question of fact, such that a court should not determine the issue by way of a *Daubert* review. Thus, the Court believes that [plaintiff's] objections to [the expert's] testimony are more properly addressed in cross-examination at trial." (citations and quotation marks omitted)). But the Motion's disputed arguments are not proper grounds for excluding Mr. Bakewell's testimony in any way.

Even if *Daubert* review is appropriate, Mr. Bakewell's opinions are reliable and should not be excluded because he discusses noninfringing alternatives that provide the alleged advantages of the purported invention. The Asserted Claims are directed to a "communications, command, control and sensing system for **communicating** with a plurality of external devices." *E.g.*, '467 patent at 25:57-59 (emphasis added); *see also id.* at 1:8-13 (stating the "present invention relates to a wireless and wired communications, command, control and sensing system … for the two way communication of sound, voice, and data with any appliance and/or apparatus"). Based on information provided by HTC Corp.'s non-infringement expert, Dr. Andrew Wolfe, Mr. Bakewell's report discusses noninfringing alternatives that provide the purported advantages. Specifically, the three noninfringing alternatives wirelessly communicate with external devices,

4

but they do it using noninfringing hardware. *See generally Slimfold Mfg.*, 932 F.2d at 1458 (agreeing with district court's conclusion that older technology that lacked the patented hardware was nevertheless an acceptable noninfringing alternative). Dr. Wolfe explained that the noninfringing alternatives would not have the same "structure" recited in the Asserted Claims, but they still provide the same "function:"[1]

> Q. An acceptable noninfringing substitute – just take it out, just take out the functionality; is that right, Dr. Wolfe?
>
> …
>
> [A.] As I said, my opinion is that taking out the infrared communication would still be a commercially acceptable device, and one of the reasons for that is that **there are many other ways today to communicate with external devices other than infrared**.
>
> Q. You said it would be a[n] acceptable device. My question is: Would it be a noninfringing alternative acceptable -- would it be an acceptable noninfringing alternative to have a device that doesn't have the functionality that's claimed in the asserted patent, in your opinion?
>
> A. Well, clearly anything that's not infringing is not going to have the exact same structure and the exact same function. **This alternative would still have the function of being able to communicate with and control external devices.** It simply wouldn't have the same structure because it wouldn't use an infrared LED.
>
> Q. It wouldn't have the IR capability that's specifically claimed in the Salazar patent; correct?
>
> A. **It would have the same functionality. It wouldn't have the same structure.** It would not use infrared to communicate. Instead, it would communicate in a different way.
>
> Q. It would not have the IR capability that is claimed specifically in the 467 patent, Dr. Wolfe; correct?

---

[1] In fact, Salazar's own infringement expert alleges that the "HTC One phones implement RF based protocols to command and control external devices." Apreotesi Decl., Ex. 2 at 3.

5

> …
>
> [A.] Well, any noninfringing alternative is going to be missing some claim limitation. In this case, the limitation that would be missing would be that it would not have the infrared frequency transceiver.
>
> Q. And therefore, it would be missing, completely missing the ability to communicate bidirectionally with IR; correct?
>
> A. That's right. **It would communicate bidirectionally without IR.** The IR capabilities are all functional limitations on infrared frequency transceivers. They're descriptions of that structure.

Apreotesi Decl., Ex. 3 at 137:22-139:18 (emphases added). The identified noninfringing alternatives are acceptable precisely "**because there are so many alternatives today for other ways to communicate with devices and there are so many other things that can be used as remote controls, I think that it would still be a perfectly acceptable product to customers**." *Id.* at 147:13-148:11. Similarly, Mr. Bakewell explains that "there are many smartphones sold without the accused IR functionality; Apple, for instance, has been a market leader despite not offering the functionality." Motion, Ex. 1 at 40. He further states that "the leading phones in the market such as the iPhone X, Samsung Galaxy S8, and Google Pixel do not include [the IR] capability, and recent HTC-branded phones also do not include this capability." *Id.* (partially quoting from Dr. Wolfe's report). Because Mr. Bakewell's noninfringing alternatives provide the same purported advantages as the Asserted Claims and are commercially acceptable substitutes, the Motion should be denied.

### III. CONCLUSION

For the foregoing reasons, the Court should not exclude any of Mr. Bakewell's opinions, testimony, or expert report. The Motion should be denied in its entirety.

Dated: March 6, 2018                    Respectfully submitted by,

*/s/ Jerry R. Selinger*
Jerry R. Selinger
State Bar No. 18008250
Email: jselinger@pattersonsheridan.com
Trampas A. Kurth
State Bar No. 24055807
Email: tkurth@pattersonsheridan.com
PATTERSON + SHERIDAN, LLP
1700 Pacific Avenue, Suite 2650
Dallas, Texas 75201
Tel: 214.272.0957
Fax: 713.623.4846

*/s/ Fred I. Williams*
Fred I. Williams
TX Bar No. 00794855
Email: fwilliams@velaw.com
Mario A. Apreotesi
TX Bar No. 24080772
Email: mapreotesi@velaw.com
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, Texas 78746
Tel: 512.542.8400
Fax: 512.542.8612

Todd E. Landis
TX Bar No. 24030226
Email: tlandis@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, Texas  75201
Tel:  214.220.7700
Fax: 214.220.7716

Harry Lee Gillam, Jr.<br>
State Bar No. 07921800<br>
Email: gil@gillamsmithlaw.com<br>
GILLAM & SMITH, LLP<br>
303 South Washington Avenue<br>
Marshall, Texas   75670<br>
Tel: 903.934.8450<br>
Fax: 903.934.9257<br>
<br>
ATTORNEYS FOR DEFENDANT<br>
HTC CORPORATION

## CERTIFICATE OF SERVICE

I certify that on March 6, 2018 a true and correct copy of the foregoing document was electronically filed with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case filing ("ECF") system of the court.  The attorneys of record who have consented in writing to accept notice as service of this document by electronic means are being served by a "Notice of Electronic Filing," sent by the ECF system.

*/s/ Fred I. Williams*
Fred I. Williams