**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

JOE ANDREW SALAZAR,

        Plaintiff,

v.

HTC CORPORATION,

        Defendant.

Civil Action No. 2:16-cv-01096-JRG-RSP

JURY TRIAL DEMANDED
**PATENT CASE**

**AMENDED ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S
SECOND AMENDED ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Defendant HTC Corporation ("HTC Corporation") by and through its undersigned counsel, amends its response to Plaintiff Joe Andrew Salazar's ("Salazar") Second Amended Original Complaint for Patent Infringement (the "Complaint"), as follows:

**RESPONSE TO PRELIMINARY STATEMENT**

1.      In response to Paragraph 1 of the Complaint, HTC Corporation admits that the Complaint purports to be an action arising under the Patent Act but denies it has committed patent infringement or done anything giving rise to such an action.

2.      HTC Corporation is without knowledge or information sufficient to admit or deny the allegations of Paragraph 2 of the Complaint and, therefore, on that basis, denies the allegations in that Paragraph.

3.      HTC Corporation admits it is a Taiwan corporation headquartered in Taiwan but otherwise denies the allegations of paragraph 3 of the Complaint.

4.      In response to the allegations of paragraph 4 of the Complaint, HTC Corporation admits it is in the business of, among other things, designing, manufacturing and selling electronic

1

devices including smartphones, but denies it designed, manufactured or sold any of the accused products in the United States and otherwise denies the allegations of paragraph 4.

5.      HTC Corporation avers that Paragraphs 5 and 6 of the Complaint are moot in view of the Court's rulings concerning AT&T, Inc. and Salazar's subsequent dismissal of the severed case against AT&T, Inc.  Insofar as responses are required, HTC Corporation is without knowledge or information sufficient to admit or deny the allegations of Paragraphs 5 and 6 of the Complaint and, therefore, on that basis, denies the allegations in those Paragraphs.

6.      HTC Corporation denies the allegations of paragraph 7 of the Complaint.

## RESPONSE TO JURISDICTION AND VENUE

7.      In response to Paragraph 8 of the Complaint, HTC Corporation admits that the Complaint purports to state an action arising under the Patent Laws of the United States, United States Code, Title 35, §§ 1, *et seq*, but denies it has infringed any claim of the '467 Patent.

8.      In response to Paragraph 9 of the Complaint, HTC Corporation admits that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.      In response to paragraph 10 of the Complaint, HTC Corporation denies that this forum is convenient for this case, avers that the case should be transferred to the Northern District of California under 28 U.S.C. § 1404, and otherwise denies the allegations of paragraph 10 of the Complaint.

10.     HTC Corporation avers that Paragraph 11 of the Complaint is moot in view of the Court's rulings concerning AT&T, Inc. and Salazar's subsequent dismissal of the severed case against AT&T, Inc.  Insofar as an answer is required, HTC Corporation is without knowledge or information sufficient to admit or deny the allegations of Paragraph 11 of the Complaint and, therefore, on that basis, denies the allegations in that Paragraph.

**RESPONSE TO BACKGROUND**

11.     HTC Corporation is without knowledge or information sufficient to admit or deny the allegations of Paragraph 12 of the Complaint and, therefore, on that basis, denies the allegations of Paragraph 12 of the Complaint.

12.     HTC Corporation denies that Salazar marked the Model Hughes Remote Phone, the 650D My One Remote, and the My1Remote devices in compliance with 35 U.S.C. § 287(a). HTC Corporation is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 13 of the Complaint and, therefore, on that basis, denies the remaining allegations in that Paragraph.

**RESPONSE TO COUNT ONE**
**(INFRINGEMENT OF U.S. PATENT 5,802,467)**

13.     In response to the allegations of paragraph 14 of the Complaint, HTC Corporation incorporates by reference herein its responses to the allegations of Paragraphs 1-11.

14.     HTC Corporation denies the allegations of Paragraph 15 of the Complaint.

15.     HTC Corporation denies the allegations of Paragraph 16 of the Complaint.

16.     HTC Corporation denies the allegations of Paragraph 17 of the Complaint.

17.     HTC Corporation denies the allegations of Paragraph 18 of the Complaint.

18.     HTC Corporation denies the allegations of Paragraph 19 of the Complaint.

19.     HTC Corporation denies the allegations of Paragraph 20 of the Complaint, and avers that knowledge of the patent after the filing of suit is not relevant since the '467 Patent was by then expired.

20.     HTC Corporation denies the allegations of Paragraph 21 of the Complaint.

21.     HTC Corporation denies the allegations of Paragraph 22 of the Complaint.

22.     HTC Corporation denies the allegations of Paragraph 23 of the Complaint.

23.     HTC Corporation denies the allegations of Paragraph 24 of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

HTC Corporation denies that Salazar is entitled to any relief whatsoever against HTC Corporation in this action.  HTC Corporation has not infringed any valid and enforceable claim of the '467 patent, and Salazar is not entitled to any remedy or recovery.  Salazar's prayer should therefore be denied in its entirety and with prejudice, and Salazar should take nothing therefor.

## RESPONSE TO DEMAND FOR JURY TRIAL

Salazar's jury demand requires no answer.  HTC Corporation also demands a jury trial on all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

24.     Further answering the Complaint, HTC Corporation alleges the following defenses, but without assuming any burden of proof or persuasion by so doing:

25.     The Complaint fails to state a claim upon which relief can be granted.

26.     HTC Corporation does not infringe and has not infringed any asserted claim of the '467 patent, either literally or under the doctrine of equivalents, by direct, contributory, or induced infringement, willfully or otherwise.

27.     The asserted claims of the '467 patent are invalid for failure to satisfy the conditions of patentability under the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

28.     Because of claim amendments and arguments made to obtain allowance of the '467 Patent, Salazar is barred by the doctrine of prosecution history estoppel from asserting or relying on the Doctrine of Equivalents.

29.     Salazar is estopped, *inter alia,* because of distinctions made in the specification and/or prosecution history and/or because of prosecution history disclaimer, from construing or

interpreting the asserted claims of the '467 patent to cover or include, either literally or by application of the doctrine of equivalents, any of the accused smartphones.

30.     The relief sought by Salazar is barred, in whole or in part, by the doctrines of waiver, estoppel, prosecution estoppel, and/or acquiescence due to its inaction in timely asserting the '467 patent.

31.     Salazar's claim for damages is statutorily limited by 35 U.S.C. §§ 286 and/or 287. Salazar alleges that the Model Hughes Remote Phone, the 650D My One Remote, and the My1Remote devices practiced the asserted claims of the '467 patent.  Because I3 failed to consistently and continuously mark substantially all of the Model Hughes Remote Phone devices with the '467 patent number from 1999 to 2001, Salazar is precluded from recovering pre-suit damages.  Because I3 also failed to consistently and continuously mark substantially all of the 650D My One Remote devices with the '467 patent number from 2001 to 2003, Salazar is precluded from recovering pre-suit damages.  Because I3 also failed to consistently and continuously mark substantially all of the My1Remote devices with the '467 patent number from 2003 to 2005, Salazar is precluded from recovering pre-suit damages.

32.     Salazar is barred by 35 U.S.C. § 288 from recovering any costs associated with its action.

33.     Salazar is not entitled to injunctive relief because, *inter alia,* the '467 Patent expired prior to the filing of suit.

34.     HTC Corporation reserves the right to assert any other defenses, including, without limitation, unenforceability for inequitable conduct, which further discovery and/or investigation may reveal.

## DEFENDANT HTC CORPORATION'S COUNTERCLAIMS
### AND JURY DEMAND

35.     HTC Corporation brings this counterclaim against Salazar for a declaration that HTC Corporation does not infringe any of the asserted claims of the '467 patent, as the claims are properly construed, and for declaration that the asserted claims of the '467 patent are invalid.

36.     Paragraphs 1-35 of the foregoing Answer and Affirmative Defenses are incorporated by reference as if fully pleaded herein.

## PARTIES

37.     Counterclaim Plaintiff HTC Corporation, Inc. is a Taiwanese corporation with a principal place of business at 88 Section 3, Zhongxing Road, Xindian District, New Taipei City 231, Taiwan.

38.     Counterclaim Defendant Joe Andrew Salazar has held himself out to be an individual with an address of 825 Clemens Way, Lompoc, California 93436.

## JURISDICTION AND VENUE

39.     Counterclaim Defendant Salazar has held himself out to be the owner of the '467 patent.

40.     This counterclaim arises under the Declaratory Judgment Act and the patent laws of the United States.  *See* Fed. R. Civ. P. 13; 28 U.S.C. §§ 2201 and 2202; and 35 U.S.C. §§ 101 *et seq*.

41.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

42.     This Court has personal jurisdiction over Counterclaim Defendant Salazar by virtue of Salazar's filing of, *inter alia*, the Complaint in this action.

43.     Venue in this judicial district is proper for HTC Corporation's compulsory counterclaims based on Salazar's filing of the Complaint in this action.

44.     An actual and justiciable controversy exists between HTC Corporation, on the one hand, and Salazar, on the other hand, concerning Salazar's claims of infringement of the '467 patent and concerning whether the '467 patent is valid.

## COUNT 1

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 5,802,467)

45.     HTC Corporation re-alleges and incorporates by reference its allegations in Paragraphs 37-44 of its Counterclaim above, as if fully set forth herein.

46.     Salazar filed suit against HTC Corporation alleging in its Complaint that HTC Corporation infringed and infringes the '467 patent.  As a result of those allegations and the filing of the lawsuit, HTC Corporation has a reasonable apprehension that Salazar will continue to assert the '467 patent against HTC Corporation.

47.     HTC Corporation has not directly infringed, contributed to the infringement of, or induced infringement of any valid claim of the '467 patent, nor has it directly or indirectly infringed any valid claim of the '467 patent, either literally or under the doctrine of equivalents, willfully or otherwise.

48.     An actual and justiciable controversy exists between HTC Corporation and Salazar regarding HTC Corporation's non-infringement of the '467 patent that is within the jurisdiction of this Court.

49.     By reason of the foregoing, HTC Corporation is entitled to a declaratory judgment by this Court that HTC Corporation does not infringe any asserted claim of the '467 patent.

## COUNT 2

### (Declaratory Judgment of Invalidity of U.S. Patent No. 5,802,467)

50.     HTC Corporation re-alleges and incorporates by reference its allegations in paragraphs 45-49 of its Counterclaim above, as if fully set forth herein.

51.     Salazar filed suit against HTC Corporation, alleging in its Complaint that HTC Corporation has infringed the '467 patent.  As a result of these allegations and the filing of the lawsuit, HTC Corporation has a reasonable apprehension that Salazar will continue to assert the '467 patent against it.

52.     By its Complaint, Salazar alleges that the '467 patent is valid.  HTC Corporation has denied this allegation and contends that the '467 patent and the asserted claims thereof are invalid under the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112 and the rules, regulations, and laws pertaining those provisions.  An actual and justiciable controversy exists between HTC Corporation and Salazar regarding this issue that is within the jurisdiction of this Court.

53.     By reason of the foregoing, HTC Corporation is entitled to a declaratory judgment by this Court that each asserted claim of the '467 patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, HTC Corporation respectfully requests and prays that this Court:

a.      dismiss Salazar's Complaint in its entirety, with prejudice, and that Salazar take nothing by its Complaint, and that judgment be entered in favor of HTC Corporation;

b.      declare that HTC Corporation, Inc. has not infringed, and is not infringing, any asserted claim of the '467 patent;

c.      declare that each of the asserted claims of the '467 patent is invalid;

    d.      declare that this action constitutes an exceptional case under 35 U.S.C. § 285 and

that HTC Corporation be awarded costs of suit that HTC Corporation has incurred,

including attorneys' fees and any additional relief that the Court deems appropriate;

and

    e.      grant such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Counterclaim Plaintiff HTC Corporation demands a jury trial on all issues so triable.

Dated: March 7, 2018               Respectfully submitted by,

*/s/ Jerry R. Selinger*
Jerry R. Selinger
State Bar No. 18008250
Email: jselinger@pattersonsheridan.com
Trampas A. Kurth
State Bar No. 24055807
Email: tkurth@pattersonsheridan.com
PATTERSON + SHERIDAN, LLP
1700 Pacific Avenue, Suite 2650
Dallas, Texas 75201
Tel: 214.272.0957
Fax: 713.623.4846

*/s/ Fred I. Williams*
Fred I. Williams
TX Bar No. 00794855
Email: fwilliams@velaw.com
Mario A. Apreotesi
TX Bar No. 24080772
Email: mapreotesi@velaw.com
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, Texas 78746
Tel: 512.542.8400
Fax: 512.542.8612

Todd E. Landis
TX Bar No. 24030226
Email: tlandis@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, Texas  75201
Tel:  214.220.7700
Fax: 214.220.7716

Harry Lee Gillam, Jr.
State Bar No. 07921800
Email: gil@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas   75670
Tel: 903.934.8450
Fax: 903.934.9257

ATTORNEYS FOR DEFENDANT
HTC CORPORATION

## CERTIFICATE OF SERVICE

I certify that on March 7, 2018 a true and correct copy of the foregoing document was electronically filed with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case filing ("ECF") system of the court.  The attorneys of record who have consented in writing to accept notice as service of this document by electronic means are being served by a "Notice of Electronic Filing," sent by the ECF system.

*/s/ Fred I. Williams*
Fred I. Williams