**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| JOE ANDREW SALAZAR,<br><br>      Plaintiff,<br><br>   v.<br><br>HTC CORPORATION,<br><br>      Defendant. | Civil Action No. 2:16-cv-01096-JRG-RSP<br><br>JURY TRIAL DEMANDED<br>**PATENT CASE** |

**HTC CORPORATION'S REPLY IN SUPPORT OF ITS *DAUBERT* MOTION TO
EXCLUDE PORTIONS OF THE EXPERT REPORT AND TESTIMONY OF
PLAINTIFF'S INFRINGEMENT EXPERT ROY A. GRIFFIN III**

Jerry R. Selinger
State Bar No. 18008250
Email: jselinger@pattersonsheridan.com
Trampas A. Kurth
State Bar No. 24055807
Email: tkurth@pattersonsheridan.com
PATTERSON + SHERIDAN, LLP
1700 Pacific Avenue, Suite 2650
Dallas, Texas 75201
Tel: 214.272.0957
Fax: 713.623.4846

Harry Lee Gillam, Jr.
State Bar No. 07921800
Email: gil@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Tel: 903.934.8450
Fax: 903.934.9257

Fred I. Williams
State Bar No. 00794855
Email: fwilliams@velaw.com
Mario A. Apreotesi
State Bar No. 24080772
Email: mapreotesi@velaw.com
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, Texas 78746
Tel: 512.542.8400
Fax: 512.542.8612

Todd E. Landis
State Bar No. 24030226
Email: tlandis@velaw.com
VINSON & ELKINS, LLP
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201
Tel: 214.220.7700
Fax: 214.220.7716

ATTORNEYS FOR DEFENDANT
HTC CORPORATION

**TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................................. 1

II. ARGUMENT......................................................................................................................... 1

    A.  Mr. Griffin's Opinions Change The Asserted Claims' Structural Elements By Eliminating Structural Requirements. ................................................................. 1

        1.  Only Communication Protocols That Include A Command Code Set Satisfy The Microprocessor Elements. ......................................................... 1

        2.  The Claims Require A Memory Device That Is Actually Configured To Store A Plurality Of Parameter Sets. .................................................... 2

    B.  Mr. Griffin's Opinions Regarding The "Said" Limitations Are Unreliable. ........... 3

    C.  Mr. Griffin's Doctrine Of Equivalents Opinions Should Be Excluded. ................. 5

    D.  The Court Should Exclude Mr. Griffin's Opinions and Testimony Regarding the HTC One M9. ................................................................................... 5

III. CONCLUSION...................................................................................................................... 5

b

# TABLE OF AUTHORITIES

**Cases**

*Amgen Inc. v. Hoechst Marion Roussel, Inc.*,
  314 F.3d 1313 (Fed. Cir. 2003) ........................................................................................... 1

*AquaTex Indus. Inc. v. Techniche Solutions*,
  479 F.3d 1320 (Fed. Cir. 2007) ........................................................................................... 5

*Orthopedic & Sports Injury Clinic v. Wang Laboratories, Inc.*,
  922 F.2d 220 (5th Cir. 1991) ............................................................................................... 3

*Shaboon v. Duncan*,
  252 F.3d 722 (5th Cir. 2001) ............................................................................................... 3

*SIPCO, LLC v. Amazon.com, Inc*,
  No. 2:08-CV-359-JRG, 2012 WL 5195942 (E.D. Tex. Oct. 19, 2012 ...................................... 2

*Summit 6, LLC v. Samsung Elecs. Co.*,
  802 F.3d 1283 (Fed. Cir. 2015) ........................................................................................... 4

*Typhoon Touch Techs., Inc. v. Dell, Inc.*,
   659 F.3d 1376 (Fed. Cir. 2011) ........................................................................................... 2

**Rules**

Fed. R. Civ. P. 37(c)(1) ............................................................................................................ 3

**I.     INTRODUCTION**

Defendant HTC Corporation ("HTC Corp.") replies in support of its *Daubert* Motion to Exclude Portions of the Expert Report and Testimony of Plaintiff Joe Andrew Salazar's ("Salazar") Infringement Expert, Roy A. Griffin III ("the Motion," Dkt. 158), in response to Salazar's opposition ("the Opposition," Dkt. 176).

**II.    ARGUMENT**

**A.     Mr. Griffin's Opinions Change The Asserted Claims' Structural Elements By Eliminating Structural Requirements.[1]**

1.     Only Communication Protocols That Include A Command Code Set Satisfy The Microprocessor Elements.

Mr. Griffin's opinions seek to eliminate the requirement that the "communication protocols" must include "a command code set" because he opined that the accused communication protocols need only be <u>capable of</u> including a command code set. Motion, Ex. A at 123:10-18 ("it's a question of whether it's capable of including a command code set"); *see also id.* at 97:9-103:11 (disputing the relevance of whether the Bluetooth and Wi-Fi protocols define command code sets for televisions). HTC does not dispute that the "microprocessor" element only requires a microprocessor that is capable of creating a plurality of communication protocols. But the communication protocols are not just any protocols—they are protocols "wherein each communication protocol **includes a command code set.**" The Federal Circuit has held that use of the word "includes" in a claim means that the claim element must have the particular component that follows the word "includes." *See Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1344-45 (Fed. Cir. 2003) ("Comprising is a <u>term of art</u> used in claim language which means that <u>the named elements are essential</u>, but other elements may be added and still form a construct within

---

[1] HTC withdraws the portion of its *Daubert* Motion addressing the "user interface" limitation.

the scope of the claim. . . . <u>The word 'include' means the same thing</u>." (emphasis added)). But Mr. Griffin does not identify a command code set for each of the communication protocols he identifies, because he incorrectly interprets the claim language as only requiring a communication protocol that is "capable of" including a command code set. That is wrong as a matter of law and requires Mr. Griffin's opinions concerning the "wherein each communication protocol includes a command code set" to be stricken.

    2. <u>The Claims Require A Memory Device That Is Actually Configured To Store A Plurality Of Parameter Sets.</u>

The Asserted Claims require "a memory device … configured to store a plurality of parameter sets." So Salazar was required to show that the memory of the Accused Devices is actually configured to store parameter sets. Instead Mr. Griffin opined that the Accused Devices need only be <u>capable of</u> storing parameter sets. Opp., Ex. 2 at 162:21-23, 163:13-17. The Federal Circuit has expressly rejected such a reading of "configured to." *See Typhoon Touch Techs., Inc. v. Dell, Inc.*, 659 F.3d 1376, 1380-81 (Fed. Cir. 2011). In *Typhoon Touch*, a claim clause required "a memory for storing at least one data collection application configured to determine contents and formats of said inquiries." *Id*. at 1380. The Federal Circuit rejected Typhoon's argument that infringement occurred if "the memory is **capable of** being configured to store data applications, even if it was not so configured." *Id*. (emphasis added). Consistent with the principles in *Typhoon Touch*, this Court has found that the "plain and ordinary meaning" of the term "configured to" "require[s] **not merely being capable of being configured**, but rather being **actually configured**." *SIPCO, LLC v. Amazon.com, Inc*, No. 2:08-CV-359-JRG, 2012 WL 5195942, at *56 (E.D. Tex. Oct. 19, 2012) (emphasis added). Accordingly, the Asserted Claims require that the accused memory be **actually configured to** store a plurality of parameter sets and not merely


**capable of** being configured to store a plurality of parameters sets. Mr. Griffin's testimony to the contrary is improper and should be excluded.

Salazar seeks to remedy Mr. Griffin's failure to provide the required opinion by introducing new, still unsupported opinions: that the memory device limitation is satisfied by (1) instructions for storing parameter sets embodied in HTC's IR API and Sense TV application, and (2) "sandboxed" file folders in which the Sense TV application stores parameter sets. Opp. at 7. As demonstrated by HTC's Motion to Strike filed herewith, those new opinions should be excluded as untimely and beyond Mr. Griffin's expert report. *See* Fed. R. Civ. P. 37(c)(1). They should also be excluded because they are conclusory and unsupported by any facts. *Shaboon v. Duncan*, 252 F.3d 722, 736–37 (5th Cir. 2001) ("[U]nsupported affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." (quoting *Orthopedic & Sports Injury Clinic v. Wang Laboratories, Inc.*, 922 F.2d 220, 225 (5th Cir. 1991))).

**B.     Mr. Griffin's Opinions Regarding The "Said" Limitations Are Unreliable.**

Mr. Griffin's opinions regarding the "said" limitations for the "IR transceiver" and "RF transceiver" elements should be excluded because they are based on incorrect statements of law. The Asserted Claims require an IR transceiver that is capable of transmitting IR signals to and receiving IR signals from "**said** external devices" in accordance with "**said** communication protocols." Claim 2 similarly requires a RF transceiver that is capable of transmitting RF signals to and receiving RF signals from the **same** "**said** external devices" in accordance with the **same** "**said** communication protocols." The use of "said" in the transceiver elements refers back to the "a plurality of external devices" recited in the preamble and to the "a plurality of reprogrammable communication protocols" in the microprocessor element. *See Summit 6, LLC v. Samsung Elecs.*

3

*Co.*, 802 F.3d 1283, 1291 (Fed. Cir. 2015) ("The use of the term 'said' indicates that this portion of the claim limitation is a reference back to the previously claimed [element].").

It is undisputed that Mr. Griffin failed to identify specific, multiple external devices. Instead, he identified generic "televisions, cable TV boxes, and other devices." Opp., Ex. 1C at 12. But even for those generic devices, Mr. Griffin failed to show that the IR transceiver of the Accused Devices is capable of receiving IR signals from any of those devices. In response, Salazar now argues that Mr. Griffin's opinions are proper because the Asserted Claims "do not define a particular universe of external device with particular functionalities." Opp. at 10. Salazar is incorrect. The Asserted Claims require an IR transceiver capable of transmitting IR signals to **and** receiving IR signals from each of the identified "external devices." Accordingly, Mr. Griffin's opinions that he need only show an IR transceiver and not specific, multiple external devices should be excluded.

Because it is undisputed that an IR transceiver cannot transmit and receive IR signals in accordance with an RF protocol, Salazar argues that "said communications protocols" in claim 1 must refer only to IR protocols (and in claim 2 that the same phrase must refer only to RF protocols). Opp. at 10-11. In other words, Salazar asks the Court to read the claims as if the language read "in accordance with **at least one of** said communications protocols" or a similar variation. *Id.* But the claims do not permit Salazar to identify both RF and IR protocols as the claimed "communication protocols" and then divide them out for purposes of satisfying the transceiver elements. *See* Motion, Ex. B at 11:12-13:1, 15:18-16:20. The claims require that the IR transceiver and the RF transceiver be capable of transmitting signals to and receiving signals from "said external devices" in accordance with **each** of the identified protocols. Because the Court cannot permit Salazar to rewrite the claims, HTC Corp.'s *Daubert* Motion should be granted.

### C. Mr. Griffin's Doctrine Of Equivalents Opinions Should Be Excluded.

The Court should exclude Mr. Griffin's doctrine of equivalents opinions because he failed to disclose any supporting analysis. Salazar now argues that Mr. Griffin presented "sufficient evidence." Opp. at 11. But Salazar fails to identify any analysis by Mr. Griffin purporting to show that any component meets the "function-way-result" test or that any differences are only "insubstantial." *See id.* Mr. Griffin merely designated each and every claim limitation as "D/E." *E.g.,* Motion, Ex. C at 1-3. Because he provides no element-by-element analysis, Mr. Griffin's opinions regarding infringement under the doctrine of equivalents should be stricken. *See AquaTex Indus. Inc. v. Techniche Solutions*, 479 F.3d 1320, 1328-29 (Fed. Cir. 2007).

### D. The Court Should Exclude Mr. Griffin's Opinions and Testimony Regarding the HTC One M9.

Mr. Griffin's opinions and testimony regarding the HTC One M9 should be stricken. It is undisputed that the Griffin Report fails to opine that the Peel Smart Remote application (used in the HTC One M9) infringes. *See* Dkt. 175 at 15-16. The Griffin Report identified the "Sense TV application" (used in the One M7 and One M8) as the structure that allegedly meets the "memory device" and "user interface" limitations. *See* Opp., Ex. 1C at 10. The Griffin Report, however, did not provide any analysis that the Peel Smart Remote application satisfies these same limitations. *See* Dkt. 149 at 3 (UMF Nos. 6-9). Salazar's argument to the contrary is unsupported and notably does not cite to the Griffin Report. *See* Opp. at 11-12. As a result, Mr. Griffin's opinions regarding the HTC One M9 should be excluded.

## III. CONCLUSION

For the foregoing reasons, HTC respectfully requests that the Court exclude the identified opinions and testimony by Mr. Griffin.

Dated: March 15, 2018

Respectfully submitted by,

*/s/ Jerry R. Selinger*
Jerry R. Selinger
State Bar No. 18008250
Email: jselinger@pattersonsheridan.com
Trampas A. Kurth
State Bar No. 24055807
Email: tkurth@pattersonsheridan.com
PATTERSON + SHERIDAN, LLP
1700 Pacific Avenue, Suite 2650
Dallas, Texas 75201
Tel: 214.272.0957
Fax: 713.623.4846

*/s/ Fred I. Williams*
Fred I. Williams
TX Bar No. 00794855
Email: fwilliams@velaw.com
Mario A. Apreotesi
TX Bar No. 24080772
Email: mapreotesi@velaw.com
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, Texas 78746
Tel: 512.542.8400
Fax: 512.542.8612

Todd E. Landis
TX Bar No. 24030226
Email: tlandis@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201
Tel: 214.220.7700
Fax: 214.220.7716

Harry Lee Gillam, Jr.
State Bar No. 07921800
Email: gil@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas   75670
Tel: 903.934.8450
Fax: 903.934.9257

ATTORNEYS FOR DEFENDANT
HTC CORPORATION

## **CERTIFICATE OF SERVICE**

   I certify that on March 15, 2018 a true and correct copy of the foregoing document was electronically filed with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case filing ("ECF") system of the court.  The attorneys of record who have consented in writing to accept notice as service of this document by electronic means are being served by a "Notice of Electronic Filing," sent by the ECF system.

                */s/ Fred I. Williams*
                Fred I. Williams