IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JOE ANDREW SALAZAR,<br><br>    Plaintiff,<br><br>    v.<br><br>HTC CORPORATION,<br><br>    Defendant. | Civil Action No. 2:16-cv-01096-JRG-RSP<br><br>JURY TRIAL DEMANDED<br>**PATENT CASE** |

### HTC CORPORATION'S REPLY IN SUPPORT OF MOTION TO EXCLUDE THE OPINIONS AND TESTIMONY OF PLAINTIFF'S DAMAGES EXPERT JUSTIN BLOK

Jerry R. Selinger
State Bar No. 18008250
Email: jselinger@pattersonsheridan.com
Trampas A. Kurth
State Bar No. 24055807
Email: tkurth@pattersonsheridan.com
PATTERSON + SHERIDAN, LLP
1700 Pacific Avenue, Suite 2650
Dallas, Texas 75201
Tel: 214.272.0957
Fax: 713.623.4846

Harry Lee Gillam, Jr.
State Bar No. 07921800
Email: gil@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas   75670
Tel: 903.934.8450
Fax: 903.934.9257

Fred I. Williams
State Bar No. 00794855
Email:  fwilliams@velaw.com
Mario A. Apreotesi
State Bar No. 24080772
Email:  mapreotesi@velaw.com
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, Texas  78746
Tel: 512.542.8400
Fax: 512.542.8612

Todd E. Landis
State Bar No. 24030226
Email:  tlandis@velaw.com
VINSON & ELKINS, LLP
2001 Ross Avenue, Suite 3700
Dallas, Texas  75201
Tel: 214.220.7700
Fax: 214.220.7716

ATTORNEYS FOR DEFENDANT
HTC CORPORATION

# **TABLE OF CONTENTS**

I.   Mr. Blok's Failure to Apportion Renders His Opinions Unreliable and Inadmissible .......... 1

    A.   Blok's Impermissible Reliance on Undisclosed Griffin Opinions ............................... 1

    B.   Blok's Opinions Are Unreliable Because He Failed to Apportion In Light of the Undisputed Evidence Cited in His Report. ................................................................. 2

II.   Blok's 50-50 "Profit Split" is Unreliable. ................................................................................ 3

III.   Conclusion ........................................................................................................................... 4

## **TABLE OF AUTHORITIES**

**Cases**

*Apple Inc. v. Motorola, Inc.*,
   757 F.3d 1286 (Fed. Cir. 2014) ................................................................................................ 2

*Finjan Inc. v. Blue Coat Svcs.*,
   2018 U.S. App. LEXIS 601 (Fed. Cir. January 10, 2018) ......................................................... 3

*Johnson v. Arkema, Inc.*,
   685 F.3d 452 (5th Cir. 2012) .................................................................................................... 2

*Jones v. Harley-Davidson, Inc.*,
   No. 2-14-cv-694-RWS-RSP, 2016 U.S. Dist. LEXIS 130076 (E.D. Tex. September 23, 2016) 2

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
   694 F.3d 52 (Fed. Cir. 2012) .................................................................................................... 3

*Summit 6, LLC v. Samsung Elecs. Co., Ltd.*,
   802 F.3d 1283 (Fed. Cir. 2015) ................................................................................................ 4

*VirnetX, Inc. v. Cisco Sys.*,
   767 F.3d 1308 (Fed. Cir. 2014) ................................................................................................ 3

*Witt v. Chesapeake Exploration, L.L.C.*,
   No. 2:10-cv-22-TJW, 2011 U.S. Dist. LEXIS 76033 (E.D. Tex. July 14, 2011) ................... 1, 2

**Rules**

Fed. R. Civ. P. 26 ............................................................................................................................ 2

I.      **Mr. Blok's Failure to Apportion Renders His Opinions Unreliable and Inadmissible**

HTC moved to strike Mr. Blok's damages opinions because he failed to account for the value associated with the required Peel app.  Salazar miscasts the dispute as one between competing experts over technical issues despite the record establishing otherwise:  (1) the report of Salazar's technical expert (Mr. Griffin) failed to provide technical opinions supporting Mr. Blok's critical assumption underlying his excuse for not apportioning, and (2) Mr. Blok's opinions are not reliable in view of the undisputed evidence regarding non-patented features of the Pronto|Peel device and the required Peel app.

A.      **Blok's Impermissible Reliance on Undisclosed Griffin Opinions**

The simple fact is that Mr. Blok has valued the wrong thing, which in and of itself warrants exclusion under *Daubert* and a long list of Federal Circuit precedent.  The error stems from Mr. Blok's failure to tie his opinions to the facts of this case.  Salazar should not be allowed to have his **damages** expert offer or rely on **technical** opinions that were **not** included in the technical expert's report (the "Griffin Report").  Salazar incorrectly cites to the Griffin Report to support the "next best alternative" technical opinion on which Mr. Blok relies.  *Response* at 3.  But Griffin did not opine anywhere in that manner, which explains Mr. Blok's improper reliance on an "interview" with Mr. Griffin for that undisclosed opinion.  Salazar makes no reference to the Griffin Report to support Blok's reliance on Griffin's purported opinion that the capabilities of the Pronto|Peel "are 100 percent attributable to elements covered in the '467 Patent."  Response at 3-4.  The Griffin Report expresses no such opinion so Salazar points only to Blok's deposition testimony.  *Id.* at 4.

"This Court has consistently limited experts' testimony to the opinions and bases disclosed in their expert report."  *Witt v. Chesapeake Exploration, L.L.C.*, No. 2:10-cv-22-TJW, 2011 U.S. Dist. LEXIS 76033 at *6 (E.D. Tex. July 14, 2011) (collecting cases); *accord Jones v. Harley-Davidson, Inc.*, No. 2-14-cv-694-RWS-RSP, 2016 U.S. Dist. LEXIS 130076 at ** 3-4 (E.D. Tex.

1

September 23, 2016). In *Jones*, this Court instructed that Fed. R. Civ. P. 26 "prevents [the expert] from testifying on topics that are not in his report". *Id.* Given *Witt* and *Jones*, Mr. Griffin cannot offer these technical opinions. And the Court should not allow Mr. Blok to base his decision not to apportion damages on either of those inadmissible technical opinions that were not disclosed by Mr. Griffin. Salazar argues that experts "routinely rely on other experts…for expertise outside of their field." *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1321 (Fed. Cir. 2014). That type of reliance does not extend to technical opinions that are beyond Mr. Blok's proficiency and that were not disclosed in the Griffin Report. *Cf. Apple*, 757 F.3d at 1323-25. Without the undisclosed technical opinions, Mr. Blok's failure to apportion can be nothing more than impermissible, unsupported speculation. *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012) ("The reliability prong [of *Daubert*] mandates that expert opinion be more than unsupported speculation or subjective belief."). Because Salazar concedes that these opinions were not disclosed in the Griffin Report, Salazar's arguments at Response Br. at 13-14 cannot obviate *Witt* and *Jones*: Expert opinion is excluded if it is not in the expert report.

> **B.  Blok's Opinions Are Unreliable Because He Failed to Apportion In Light of the Undisputed Evidence Cited in His Report.**

Salazar seeks to justify Mr. Blok's disregard of "the non-infringing features of the Peel app and HTC Sense TV app" because Blok focused only on the Pronto|Peel device. Response at 7. While Salazar here relies only on Mr. Blok's deposition testimony, his argument contradicts his own report[1] and ignores the fact that the Pronto|Peel requires the Peel app., which the user must download and then pair with the Pronto. Salazar's argument that Mr. Blok properly ignored the Peel app. (because it can allegedly operate independently from the Pronto) unfortunately reverses

---

[1] "The Pronto works with the Peel Smart Remote app and adds two-way IR functionality to smartphones that lack this capability," Blok Report at ¶ 70, and "The Pronto works with the Peel Smart Remote app, which is the same app that is utilized by the Accused Products to provide the Accused IR Functionality," *Id.* at ¶ 116.

2

the proper analysis: in fact, the Pronto|Peel (Mr. Blok's "proxy" device) cannot operate without the Peel app. What is more, the evidence that Mr. Blok himself relies on also establishes that the Peel app. includes non-patented features, *e.g.*, a channel list based on the user's cable provider and the ability to edit the list of available channels and identify favorite programs and to set up notifications and reminders. Opening Brief at 6-7.[2] Those features were delivered to the smartphone when the Peel app. was downloaded. Blok cites no evidence that the ability to control the TV from a smartphone alone drove any demand for Pronto|Peel to the exclusion of all other features included in the system. His failure to apportion the non-patented features of the necessary Peel app. makes his opinion unreliable and inadmissible. *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 52, 68 (Fed. Cir. 2012); *See also Finjan Inc. v. Blue Coat Svcs.*, 2018 U.S. App. LEXIS 601 at \*\* 27-28 (Fed. Cir. January 10, 2018) (apportionment required to reflect value of patented technology in multi-component software engine that includes non-infringing features).

## II.     **Blok's 50-50 "Profit Split" is Unreliable.**

There is no basis for Mr. Blok's "profit split," and the approach has been rejected by the Federal Circuit. *See VirnetX, Inc. v. Cisco Sys.*, 767 F.3d 1308 (Fed. Cir. 2014); Opening Brief at 12. Mr. Blok's 50/50 incremental value split is a thinly disguised use of rejected profit-splitting theories. Salazar's response is that Blok did not expressly employ the phrase "Nash Bargaining Solution" and conducted a *Georgia Pacific* analysis to conclude the appropriate royalty should be based on a 50/50 split of the cost to buy a Pronto|Peel (less an estimate of $1 for the cost of an IR

---

[2] Salazar also argues that Blok also relied on an opinion from Griffin that the TV Guide aspect of the Peel Smart Remote app was discontinued at some point in time in or after 2016. Response. at 8. That argument mischaracterizes the cited testimony. Even assuming Mr. Blok's unsupported statement is true, it is irrelevant because the '467 Patent expired in September 2015—several months before Mr. Blok alleges that the TV Guide was discontinued. In addition, there is no such statement in the Blok Report or the Griffin Report so HTC Corp. objects to this argument and requests it be disregarded. See section A, 1, *supra*.

3

transceiver).  Blok's 50/50 split is premised on bogus methodology, namely the price that some unknown number of consumers speculatively paid for a proxy device – a number unrelated to the accused smartphones or any comparison of sales price/profitability of accused smartphones and smartphones lacking the accused IR functionality.

Salazar relies on *Summit 6, LLC v. Samsung Elecs. Co., Ltd.*, 802 F.3d 1283 (Fed. Cir. 2015), mischaracterizing it as employing "essentially the same methodology employed by Mr. Blok."  Response Br. at 11.  *Summit 6*, however, actually confirms the <u>un</u>reliability of Blok's methodology.  The *Summit 6* expert apportioned the camera-related revenue by using survey evidence to ascertain the percentage of camera users who used the camera to perform the infringing method, rather than for other purposes.  *Id.* at 1297.  By contrast, Blok ignored the cost data produced by HTC, did not perform any calculation to determine HTC's costs for the IR components, and made no effort to attribute HTC's actual revenue to IR functionality.  Mr. Blok failed to conduct or rely on any survey to determine what percentage of smartphone users used IR.  He offered no peer review or publication support for his damages methodology completely ignoring the cost, revenue, and profit data for the accused smartphones.

## III.   Conclusion

The Court should grant HTC's motion and exclude Mr. Blok's opinions.

4

Dated: March 15, 2018                                       Respectfully submitted by,

/s/ *Jerry R. Selinger*_____
Jerry R. Selinger
State Bar No. 18008250
Email: jselinger@pattersonsheridan.com
Trampas A. Kurth
State Bar No. 24055807
Email: tkurth@pattersonsheridan.com
PATTERSON + SHERIDAN, LLP
1700 Pacific Avenue, Suite 2650
Dallas, Texas 75201
Tel: 214.272.0957
Fax: 713.623.4846

*/s/ Fred I. Williams*_____
Fred I. Williams
TX Bar No. 00794855
Email: fwilliams@velaw.com
Mario A. Apreotesi
TX Bar No. 24080772
Email: mapreotesi@velaw.com
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, Texas 78746
Tel: 512.542.8400
Fax: 512.542.8612

Todd E. Landis
TX Bar No. 24030226
Email: tlandis@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, Texas  75201
Tel:  214.220.7700
Fax: 214.220.7716

5

>Harry Lee Gillam, Jr.
>State Bar No. 07921800
>Email: gil@gillamsmithlaw.com
>GILLAM & SMITH, LLP
>303 South Washington Avenue
>Marshall, Texas   75670
>Tel: 903.934.8450
>Fax: 903.934.9257
>
>ATTORNEYS FOR DEFENDANT
>HTC CORPORATION

## **CERTIFICATE OF SERVICE**

I certify that on March 15, 2018 a true and correct copy of the foregoing document was electronically filed with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case filing ("ECF") system of the court.  The attorneys of record who have consented in writing to accept notice as service of this document by electronic means are being served by a "Notice of Electronic Filing," sent by the ECF system.

>*/s/ Fred I. Williams*_____
>Fred I. Williams