**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| JOE ANDREW SALAZAR, | |
| Plaintiff, | Civil Action No. 2:16-cv-01096-JRG-RSP |
| v. | JURY TRIAL DEMANDED |
| HTC CORPORATION, | **PATENT CASE** |
| Defendant. | |

## HTC CORPORATION'S OPPOSED MOTIONS *IN LIMINE*

Jerry R. Selinger
State Bar No. 18008250
Email: jselinger@pattersonsheridan.com
Trampas A. Kurth
State Bar No. 24055807
Email: tkurth@pattersonsheridan.com
PATTERSON + SHERIDAN, LLP
1700 Pacific Avenue, Suite 2650
Dallas, Texas 75201
Tel: 214.272.0957
Fax: 713.623.4846

Harry Lee Gillam, Jr.
State Bar No. 07921800
Email: gil@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas  75670
Tel: 903.934.8450
Fax: 903.934.9257

Fred I. Williams
State Bar No. 00794855
Email:  fwilliams@velaw.com
Mario A. Apreotesi
State Bar No. 24080772
Email:  mapreotesi@velaw.com
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, Texas  78746
Tel: 512.542.8400
Fax: 512.542.8612

Todd E. Landis
State Bar No. 24030226
Email:  tlandis@velaw.com
VINSON & ELKINS, LLP
2001 Ross Avenue, Suite 3700
Dallas, Texas  75201
Tel: 214.220.7700
Fax: 214.220.7716

ATTORNEYS FOR DEFENDANT
HTC CORPORATION

# TABLE OF CONTENTS

I.    DAMAGES-RELATED MOTIONS IN LIMINE ............................................................ 1

    A.    Motion To Exclude Any Argument Or Testimony, Including From Experts, Regarding HTC Corp.'s Sales Prices Or Total Revenues Attributable To Any HTC-Branded Products .................................................................................. 1

    B.    Motion To Exclude Any Argument Or Testimony, Including From Experts, Concerning HTC Corp.'s Size, Wealth, Total Net Worth, Total Profits, And/or Ability To Pay Damages ............................................................................ 3

II.    GENERAL MOTIONS IN LIMINE .............................................................................. 4

    A.    Motion To Exclude Any Argument Or Testimony, Including From Experts, Concerning HTC Corp.'s Foreign Incorporation Or Nationality ............................ 4

    B.    Motion To Exclude Any Argument Or Testimony, Including From Experts, Concerning Statements Or Reasoning In The Court's Claim Construction Order .............................................................................................................. 6

    C.    Motion To Exclude Any Argument Or Testimony, Including From Experts, Concerning Disputed Issues Or Alleged Deficiencies In HTC Corp.'s Discovery Conduct ................................................................................................. 6

    D.    Motion To Exclude Any Argument Or Testimony, Including From Experts, Concerning Opinions Outside The Scope Of Any Expert's Timely Written Report .............................................................................................................. 8

    E.    Motion To Exclude Any Argument Or Testimony, Including From Experts, Concerning The Size Of Parties' Law Firms ......................................................... 8

    F.    Motion To Exclude Any Argument Or Testimony, Including From Experts, Concerning Objections Made By A Party ............................................................ 9

**<u>TABLE OF AUTHORITIES</u>**

**Cases**

*02 Micro Int'l, Ltd. v. Monolithic Power Sys.*,
467 F.3d 1355 (Fed. Cir. 2006) ................................................................. 8

*Barry v. Medtronic*,
No. 1:14-cv-104-RC (E.D. Tex. Oct. 28, 2016) ....................................... 7

*Boyle v. Mannesmann Demag Corp.*,
991 F.2d 794 (6th Cir. 1993) .................................................................. 4

*Burke v. Deere & Co.*,
6 F.3d 497 (8th Cir. 1993) ...................................................................... 3

*Commil USA, LLC v. Cisco Systems, Inc.*,
720 F.3d 1361 (Fed. Cir. 2013),
*vacated in part on other grounds*, 135 S. Ct. 1920 (2015),
*adhered to in part*, 813 F.3d 994 (Fed. Cir. 2015) ................................ 5

*ContentGuard Holdings, Inc. v. Amazon, Inc., et al.*,
No 2:13-cv-01112-JRG, 2015 WL 11089490 (E.D. Tex. Sept. 4, 2015) .................................. 3

*Dataquill Ltd. v. Huawei Techs. Co Ltd.*,
No. 2:13-CV-633-JRG-RSP, 2015 WL 11109697 (E.D. Tex. June 11, 2015).......................... 9

*Fiber Sys. Int'l Inc. v. Applied Optical Sys., Inc.*,
No. 2:06-cv-473 (E.D. Tex. Oct. 26, 2009) ............................................. 9

*Gearhart v. Uniden Corp. of America*,
781 F.2d 147 (8th Cir. 1986) .................................................................. 5

*Hall v. Freese*,
735 F.2d 956 (5th Cir. 1984) .................................................................. 5

*HTC Corp. v. Tech. Props.*,
No. 5:08-cv-882, 2013 WL 4782598 (N.D. Cal. Sept. 6, 2013)............................ 3

*Laser Dynamics, Inc. v. Quanta Computer, Inc.*,
694 F.3d 51 (Fed. Cir. 2012) .............................................................. 1, 2

*London Guarantee & Accident Co v. Woelfle*,
83 F.2d 325 (8th Cir. 1936) .................................................................. 4

*Panama Electric Co. v. Moyers*,
259 F. 219 (5th Cir. 1919) ..................................................................... 9

*Reilly v. Natwest Markets Grp. Inc.*,
181 F.3d 253 (2d Cir. 1999) .................................................................. 4

*SSL Servs. LLC v. Citrix Sys., Inc. et al.*,
No. 2:08-cv-158-JRG, Dkt. 227 (E.D. Tex. June 5, 2012) ....................... 3

*Sulzer Textil A.G. v. Picanol N.V.*,
358 F.3d 1356 (Fed. Cir. 2004) ............................................................. 6

ii

*Uniloc USA, Inc. v. Microsoft Corp.*,
   632 F.3d 1292 (Fed. Cir. 2011) ............................................................................... 2

*Whirlpool Corp. v. TST Water, LLC*,
   No. 2:15-cv-1528-JRG, 2017 WL 2931403 (E.D. Tex. Mar. 3, 2017) ..................... 5

*Witt v. Chesapeake Exploration, L.L.C.*,
   No. 9:09-CV-176, 2011 WL 2790174 (E.D. Tex. July 14, 2011) ............................. 8

*Ziilabs Inc. Ltd. v. Samsung Elecs. Co.*,
   No. 2:14-cv-203-JRG-RSP, 2015 WL 13617214 (E.D. Tex. Oct. 28, 2015)............ 7

## Rules

Fed. R. Civ. P. 26(a) ...................................................................................................... 9

Fed. R. Civ. P. 26(a)(2)(B)(i)......................................................................................... 9

Fed. R. Civ. P. 37(c)(1).................................................................................................. 9

Fed. R. Evid. 401 ....................................................................................................... 8, 12

Fed. R. Evid. 403 .................................................................................................... 3, 4, 8

Defendant HTC Corporation ("HTC Corp.") hereby moves the Court for orders *in limine*. HTC Corp. respectfully requests that the Court instruct counsel for Plaintiff Joe Andrew Salazar ("Salazar") not to mention, comment on, allude to, refer to, or elicit testimony in the presence of the jury—whether during *voir dire*, opening statement, the presentation of evidence, closing argument, or any other phase of the trial—on each of the following categories of evidence discussed below without first approaching the Bench and seeking permission from the Court.

## I.  DAMAGES-RELATED MOTIONS *IN LIMINE*

### A.  Motion To Exclude Any Argument Or Testimony, Including From Experts, Regarding HTC Corp.'s Sales Prices Or Total Revenues Attributable To Any HTC-Branded Products

The Court should preclude any argument, comment, reference, evidence, or testimony, including from experts, regarding the sales prices or total revenues attributable to any HTC-branded device, including the Accused Devices.  In cases like this one, where the sales price and revenues associated with the accused devices are far greater than the alleged value of the technology at issue, evidence regarding the sales price and total revenues from devices offered by the defendant serve to unfairly prejudice the defendant and add little, if any, probative value.  *See Laser Dynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 68 (Fed. Cir. 2012) ("Admission of such overall revenues [of the accused product], which have no demonstrated correlation to the value of the patented feature alone, only serve to make a patentee's proffered damages amount appear modest by comparison, and to artificially inflate the jury's damages calculation beyond that which is 'adequate to compensate for the infringement.'").

Salazar's damages expert, Mr. Blok, provides a single damages theory based on a third-party product:  the Pronto device.  *See* Ex. A, at ¶¶ 116-123.  Mr. Blok's theory multiplies his presumed value of the Pronto device, less the part costs for the IR transceiver in the Accused Devices, divided by a proposed royalty rate.  *Id.*  The proposed royalty per device is then multiplied

1

by the total number of Accused Devices sold.  *Id.* at ¶¶ 124-126.  Mr. Blok's calculations are in no way dependent on the sales prices or total revenues for the Accused Devices or any HTC-branded devices.  Furthermore, Mr. Blok concedes that the entire market value of the Accused Devices is not an appropriate consideration in this case.  *Id.* at ¶ 101.  Under these circumstances, the Court should not allow Salazar to present any argument, comment, reference, evidence, or testimony, including from experts, regarding the sales prices or total revenues attributable to any HTC-branded devices, including the Accused Devices.

Reference to the sales prices or total revenues of HTC-branded devices, including the Accused Devices, "cannot help but skew the damages horizon for the jury, regardless of the contribution of the patented component to this revenue."  *See Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1320 (Fed. Cir. 2011) (noting that "the $19 billion cat was never put back into the bag" and that neither cross-examination nor a curative jury instruction offset the resulting unfair prejudice).  "Regardless of the chosen royalty rate, one way in which the error of an improperly admitted entire market value rule theory manifests itself is in the disclosure of the revenues earned by the accused infringer associated with a complete product rather than the patented component only."  *See Laser Dynamics*, 694 F.3d at 68.  Similarly, reference to the sales price of HTC-branded devices, even if used by the expert only as a "check," is unfairly prejudicial because it is likely to improperly skew the jury's consideration of the per-unit royalty in this case.  Given the limited, if any, probative value of the sales prices and total revenues for HTC-branded devices in determining an appropriate reasonable royalty, as well as the high risk that such evidence and testimony would unfairly prejudice HTC Corp. and artificially inflate any damages award, the Court should preclude such testimony.

2

**B.**     **Motion To Exclude Any Argument Or Testimony, Including From Experts, Concerning HTC Corp.'s Size, Wealth, Total Net Worth, Total Profits, And/or Ability To Pay Damages**

The Court should preclude Salazar from introducing any reference, evidence, testimony (including expert testimony), or argument regarding HTC Corp.'s size, wealth, total net worth, total profits, and/or ability to pay damages.  Such evidence is "totally irrelevant to the issue of compensatory damages," especially because the Accused Devices represent only a small part of HTC Corp.'s overall business. *See Burke v. Deere & Co.*, 6 F.3d 497, 513 (8th Cir. 1993) (finding evidence of the defendant's net worth and wealth irrelevant and prejudicial).  This Court has previously granted a very similar motion *in limine*:  "[Plaintiff] is precluded from introducing any evidence or argument regarding [Defendant's] size, market capitalization, or revenues and profits not derived from the accused products or services." *ContentGuard Holdings, Inc. v. Amazon, Inc., et al.*, No 2:13-cv-01112-JRG, 2015 WL 11089490, at \*5 (E.D. Tex. Sept. 4, 2015).

To the extent generic company-wide financial information (e.g., wealth, total net worth, and total corporate profits) and related comparative characterizations (e.g., size and ability to pay damages) have any probative value, it is substantially outweighed by the potential to unfairly prejudice the jury. *See HTC Corp. v. Tech. Props.*, No. 5:08-cv-882, 2013 WL 4782598 at \*6 (N.D. Cal. Sept. 6, 2013) ("[T]he probative value of evidence related to HTC's size, wealth, or overall revenues is substantially outweighed by the risk of unfair prejudice, confusion of the issues and misleading the jury necessitating its exclusion under Rule 403.").  Permitting such evidence would increase the risk of a damages determination based on the jury's view that damages should be awarded in proportion to HTC Corp.'s size or its ability to pay *any* judgment—regardless of the merits of Salazar's damages claims. *See SSL Servs. LLC v. Citrix Sys., Inc. et al.*, No. 2:08-cv-158-JRG, Dkt. 227 at \*2 (E.D. Tex. June 5, 2012) ("[Plaintiff] may not communicate before the jury information about the size, resources or wealth of [defendant] offered merely to indicate

3

that [defendant] can financially bear a multi-million dollar judgment."); *see also Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 266 (2d Cir. 1999) ("Evidence of wealth, which can be taken as suggesting that the defendant should respond in damages because he is rich, is generally inadmissible in trials not involving punitive damages." (internal quotes omitted)).  For these reasons, the Court should preclude any reference, evidence, testimony, or argument about HTC Corp.'s size, wealth, total net worth, total profits, and/or ability to pay damages.

## II.     GENERAL MOTIONS *IN LIMINE*

### A.     Motion To Exclude Any Argument Or Testimony, Including From Experts, Concerning HTC Corp.'s Foreign Incorporation Or Nationality

HTC anticipates that plaintiffs may disparagingly reference or comment on the fact that HTC is incorporated in a foreign country or that some HTC Corp. employees are not U.S. citizens. No such references or allusions would be appropriate at trial as it would serve only to foster potential unfair prejudice against HTC Corp.  While it is, in fact, an Taiwanese company and some of its employees are Taiwanese and not U.S. citizens, HTC. Corp. requests that the Court preclude any disparaging reference to the nationality of HTC Corp. or its employees or any reference or allusion that HTC Corp. is a Chinese corporation.

Disparaging comments regarding the nationality of HTC Corp. and its employees is irrelevant to the factual determinations to be made by the jury.  Even if the nationality of HTC Corp. and its employees were somehow relevant, Salazar should still be precluded from making any disparaging comments or argument based on foreign nationality or origin, to prevent unfair prejudice.  *See* Fed. R. Evid. 403; *London Guarantee & Accident Co v. Woelfle*, 83 F.2d 325, 340 (8th Cir. 1936) (holding that remarks regarding nationality of foreign corporations create "hostility" and "are condemned as an appeal to sectional or local prejudice"); *Boyle v. Mannesmann Demag Corp.*, 991 F.2d 794 (6th Cir. 1993) ("[R]epeated references to a party's

4

citizenship or nationality can be unduly prejudicial to that party."); *Gearhart v. Uniden Corp. of America*, 781 F.2d 147, 157 (8th Cir. 1986) ("[W]e believe such repeated reference to Far Eastern parent corporations . . . could prejudicially appeal to xenophobia").  This Court has previously granted motions *in limine* to exclude disparagement or denigration of witnesses and individuals on the basis of nationality.   *Whirlpool Corp. v. TST Water, LLC*, No. 2:15-cv-1528-JRG, 2017 WL 2931403, at *1 (E.D. Tex. Mar. 3, 2017) ("There will be no disparaging or denigrating of witnesses by nationality or of any individual by nationality. There will be no direct or indirect, overt or non-overt attempt to show that something is superior or inferior based on its place of origin.").

Indeed, courts in this District as well as both the Federal and Fifth Circuits have affirmed the grant of a new trial (or ordered a new trial) where inappropriate comments based on ethnicity were used to prejudice a jury unfairly.  In *Commil USA, LLC v. Cisco Systems, Inc.*, 720 F.3d 1361 (Fed. Cir. 2013), *vacated in part on other grounds*, 135 S. Ct. 1920 (2015), *and adhered to in part*, 813 F.3d 994 (Fed. Cir. 2015), for example, the Federal Circuit held that an order from the Eastern District of Texas granting a new trial was appropriate where a party "attempted to instill in the jury, through irrelevant references to ethnicity and religion an 'us versus them' mentality." *Id.* at 1370.  Similarly, in *Hall v. Freese*, 735 F.2d 956 (5th Cir. 1984), the Fifth Circuit ordered a new trial stating, "[o]ur review of the entire record convinces us that the district court abused its discretion in refusing to grant [the motion for new trial] because we are convinced that the verdict returned by the jury was inconsistent with substantial justice" because "the remarks summarized above were made with an intent to invoke racial prejudice" and "the defense attorneys made the remarks to prejudice the jurors."  *Id.* at 960.  As a result, the danger of unfair prejudice to HTC Corp. as compared to any probative value of the nationality of HTC Corp. or any of its witnesses

dictates that any reference to the nationality of HTC Corp. or its employees should be strictly factual in nature.

**B.** **Motion To Exclude Any Argument Or Testimony, Including From Experts, Concerning Statements Or Reasoning In The Court's Claim Construction Order**

The Court should preclude each party from offering testimony (including expert testimony), evidence, or argument about statements or reasoning in the Court's Claim Construction Order (Dkt. 108). Such an order would not preclude the offer of testimony, evidence, argument, or reference to the Court's actual claim constructions. Because claim construction is an issue of law for the court to decide, the reasoning in the Court's Claim Construction Order is not relevant to any issue submitted to the jury, and presents a substantial danger of confusing the issues and misleading the jury. Indeed the Court has expressly instructed the parties on this issue in its Order:

> The parties are ordered that they may not refer, directly or indirectly, to each other's claim construction positions in the presence of the jury. Likewise, the parties are ordered to refrain from mentioning any portion of this opinion, other than the actual definitions adopted by the Court, in the presence of the jury. Any reference to claim construction proceedings is limited to informing the jury of the definitions adopted by the Court.

Dkt. 108 at 58; *see also Sulzer Textil A.G. v. Picanol N.V.*, 358 F.3d 1356, 1366 (Fed. Cir. 2004) ("The jury must be told that the court has made a claim construction ruling that the jury must follow and cannot be left free to apply its own reading of disputed terms to the facts of the case.").

**C.** **Motion To Exclude Any Argument Or Testimony, Including From Experts, Concerning Disputed Issues Or Alleged Deficiencies In HTC Corp.'s Discovery Conduct**

The Court should preclude Salazar from making any reference before the jury about disputed issues that were resolved or could have been resolved before trial, including discovery disputes, alleged deficiencies in HTC Corp.'s document production or discovery responses, HTC Corp.'s conduct during discovery, and any alleged litigation misconduct. These issues are wholly

irrelevant to the issues at trial and are highly prejudicial, particularly when comments or orders from the Court are referenced.  Any probative value of such issues is substantially outweighed by the danger of unfair prejudice and jury confusion.  *See* Fed. R. Evid. 401, 403.

HTC expects that Salazar will attempt to elicit expert testimony from its damages expert, Justin Blok, that HTC Corp. did not produce sufficient profitability information or customer surveys. Ex. B, at 52:2-53:14.  For example, Mr. Blok has testified that

> You know, for example, I know that Apple has a significant number. They -- they spent a significant amount of money on surveys to understand what their customers think is important. **I haven't seen anything like that from HTC**.

*Id.* at 53:8-12 (emphasis added).  Salazar never raised an issue regarding HTC Corp.'s production of surveys and should not be allowed to shift its burden to establish a reasonable royalty by insinuating that HTC Corp. has withheld any such documents.  Admission of such testimony or arguments is likely to cause the jury to infer that HTC Corp. withheld relevant information.  That kind of testimony would only serve to unfairly mislead the jury to believe that this and other reasonable discovery disputes were the result of discovery abuse or fraud.

This Court frequently grants similar motions to prevent irrelevant and unfairly prejudicial arguments and evidence from reaching the jury.  *See, e.g.*, *Barry v. Medtronic*, No. 1:14-cv-104-RC, at *7 (E.D. Tex. Oct. 28, 2016) (granting-in-part a motion *in limine*, precluding either party from "refer[ring] to the fact that there was a discovery dispute, that either party destroyed evidence or spoliation") (attached as Ex. C); *Ziilabs Inc. Ltd. v. Samsung Elecs. Co.*, No. 2:14-cv-203-JRG-RSP, 2015 WL 13617214, at *4 (E.D. Tex. Oct. 28, 2015) (granting-in-part a motion *in limine* seeking to preclude "evidence or argument regarding discovery disputes or Samsung's document retention policies," ruling that "[p]laintiffs may not imply that defendant engaged in spoliation or

discovery violations, but may present relevant evidence or argument as to Samsung's document retention policy").  The Court should therefore grant this motion.

### D.      Motion To Exclude Any Argument Or Testimony, Including From Experts, Concerning Opinions Outside The Scope Of Any Expert's Timely Written Report

Salazar's expert witnesses should be precluded from testifying as to opinions not included in their written reports, including opinions based on another expert's non-disclosed opinions. Fed. R. Civ. P. 37(c)(1); *see also 02 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1368-69 (Fed. Cir. 2006) ("Federal Rule of Civil Procedure 37(c)(1) authorizes the exclusion of evidence that was not disclosed as required by Federal Rule of Civil Procedure 26(a). Under Rule 26(a)(2)(B)(i), a party must disclose, as directed by the court, its expert witnesses and a report that "contain[s] . . . a complete statement of all opinions the witness will express and the basis and reasons for them."); *Witt v. Chesapeake Exploration, L.L.C.*, No. 9:09-CV-176, 2011 WL 2790174, at *2 (E.D. Tex. July 14, 2011) (granting motion to exclude expert testimony beyond the scope of disclosed reports and collecting similar cases).

### E.      Motion To Exclude Any Argument Or Testimony, Including From Experts, Concerning The Size Of Parties' Law Firms

The parties should be prohibited from introducing any argument, evidence, testimony (including expert testimony), or argument regarding the relative size of the law firms retained by the parties.  The size of the retained law firms is irrelevant to any issue in the case, and such evidence presents a substantial danger of unfair prejudice to HTC Corp.  Further, any mention of the size of the law firms representing HTC Corp. may cause the jury to infer wrongdoing by the defendant or suggest an ability to pay a judgment.  Both potential inferences would unfairly prejudice HTC Corp. and are improper factors for the jury to consider.  *See Panama Electric Co.*

*v. Moyers*, 259 F. 219 (5th Cir. 1919) (reversing judgment where plaintiff argued that his client was "a poor man" fighting a "rich corporation").

For these reasons, this Court has routinely excluded evidence on the relative sizes of the law firms representing the parties. *See, e.g.*, *Dataquill Ltd. v. Huawei Techs. Co Ltd.*, No. 2:13-CV-633-JRG-RSP, 2015 WL 11109697, at *1 (E.D. Tex. June 11, 2015) (granting motion *in limine* excluding evidence of the relative sizes of law firms representing the parties); *Fiber Sys. Int'l Inc. v. Applied Optical Sys., Inc.*, No. 2:06-cv-473, at *2 (E.D. Tex. Oct. 26, 2009) (Ward, J.) (granting motion *in limine* and ordering that "the parties are prevented from discussing the comparative size of [the plaintiff] to [the defendant] (e.g., the David versus Goliath argument)").  Because the relative sizes of the retained law firms are not probative of any issue in this case, and because there is a substantial danger this evidence may cause unfair prejudice, the Court should grant this motion.

**F.      Motion To Exclude Any Argument Or Testimony, Including From Experts, Concerning Objections Made By A Party**

The Court should preclude each party from introducing into evidence any references, evidence, testimony (including expert testimony), or argument concerning any objections made by the parties in answers to interrogatories or at hearings, depositions, or trial.  To the extent that discovery responses are to be used, objections thereto should be redacted.

Objections made by either party are not relevant to any claim or defense under Fed. R. Evid. 401.  Even if such objections were relevant, their relevance would be substantially outweighed by unfair prejudice.  Specifically, admission of objections made by the parties does not make any disputed fact in this case more or less likely, yet the jury may make adverse inferences from a party's objections.  This motion prevents the admission of irrelevant and unfairly

prejudicial evidence, and would not interfere with the parties' ability to object to the admission of evidence submitted at trial.

Dated: March 19, 2018

Respectfully submitted by,

/s/ *Jerry R. Selinger*
Jerry R. Selinger
State Bar No. 18008250
Email: jselinger@pattersonsheridan.com
Trampas A. Kurth
State Bar No. 24055807
Email: tkurth@pattersonsheridan.com
PATTERSON + SHERIDAN, LLP
1700 Pacific Avenue, Suite 2650
Dallas, Texas 75201
Tel: 214.272.0957
Fax: 713.623.4846

/s/ *Fred I. Williams*
Fred I. Williams
TX Bar No. 00794855
Email: fwilliams@velaw.com
Mario A. Apreotesi
TX Bar No. 24080772
Email: mapreotesi@velaw.com
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, Texas 78746
Tel: 512.542.8400
Fax: 512.542.8612

Todd E. Landis
TX Bar No. 24030226
Email: tlandis@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, Texas  75201
Tel:  214.220.7700
Fax: 214.220.7716

Harry Lee Gillam, Jr.
State Bar No. 07921800
Email: gil@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas   75670
Tel: 903.934.8450
Fax: 903.934.9257

ATTORNEYS FOR DEFENDANT
HTC CORPORATION

## CERTIFICATE OF CONFERENCE

Counsel for HTC Corporation have complied with the meet and confer requirements of Local Rule CV-7(h) and the foregoing motion is opposed by Plaintiff Joe Andrew Salazar.  The personal conference required by Local Rule CV-7(h) was conducted via telephone conference on March 12, 2018 between Mario Apreotesi, counsel for HTC Corporation and Dariush Keyhani, counsel for Plaintiff.

*/s/ Fred I. Williams*
Fred I. Williams

## CERTIFICATE OF SERVICE

I certify that on March 19, 2018 a true and correct copy of the foregoing document was electronically filed with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case filing ("ECF") system of the court.  The attorneys of record who have consented in writing to accept notice as service of this document by electronic means are being served by a "Notice of Electronic Filing," sent by the ECF system.

*/s/ Fred I. Williams*
Fred I. Williams

11