## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| JOE ANDREW SALAZAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:16-cv-01096-JRG-RSP |
| | § | |
| HTC CORPORATION, | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

### PLAINTIFF JOE ANDREW SALAZAR'S MOTION *IN LIMINE*

Joe Andrew Salazar ("Mr. Salazar"), Plaintiff in the above-entitled and numbered action, files the following Motion *in Limine* and shows:

### INTRODUCTION

Pursuant to FED. R. EVID. 103(c) and 104(c), Mr. Salazar moves for an order *in limine* prior to commencement of the voir dire examination of the jury panel, instructing Defendant HTC Corporation ("HTC") and its attorneys, representatives and all defense witnesses (whether live or by deposition), not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner whatsoever, either directly or indirectly, any of the following matters without first approaching the bench and obtaining a favorable ruling from the Court outside the presence and hearing of all prospective jurors and the jurors ultimately selected in this action in regard to any alleged theory of admissibility of such matters.  Mr. Salazar requests the Court to instruct HTC to warn and caution each witness it may call to testify to follow these same instructions. In this connection, Mr. Salazar would show the Court that the following matters would be inadmissible for any purpose upon proper and timely objection by Mr. Salazar pursuant to FED. R. EVID. 401- 402 in that these matters do not have a tendency to make a fact more or less probable than it would be without that evidence and/or

the facts to be proven by the matters are not of consequence in the determining this action and are

therefore irrelevant to any material issue in this action or the rights of the parties to this action.

Alternatively, Mr. Salazar would show the Court that the following matters would be inadmissible

for any purpose upon proper and timely objection by Mr. Salazar pursuant to FED. R. EVID. 403 in

that the alleged probative value of any of these matters is substantially outweighed by a danger of

unfair prejudice, confusion of the issues, misleading the jury, undue delay, waste of time and/or the

needless presentation of cumulative evidence.  Permitting interrogation of witnesses, comments to

jurors or prospective jurors, offers of evidence or statements of counsel concerning these matters

would unduly prejudice the jury, and sustaining objections to such questions, comments, offers of

evidence or statements would not cure such prejudice but rather would only serve to reinforce the

impact of such prejudicial matters on the jurors.

## INADMISSIBLE MATTERS

### MIL No. 1: Any Statement, Argument, Testimony or Evidence
### that is inconsistent with the Court's claim construction opinion
### or pertains to rejected claim construction positions.

Mr. Salazar moves *in limine* to exclude any statement, argument, testimony or evidence by

HTC that attempts to relitigate claim construction, that is inconsistent with the Court's claim

construction opinion or that pertains to claim construction positions that were rejected by the Court

in this case.  Specifically, HTC should be precluded from doing any of the following: (1) presenting

any evidence or argument that would contradict the constructions this Court adopted; (2) arguing

about or referring to the parties' arguments or positions taken during the *Markman* process; (3)

arguing about or referring to this Court's reasoning or thought processes underlying its claim

constructions; and (4) arguing for or suggesting limits on the scope of the claims, or alterations to

the Court's claim construction, based on, *e.g.*, the preferred embodiment of the patent-in-suit or an

expert witness' interpretation of what a defined claim term means.  Testimony or argument relating

2

to these subjects is not relevant.  FED. R. EVID. 401-402. Claim construction is a question of law decided by the Court. *Lighting Ballast Control LLC v. Philips Elecs. North Am. Corp.,* 744 F.3d 1272, 1292 (Fed. Cir. 2014). "No party may contradict the court's [claim] construction to a jury." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1321 (Fed. Cir. 2009). It is well settled that testimony concerning conclusions of law improperly usurps the judge's "role of deciding law for the benefit of the jury." *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997). In addition, an expert's opinion must use "the claim construction adopted by the court." *Intellectual Sci. & Tech., Inc. v. Sony Elecs., Inc.*, 589 F.3d 1179, 1183 (Fed. Cir. 2009) (citation omitted). Experts are not permitted to disregard or misapply the Court's claim constructions. *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 913 (Fed. Cir. 2012). Expert opinions based on incorrect statements of law are not admissible. *See Herbert v. Lisle Corp.*, 99 F.3d 1109, 1117 (Fed. Cir. 1996). *See, e.g., MarcTec*, 664 F.3d at 913 ("expert testimony [that] ignored the court's claim construction 'is irrelevant to the question of infringement' and is inadmissible under *Daubert*").  The witnesses to be called in this action are not legal experts and in any event should not be opining about why the Court applied a particular construction or why the Court's construction should be understood or interpreted in a particular way. *Eolas Techs., Inc. v. HTC Corp.*, 270 F.Supp.2d 997, 1008 (N.D. Ill. 2003) (prohibiting expert from testifying on interpretations and issues of law as "assessments of the law are the province of this court"). For the same reasons, HTC should not be permitted to offer testimony regarding this Court's failure to adopt any of Mr. Salazar's proposed claim constructions during the *Markman* process.  The Court's decision not to adopt any of Mr. Salazar's proposed claim construction positions is similarly irrelevant and should not be presented to the jury in an effort to suggest that the Court found against Mr. Salazar.

It is also improper to argue claim construction to the jury because the "risk of confusing the jury is high when experts opine on claim construction." *Cordis Corp. v. Boston Sci. Corp.*, 561

F.3d 1319, 1337 (Fed. Cir. 2009) (citations omitted). Expert testimony that is inconsistent with or re-interprets the Court's claim construction is admissible because such evidence could confuse the jury. *Network-1 Technologies, Inc. v. Alcatel-Lucent USA, Inc.*, No. 6:11-cv-492-RWS-KNM, Dkt. 962 (E.D. Tex. Sept. 13, 2017 (citing *EMC Corp. v. Pure Storage, Inc.*, 154 F. Supp. 3d 81, 109 (D. Del. 2016); *Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1224 n.2 (Fed. Cir. 2006)). Therefore, the prejudice, confusion, and waste of time associated with introducing evidence to the jury regarding a witness' understanding or interpretation of the Court's claim constructions substantially outweighs the probative value of such evidence, if any, and should be excluded pursuant to FED. R. EVID. 403.

### MIL No. 2: Any Statement, Argument, Testimony or Evidence that the accused products are covered by HTC's own patents or general references to HTC's own patents.

Mr. Salazar moves *in limine* to exclude any statement, argument, testimony or evidence regarding or referring to any patents applied for or issued to HTC or HTC's past or present employees or any patents that HTC currently or previously owned, including any argument that HTC's patents purportedly cover the accused products or that HTC cannot infringe the '467 Patent because HTC has its own patents.  HTC has no legitimate purpose for mentioning or introducing its patents into evidence because they are not relevant to any disputed issue. FED. R. EVID.  402; *EZ Dock, Inc. v. Schafer Sys., Inc.*, No. Civ. 98-2364, 2003 WL 1610781, at *11 (D. Minn. Mar. 8, 2003) (Defendant's possession of patents "is irrelevant to the issue of infringement."). Likewise, the fact that HTC has its own patents is not a defense to infringement. *See Bio-Tech. Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1559 (Fed. Cir. 1996) ("The existence of one's own patent does not constitute a defense to infringement of someone else's patent.")  HTC's patents are not relevant to infringement, and HTC does not assert that its patents are prior art or otherwise related to validity. Accordingly, the introduction of HTC's patents would waste time and distract the jury

from focusing on relevant matters and should be precluded. Moreover, there is a real danger that

an irrelevant patent or patent application will confuse and mislead the jury into thinking that the

existence of a different patent or patent application may give HTC an affirmative right to practice

the '467 Patent even if HTC infringes. In *EZ Dock, Inc.*, for example, the court excluded evidence

of the defendant's own patents under FED. R. EVID. 402, holding that the patents were irrelevant

to the issue of infringement. 2003 WL 1610781, at *11. In addition, the court excluded the patents

under FED. R. EVID. 403, reasoning that evidence of a defendant's own patents on the accused

devices "takes advantage of a common misconception by the public that a patent grants an

affirmative right to make the patented article." *Id.*   Thus, any conceivable probative value would

therefore be substantially outweighed by the danger of unfair prejudice, delay, misleading the jury,

or confusion of the issues in this case. FED. R. EVID. 403.

### MIL No. 3: Any Statement, Argument, Testimony or Evidence making Comparisons Between the Accused Products and the Patents or Patent Applications of HTC or Third Parties.

Mr. Salazar moves *in limine* to exclude any statement, argument, testimony or evidence,

by HTC that makes a comparison between the accused products and its own patents or patent

applications. HTC may attempt to evoke sympathy in the jury by attempting to demonstrate that

it invents or otherwise holds patents or patent applications. HTC may also attempt to confuse the

jury by comparing the claims of its patents or patent applications, or those of other parties, to the

accused products, which would distract from a comparison of the '467 Patent's construed claims

to the accused products or prior art at issue in this case. Allusions to the patents or patent

applications of HTC or third parties are thus prejudicial and confusing.  They also have no

probative value.  They do not relate to infringement, as they do not help with the comparison of

the construed claims of the '467 Patent to the accused products. And they do not relate to invalidity

because they do not help with the comparison of the construed claims of the '467 Patent to prior

art references (a comparison between an accused product and the claims of a reference is not the same thing). This Court has granted similar motions before. *See, e.g., CardSoft, Inc. v. VeriFone Sys., Inc.,* No. 2:08-cv-98-RSP, Dkt. 376 (E.D. Tex. June 4, 2012) (granting plaintiff's motion *in limine* 12); *SimpleAir, Inc. v. Microsoft Corp.*, No. 2:11-cv-416-JRG, Dkt. 571 (E.D. Tex. Jan. 8, 2014) (granting plaintiff's motion *in limine* 6); S*impleAir, Inc. v. Google Inc.,* No. 2:13-cv-587-JRG, Dkt. 6 (E.D. Tex. March 12, 2014) (granting plaintiff's motion *in limine* 8).

### MIL No. 4: Any Statement, Argument, Testimony or Evidence Comparing An Accused Product To The Prior Art To Establish Non- infringement Or Invalidity.

Mr. Salazar moves *in limine* to exclude any statement, argument, testimony or evidence by HTC comparing any accused product to any purported prior art device, a prior art patent, or any other prior art. That is because the case for anticipation, obviousness, or a prior art statutory bar must involve comparing the prior art to the construed claims of the patent-in-suit and not to anything else. This Court has granted similar motions before. *See, e.g.*, *Promethean Insulation Tech. LLC v. Sealed Air Corp.*, No. 2:13-cv-1113-JRG-RSP, Dkt. 237 (E.D. Tex. Aug. 14, 2015) (granting plaintiff's motion *in limine* 2); *SimpleAir, Inc. v. Microsoft Corp.*, No. 2:11-cv-416-JRG, Dkt. 571 (E.D. Tex. Jan. 8, 2014) (granting plaintiff's motion *in limine* 4).

### MIL No. 5: Any Statement, Argument, Testimony or Evidence regarding Indefiniteness of the patents-in-suit as an invalidity defense.

Mr. Salazar moves *in limine* to exclude any statement, argument, testimony or evidence by HTC that the '467 Patent is indefinite or asserting an invalidity defense under 35 U.S.C. § 112 based on indefiniteness. "[A]s the Federal Circuit has explained, indefiniteness presents a question of law that is 'inextricably intertwined with claim construction.'" *Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202, 2017 WL 1355388, at *3 (E.D. Tex. Apr. 13, 2017) (quoting *Cox Commc'ns, Inc. v. Sprint Commc'n Co. LP*, 838 F.3d 1224, 1232 (Fed. Cir. 2016).

**MIL No. 6: Any statement, argument, testimony or evidence regarding any past patent prosecution efforts by Mr. Salazar not related to the issuance of the '467 Patent, including patent application No. US 2005/0054289 A1, and the examiner's actions therein.**

Mr. Salazar moves *in limine* to exclude any statement, argument, testimony or evidence by HTC regarding any past patent prosecution efforts by Mr. Salazar not related to the issuance of the '467 Patent, specifically his efforts with respect to U.S. Patent Application Publication: No. US 2005/0054289 A1, dated March 10, 2005 (the "2005/0054289 application") or any documents prepared in support thereof.  The 2005/0054289 application was filed with the USPTO by Mr. Salazar and others and sought to obtain a patent on a communications, command, and control system with plug-and-play connectivity. The USPTO ultimately decided not issue a patent on the 2005/0054289 application but it would be prejudicial to Mr. Salazar and confusing to the jury to allow HTC to seize upon that fact to suggest that the earlier '467 Patent should not have issued or that it was issued under questionable circumstances or is of doubtful validity or that the 2005/0054289 application itself or any supporting documentation has any bearing on the disputed issues in this action. Due to the irrelevant and prejudicial nature of these circumstances Mr. Salazar's past patent prosecution efforts that did not lead up to the issuance of the '467 Patent should be excluded pursuant to Fed. R. Evid. 402, 403.

**MIL No. 7: Any Statement, Argument, Testimony or Evidence regarding Mr. Salazar's alleged failure to mark.**

Mr. Salazar moves *in limine* to exclude any statement, argument, testimony or evidence regarding HTC's claim that Mr. Salazar is statutorily limited by 35 U.S.C. §§ 286 and/or 287 from recovering pre-suit damages. In paragraph 30 of HTC's Amended Answer and Counterclaim, HTC alleges that Innovative Intelcom Industries ("I3")  failed to consistently and continuously mark with the '467 patent number substantially all of (1) the Model Hughes Remote Phone devices from 1999 to 2001, (2) the 650D My One Remote devices from 2001 to 2003, and (3) the My1Remote devices from 2003 to 2005. An alleged infringer who challenges the patentee's compliance with §

287 bears an initial burden of production to articulate the products it believes are unmarked "patented articles" subject to § 287. *See Arctic Cat Inc. v. Bombardier Rec. Prods. Inc.*, 2017 WL 6044237, at \*10 (Fed. Cir. Dec. 7, 2017).  In *Artic Cat*, the Federal Circuit held that Bombardier satisfied its burden of production by specifically identifying plaintiff's products it claimed were not marked and providing expert opinion testimony that the non-marked products practiced the patent-in suit. In this action, HTC has not met its burden of production in that it has failed to identify any products that were not marked that should have been marked and/or provide any evidence that the alleged unmarked products mentioned above practiced the '467 Patent.

### MIL No. 8: Any Statement, Argument, Testimony or Evidence regarding or referencing equitable issues.

Mr. Salazar moves *in limine* to exclude any statement, argument, testimony or evidence by HTC regarding or referring to its equitable defenses or any facts and testimony in support of those defenses. Paragraph 30 of HTC's Amended Answer and Counterclaim asserts that the relief sought by Mr. Salazar is barred, in whole or in part, by the doctrines of waiver, estoppel, prosecution estoppel, and/or acquiescence due to inaction in timely asserting the '467 patent. There is no right to a jury trial on equitable claims or defenses such as estoppel, patent misuse, unclean hands, laches or waiver. *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1028 (Fed. Cir. 1992) (*en banc*); *Mylan Pharm. Inc., v. Thompson*, 268 F.3d 1323, 1331 (Fed. Cir. 2001); *B. Braun Medical, Inc. v. Abbott Laboratories*, 124 F.3d 1419, 1423 (Fed. Cir. 1997). These equitable issues are reserved for the Court to determine and not the jury and any such reference or evidence would be irrelevant, FED. R. EVID. 402, and/or more prejudicial than probative. FED. R. EVID. 403.

### MIL No. 9: Any Statement, Argument, Testimony or Evidence regarding any alleged delay in Plaintiff filing suit against HTC.

Mr. Salazar moves *in limine* to exclude any statement, argument, testimony or evidence by HTC regarding any alleged delay in Mr. Salazar filing suit against HTC. Attempts to introduce

evidence of a plaintiff's delay in filing a suit for infringement, including to support an argument that delay in bringing suit establishes the plaintiff's perception of the lack of value of the patented invention, is speculative and not relevant to damages. *Exmark Mfg. Co. v. Briggs & Stratton Power Prods*., LLC, (Fed. Cir. Jan. 12, 2018).

### MIL No. 10: Any Statement, Argument, Testimony or Evidence regarding alleged misrepresentations to or withholding from the USPTO.

Mr. Salazar moves *in limine* to exclude any statement, argument, testimony or evidence by HTC regarding any alleged misleading of or lying to the USPTO or intending to deceive the USPTO such as by withholding information. Such evidence is only relevant to inequitable conduct, which is an equitable issue reserved for the Court and not the jury. FED. R. EVID. 401-403; *see e.g., z4 Techs., Inc. v. Microsoft Corp.,* No. 6:06-CV-142, 2006 U.S. Dist. LEXIS 58374, at \*60 (E.D. Tex. Aug. 18, 2006).

### MIL No. 11: Any Statement, Argument, Testimony or Evidence regarding or referring to any available, acceptable non-infringing alternatives that do not provide the same or similar benefits as the '467 Patent.

Mr. Salazar moves *in limine* to exclude any statement, argument, testimony or evidence by HTC regarding certain allegedly non-infringing alternatives that were either not available at the time of the hypothetical negotiation and/or were not acceptable because they did not provide the same or similar benefits as the patented features of the '467 Patent. HTC's damages expert, Mr. Bakewell, opined that there were certain acceptable non-infringing alternatives that were based on completely removing the accused IR functionality from the accused products or removing the learning capability from the IR functionality and selling the accused products with preprogrammed IR codes that were available at the time of the hypothetical negotiation. However, removing or disabling the accused IR functionality from the accused products renders them unable to provide

the same or similar benefits to the users of the accused products. The law is well settled that the "[m]ere existence of a competing device does not necessarily make the device an acceptable non-infringing substitute." *TWM Mfg. Co., Inc. v. Dura Corp.*, 789 F.2d 895, 901, 229 U.S.P.Q. 525 (Fed.Cir.1986), cert. denied. A product on the market that lacks the advantages of the patented product can hardly be termed a substitute acceptable to the customer who wants those advantages. *Standard Havens Products, Inc. v. Gencor Industries, Inc*., 953 F.2d 1360, 1373, 21 U.S.P.Q.2d 1321 (Fed.Cir.1991), cert. denied. Or put another way, if purchasers are motivated to purchase because of particular features available only from the patented product, products without such features would most certainly not be acceptable non-infringing substitutes. *Id.; Ericsson, Inc. v. Harris Corp.,* No. 4:98-cv-325, 2001 WL 36131932, *4 (E.D. Tex. March 13, 2001). The Court should exclude any testimony or opinions of Mr. Bakewell as to non-infringing alternatives that were not available and/or that are alleged to be acceptable substitutes due to removing or disabling the accused IR functionality of the accused products.

### MIL No. 12: Any Statement, Argument, Testimony or Evidence regarding Mr. Salazar' choice of venue.

Mr. Salazar moves *in limine* to exclude any statement, argument, testimony or evidence by HTC criticizing or questioning Mr. Salazar's decision to file this action in the Eastern District of Texas, that Marshall, Texas is not a proper place to file this action or that Mr. Salazar filed this action here for underhanded purposes. Such criticism would include, but not be limited to, statements or arguments that Mr. Salazar has engaged in forum shopping or litigation abuse, that the Eastern District of Texas is a popular venue for patent holders or is the wrong venue for this litigation, or is inconvenient for HTC's witnesses. The propriety of venue is an issue to be decided by the Court, not the jury. Presentation on these matters has no probative value to the claims and defenses in this action and serves only to confuse and prejudice the jury. This Court has granted

similar motions before. *See, e.g.*, *Droplets, Inc. v. Overstock.com, Inc.*, No. 2:11-cv-401-JRG-RSP, Dkt. 321 (E.D. Tex. Dec. 10, 2014) (granting plaintiff's motion *in limine* 7); *CardSoft, Inc. v. VeriFone Sys., Inc.*, No. 2:08-cv-98-RSP, Dkt. 376 (E.D. Tex. June 4, 2012) (granting plaintiff's motion *in limine* 14).

**MIL No. 13: Any Statement, Argument, Testimony or Evidence regarding opinions, reports or testimony of Mr. Salazar's expert witnesses in other cases.**

Mr. Salazar moves *in limine* to exclude any statement, argument, testimony or evidence by HTC concerning whether any of his retained experts have had their opinions or testimony challenged in any other case or had their opinions or testimony excluded, in whole or in part, by another court's ruling in a *Daubert*-related opinion or order in unrelated legal actions. Discussing the past opinion testimony of an expert, including prior exclusions of an expert's opinions or testimony on *Daubert* grounds in unrelated cases or determinations made by a jury on that expert's past opinions, has no bearing on the merits of this case and is irrelevant. "[A]llowing evidence that an expert has been excluded in other cases carries a significant risk of juror confusion and unfair prejudice." *Mobile Telecommc'ns Techs., LLC v. Clearwire Corp.*, No. 2:12-cv-308-JRG-RSP, Dkt. 200 (E.D. Tex. Jan. 29, 2014) (granting plaintiff's motion *in limine* 1). This is especially so because the facts and circumstances of those other cases may be significantly different from those here. And for that same reason, the expert's "win/loss" record should also be excluded from presentation at trial. *See Droplets, Inc. v. Overstock.com, Inc.*, No. 2:11-cv-401-JRG-RSP, Dkt. 321 (E.D. Tex. Dec. 10, 2014) (granting plaintiff's motion *in limine* 8). Mentioning such prior opinions or testimony or exclusions in front of the jury would cause unfair prejudice, confuse and mislead the jury, and waste valuable trial time. FED. R. EVID. 401-403.

**MIL No. 14: Any Statement, Argument, Testimony or Evidence regarding or referring to any experts' previous and/or current retention by counsel for Mr. Salazar.**

Mr. Salazar moves *in limine* to exclude any statement, argument, testimony or evidence by HTC regarding Mr. Salazar's trial counsel's previous and/or current retention in unrelated litigation of any of Mr. Salazar's testifying experts or of any of HTC's testifying experts for clients other than Mr. Salazar.  This information is wholly irrelevant to any issue in the case and, even if the Court were to find the previous and/or current working relationships between these experts and Mr. Salazar's trial counsel minimally probative, referring to an expert's previous retention by Mr. Salazar's trial counsel in front of the jury would cause unfair prejudice, confuse the issues, mislead the jury, and waste valuable trial time. *See* Fed. R. Evid. 401–403.

### MIL No. 15: Any Statement, Argument, Testimony or Evidence regarding Mr. Salazar's attorneys or their fee agreements.

Mr. Salazar moves *in limine* to exclude any statement, argument, testimony or evidence by HTC regarding the time or circumstances under which Mr. Salazar retained his attorneys or any reference to Mr. Salazar's counsel's fee agreement in this case, including the terms thereof, *e.g.,* hourly versus contingent, or the fees that Mr. Salazar's counsel would earn depending upon any given outcome in this case. FED. R. EVID. 401-403. This Court has routinely granted similar motions before. *See, e.g.*, *Promethean Insulation Tech. LLC v. Sealed Air Corp.*, No. 2:13-cv-1113-JRG-RSP, Dkt. 237 (E.D. Tex. Aug. 14, 2015) (granting plaintiff's motion *in limine* 8); *Droplets, Inc. v. Overstock.com, Inc.*, No. 2:11-cv-401-JRG-RSP, Dkt. 321 (E.D. Tex. Dec. 10, 2014) (granting plaintiff's motion *in limine* 9); *CardSoft, Inc. v. VeriFone Sys., Inc.*, No. 2:08-cv-98-RSP, Dkt. 376 (E.D. Tex. June 4, 2012) (granting plaintiff's motion *in limine* 10); *SSL Servs., LLC v. Citrix Sys., Inc.*, No. 2:08-cv-158-JRG, Dkt. 219 (E.D. Tex. March 24, 2012) (granting plaintiff's motion *in limine* 5).

### MIL No. 16: Any Statement, Argument, Testimony or Evidence by Counsel Regarding Their Personal Beliefs or Opinions About the Case.

Mr. Salazar moves *in limine* to exclude any statement or argument by counsel for HTC concerning their personal beliefs or opinions about the case. The jury may not make findings by weighing the statements of counsel regarding counsel's evaluation of the case. Such statements would be improper, and more prejudicial than probative. Fed. R. Evid. 401-403.

**MIL No. 17: Any statement, argument, testimony or evidence, that Mr. Salazar's infringement analysis is incomplete, inaccurate, or in any way deficient based on his inability to access source code, the number of times it was accessed, or the identity of the person reviewing the code.**

Mr. Salazar moves *in limine* to exclude any statement, argument, testimony or evidence, by HTC that Mr. Salazar's infringement analysis is in any way deficient based on his lack of complete access to any relevant source code. Arguments of this nature are irrelevant to any matter at issue in this case and are intended solely to mislead a jury into believing that Mr. Salazar was not diligent in reviewing source code. HTC negotiated a heavily restrictive protective order that strictly limits Mr. Salazar's access to HTC's source code, with no such limits on its own experts. Moreover, HTC hindered Mr. Salazar's ability to review source code throughout this case by failing to produce all relevant code in a timely manner, and serially producing code only when specific missing items have been requested by his code reviewers. Therefore, any attempt by HTC to criticize Mr. Salazar's source code review efforts or to suggest that Mr. Salazar could or should have reviewed more source code than was actually reviewed in preparing his infringement analysis would cause unfair prejudice, confuse and mislead the jury, and waste trial time on irrelevant issues. *See* FED. R. EVID. 401–403.

**MIL No. 18: Any Statement, Argument, Testimony or Evidence indicating or suggesting that the case lacks merit or has less value because the patent is expired.**

Mr. Salazar moves *in limine* to exclude any statement, argument, testimony or evidence by HTC that this case lacks merit because the patent it is based on has already expired or that this

action was filed after the expiration date of the '467 Patent. It would be misleading and highly

prejudicial to Mr. Salazar to allow HTC to use the expiration date of the '467 Patent as a basis for

arguing or implying to the jury that Mr. Salazar's case lacks merit because it is based on an expired

patent.  *See* Fed. R. Evid. 403.

> **MIL No. 19: Any Statement, Argument, Testimony or Evidence regarding or referring to Salazar's document production or missing documents.**

Mr. Salazar moves *in limine* to exclude any statement, argument, testimony or evidence by

HTC regarding any alleged failure by Salazar to produce documents or a reference to any

documents missing from Salazar's production. *See* FED. R. CIV. P. 26(a), 37(c)(2); FED. R. EVID.

401-403.

> **MIL No. 20: Any Statement, Argument, Testimony or Evidence that amounts to negative or derogatory statements commenting that Mr. Salazar or companies previously owned by him or that he had an interest in did not practice the invention and/or is a non-practicing entity.**

Mr. Salazar moves *in limine* to exclude any statement, argument, testimony or evidence by

HTC that references Mr. Salazar or any predecessor company he owned or had an interest in

(including I3) in derogatory terms because he is asserting a patent against HTC that neither he nor

his previous companies developed or sold a product that practiced the patent. Comments that Mr.

Salazar is simply in the business of asserting patents and not making products based on his patents,

or is a "patent troll" or similar pejoratives that attempt to slur or negatively characterize Mr. Salazar

are prejudicial and cater to emotional reactions, rather than serve the evenhanded evaluation of the

claims and defenses based on the admissible relevant evidence. This Court has granted similar

motions in prior cases. *See, e.g., Droplets, Inc. v. Overstock.com, Inc.*, No. 2:11-cv-401-JRG-RSP,

Dkt. 321 (E.D. Tex. Dec. 10, 2014) (granting plaintiff's motion in limine 3); *SSL Servs., LLC v.*

*Citrix Sys., Inc.,* No. 2:08-cv-158-JRG, Dkt. 219 (E.D. Tex. March 24, 2012) (granting plaintiff's

14

motion in limine 10); *Wi-Lan Inc. v. HTC Corp.*, No. 2:11-cv-68- JRG, Dkt. 608 (E.D. Tex. Oct. 11, 2013) (granting plaintiff's motion in limine 8).

**MIL No. 21: Any Statement, Argument, Testimony or Evidence that references or mentions products or disclosure of products sold by Mr. Salazar or I3 that did not practice any claims of the '467 Patent (even if mistakenly marked).**

HTC has not alleged in its pleading nor at time in the case presented any evidence that Mr. Salazar ever engaged in false marking of his products under 35 U.S.C § 292.  Allegations of false marking are required to be pled with particularly under Rule 9(b).  *See, e.g., In re BP Lubricants USA Inc.,* 637 F.3d 1307 (Fed. Cir. 2011).  Accordingly, Mr. Salazar asked that the Court enter an order precluding HTC from making any allegations regarding products sold by Salazar and/or his former entityy Innovative Intelcom Industries ("I3") that sold products marked with the '467 Patent that did not practice the claims of the patent.

## PRAYER

PREMISES CONSIDERED, Plaintiff, Joe Andrew Salazar, respectfully prays that his Motion *in Limine* be granted as to all matters set forth herein as they are either wholly irrelevant to any material issue involved in this action or the alleged probative value of any such matter is substantially outweighed by a danger of unfair prejudice, confusion of the issues or misleading the jury and that an appropriate Order of this Court be entered in accordance with the Court's rulings instructing HTC, HTC's defense counsel and any and all witnesses (whether testifying live or by deposition) called by HTC to refrain from any mention, reference, interrogation or argument (either directly or indirectly) concerning any of the matters set forth herein for such and further relief as the Court deems suitable and just.

Dated: March 19, 2018

Respectfully submitted,

Dariush Keyhani, Lead Attorney
*Pro Hac Vice*
New Jersey State Bar No. 044062002
MEREDITH & KEYANI, PLLC
125 Park Avenue, 25th Floor
New York, NY 10017
(212) 760-0098 Telephone
(212) 202-3819 Facsimile
Email: dkeyhani@meredithkeyhani.com

Andy Tindel
Texas State Bar No. 20054500
MT² LAW GROUP
MANN | TINDEL | THOMPSON
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile:  (903) 596-0909
Email: atindel@andytindel.com

J. Mark Mann
Texas State Bar No. 12926150
G. Blake Thompson
Texas State Bar No. 24042033
MT² LAW GROUP
MANN | TINDEL | THOMPSON
300 West Main Street
Henderson, Texas 75652
Telephone: (903) 657-8540
Facsimile:   (903) 657-6003
Email: mark@themannfirm.com
Email: blake@themannfirm.com

*Attorneys for Plaintiff Joe Andrew Salazar*

16

## CERTIFICATE OF SERVICE

This is to certify that all known counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on this the 19th day of March, 2018. Any other known counsel of record will be served with a copy of this document by email and/or facsimile transmission.

_____
Andy Tindel

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiff met and conferred with counsel for Defendant on March 12, 2018 via telephone concerning the foregoing motion and thereafter by multiple electronic mail exchanges between the parties. Defendant could not agree to the motions *in limine* contained in the foregoing motion and, as such this motion is submitted as an opposed motion. Counsel for the parties will continue to meet and confer on their respective motions *in limine* and will advise the Court of any further agreements reached no later than 1:00 p.m. three (3) business days before the pretrial conference in this action on April 16, 2018.

_____
Andy Tindel