**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| JOE ANDREW SALAZAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:16-cv-1096-JRG-RSP |
| | § | |
| HTC CORPORATION, | § | |
| | § | |
| Defendant. | § | JURY DEMANDED |

**PLAINTIFF JOE ANDREW SALAZAR'S ANSWER
AND REPLY TO DEFENDANT HTC CORPORATION'S
AMENDED ANSWER AND COUNTERCLAIMS**

Plaintiff/Counterclaim-Defendant Joe Andrew Salazar ("Salazar") files this Answer and Reply to Defendant/Counterclaim-Plaintiff HTC Corporation's ("HTC") Amended Answer and Counterclaims ("Counterclaims") (Doc. No. 180) and in response thereto shows as follows:

**PARTIES[1]**

1. In response to the allegations contained in paragraph 37 of the Counterclaims, Salazar admits that HTC is a corporation organized and existing under the laws of Taiwan. Salazar lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 37 of the Counterclaims and on that basis Salazar denies the allegations.

2. In response to the allegations contained in paragraph 38 of the Counterclaims, Salazar admits the allegations.

---

[1] All headings and titles repeated herein are taken from HTC's counterclaim pleading and are included in HTC's answer to those counterclaims for purposes of clarity only. To the extent any allegations are separately made by HTC in those headings or titles, those allegations, including any characterizations contained or implied in any of those headings or titles in the Counterclaims, are denied.

**JURISDICTION AND VENUE**

3. In response to the allegations contained in paragraph 39 of the Counterclaims, Salazar admits the allegations.

4. In response to the allegations contained in paragraph 40 of the Counterclaims, Salazar says that paragraph 40 states legal conclusions to which no response is required. To the extent that a response is required, the allegations of paragraph 40 of the Counterclaims are denied.

5. In response to the allegations contained in paragraph 41 of the Counterclaims, Salazar admits the allegations.

6. In response to the allegations contained in paragraph 42 of the Counterclaims, Salazar admits the allegations.

7. In response to the allegations contained in paragraph 43 of the Counterclaims, Salazar admits the allegations.

8. In response to the allegations contained in paragraph 44 of the Counterclaims, Salazar says that paragraph 44 states legal conclusions to which no response is required. To the extent that a response is required, the allegations of paragraph 44 of the Counterclaims are denied.

**SALAZAR'S ANSWER TO COUNT 1 OF HTC'S COUNTERCLAIMS**

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 5,802,467)**

9. Salazar realleges and hereby incorporates by reference all preceding responses previously made herein and by way of further response states:

10. In response to the allegations contained in paragraph 46 of the Counterclaims, Salazar admits that he filed suit against HTC alleging in his Complaint that HTC infringed and infringes the '467 patent. Salazar lacks knowledge or information sufficient to form a belief about

the truth of the remaining allegations contained in paragraph 46 of the Counterclaims and on that basis Salazar denies the allegations.

11. In response to the allegations contained in paragraph 47 of the Counterclaims, Salazar denies the allegations.

12. In response to the allegations contained in paragraph 48 of the Counterclaims, Salazar says that paragraph 48 states legal conclusions to which no response is required.  To the extent that a response is required, the allegations of paragraph 48 of the Counterclaims are denied.

13. In response to the allegations contained in paragraph 49 of the Counterclaims, Salazar denies the allegations.

## SALAZAR'S ANSWER TO COUNT 2 OF HTC'S COUNTERCLAIMS
### (Declaratory Judgment of Invalidity of U.S. Patent No. 5,802,467)

14. Salazar realleges and hereby incorporates by reference all preceding responses previously made herein and by way of further response states:

15. In response to the allegations contained in paragraph 51 of the Counterclaims, Salazar admits that he filed suit against HTC alleging in his Complaint that HTC has infringed the '467 patent.  Salazar lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 51 of the Counterclaims and on that basis Salazar denies the allegations.

16. In response to the allegations contained in paragraph 52 of the Counterclaims, Salazar admits, by his Complaint, that he alleges that the '467 patent is valid. The remainder of the allegations contained in paragraph 52 of the Counterclaims state legal conclusions to which

no response is required. To the extent that a response is required, the allegations of paragraph 52 of the Counterclaims are denied.

17.     In response to the allegations contained in paragraph 53 of the Counterclaims, Salazar denies the allegations.

### SALAZAR'S ANSWER TO HTC'S PRAYER FOR RELIEF

18.     In response to the non-numbered paragraph of the Counterclaims titled "Prayer for Relief", including subparts a. through e., wherein HTC states the relief it seeks by way of its Counterclaims, Salazar denies that HTC is entitled to recover any relief whatsoever against Salazar in this action, either as set forth in subparts a. through e. of the "Prayer for Relief", or as otherwise requested in the Counterclaims.

### SALAZAR'S ANSWER TO HTC'S DEMAND FOR JURY TRIAL

19.     In response to the non-numbered paragraph of the Counterclaims titled "Demand for Jury Trial", Salazar states that HTC's request for a jury trial does not require an admission or denial. Salazar has also demanded a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure on all issues so triable. To the extent that any allegations are included in HTC's Demand for Jury Trial, Salazar denies these allegations.

### SALAZAR'S DEFENSES IN REPLY TO HTC CORPORATION'S AMENDED ANSWER AND COUNTERCLAIMS

20.     Further answering the allegations contained in HTC's Amended Answer and Counterclaims, Salazar restates and incorporate his responses to all foregoing paragraphs as set forth above as though fully set forth and repeated herein and, without assuming any burden that Salazar would not otherwise have in defending against the claims for relief and defenses alleged by HTC's Amended Answer and Counterclaims and without admitting or acknowledging that Salazar bears the burden of pleading, the burden of coming forward with evidence or the ultimate

burden of proof on any issue that would otherwise rest on HTC, separately assert the following affirmative defenses, denials, pleas in bar, matters of avoidance or other defenses in reply:

21. Salazar states that the claims of the '467 Patent are not invalid.

22. Salazar states that HTC has infringed the claims of the '467 Patent.

23. Salazar states that his claim for damages is not statutorily limited by 35 U.S.C. §§ 286 and/or 287 because the Model Hughes Remote Phone, the 650D My One Remote, and the My1Remote devices do not practice the asserted claims of the '467 patent because they do not meet all of their claim elements including at least "an infra-red frequency transceiver coupled to said microprocessor for transmitting to said external devices and receiving from said external devices, infra-red frequency signals in accordance with said communications protocols" or, alternatively, because all of the Model Hughes Remote Phone, the 650D My One Remote, and the My1Remote devices were consistently and continuously (although mistakenly) marked with the '467 patent number.

24. Salazar states that each purported Counterclaim asserted by HTC fails to state a claim for relief upon which relief may be granted and/or fails to plead the allegations with sufficient particularity.

25. Salazar states that Count 1 of HTC's Counterclaims (Declaratory Judgment of Noninfringement) is duplicative of the defense pled in paragraph 26 of HTC's Amended Answer and Counterclaims and amounts to impermissible double pleading.

26. Salazar states that Count 2 of HTC's Counterclaims (Declaratory Judgment of Invalidity) is duplicative of the defense pled in paragraph 27 of HTC's Amended Answer and Counterclaims and amounts to impermissible double pleading.

**RESERVATION OF RIGHTS**

27.    In addition to the responses set forth above, Salazar expressly reserves the right to amend or supplement his Answer to the Amended Counterclaims in order to allege or assert any other defenses or affirmative defenses, either at law or equity, available under Rule 8 or Rule 12 of the Federal Rules of Civil Procedure or the applicable substantive law, that may now exist or that may become known or available in the future in the event that further investigation indicates that such defenses or affirmative defenses would be appropriate to assert; or to delete or withdraw any previously asserted defenses or affirmative defenses as may become necessary after a reasonable opportunity for discovery during the course of the litigation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Salazar respectfully demands judgment against HTC dismissing the Counterclaims in their entirety with prejudice, for an award of attorney's fees and costs against HTC, and for such other and further relief, not inconsistent herewith, as the Court deems suitable and just.

Dated: March 21, 2018

                            Respectfully submitted,

                            /Andy Tindel w/ permission of Lead Attorney/

                            Dariush Keyhani, Lead Attorney
                            New Jersey State Bar No. 044062002
                            Admitted *pro hac vice*
                            MEREDITH & KEYANI, PLLC
                            125 Park Avenue, 25th Floor
                            New York, NY 10017
                            (212) 760-0098 Telephone
                            (212) 202-3819 Facsimile
                            dkeyhani@meredithkeyani.com

Andy Tindel
Texas State Bar No. 20054500
MT² LAW GROUP
MANN | TINDEL | THOMPSON
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile:  (903) 596-0909
Email: atindel@andytindel.com

J. Mark Mann
Texas State Bar No. 12926150
G. Blake Thompson
Texas State Bar No. 24042033
MT² LAW GROUP
MANN | TINDEL | THOMPSON
300 West Main Street
Henderson, Texas 75652
(903) 657-8540
(903) 657-6003 (fax)
Email: mark@themannfirm.com
Email: blake@themannfirm.com

*Attorneys for Plaintiff Joe Andrew Salazar*

## CERTIFICATE OF SERVICE

This is to certify that all known counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on this the 21st day of March, 2018.  Any other known counsel of record will be served with a copy of this document by email and/or facsimile transmission.

_____
Andy Tindel