**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| JOE ANDREW SALAZAR,<br><br>   Plaintiff,<br><br> v.<br><br>HTC CORPORATION,<br><br>   Defendant. | Civil Action No. 2:16-cv-01096-JRG-RSP<br><br>JURY TRIAL DEMANDED<br>**PATENT CASE** |

**HTC CORPORATION'S SUR-REPLY IN OPPOSITION TO PLAINTIFF'S *DAUBERT*
MOTION TO EXCLUDE OR STRIKE PORTIONS OF THE EXPERT REPORT,
TESTIMONY AND OPINIONS OF ANDREW WOLFE, RELATING TO NON-
INFRINGEMENT OF THE '467 PATENT**

Jerry R. Selinger
State Bar No. 18008250
Email: jselinger@pattersonsheridan.com
Trampas A. Kurth
State Bar No. 24055807
Email: tkurth@pattersonsheridan.com
PATTERSON + SHERIDAN, LLP
1700 Pacific Avenue, Suite 2650
Dallas, Texas 75201
Tel: 214.272.0957
Fax: 713.623.4846

Harry Lee Gillam, Jr.
State Bar No. 07921800
Email: gil@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Tel: 903.934.8450
Fax: 903.934.9257

ATTORNEYS FOR DEFENDANT
HTC CORPORATION

Fred I. Williams
State Bar No. 00794855
Email:  fwilliams@velaw.com
Mario A. Apreotesi
State Bar No. 24080772
Email:  mapreotesi@velaw.com
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, Texas  78746
Tel: 512.542.8400
Fax: 512.542.8612

Todd E. Landis
State Bar No. 24030226
Email:  tlandis@velaw.com
VINSON & ELKINS, LLP
2001 Ross Avenue, Suite 3700
Dallas, Texas  75201
Tel: 214.220.7700
Fax: 214.220.7716

## **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. THE MOTION SHOULD BE DENIED BECAUSE DR. WOLFE'S OPINIONS ARE RELIABLE AND PROPER. ................................................................................. 1

    A. Dr. Wolfe's Opinions Related To The Term "Configured To" Are Consistent With The Term's Plain And Ordinary Meaning. .................................. 1

    B. Dr. Wolfe's Opinions Regarding Noninfringing Alternatives Are Reliable And Should Not Be Excluded. ................................................................................. 3

        1. Dr. Wolfe reliably and properly identified acceptable noninfringing alternatives that provide the purported advantages of the Asserted Claims. ......................................................................................................... 3

        2. Dr. Wolfe reliably and properly identifies acceptable noninfringing alternatives that were available and on the market at the time of the alleged infringement. ................................................................................... 4

III. CONCLUSION ................................................................................................................ 5

# TABLE OF AUTHORITIES

**Cases**

*Affinity Labs of Tex., LLC v. Ford Motor Co.*,
 No. 1:12-cv-00580, 2014 WL 11462443 (E.D. Tex. Sept. 3, 2014) .......................................... 2

*Chrimar Sys., Inc. v. Dell, Inc.*,
 No. 6:15-cv-639-JRG-JDL, 2016 WL 9275408 (E.D. Tex. Feb. 29, 2016) ............................... 4

*Grain Processing Corp. v. Am. Maize-Prods. Co.*,
 185 F.3d 1341 (Fed. Cir. 1999) ................................................................................................. 5

*Phil-Insul Corp. v. Airlite Plastics Co.*,
 854 F.3d 1344 (Fed. Cir. 2017) ................................................................................................. 1

*SIPCO, LLC v. Amazon.com, Inc*,
 No. 2:08-CV-359-JRG, 2012 WL 5195942 (E.D. Tex. Oct. 19, 2012) ..................................... 1

*Slimfold Mfg. Co. v. Kinkead Indus., Inc.*,
 932 F.2d 1453 (Fed. Cir. 1991) ................................................................................................. 4

*SmithKline Diagnostics, Inc. v. Helena Labs. Corp.*,
 926 F.2d 1161 (Fed. Cir. 1991) ................................................................................................. 3

*Typhoon Touch Techs., Inc. v. Dell, Inc.*,
 659 F.3d 1376 (Fed. Cir. 2011) ................................................................................................. 2

I.  **INTRODUCTION**

Defendant HTC Corporation ("HTC Corp.") files this sur-reply in opposition to Plaintiff Joe Andrew Salazar's ("Salazar") *Daubert* Motion to Exclude or Strike Portions of the Expert Report, Testimony and Opinions of Andrew Wolfe, Relating to Non-infringement of the '467 Patent (the "Motion," Dkt. 164) and Salazar's Reply (Dkt. 184).

II. **THE MOTION SHOULD BE DENIED BECAUSE DR. WOLFE'S OPINIONS ARE RELIABLE AND PROPER.**

    A. **Dr. Wolfe's Opinions Related To The Term "Configured To" Are Consistent With The Term's Plain And Ordinary Meaning.**

The Court should not exclude Dr. Wolfe's opinions and testimony related to the term "configured to" because they properly apply the term's plain and ordinary meaning. Salazar incorrectly argues that HTC Corp.'s Opposition asserts "for the first time" that Dr. Wolfe's opinions do not require use or user activity for the "memory device" limitation. Reply at 1. But Dr. Wolfe has never opined that the "memory device" limitation requires user activity. Rather, Salazar's Reply conflates Dr. Wolfe's opinions on the required two-step infringement analysis: (1) determine the scope and meaning of the patent claims asserted; and (2) then compare the properly construed claims to the allegedly infringing device. *Phil-Insul Corp. v. Airlite Plastics Co.*, 854 F.3d 1344, 1358 (Fed. Cir. 2017). Because Dr. Wolfe's opinions are reliable and proper under both steps of the infringement analysis, the Motion should be denied.

Under the first step of the infringement analysis, the Court did not construe the term "configured to" and so the term has its plain and ordinary meaning. This Court has found that the "plain and ordinary meaning" of the term "configured to" "require[s] **not merely being capable of being configured**, but rather being **actually configured**." *SIPCO, LLC v. Amazon.com, Inc*, No. 2:08-CV-359-JRG, 2012 WL 5195942, at *56 (E.D. Tex. Oct. 19, 2012) (emphasis added). This Court has also recognized that "[t]he Federal Circuit has stated that 'configured to' do

1

something must be more than being merely capable of doing it." *Affinity Labs of Tex., LLC v. Ford Motor Co.*, No. 1:12-cv-00580, 2014 WL 11462443, at *2 (E.D. Tex. Sept. 3, 2014) (citing *Typhoon Touch Techs., Inc. v. Dell, Inc.*, 659 F.3d 1376, 1380-81 (Fed. Cir. 2011)). In *Typhoon Touch*, the claim required "a memory for storing at least one data collection application configured to determine contents and formats of said inquiries." *Typhoon Touch*, 659 F.3d at 1380. The Federal Circuit rejected Typhoon's argument that infringement occurred if "the memory is **capable of being configured to store** data collection applications, even if the memory was not so configured." *Id*. at 1380-81 (emphasis added).

This case is no different. The claim language here is, in pertinent part, "a memory device . . . **configured to** store a plurality of parameter sets." Consistent with the term's ordinary meaning, Dr. Wolfe opined that, in order to meet the "memory device" limitation of the Asserted Claims, the memory of the Accused Devices must be "actually configured" to store a plurality of parameter sets. Motion, Ex. 1 at 58; *see also* Motion Ex. 2 at 33:22-34:7 (opining that "configured to" "would mean that in fact [it] is actually configured to do that"). Dr. Wolfe also made clear that use or user activity are not required. Motion, Ex. 2 at 34:8-13 (rejecting the proposition that memory "has [to] actually do it to be configured to do it").[1]

Under the second step, Dr. Wolfe opines that the Accused Devices as sold do not infringe because they are not actually configured to store a plurality of parameter sets. Dr. Wolfe explained that the Accused Devices as sold "do not include a plurality of parameter sets and, thus, there is no need to configure memory to store a plurality of parameter sets." Motion, Ex. 1 at 58. In other

---

[1] Salazar states that it will withdraw its Motion if HTC Corp. or Dr. Wolfe agree that this limitation does not require user activity. Reply at 2. Because HTC Corp. and Dr. Wolfe agree that the "memory device" limitation does not require user activity, Salazar's motion should be denied as withdrawn.

2

words, until the user completes the setup process for the Sense TV application or Peel Smart Remote application, the Accused Devices do not contain any "parameter sets" and do not have memory actually configured to store any such parameter sets. *See* Dkt. 149 at 10. Because Dr. Wolfe's opinions are reliable and consistent with the ordinary meaning of the term "configured to," the Motion should be denied.

### B. Dr. Wolfe's Opinions Regarding Noninfringing Alternatives Are Reliable And Should Not Be Excluded.

The Motion should also be denied because Dr. Wolfe's noninfringing alternatives analysis is reliable because he identified noninfringing alternatives that (1) provide the purported advantages of the Asserted Claims and (2) were on the market and available at the time of alleged infringement.

#### 1. Dr. Wolfe reliably and properly identified acceptable noninfringing alternatives that provide the purported advantages of the Asserted Claims.

The Motion should also be denied because Dr. Wolfe identified commercially acceptable noninfringing alternatives that provide the purported advantages of the Asserted Claims. Salazar argues that Dr. Wolfe's opinions are not reliable because Dr. Wolfe does not support his opinions that his first two noninfringing alternatives—removing the IR communication capability and removing the IR learning feature—are acceptable. Reply at 3. Salazar is wrong and does not address HTC's Opposition. *See* Dkt. 174 at 7-10.

Salazar argues that Dr. Wolfe's noninfringing alternatives are not reliable because "the claimed IR functionality is a key advantage of the Accused Devices." Reply at 3-4. Salazar's argument, however, misses the point. Salazar must show that, when considering the "realities of the marketplace," Dr. Wolfe's noninfringing alternatives were not acceptable substitutes. *SmithKline Diagnostics, Inc. v. Helena Labs. Corp.*, 926 F.2d 1161, 1166 (Fed. Cir. 1991) (stating that the district court "properly considered the realities of the marketplace" in connection with

3

assessing the acceptability of noninfringing alternatives). Salazar does not dispute that he failed to establish that customers bought the Accused Devices because of the IR communications capability. *See Slimfold Mfg. Co. v. Kinkead Indus., Inc.*, 932 F.2d 1453, 1458 (Fed. Cir. 1991) ("[Plaintiff] failed to show that *buyers* of bi-fold metal doors specifically want a door having the advantages of the [asserted] patent …." (emphasis in original)). Nor does Salazar dispute that Dr. Wolfe's noninfringing alternatives offer the same advantages as the Asserted Claims by providing the same "function," albeit using different "structure." Motion, Ex. 2 at 137:22-139:18 ("It would have the same functionality. It wouldn't have the same structure."). Dr. Wolfe's noninfringing alternatives are acceptable precisely "**because there are so many alternatives today for other ways to communicate with devices and there are so many other things that can be used as remote controls, I think that it would still be a perfectly acceptable product to customers**." *Id.* at 147:13-148:11 (emphasis added). Because Salazar did not dispute that Dr. Wolfe's noninfringing alternatives provide the same purported advantages as the Asserted Claims and are commercially acceptable substitutes, the Motion should be denied.

2. <u>Dr. Wolfe reliably and properly identifies acceptable noninfringing alternatives that were available and on the market at the time of the alleged infringement.</u>

The Motion should also be denied because Dr. Wolfe identified commercially acceptable noninfringing alternatives that were available at the time of the alleged infringement. Salazar's Reply argues for the first time that Dr. Wolfe's opinions are not reliable because his noninfringing alternatives were not "available."[2] Reply at 4-5. Salazar is incorrect: Dr. Wolfe's noninfringing alternatives were "available" and on the market at the time of the alleged infringement.

---

[2] In the Motion, Salazar did not argue that Dr. Wolfe's non-infringing alternatives were not "available." Instead he only argued that the noninfringing alternatives were not "acceptable." Motion at 8-9. The Court should reject Salazar's new reply argument as untimely. *See Chrimar Sys., Inc. v. Dell, Inc.*, No. 6:15-cv-639-JRG-JDL, 2016 WL 9275408, at *1 (E.D. Tex. Feb. 29,

To be an acceptable noninfringing alternative, the alternative "must have been available or on the market at the time of infringement." *Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1349 (Fed. Cir. 1999). It is undisputed that smartphones without IR functionality were available on the market at the relevant time. *See e.g.*, Ex. 2 at 39-40 (HTC damages expert noting that (1) HTC did not offer IR functionality in its phones in the US before March 2013 or after the One M9 and (2) market-leader Apple has not offered IR functionality in its smartphones); Ex. 3 at 22 (Salazar's damages expert opining that in 2007 "smartphone manufacturers began to remove IR functionality" and that in 2013 IR functionality "returned in **certain** Samsung and HTC smartphones). In addition, Dr. Wolfe reliably opined that these noninfringing alternatives were available because the Accused Devices could be modified by either disabling (all or a portion of) the IR transceiver or removing this component. Motion, Ex. 1 at ¶¶ 91, 94; *see also Grain Processing*, 185 F.3d at 1353-54 (affirming trial court's conclusion that noninfringing alternative was available because (1) the defendant "could readily obtain all of the materials needed," (2) the noninfringing alternative was "well-known in the field at that time," and (3) the defendant "had all of the necessary equipment, know-how, and experience to use" the noninfringing alternative). Because Dr. Wolfe identified noninfringing alternatives on the market and available at the time of the alleged infringement, the Motion should be denied.

### III. CONCLUSION

For the foregoing reasons, none of Dr. Wolfe's opinions, testimony, or expert report should be excluded. The Motion should be denied in its entirety.

---

2016) ("This Court has also similarly stated that while replies and sur-replies are permitted, the purpose of those briefs are to respond to arguments raised, not present 'new' information that was known to a party at the time it filed its initial motion.").

Dated: March 22, 2018                    Respectfully submitted by,

*/s/ Jerry R. Selinger*
Jerry R. Selinger
State Bar No. 18008250
Email: jselinger@pattersonsheridan.com
Trampas A. Kurth
State Bar No. 24055807
Email: tkurth@pattersonsheridan.com
PATTERSON + SHERIDAN, LLP
1700 Pacific Avenue, Suite 2650
Dallas, Texas 75201
Tel: 214.272.0957
Fax: 713.623.4846

*/s/ Fred I. Williams*
Fred I. Williams
TX Bar No. 00794855
Email: fwilliams@velaw.com
Mario A. Apreotesi
TX Bar No. 24080772
Email: mapreotesi@velaw.com
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, Texas 78746
Tel: 512.542.8400
Fax: 512.542.8612

Todd E. Landis
TX Bar No. 24030226
Email: tlandis@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201
Tel: 214.220.7700
Fax: 214.220.7716

>Harry Lee Gillam, Jr.
>State Bar No. 07921800
>Email: gil@gillamsmithlaw.com
>GILLAM & SMITH, LLP
>303 South Washington Avenue
>Marshall, Texas   75670
>Tel: 903.934.8450
>Fax: 903.934.9257
>
>ATTORNEYS FOR DEFENDANT
>HTC CORPORATION

## CERTIFICATE OF SERVICE

I certify that on March 22, 2018 a true and correct copy of the foregoing document was electronically filed with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case filing ("ECF") system of the court.  The attorneys of record who have consented in writing to accept notice as service of this document by electronic means are being served by a "Notice of Electronic Filing," sent by the ECF system.

>*/s/ Fred I. Williams*
>Fred I. Williams