**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| JOE ANDREW SALAZAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:16-CV-01096-JRG-RSP |
| | § | |
| HTC CORPORATION, | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

**<u>PROPOSED JOINT FINAL PRETRIAL ORDER</u>**

The Pretrial Conference is scheduled for April 16, 2018 at 9:00 a.m. in Marshall, Texas.

Pursuant to the Court's e-Notice dated March 9, 2018, Local Rule CV-16(b), and Rule 16 of the

Federal Rules of Civil Procedure, Plaintiff Joe Andrew Salazar ("Salazar") and Defendant HTC

Corporation ("HTC Corp.") submit this Joint Pretrial Order.  Subject to the other rulings made at

the Pretrial Conference, the Court enters this Order.

**A.      COUNSEL FOR THE PARTIES**

   **<u>Attorneys for Plaintiff Joe Andrew Salazar:</u>**

          Dariush Keyhani, Lead Attorney
          NJ SBN 044062002
          Frances Stephenson
          NY SBN 5206495
          MEREDITH & KEYHANI, PLLC
          125 Park Avenue, 25th Floor
          New York, New York 10017
          (212) 760-0098 Telephone
          (212) 380-1325 Direct Line
          (212) 202-3819 Facsimile
          Email: dkeyhani@meredithkeyhani.com

          Andy Tindel
          Texas State Bar No. 20054500
          MT² LAW GROUP
          MANN | TINDEL | THOMPSON

112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile:  (903) 596-0909
Email: atindel@andytindel.com

J. Mark Mann
Texas State Bar No. 12926150
G. Blake Thompson
Texas State Bar No. 24042033
MT² LAW GROUP
MANN | TINDEL | THOMPSON
300 West Main Street
Henderson, Texas 75652
Telephone: (903) 657-8540
Facsimile:  (903) 657-6003
Email: mark@themannfirm.com
Email: blake@themannfirm.com

**Attorneys for Defendant HTC Corporation:**

Fred I. Williams, Lead Attorney
TX Bar No. 00794855
Email: fwilliams@velaw.com
Mario A. Apreotesi
TX Bar No. 24080772
Email: mapreotesi@velaw.com
VINSON &ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, Texas 78746
Tel: 512.542.8400
Fax: 512.542.8612

Todd E. Landis
TX Bar No. 24030226
Email: tlandis@velaw.com
Eric J. Klein
TX Bar No. 24041258
Email: eklein@velaw.com
VINSON &ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201
Tel: 214.220.7700
Fax: 214.220.7716

Harry Lee Gillam, Jr.
State Bar No. 07921800
Email: gil@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Tel: 903.934.8450
Fax: 903.934.9257

## B.     STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction of the action under Title 28, U.S.C. §§ 1331, 1338(a), because this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*  Subject matter jurisdiction, personal jurisdiction, and venue under 28 U.S.C. §§ 1391(b) and 1400(b) are not disputed in this case.

## C.     NATURE OF ACTION

Salazar alleges that HTC Corp. has directly infringed, either literally and/or under the doctrine of equivalents, U.S. Patent No. 5,802,467 ("the '467 Patent").  Salazar is asserting claims 1-7, 27-30, and 34 of the '467 Patent (the "Asserted Claims").  The accused products in this case are the HTC One M7, the HTC One M8, and the HTC One M9 (the "HTC Accused Products").  Salazar has withdrawn his infringement allegations with respect to the HTC One M8 for Windows product.

Salazar seeks damages that are adequate to compensate him for HTC Corp.'s infringement, but in no event less than a reasonable royalty.  Salazar also seeks prejudgment and post-judgment interests and costs pursuant to 35 U.S.C. § 284, and attorney fees pursuant to 35 U.S.C. § 285.

HTC Corp. denies that it infringes any Asserted Claim, literally or under the doctrine of equivalents.  HTC Corp. further contends that all of the Asserted Claims of the '467 Patent are invalid because they are either anticipated by or rendered obvious by one or more prior art references or because they are indefinite.  HTC Corp. also denies that this case qualifies as an

exceptional case, under any circumstances, that would warrant enhanced damages or an award of attorneys' fees to Salazar.  HTC Corp. seeks an award of its attorneys' fees under 35 U.S.C. § 285.

## D.      CONTENTIONS OF THE PARTIES

### 1.      Salazar's Statement of Contentions

By providing these contentions, Salazar does not concede that all of these issues are appropriate for trial.  In addition, Salazar does not waive any of its motions *in limine*.

1.      Salazar contends that HTC Corp. has infringed claims  1-7, 27-30 and 34 of the '467 Patent under 35 U.S.C. § 271, literally and/or under the doctrine of equivalents, by making, using, offering for sale, and/or selling, or importing into the United States certain smartphone products include the HTC One M7, HTC One M8 and HTC One M9 (the "HTC Accused Products") that embody wireless communications, control and sensing systems for communicating with external devices, including televisions and other devices without authority or license from Salazar.[1]

2.      Salazar contends that the inventions of the '467 Patent were conceived on or about June 1993, and thereafter diligently reduced to practice.

3.      Salazar contends that the inventions embodied by the asserted claims of the '467 Patent are entitled to the effective filing date of September 28, 1995.

4.      Salazar is the owner of all rights, title and interest in and to the '467 Patent and possesses all rights of recovery under the '467 Patent.

5.      Salazar contends that he has been damaged by HTC Corp.'s conduct and seeks damages adequate to compensate for the infringement by HTC Corp., but in no event less than a

---

[1] **Defendant's objection**: HTC Corp. objects to Salazar's assertion that HTC Corp. makes or uses the accused products in the United States.  It is undisputed that HTC Corp. manufactures the accused products in Taiwan and there is no evidence that HTC Corp. uses the accused products in the United States.  *See* Dkt. 149.

reasonable royalty, together with prejudgment and post-judgment interest and costs as fixed by the Court.

6.      Salazar contends that this case is exceptional and Salazar is entitled to his costs, expenses and reasonable attorney fees pursuant to 35 U.S.C. 285.

7.      Salazar contends that HTC Corp.'s defenses and declaratory judgment claims that allege the '467 Patent is invalid and not infringed by HTC Corp. are without merit.

8.      Salazar contends that HTC Corp. is not entitled to recover its attorney's fees and costs in this action.

9.      Salazar contends that jurisdiction is proper in this Court.

10.      Salazar contends that venue is proper in the United States District Court for the Eastern District of Texas.

**2.      HTC's Statement of Contentions**

1.      HTC Corp. denies that it directly infringes, either literally or under the doctrine of equivalents, any Asserted Claim of the '467 Patent, and contends that Salazar cannot meet his burden of establishing by a preponderance of the evidence that any valid claim of the '467 Patent is infringed.  In fact, HTC Corp. contends that Salazar is not able to allege infringement under the doctrine of equivalents because he has not provided evidence that the required claim elements are met through equivalents.

2.      HTC Corp. also contends that it has not made, used, offered for sale, or sold the HTC Accused Products in the United States.  HTC Corp. further contends that it has not imported the HTC Accused Products into the United States.

3.      HTC Corp. contends that all of the Asserted Claims of the '467 Patent are invalid because they are either anticipated by or rendered obvious by one or more prior art references.

4.      HTC Corp. further contends that all of the Asserted Claims of the '467 Patent are invalid because they are indefinite under Salazar's infringement theories.[2]

5.      HTC Corp. contends that, even if at least one of the Asserted Claims is found to be valid and infringed, Salazar is not entitled to the relief he is requesting.

6.      HTC Corp. also contends that Salazar's claim for damages is limited based on Salazar's failure to comply with 35 U.S.C. § 287 and his failure to provide actual notice before he filed this case.[3]

7.      HTC Corp. denies that this is an exceptional case for Salazar or that Salazar is entitled to his costs, expenses, and attorney fees under 35 U.S.C. § 285.  HTC Corp. contends, however, that this is an exceptional case in HTC Corp.'s favor and that HTC Corp. is entitled to its costs, expenses, and attorney fees under § 285.

8.      HTC Corp. contends that Salazar is barred from recovering any costs associated with this case under 35 U.S.C. § 288.

9.      HTC Corp. contends that Salazar's claims of infringement under the doctrine of equivalents are barred by the doctrine of prosecution history estoppel.

## E.     STIPULATIONS AND UNCONTESTED FACTS

The parties agree to the following stipulations and uncontacted facts:

---

[2] **Plaintiff's objection**: During the claim construction phase of this case, the Court ruled against HTC Corp. on its indefiniteness defenses which is a question of law for the Court to determine and Salazar objects to this contention to the extent that HTC Corp. is intending to submit indefiniteness as an issue for the jury to decide at the trial of this case or for the Court to re-determine.

[3] **Plaintiff's objection**: HTC Corp. has not met its required burden of production to raise an issue with regard to a failure to mark defense based on Salazar's alleged failure to comply with 35 U.S.C. § 287 and Salazar objects to this contention to the extent that HTC Corp. is intending to pursue this defense at the trial of this case.

### 1.      The Parties' Statement of Stipulations

1.      The Parties have agreed that all claims, counterclaims, and requests for relief asserted against HTC Corp. based on infringement of claims 10, 14, 17, 23, 26, 31 and 32 of the '467 Patent have been dismissed.

### 2.      The Parties' Statement of Uncontested Facts

1.      The '467 Patent has an effective filing date of September 28, 1995 and was issued on September 1, 1998.  The '467 Patent expired on September 28, 2015.

2.      The '467 Patent is entitled "Wireless and Wired Communications, Command, Control and Sensing System for Sound and/or Data Transmission and Reception."

3.      Claims 1-7, 27-30 and 34 of the '467 Patent are at issue and asserted in this case against HTC Corp.

### 3.      Stipulation for Trial Management Procedures

The parties will meet and confer to reach an agreement on trial management procedures and will submit a separate filing with their agreement.

### 4.      Stipulation on Treatment of Confidential, Restricted – Attorneys' Eyes Only, and Restricted Confidential Source Code Information

The parties agree to abide by the procedures set forth in this case's Protective Order (Dkt. 33) to prevent public disclosure of documents containing information designated as Confidential, Restricted – Attorneys' Eyes Only, Restricted Confidential Source Code, and/or testimony eliciting such information.

## F.      CONTESTED ISSUES OF FACT AND LAW

The parties identify the following issues of fact that remain to be litigated.  To the extent any issue of law discussed below is deemed to be an issue of fact, it is incorporated into this section. The parties reserve the right to identify additional factual or legal issues that may arise, including

issues raised by any further discovery undertaken in this case or the Court's rulings on any pending motions or rulings made at the pretrial conference on this action.

By providing this statement, the parties do not concede that all of these issues are appropriate for trial. The parties also do not waive any of its pending motions.

- **Infringement**

1.       Whether Salazar has shown by a preponderance of the evidence that the HTC One M7, HTC One M8, and HTC One M9 directly infringe, either literally or under the doctrine of equivalents, any of the Asserted Claims of the '467 Patent.

- **Invalidity**

2.       Whether HTC Corp. has shown by clear and convincing evidence that any prior art reference or references invalidate the Asserted Claims of the '467 Patent under 35 U.S.C. §§ 102 and/or 103.

3.       Whether HTC Corp. has shown by clear and convincing evidence that any Asserted Claims of the '467 Patent are invalid for lack of definiteness.[4]

- **Patent Damages and Remedies**

4.       If HTC Corp. is found to infringe any valid Asserted Claim, the amount adequate to compensate Salazar for that infringement.

5.       The period of damages under the '467 Patent, and whether any period of time should be excluded based on alleged failure to comply with 35 U.S.C. § 287.[5]

---

[4] **Plaintiff's objection**: During the claim construction phase of this case, the Court ruled against HTC Corp. on its indefiniteness defenses which is a question of law for the Court to determine and Salazar objects to this contention to the extent that HTC Corp. is intending to submit indefiniteness as an issue for the jury to decide at the trial of this case or for the Court to re-determine.

[5] **Plaintiff's objection**: HTC Corp. has not met its required burden of production to raise an issue with regard to a failure to mark defense based on Salazar's alleged failure to comply with 35 U.S.C.

6.      Whether any award to Salazar is limited under 35 U.S.C. § 288.

7.      The amount and manner of calculation of any pre-judgment and post-judgment interest.

8.      Whether Salazar or HTC Corp. has shown that this is an exceptional case entitling the party to an award of reasonable attorneys' fees and costs under 35 U.S.C. § 285, and if so the amounts thereof.

- **Salazar's Statement Regarding Issues to be Decided by the Court**

1.       Salazar reserves the right to object to the language and substance of any proposed instructions and questions on the issues of obviousness or anticipation or any other invalidity theory proposed by HTC.

2.      Salazar contends that all issues related to his claims for post-trial issues such as exceptional case, enhanced damages, attorney's fees and post and pre-trial interest as well as HTC's equitable defenses require determination by the Court, should not be submitted to the jury, and the jury should not be advised of Salazar's claims for post-trial issues or HTC's equitable defenses.

- **HTC's Statement Regarding Issues to be Decided by the Court**

1.      HTC Corp. contends that the parties' fundamental dispute as to the meaning of the term "configured to" in the "a memory device coupled to said microprocessor configured to store a plurality of parameter sets retrieved by said microprocessor so as to recreate a desired command code set" element of the Asserted Claims requires determination by the Court and should not be

---

§ 287 and Salazar objects to this contention to the extent that HTC Corp. is intending to pursue this defense at the trial of this case.

submitted to the jury.  This issue has been fully briefed by the parties in Dkt. 149, 158, 164, 174, 176, 177, 184, 191, 193, 203, 207, and 208.[6]

    2.     HTC Corp. contends that the parties' fundamental dispute as to the meaning of the term "said" in the "an infra-red frequency transceiver coupled to said microprocessor for transmitting to said external devices and receiving from said external devices, infra-red frequency signals in accordance with said communications protocols" element of the Asserted Claims requires determination by the Court and should not be submitted to the jury.  This issue has been fully briefed by the parties in Dkt. 149, 158, 176, 177, 191, 193, 207, and 208.[7]

    3.     HTC Corp. contends that the "an infra-red frequency transceiver coupled to said microprocessor for transmitting to said external devices and receiving from said external devices, infra-red frequency signals in accordance with said communications protocols" element of the Asserted Claims is rendered indefinite by Salazar's interpretation of the term "said" therein.  This dispute is not untimely because it arose as a result of Salazar's infringement expert's opinions and testimony that the term "said" refers to a subset of "said external devices and "said communications protocols" depending on the claim context, which is described in Dkt. 149, 158, 176, 177, 191, 193, 207, and 208.[8]

    4.     HTC Corp. contends that the parties' fundamental dispute as to the meaning of the term "includes" in the "a microprocessor for generating a plurality of control signals used to

---

[6] **Plaintiff's objection**: Salazar objects to the matter set forth in this paragraph as being an issue that needs to be decided by the Court as this is a claim construction issue that either has already been determined by the Court or, alternatively, is a claim construction issue that should have been – but was not – raised during the claim construction phase of this case and HTC's untimely attempt to raise this claim construction issue at this late stage of the case is impermissible.

[7] **Plaintiff's objection**: Same objection as in footnote 6.

[8] **Plaintiff's objection**: Same objection as in footnote 6.

operate said system, said microprocessor creating a plurality of reprogrammable communication protocols, for transmission to said external devices wherein each communication protocol includes a command code set that defines the signals that are employed to communicate with each one of said external devices" element of the Asserted Claims requires determination by the Court and should not be submitted to the jury.  This issue has been fully briefed by the parties in Dkt. 158, 176, 191, and 207.[9]

5.      HTC Corp. contends that the parties' fundamental dispute as to the meaning of the term "creating" in the "a microprocessor for generating a plurality of control signals used to operate said system, said microprocessor creating a plurality of reprogrammable communication protocols" element and the term "generating" in the "said microprocessor generating a communication protocol in response to said user selections" element of the Asserted Claims requires determination by the Court and should not be submitted to the jury.  This issue has been fully briefed by the parties in Dkt. 149, 177, 193, and 208.[10]

6.      HTC Corp. contends that Salazar is precluded from arguing infringement under the doctrine of equivalents (if Salazar is allowed to present and presents a doctrine of equivalents infringement case at trial for some or all of the limitations of the Asserted Claims) by the doctrine of prosecution history estoppel, which contentions require determination by the Court and should not be submitted to the jury.

7.      HTC Corp. contends that this is an exceptional case under § 285 and that it is entitled to its costs, expenses, and attorneys' fees, which contention requires determination by the Court and should not be submitted to the jury.

---

[9] **Plaintiff's objection**: Same objection as in footnote 6.

[10] **Plaintiff's objection**: Same objection as in footnote 6

G.      **LIST OF WITNESSES**

Salazar's Updated List of Witnesses is attached as Exhibit A.

HTC Corp.'s Updated List of Witnesses is attached as Exhibit B.  HTC Corp.'s Objections

to Salazar's Updated List of Witnesses is attached as Exhibit C.

The parties will continue to meet and confer regarding their respective objections in order

to strive to resolve all objections and issues prior to presenting them to the Court.

H.      **LIST OF EXHIBITS**

Salazar's Updated List of Exhibits is attached as Exhibit D.

HTC Corp.'s Updated List of Exhibits is attached as Exhibit E.

The parties will continue to meet and confer regarding their respective objections in order

to strive to resolve all objections and issues prior to presenting them to the Court.

I.   **DEPOSITION DESIGNATIONS**

Salazar's Deposition Designations and HTC's Counter Deposition Designations are

attached as Exhibit F.

HTC Corp.'s Deposition Designations and Salazar's Counter Deposition Designations are

attached as Exhibit G.

The parties will continue to meet and confer regarding their respective objections in order

to strive to resolve all objections and issues prior to presenting them to the Court.

J.      **PROPOSED JURY INSTRUCTIONS AND VERDICT FORMS**

Attached as Exhibit H is a copy of the parties' proposed preliminary jury instructions.

Attached as Exhibit I is a copy of the parties' proposed final jury instructions. These exhibits

identify where the parties' proposals differ and are subject to the parties' objections noted within.

Attached as Exhibit J is a copy of Salazar's proposed verdict form. Attached as Exhibit K

is a copy of HTC Corp.'s proposed verdict form.

The parties will continue to meet and confer regarding their respective objections in order to strive to resolve all objections and issues prior to presenting them to the Court.

## K.   LIST OF ANY PENDING MOTIONS

- **Salazar's pending motions**

Dkt. No. 118 – SEALED Plaintiff Joe Andrew Salazar's Motion to Compel Defendant HTC Corporation to Comply with the Court's Discovery Order, Answer Interrogatories and Produce 30(b)(6) Witnesses and to Overrule Objections

Dkt. No. 199 – Plaintiff's Opposed Motions *in Limine*

Dkt. No. 215 – SEALED Plaintiff's Second Motion to Compel and for Sanctions

- **HTC's pending motions**

Dkt. No. 149 – HTC Corporation's Motion for Summary Judgment of Non-Infringement of the Asserted Claims of the '467 Patent

Dkt. No. 157 – HTC Corporation's *Daubert* Motion to Exclude Portions of the Expert Report and Testimony of Plaintiff's Validity Expert Oded Gottesman

Dkt. No. 158 - HTC Corporation's *Daubert* Motion to Exclude Portions of the Expert Report and Testimony of Plaintiff's Infringement Expert Roy A. Griffin III

Dkt. No. 159 - HTC Corporation's Daubert Motion to Exclude the Opinions and Testimony of Plaintiff's Damages Expert, Justin Blok

Dkt. No. 194 - HTC Corporation's Motion to Strike the Declaration of Roy A. Griffin III

Dkt. No. 197 - HTC Corporation's Opposed Motions *in Limine*

To be filed - HTC Corporation's Opposition to Salazar's Motion to Compel and For Sanctions (Dkt. 215) and HTC Corporation's Cross-Motion For Sanctions and to Terminate Deposition.

**L.      PROBABLE LENGTH OF TRIAL**

The probable length of trial is 5 days, excluding jury selection.  The parties request that each side be allotted 13 hours for trial, exclusive of *voir dire*, opening statements and closing arguments.

**M.      CERTIFICATIONS**

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

(1)      Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

(2)      Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

(3)      Each exhibit in the List of Exhibits herein:

(a)      is in existence;

(b)      is numbered; and

(c)      has been disclosed and shown to opposing counsel.

Dated: April 6, 2018

Respectfully submitted,

*Andy Tindel w/ permission of Lead Attorney*

DARIUSH KEYHANI, Lead Attorney
NJ SBN 044062002
*Pro Hac Vice*
MEREDITH & KEYHANI, PLLC
125 Park Avenue, 25th Floor
New York, New York 10017
(212) 760-0098 Telephone
(212) 380-1325 Direct Line
(212) 202-3819 Facsimile
Email: dkeyhani@meredithkeyhani.com

14

Andy Tindel
Texas State Bar No. 20054500
MT² LAW GROUP
MANN | TINDEL | THOMPSON
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile:  (903) 596-0909
Email: atindel@andytindel.com

J. Mark Mann
Texas State Bar No. 12926150
G. Blake Thompson
Texas State Bar No. 24042033
MT² LAW GROUP
MANN | TINDEL | THOMPSON
300 West Main Street
Henderson, Texas 75652
(903) 657-8540
(903) 657-6003 (fax)
Email: mark@themannfirm.com
Email: blake@themannfirm.com

*Attorneys for Plaintiff Joe Andrew Salazar*

*/s/ Fred I. Williams*
Fred I. Williams
TX Bar No. 00794855
Email: fwilliams@velaw.com
Mario A. Apreotesi
TX Bar No. 24080772
Email: mapreotesi@velaw.com
VINSON &ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, Texas 78746
Tel: 512.542.8400
Fax: 512.542.8612

Todd E. Landis
TX Bar No. 24030226
Email: tlandis@velaw.com
VINSON &ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201
Tel: 210.220.7700
Fax: 210.220.7716

15

Harry Lee Gillam, Jr.
State Bar No. 07921800
Email: gil@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Tel: 903.934.8450
Fax: 903.934.9257

*Attorneys for Defendant HTC Corporation*

## CERTIFICATE OF SERVICE

This is to certify that all known counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on this the 6th day of April, 2018.  Any other known counsel of record will be served with a copy of this document by email and/or facsimile transmission.

Andy Tindel