# EXHIBIT H

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| JOE ANDREW SALAZAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:16-CV-01096-JRG-RSP |
| | § | |
| HTC CORPORATION, | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS[1]**

**1.     [Agreed] Introduction[2]**

Ladies and gentlemen of the jury:

You've now been sworn as the jurors in this case. And as the jury, you are the sole judges of the facts. And as such, you will decide and determine all of the facts in this case.

As the Judge, I will give you instructions on the law, decide questions of law that arise during the trial, handle matters of evidence and procedure. I'm also responsible for managing the flow of the trial and maintaining the decorum of the court.

At the end of the evidence, I will give you detailed instructions about the law that you must apply in deciding this case, and I'll give you a list of questions that you are then to answer. That list of questions is called the verdict form.

---

[1] The parties have indicated in brackets whether a particular section is agreed or disputed. Plaintiff's disputed proposals are set apart with brackets and highlighted in yellow. Defendant's disputed proposals are set apart with brackets and highlighted in blue.

[2] Adapted from Preliminary Jury Instructions in *Lake Cherokee Hard Drive Techs., LLC v. Marvell Semiconductor, Inc.*, No. 2:10-cv-216-JRG, Trial Tr. (Aug. 12, 2013) at 3.

And your answers to the questions will need to be unanimous, and those unanimous answers will constitute the verdict in this case.

**2.     [Disputed] What A Patent Is And How One Is Obtained[3]**

I now want to briefly tell you about what this case involves. This case involves a dispute regarding a United States patent.  Now I know that you saw the patent video, but let me give you some instructions here and on the record about patents and how one is obtained.

Patents are granted or denied by the United States Patent and Trademark Office, sometimes simply referred to as the PTO. A valid United States patent gives the patent owner the right, for up to 20 years from the date the patent application was filed, to prevent others from making, using, offering to sell, or selling the patented invention within the United States, or from importing it into the United States, without the patent owner's permission. A violation of the patent owner's rights is called infringement. The patent owner may try to enforce a patent against those it believes to be infringers by filing a lawsuit in federal court. That's what we have before us in this case.

The process of obtaining a patent is called patent prosecution.  To obtain a patent, one must first file an application with the PTO.  The PTO is an agency of the United States government that employs trained Patent Examiners to review patents or review applications for patents.

The application includes what is called a "specification." The specification contains a written description of the claimed invention telling what the invention is, how it works, how to make it, and how to use it. The specification concludes or ends with one or more numbered

---

[3] Adapted from Preliminary Jury Instructions in *Lake Cherokee Hard Drive Techs., LLC v. Marvell Semiconductor, Inc.*, No. 2:10-cv-216-JRG, Trial Tr. (Aug. 12, 2013) at 3-7; *see also* The Federal Circuit Bar Association, Model Patent Jury Instructions, (Feb. 2016), p. 2-3.

sentences. These numbered sentences are the patent "claims." When a patent is granted by the PTO, the claims define the boundaries of its protection and give notice to the public of those boundaries.

Patent claims may exist in two forms, referred to as independent claims and dependent claims.  An independent claim does not refer to any other claim in the patent.  It is independent. It is not necessary to look to any other claim to determine what an independent claim covers. On the other hand, a dependent claim refers to at least one other claim in the patent, including at least one independent claim.  A dependent claim includes each of the limitations of that other claim or claims to which it refers, as well as the additional limitations recited within the dependent claim itself. Therefore, to determine what a dependent claim covers, it's necessary to look at both the dependent claim itself and the independent and dependent claim or claims from which it refers or depends.

[**Plaintiff's proposal:** The claims of the '467 patent use the word "comprising." "Comprising" means "including" or "containing."  A claim that includes the word "comprising" is not limited to methods or devices having only the elements that are recited in the claim but also covers methods or devices that add additional elements to the recited elements. Take, for example, a claim that covers a table. If the claim recites a table comprising a tabletop, legs, and glue, the claim will cover any table that contains these structures, even if the table also contains other structures, such as wheels on the end of the legs.  That's a very simple example using the word "comprising" and what it means. In other words, it can have other features in addition to those that are covered by the claim.][4]

---

[4] **Defendant's Objection**: Defendant objects to inclusion of this paragraph because Plaintiff has not identified any preliminary jury instructions that include this paragraph.  In addition,

After the applicant files the patent application with the PTO, an Examiner reviews the application to determine whether or not the claims are patentable, that is to say, appropriate for patent protection, and whether or not the specification adequately describes the invention claimed. In examining a patent application, the Examiner reviews certain information about the state of the technology at the time the application was filed. The PTO searches for and reviews this type of information that is publicly available or that is submitted by the applicant. This type of information is called "prior art." The Examiner reviews this prior art to determine whether or not the invention is truly an advance over the state of the art at the time. Prior art is defined by law, and I will give you, at a later time, specific instructions on what constitutes prior art.

However, in general, prior art includes information that demonstrates the state of the technology that existed before the claimed invention was made or before the application for a patent was filed. A patent lists the prior art that the Examiner has considered. And the items on this list are called the "cited references."

After the prior art search and examination of the application, the Examiner informs the applicant in writing of what the Examiner has found and whether the Examiner considers any claim to be patentable and, thus "allowed." This writing from the Examiner is called an "Office Action." If the Examiner rejects the claims, the applicant has an opportunity to respond to the Examiner to try to persuade the Examiner to allow the claims. The applicant also has the chance to change the claims or to submit new claims. This process may go back and forth between the applicant and the Examiner for some time until the Examiner is satisfied that the application meets the requirements for a patent.

---

Defendant objects because this paragraph is not included in The Federal Circuit Bar Association, Model Patent Jury Instructions, (Feb. 2016), which Judge Gilstrap's preliminary jury instructions track.

And in that case, the application issues as a patent, or in the alternative, if the Examiner ultimately concludes that the application should be rejected, then no patent will issue. Sometimes patents are issued after appeals within the Patent and Trademark Office or to a court. The papers generated during these communications back and forth between the Examiner and the applicant are called the "prosecution history."

The fact that the PTO grants a patent does not necessarily mean that any invention claimed in the patent, in fact, deserves the protection of a patent. While the issued patent is presumed to be valid, the PTO may not have had available to it all other prior art that will be presented to you.  A person accused of infringement has the right to argue here in federal court that a claimed invention in a patent is invalid.

It's your job as the jury to consider the evidence presented by the parties and to determine independently and for yourselves whether or not the Defendant has proven that a patent is invalid.  A patent claim issued to by the PTO can only be found invalid by clear and convincing evidence.

3.     [Agreed] Brief Overview of the Case – Position of the Parties[5]

To help you follow the evidence, I will now give you a brief summary of the positions of the parties. The party who brings the lawsuit is called the Plaintiff. The Plaintiff in this case is Joe Andrew Salazar, who I will refer to as the "Plaintiff" or "Mr. Salazar."

The party against whom the suit is brought is called the Defendant. In this action, the Defendant is HTC Corporation, who will be referred to as the "Defendant" or "HTC Corporation."

---

[5] Adapted from Preliminary Jury Instructions in *Lake Cherokee Hard Drive Techs., LLC v. Marvell Semiconductor, Inc.*, No. 2:10-cv-216-JRG, Trial Tr. (Aug. 12, 2013) at 7-8.

As I told you during *voir dire* this morning, this is a case in which the Plaintiff alleges patent infringement by the Defendant.

This case involves one patent identified as United States Patent number 5,802,467 referred to as the '4-6-7 Patent. This patent may be referred to at various times as the patent-in-suit or the asserted patent, and the patent generally relates to a communications, command, control and sensing system for communicating with external devices.

Now, in a few minutes, Ladies and Gentlemen, each of you will be given a juror notebook, and you'll have a complete copy of the '467 patent in your juror notebooks.

Mr. Salazar contends that HTC Corporation infringed the '467 patent that he owns. Mr. Salazar contends that HTC Corporation owes him damages to compensate him for HTC Corporation's infringement.

HTC Corporation denies that it has infringed the asserted claims of the '467 patent and also contends that the asserted claims of the '467 patent are invalid.

I know that there are several new words and concepts that you've been introduced to, and the Court is going to define and further explain many of these words and concepts as we go forward. The attorneys are likely going to discuss them in their opening statements. Also, the witnesses are going to assist you through their testimony in understanding these words. So do not feel overwhelmed at this stage. It will come together as we go through this trial, I assure you.

Your job in this case is to decide whether each of the asserted claims has been infringed and whether any of the asserted claims are invalid. If you decide that any claim of the '467 patent has been infringed by HTC Corporation and is also not invalid, you will then need to decide any money damages to be awarded to Mr. Salazar as compensation for the infringement.

4.      **[Agreed] Claim Construction**[6]

My job in this case is to tell you what the law is, handle the rulings on evidence and procedure, and to oversee the conduct of the trial as efficiently and effectively as possible. In determining the law, it is specifically my job to determine the meaning of any claim language that needs interpretation. Claim language is the language in those numbered paragraphs at the end of the patent. I've already determined the meaning of some claim terms of the '467. You must accept the meanings that I give you and use those associated meanings when you decide whether any particular claim has or has not been infringed and whether or not any claim is invalid.

You'll be given a document in a moment that reflects those meanings, and that document will also be included in your juror notebooks.

For any claim term for which I have not provided you with a definition, you should apply the ordinary meaning. If I have provided you with a definition, however, then you are to apply my definitions to these terms throughout the case.

However, my interpretation of the language of the claims should not be taken as an indication by you that I have a personal opinion, or any opinion at all, regarding the issues such as infringement and invalidity. Those issues, Ladies and Gentlemen, are yours and yours alone to decide.

I'll provide you with more detailed instructions on the meaning of the claims before you retire to deliberate and to reach your verdict.

---

[6] Adapted from Preliminary Jury Instructions in *Lake Cherokee Hard Drive Techs., LLC v. Marvell Semiconductor, Inc.*, No. 2:10-cv-216-JRG, Trial Tr. (Aug. 12, 2013) at 8-9.

**5.     [Agreed] Burden of Proof**[7]

In any legal action, facts must be proved by a required standard of evidence known as the "burden of proof." The burden of proof in this case is on Mr. Salazar for some issues and HTC Corporation for other issues.

Mr. Salazar has the burden of proving infringement and damages by a preponderance of the evidence. A preponderance of the evidence means that you, the jury, must be persuaded by the credible or believable evidence that the claim is more probably true than not true. Sometimes that is talked about as being the greater weight and degree of credible testimony.

Let me give you an illustration. Here in the courtroom you see the statue of Lady of Justice, and in her left hand, she holds the Scales of Justice. Those scales are completely balanced and equal.

During the course of this trial, consider that the evidence will be placed on those scales, and at the end of the trial, when you are submitted questions to answer as to a party who has the burden of proof by a preponderance of the evidence in answering those questions, if you find that the scales tip, even if they tip ever so slightly, in favor of that party's position by means of what you believe is the greater weight and degree of credible testimony, then they've met their burden of proof and have established that issue by a preponderance of the evidence.

If those scales do not tip even ever so slightly or if they tip in the other position, then that party has not met their burden of proof by a preponderance of the evidence.

HTC Corporation has the burden of proving invalidity by clear and convincing evidence. Clear and convincing evidence means evidence that produces in your mind an abiding conviction

---

[7] Adapted from Preliminary Jury Instructions in *Lake Cherokee Hard Drive Techs., LLC v. Marvell Semiconductor, Inc.*, No. 2:10-cv-216-JRG, Trial Tr. (Aug. 12, 2013) at 16-.

8

that the truth of the party's factual contentions are highly probable. That's a higher standard of proof than by a preponderance of the evidence.

Back to the same illustration. When you weigh the evidence at the end of the trial that's been placed on the Scales of Justice, if they tip more heavily in favor of the party who has the burden of proof by clear and convincing evidence than just ever so slightly, then that party is considered to have met that burden of proof by clear and convincing evidence. But the scales can't tip just ever so slightly; they must tip more than ever so slightly to be clear and convincing evidence.

Now, none of this is to be confused with the burden of proof of beyond a reasonable doubt. That's a burden of proof that's applied in a criminal case. This is a civil case. Beyond a reasonable doubt as a burden of proof has no application in this case at all.

Also, you should not confuse clear and convincing evidence with beyond a reasonable doubt. Clear and convincing evidence is not as high a standard as beyond a reasonable doubt, but it is higher than a preponderance of the evidence.

**6.    [Agreed] Overview of the Applicable Law[8]**

In deciding the issues that are before you, you'll be asked to consider specific legal rules, and I'll give you an overview of those rules now. And then at the conclusion of the case, I'll give you much more detailed instructions.

The first issue you'll be asked to decide is whether HTC Corporation has infringed any of the asserted claims of the '467 patent. Infringement is assessed on a claim-by-claim basis, and Mr. Salazar must show infringement by a preponderance of the evidence. Therefore, there may

---

[8] Adapted from Preliminary Jury Instructions in *Lake Cherokee Hard Drive Techs., LLC v. Marvell Semiconductor, Inc.*, No. 2:10-cv-216-JRG, Trial Tr. (Aug. 12, 2013) at 9-12.

9

be infringement as to one claim but no infringement to another claim. HTC Corporation may infringe the '467 patent by making, using, selling, or offering for sale in the United States, or importing into the United States, a product meeting all of the requirements of a claim of the '467 patent. I'll provide you with more detailed instructions on the requirements for infringement at the conclusion of the case.

Another issue that you will be asked to decide is whether the '467 patent is invalid. A patent may be found to be invalid for a number of reasons, including because it claims subject matter that is not new or is obvious.

An issued U.S. patent is presumed valid under the law. For a claim to be invalid because it is not new, HTC Corporation must show, by clear and convincing evidence, that all the elements of a claim are sufficiently described in a single previous printed publication or patent or present in a single previous device. We call those items "prior art." If a claim is not new, it is said to be anticipated.

Another way that a claim may be found to be invalid is that it may have been obvious. Even though every element of a claim is not shown or sufficiently described in a single piece of prior art, the claim may still be invalid if it would have been obvious to a person of ordinary skill in the field of the technology of the patent at the relevant time. You'll need to consider a number of questions in deciding whether the asserted claims of the '467 patent are obvious. I'll provide you with detailed instructions on these questions at the conclusion of the trial.

If you decide that any claim of the '467 patent has been infringed and is not invalid—that is, the presumption of validity has survived—then you will need to decide what amount of money damages are to be awarded to Mr. Salazar to compensate him for the infringement.

A damages award must be adequate to compensate a patent owner for the infringement, but in no event may the damages award be less than what Mr. Salazar would have received had he been paid a reasonable royalty for the use of his patent. I will instruct you later on the meaning of a reasonable royalty. The damages you award, if any, are meant to compensate Mr. Salazar and are not meant to punish HTC Corporation. You may not include in your award any additional amount as a fine or a penalty above what is necessary to compensate Mr. Salazar for the infringement.

I'll give you more detailed instructions on the calculation of damages at the conclusion of the trial, including more specific instructions with regard to the calculations of a reasonable royalty.

However, the fact that I'm instructing you now about damages does not mean that Mr. Salazar is or is not entitled to recover any damages.

7.    [Agreed] Evidence and Witnesses[9]

You're going to be hearing, Ladies and Gentlemen, from a number of witnesses during this trial. And I want you to keep an open mind while you're listening to the evidence and not decide any facts until you've heard all the evidence.

While the witnesses are testifying, remember that you will have to decide the degree of credibility and believability to allocate to the witnesses and the evidence. So while the witnesses are testifying in this case, you should be asking yourselves things like this: Does the witness impress you as being truthful? Does he or she have a reason not to tell the truth? Does he or she have a personal interest in the outcome of the case? Does the witness seem to have a good

---

[9] Adapted from Preliminary Jury Instructions in *Lake Cherokee Hard Drive Techs., LLC v. Marvell Semiconductor, Inc.*, No. 2:10-cv-216-JRG, Trial Tr. (Aug. 12, 2013) at 12-13, 18-20.

memory? Did he or she have an opportunity and ability to observe accurately the things they testified about? Did the witness appear to understand the questions clearly and answer them directly? And, of course, does the witness's testimony differ from either his or her own prior testimony or the testimony of other witnesses? And if it does, how does it differ? These are the kinds of things that you should be thinking about while you're listening to each and every witness during the trial.

Also, I want to talk to you briefly about expert witnesses. When knowledge of a technical subject may be helpful to you, the jury, a person who has special training and experience in that particular field—we refer to them as an expert witness—is permitted to testify to you about his or her opinions on technical matters.

However, you're not required to accept those opinions at all. As with any other witness, it's up to you to decide whether to believe that an expert witness—or any witness, for that matter—is correct or incorrect and whether you want to believe what they say.

I anticipate that there will be expert witnesses testifying in support of each side in this case, but it will be up to you to listen to their qualifications. And when they give an opinion or explain the basis for an opinion, you will have to evaluate what they say and, whether you believe it, and if you do, to what degree you want to give it any weight.

During the trial, I also anticipate that testimony is going to be presented through what are called depositions. In trials like this, Ladies and Gentlemen, it's tough, if not nearly impossible, to get every witness here in the courtroom at the same time. So the lawyers for each side, prior to the trial, are given an opportunity to take the deposition of a witness. In a deposition, they have a court reporter present. The witness is sworn and is under oath, just as if he or she were personally testifying in court. And then the parties ask them questions, they give their answers, and it's all

recorded—either by written transcript, by video recording, or both. Portions of those transcripts or video recordings of the questions and answers may be presented to you as a part of the trial so that you can see the witness and/or hear their testimony, even though the witness is not physically present.

That deposition testimony is entitled to the same consideration, and insofar as possible, is to be judged as to the credibility and weighed or otherwise considered by the jury in the same way as if the witness had been present physically and given the testimony from the witness stand in open court here.

## 8.    [Agreed] Objections[10]

During the trial of the case, Ladies and Gentlemen, it's possible that the lawyers from time to time will make certain objections, and I will enter rulings on those objections.

It's the duty of an attorney on each side of the case to object when the other side offers testimony or other evidence that the attorney believes is not proper.

Upon allowing testimony or other evidence to be introduced over an objection of an attorney, the Court does not, unless expressly stated, indicate an opinion as to the weight or effect of such testimony.

As I've said before, you, the jury, are the sole judges of the credibility of all the witnesses and the weight and effect of all the evidence.

The Court has already ruled on most, if not all, of the exhibits that are going to be presented to you. There may be a few more as we go along, but a significant amount of time has been saved because the parties have worked in advance with the Court to resolve a majority of

---

[10] Adapted from Preliminary Jury Instructions in *Lake Cherokee Hard Drive Techs., LLC v. Marvell Semiconductor, Inc.*, No. 2:10-cv-216-JRG, Trial Tr. (Aug. 12, 2013) at 20-22.

objections about these exhibits. So that means that when the parties show you an exhibit, I have already ruled on the admissibility of it. And then the lawyers for each side will ask the witness questions about it and put it in context.

It's still possible, however, that objections may come up during the trial. If I sustain an objection to a question addressed to a witness, then you must disregard the question entirely; and you may draw no inference from or speculate about what the witness would have said if I'd permitted the witness to answer the question. However, if I overrule an objection, then you should consider the question and the answer just as if no objection had been made.

9. **[Agreed] Role of the Court and Jury[11]**

You should know, Ladies and Gentlemen, that the law of the United States permits a judge to comment to the jury on the evidence in a case, but such comments from the judge on the evidence are only an expression of the judge's opinions as to the facts, and the jury may disregard those comments in their entirety, because as I've said before, you, the jury, are the sole judges of the facts, the credibility of the witnesses, and how much weight to give to the testimony of the witnesses.

Also, as I indicated to you earlier, even though I may have the ability to comment on the evidence to you, I am going to try very hard not to comment on any of the evidence throughout the trial. And you should not take any expression you see from me as an indication that you should believe one thing or not believe something else as to any of the evidence in this case.

10. **[Agreed] Notes[12]**

---

[11] Adapted from Preliminary Jury Instructions in *Lake Cherokee Hard Drive Techs., LLC v. Marvell Semiconductor, Inc.*, No. 2:10-cv-216-JRG, Trial Tr. (Aug. 12, 2013) at 22-23.
[12] Adapted from Preliminary Jury Instructions in *Lake Cherokee Hard Drive Techs., LLC v. Marvell Semiconductor, Inc.*, No. 2:10-cv-216-JRG, Trial Tr. (Aug. 12, 2013) at 13-15.

Now, in front of me, the Court Reporter, _____, is taking down everything that is said in the form of a written transcript of these proceedings. However, that transcript is not going to be available to you during your deliberations. The transcript is prepared in case there's an appeal to an appellate court of this trial. So as a result, each of you are going to have to rely on your memories of the evidence.

In a moment, you're each going to be given a juror notebook. One of the things in the back of that notebook is a note pad with blank pages upon which you can take notes.

It's up to you each of you to decide whether you want to take notes and how detailed you want those notes to be, if you decide to take notes. Remember those notes are for your personal use only. But you have to rely on your own memory of the evidence, and that's why you should pay particularly close attention to the testimony of each and every witness.

You should not abandon your own recollection because somebody else's notes indicate something different.  Your notes are to refresh your recollection, and that's the only reason you should be keeping them.

I'm now going to ask our Court Security Officer to hand out these juror notebooks to you at this time.

In these notebooks, Ladies and Gentlemen, you will see that you each have a copy of the '467 patent that we've talked about.

Also, you'll see in these notebooks that you have some pages listing the claim terms. Those are the words that are found in the numbered claims at the back of the '467 patent that I've told you about before. Along with each claim term are the definitions that the Court has given you with regard to those terms, and you are to work with those definitions.

Also, you'll see that there are pages and witness photographs in there. You should have one page for each witness with a photograph of that witness and their name near the top of the page. The remainder of the page is blank, and you can use that page for notes, if you wish, as well as use your notebook in the back for notes. You should also find a pen in there for your use in taking notes.

**11.    [Agreed] Trial Roadmap[13]**

We're going to move on to the opening statements in just a few minutes, and you're going to have plenty of time to look at those notebooks as we go forward.

Before we do that, I want to give you a brief roadmap of the trial, how it's going to proceed, and how it's going to be structured, before we have opening statements.

After the opening statements, Mr. Salazar will present his evidence in support of his contentions that some of the claims of the '467 patent have been infringed by HTC Corporation. To prove infringement of any asserted claim, Mr. Salazar must persuade you that it is more likely true than not true that HTC Corporation has infringed that claim by a preponderance of the evidence.

After Mr. Salazar has presented his evidence and rested, HTC Corporation will then present its evidence that the asserted claims of the '467 patent are invalid. To prove invalidity of any claim, HTC Corporation must persuade you by clear and convincing evidence that the claim is invalid. In addition to presenting evidence of invalidity, HTC Corporation will put on evidence responding to the Mr. Salazar's proof of infringement and damages.

---

[13] Adapted from Preliminary Jury Instructions in *Lake Cherokee Hard Drive Techs., LLC v. Marvell Semiconductor, Inc.*, No. 2:10-cv-216-JRG, Trial Tr. (Aug. 12, 2013) at 23-25.

After HTC Corporation has presented its evidence and rested, then Mr. Salazar may put on additional evidence responding to HTC Corporation's evidence that the claims of the '467 patent are invalid, and to offer any additional evidence of infringement or damages. This is called the "rebuttal" evidence.  Finally, HTC Corporation may have the option to put on its "rebuttal" evidence to support its contentions as to the invalidity of the asserted claims of the '467 patent.

After the rebuttal case is finished, then both sides will close, subject to my final instructions, and final jury arguments from counsel. At that time, I will then give you final instructions on the law that applies to this case.

The lawyers will then present their closing arguments to the jury. And after you have heard the closing arguments of counsel for both sides, then you will retire, deliberate upon, and reach your verdict.

I want to repeat my earlier instruction to you not to discuss this case at all among yourselves or anyone else during the trial. Only when you retire to the jury room to deliberate upon your verdict, after all the evidence is in, may you then discuss the case among yourselves. At that point in time, it will be your duty to discuss the case among yourselves, but until then, you are instructed not to discuss the case among yourselves in any shape, form, or fashion.

Throughout this week and throughout the trial, as you pass counsel and as you pass the parties, they're not going to speak, they're not going to engage in conversation with you. Don't hold that against them. Don't think that they're being rude or unfriendly. They are simply following the instructions that I've given them.