**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| JOE ANDREW SALAZAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:16-cv-01096-JRG-RSP |
| | § | |
| HTC CORPORATION, | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

**JOE ANDREW SALAZAR'S RESPONSES TO**
**HTC CORPORATION'S MOTIONS *IN LIMINE***

Plaintiff Joe Andrew Salazar ("Salazar") file this Response to Defendant HTC Corporation's Opposed Motions *in limine* and shows:

## I.   PLAINTIFF'S RESPONSE TO HTC CORPORATION'S DAMAGES-RELATED MOTIONS *IN LIMINE*

### A.   Motion To Exclude Any Argument Or Testimony, Including From Experts, Regarding HTC Corp.'s Sales Prices Or Total Revenues Attributable To Any HTC-Branded Products

Defendant moves the Court top preclude Salazar from making any argument, comment, reference, evidence, or testimony, including from experts, regarding the sales prices or total revenues attributable to any HTC-branded device, including the Accused Devices.  Plaintiff's damages expert, Justin R. Blok, reasonable royalty opinion is not keyed off the sales price or total revenue earned from HTC's accused infringing smartphones. However, it is extremely puzzling that Defendant would file this motion *in limine* which is primarily, if not exclusively, leveled at Mr. Blok's opinions and conclusions when HTC's own retained damages expert in this case makes multiple references to HTC's total profitability of the accused products and the market share of these products numerous times in his expert report – even citing to the operating margins for the

1

accused products as well as HTC's entire business. In fact, HTC's damages expert goes out of his way to criticize Mr. Blok for not considering the overall profitability of HTC's accused products (i.e., the entire smartphone). *See* Bakewell Report, ¶ 59, 60, , 225, 228 fn.359 and 230.

Citing *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1320 (Fed. Cir. 2011) and *Laser Dynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 68 (Fed. Cir. 2012), Defendant also contends that disclosure of its overall product revenues to the jury in this case would "skew the damages horizon for the jury" or and only serve to "artificially inflate the jury's damages calculation beyond that which is adequate to compensate for the infringement." It is highly ironic that Defendant would seek to prevent Mr. Blok and Plaintiff's counsel from mentioning this information when Defendant's own damages expert constantly refers to this same information in order to criticize Mr. Blok's work in this case.  Defendant wants to have it both ways in this case – have its witnesses tell the jury about HTC's falling market share and declining profits while on the other hand keeping the jury in the dark as to how much those sales and revenues actually total up to be. In actuality – motion *in limine* is a red herring. Mr. Blok excluded the total revenues derived from the sales of Defendant's accused products from his *Georgia-Pacific* analysis and only included the ASP of the accused product because it is the entire infringing unit.  *See* Blok Report, ¶ 64. The ASP of Defendant's accused products does not affect Mr. Blok's reasonable royalty opinion and he does not plan on presenting these numbers to the jury at trial – unless of course, Defendant opens the door to disclosing this information to jury by criticizing Mr. Blok for not taking it into consideration.

**B.**   **Motion To Exclude Any Argument Or Testimony, Including From Experts, Concerning HTC Corp.'s Size, Wealth, Total Net Worth, Total Profits, And/or Ability To Pay Damages**

Defendant moves to preclude Salazar from introducing any reference, evidence, testimony (including expert testimony), or argument regarding HTC Corp.'s size, wealth, total net worth, total profits, and/or ability to pay damages. Plaintiff does not intend to argue that any of the considerations mentioned by Defendant as basis for arguing that Defendant has the ability to pay a sizable judgment. However, Plaintiff believes that Defendant's motion is overly broad and does not agree that *any* argument or testimony concerning HTC's "size" should be excluded.  The fact that HTC Corporation is a large multi-national corporation with operations in many different countries is an inescapable fact.  If Defendant's motion *in limine* in this regard is granted in its present overbroad formulation, any time that Plaintiff's counsel or any of Plaintiff's witness began to discuss Defendant's business operations or the amount of infringing units sold or its research and development capabilities it would be at the peril of violating this motion *in limine*. Accordingly, Plaintiff requests that the Court limit Defendant's motion to exclude only references to Defendant's size that would indicate to the jury that it had the ability to pay damages.

**II.    PLAINTIFF'S RESPONSE TO HTC CORPORATION'S GENERAL MOTIONS** *IN LIMINE*

**A.**   **Motion to Exclude Any Argument or Testimony, Including From Experts, Concerning HTC Corp.'s Foreign Incorporation or Nationality**

Plaintiff fully agrees that no party or witness should make disparaging or denigrating statements about a party or witnesses nationality and Plaintiff's counsel nor any witness called by Plaintiff intends to do so.  However, Plaintiff believes that Defendant's motion is overly broad and does not agree that *any* argument or testimony concerning HTC's foreign incorporation or nationality should be excluded.  HTC's nationality is relevant and material to several issues in

dispute in this case.  For example, HTC's status as a foreign company is material to understanding the parties' relationships in sales agreements involving HTC, HTC America, and other contracting entities.  Likewise, HTC's foreign nationality is relevant and material to Plaintiff's theories of patent infringement based on importation and offer to sell in the United States.  Accordingly, Plaintiff requests that the Court limit Defendant's motion to exclude only *disparaging or denigrating* arguments or testimony concerning a party's or witness's nationality.

### B.   Motion to Exclude Any Argument Or Testimony, Including From Experts, Concerning Statements Or Reasoning In The Court's Claim Construction Order

Plaintiff opposes this motion on the ground that it is duplicative of the Court's Claim Construction Order (Dkt. No. 108) and unnecessary.  As Defendant notes in its motion, the Court has expressly instructed the parties not to refer to each other's claim construction positions in the presence of the jury or to mention any portion of the Court's opinion other than the actual definitions adopted by the Court (Dkt. No. 108, at 58).  Plaintiff believes that the Court's Order speaks for itself and will comply with the Order in full.

### C.   Motion to Exclude Any Argument Or Testimony, Including From Experts, Concerning Disputed Issues or Alleged Deficiencies In HTC Corp.'s Discovery Conduct

Defendant moves to preclude Salazar from making any reference before the jury about disputed issues that were resolved or could have been resolved before trial, including discovery disputes, alleged deficiencies in HTC Corporation's document production or discovery responses, HTC Corpation's conduct during discovery, and any alleged litigation misconduct. As the Court is aware, Plaintiff has been forced to file more than one motion to compel in order to force HTC Corporation to produce relevant documents and to designate and prepare company employees for Salazar's designated 30(b)(6) deposition topics.  Salazar has still not gotten HTC Corporation to

4

produce a 30(b)(6) witness to testify on Topic 13 **"All technical and design features and all functional and operational elements of the Accused Devices"** which is highly relevant to Salazar's claims in this action.  Concerning damages-related documents and marketing materials and financial records and information that Plaintiff's economic expert, Justin R. Blok, did not receive from HTC Corporation, Salazar specifically requested this type of information from HTC Corporation and Salazar did in fact raise an issue with HTC Corporation – and later with the Court – over HTC Corporation's lack of production of surveys and other marketing and financial data and Salazar never received anything that was actually relevant to what was requested.  Salazar should be allowed to bring these facts out at trial; especially if HTC Corporation or its experts criticize Mr. Blok's opinions or conclusions because he did not review HTC Corporation financial or marketing information which was requested and never received.

> **D.**  **Motion To Exclude Any Argument Or Testimony, Including From Experts, Concerning Opinions Outside The Scope Of Any Expert's Timely Written Report**

Defendant moves to exclude references to argument and testimony by "Salazar's expert witnesses" that are "outside the scope of" the experts' "timely written reports"—that is, "opinions not included in their written reports, including opinions based on another expert's non-disclosed opinions."  Plaintiff opposes this motion on four grounds.

First, Plaintiff opposes the motion to the extent that it would bar Plaintiff's experts from elaborating on testimony they have already provided.  As addressed by Plaintiff in his Opposition to HTC's Motion to Strike the Declaration of Roy A. Griffin III (Dkt. No. 214), such bolstering is entirely permissible, and a court should not strike an expert declaration that is "nothing more than an elaboration on opinions already expressed" in an expert report.  *See PalTalk Holdings, Inc. v. Microsoft Corp.*, No. 2:06-CV-367 (DF), 2009 WL 10677720, at *2 (E.D. Tex. Feb. 11, 2009).  In

*PalTalk Holdings*, the defendant moved to strike the plaintiff's expert declaration in support of its opposition to defendant's motion for summary judgment, arguing that issues raised in his declaration were not present in his expert report. *Id.* This Court found that the expert's report and deposition addressed the issues, and his declaration was merely an elaboration of those opinions. *Id.* The Court further held that even if the expert's report failed to address the issues defendant complained of, it would have been reasonable for him "to opine on what he believed to be a new claim construction position taken by the opposing party and such would explain any failure by [the expert] to include these opinions in his expert report." *Id.* This Court has also held that there is no unfair prejudice where an expert's opinions have not changed and additional testimony bolsters the opinion of the expert held throughout litigation. *Jones v. Harley-Davidson, Inc.*, No. 2:14-CV-694-RWS-RSP, 2016 WL 5395952, at *2 (E.D. Tex. Sept. 27, 2016).

Second, Plaintiff opposes this motion to the extent that it would preclude Plaintiff's experts from supplementing their reports. If new issues, testimony, and/or arguments are presented by Defendant, Plaintiff has a right to rebut the new testimony and arguments. This includes the declaration by Mr. Griffin that is in dispute in Defendant's Motion to Strike (Dkt. No. 214). Defendant contends that Mr. Griffin's declaration is supplemental testimony that should be excluded because it is untimely. Although Plaintiff disagrees that the declaration is supplemental testimony, even assuming that it is, it is admissible because (1) the declaration elucidates for the jury the competing opinions of the parties' experts regarding the dispute over the technical application of the "a memory device coupled to said microprocessor configured to store a plurality of parameter sets" claim limitation; (2) Plaintiff had a good faith belief that supplementing Mr. Griffin's expert report was not consistent with Rule 26(e)(1)(A); and (3) there is no potential prejudice that would arise from allowing Mr. Griffin's testimony.

6

Third, Plaintiff objects to Defendant's statement that "opinions based on another expert's non-disclosed opinions" should be excluded. Defendant has previously attempted to argue that Plaintiff's damages expert, Justin Blok, improperly relied on the non-disclosed opinions of Plaintiff's technical expert, Roy A. Griffin III and that his opinions and testimony should be excluded. Defendant appears to raise the same argument again in this motion in *limine*. However, as Plaintiff has pointed out in its briefing (*see* Dkt. Nos. 178, 206), Mr. Griffin disclosed the opinions challenged by HTC in paragraphs 49 through 51 of his expert report, detailing the similarities in the infrared ("IR") functionality provided by the Pronto add-on device and the Accused IR Functionality integrated into HTC's accused smartphones. *See* Dkt. No. 206; Griffin Report, ¶¶ 49- 51. Furthermore, although HTC seems to believe it improper that Mr. Griffin also orally discussed his opinions in this regard with Mr. Blok, the Court's decision in *Freeny v. Murphy Oil Corp.*, 2:13-CV-791-RSP, 2015 WL 11089599 (E.D. Tex. June 4, 2015) supports that this sort of communication between expert witnesses provides an acceptably reliable foundation for their opinions. Additionally, the Federal Rules provide that "[a]n expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed . . . ." Fed. R. Evid. 703. Accordingly, Mr. Blok is entitled to rely on his discussions with Mr. Griffin even if such discussions would be otherwise inadmissible. *See id.*

Fourth, to the extent that the Court grants Defendant's motion, Plaintiff requests that it apply mutually to both party's expert witnesses, not just Plaintiff's.

**E.     Motion To Exclude Any Argument Or Testimony, Including From Experts, Concerning The Size of Parties' Law Firms**

Plaintiff opposes this motion on the ground that it is overbroad. Plaintiff agrees that the size of the retained law firms is not relative to any issue in the case and does not intend to present any evidence regarding law firm size to the jury. However, Plaintiff wishes to reserve the right to

ask prospective jurors during voir dire whether the size of the law firm representing the client would influence their opinion of the case.  "The purpose of voir dire is to discern bias or prejudice in prospective jurors," and "[q]uestions by counsel during voir dire should further this purpose." *Sandidge v. Salen Offshore Drilling Co.,* 764 F.2d 252, 257-58 (5th Cir. 1985).  As Defendant states in its motion, the issue of the comparative size of the law firms poses a "substantial danger" of causing unfair prejudice.  Plaintiff concurs, and, accordingly, the parties should be able to question prospective jurors about this topic in order "to discern bias or prejudice" against either of the parties.  *Id.*

      **F.**      **Motion To Exclude Any Argument Or Testimony, Including From Experts, Concerning Objections Made By A Party**

Plaintiff opposes this motion to the extent that it would preclude Plaintiff from pointing out to the jury that certain interrogatory or deposition responses were subject to Plaintiff's objections.  This concern is particularly significant where, for example, a deposed witness may not be able to appear at trial, or where Plaintiff objected to Defendant's leading questions to its deposition witnesses during redirect examination.  Because such evidence will be presented to the jury, Plaintiff wishes to preserve the objections made by the parties in answers to interrogatories, at hearings, and during depositions.

Dated: April 6, 2018           Respectfully submitted,

*Andy Tindel w/ permission of Lead Attorney*

Dariush Keyhani, Lead Attorney
*Pro Hac Vice*
New Jersey State Bar No. 044062002
MEREDITH & KEYANI, PLLC
125 Park Avenue, 25th Floor
New York, NY 10017
(212) 760-0098 Telephone
(212) 202-3819 Facsimile
Email: dkeyhani@meredithkeyhani.com

8

Andy Tindel
Texas State Bar No. 20054500
MT² LAW GROUP
MANN | TINDEL | THOMPSON
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile:  (903) 596-0909
Email: atindel@andytindel.com

J. Mark Mann
Texas State Bar No. 12926150
G. Blake Thompson
Texas State Bar No. 24042033
MT² LAW GROUP
MANN | TINDEL | THOMPSON
300 West Main Street
Henderson, Texas 75652
Telephone: (903) 657-8540
Facsimile:   (903) 657-6003
Email: mark@themannfirm.com
Email: blake@themannfirm.com

*Attorneys for Plaintiff Joe Andrew Salazar*

## CERTIFICATE OF SERVICE

This is to certify that all known counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on this the 6th day of April, 2018.  Any other known counsel of record will be served with a copy of this document by email and/or facsimile transmission.

Andy Tindel