**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| JOE ANDREW SALAZAR,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HTC CORPORATION,<br><br>　　　　Defendant. | Civil Action No. 2:16-cv-01096-JRG-RSP<br><br>JURY TRIAL DEMANDED<br>**PATENT CASE** |

## REPLY IN SUPPORT OF HTC CORPORATION'S MOTION TO STRIKE THE DECLARATION OF ROY A. GRIFFIN III

Fred I. Williams
State Bar No. 00794855
Email:  fwilliams@velaw.com
Mario A. Apreotesi
State Bar No. 24080772
Email:  mapreotesi@velaw.com
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, Texas  78746
Tel: 512.542.8400
Fax: 512.542.8612

Todd E. Landis
State Bar No. 24030226
Email:  tlandis@velaw.com
Eric J. Klein
State Bar No. 24041258
eklein@velaw.com
VINSON & ELKINS, LLP
2001 Ross Avenue, Suite 3700
Dallas, Texas  75201
Tel: 214.220.7700
Fax: 214.220.7716

ATTORNEYS FOR DEFENDANT
HTC CORPORATION

Harry Lee Gillam, Jr.
State Bar No. 07921800
Email: gil@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas   75670
Tel: 903.934.8450
Fax: 903.934.9257

**TABLE OF CONTENTS**

I. THE GRIFFIN DECLARATION IS UNTIMELY AND PREJUDICIAL BECAUSE IT PROVIDES NEW OPINIONS THAT WERE NOT PREVIOUSLY DISCLOSED.................................................................................................................. 1

II. THE GRIFFIN DECLARATION CONTAINS CONCLUSORY ASSERTIONS WITHOUT SUPPORTING FACTS OR REASONING. ................................................... 3

III. CONCLUSION............................................................................................................ 4

## TABLE OF AUTHORITIES

**Cases**

*Paltalk Holdings, Inc. v. Microsoft Corp.*,
 No. 2:06-cv-367 (DF), 2009 WL 10677720 (E.D. Tex. Feb. 11, 2009) ...................................... 2

**Rules**

Fed. R. Civ. P. 26(a)(2)(B) ........................................................................................................ 3

Fed. R. Civ. P. 37(c)(1) ............................................................................................................. 1

Defendant HTC Corporation ("HTC Corp.") replies in support of its Motion to Strike the Declaration of Roy A. Griffin III ("the Motion," Dkt. 194) and in response to Salazar's Opposition ("the Opposition," Dkt.214). For the reasons shown in the Motion and below, paragraphs 6-7, 9, and 18 of the Griffin Declaration should be stricken because they provide new and untimely infringement opinions without any evidentiary support. As a result, Mr. Griffin's new, conclusory opinions should not be considered in deciding HTC Corp.'s Motion for Summary Judgment, the *Daubert* Motion regarding Mr. Griffin's opinions, or otherwise. *See* Fed. R. Civ. P. 37(c)(1).

**I.  THE GRIFFIN DECLARATION IS UNTIMELY AND PREJUDICIAL BECAUSE IT PROVIDES NEW OPINIONS THAT WERE NOT PREVIOUSLY DISCLOSED.**

The Griffin Declaration is untimely because its unsupported opinions in ¶¶ 6-7, 9, and 18 were not included in his opening expert report ("the Griffin Report") of December 29, 2017 and were disclosed for the first time in the Declaration on March 6, 2018. Salazar argues that the Griffin Declaration is consistent with the Griffin Report. Opp. at 3-4. But Salazar contradicts himself and leaves his argument totally unsupported. First, Salazar does not dispute that the opinions in ¶¶ 9 and 18 of the Griffin Declaration were **not** included in the Griffin Report.[1] *See* Opp. at 3-5. Second, Salazar does not cite to any portion of the Griffin Report that supports Mr. Griffin's new opinions in ¶¶ 9 and 18. *See id.* In an attempt to mischaracterize the new opinions in ¶¶ 6-7 of the Griffin Declaration,[2] **Salazar misquotes the Griffin Declaration with ellipses that remove his new opinions on "instructions for storing."** By disingenuously excising the new opinions at issue here, Salazar attempts to draw nonexistent similarities between the Griffin

---

[1] In ¶ 9 of the Griffin Declaration, Mr. Griffin opines for the first time that his "demo application" could be modified for use with a TiVo box incorporating an IR blaster. In ¶ 10, Mr. Griffin states for the first time that all the components and source code in the One M9 are "substantially identical" to that of the One M8.

[2] In ¶¶ 6-7 of the Griffin Declaration, Mr. Griffin opines for the first time that the memory device is "configured" by "instructions for storing parameter sets" and "sandboxed file folders."

1

Declaration and the Griffin Report. It is telling that Salazar does not identify—because he cannot—a single instance in the Griffin Report that discusses "instructions for storing" or "sandboxed file folders." Instead, he cites conclusory statements in the Griffin Report that parrot the claim language and state that the memory devices in the Accused Devices "are configured to store a plurality of parameter sets," but never cites any portion of the Griffin Report as actually disclosing how or when such a configuration is allegedly accomplished. *See id.* at 3.

Salazar argues that Mr. Griffin's new opinions are justified because they are "important" and because they may "elucidate[] for the jury the competing opinions of the parties' experts." Opp. at 5. Salazar's belief that Mr. Griffin's late, unsupported opinions are "important" does not justify their untimeliness. It is telling that Salazar provides no explanation for why these opinions were not provided in the Griffin Report. And Salazar's reliance on *Paltalk* to argue that Mr. Griffin's new opinions are justified is misplaced because the Griffin Report does not provide any opinions similar to those made for the first time in ¶¶ 6-7, 9 and 18 of the Griffin Declaration, which makes this situation quite distinguishable from *Paltalk*. *See Paltalk Holdings, Inc. v. Microsoft Corp.*, No. 2:06-cv-367 (DF), 2009 WL 10677720, at *2 (E.D. Tex. Feb. 11, 2009) (denying motion to strike expert declaration submitted in opposition to a motion for summary judgment because "the Declaration at issue was nothing more than an elaboration on opinions already expressed in [the expert's] report").

Finally, Salazar's argument that there is no prejudice because HTC Corp. could serve its own late expert declaration entirely misses the mark. *See* Opp. at 6-7. Mr. Griffin's opinions were offered for the **first time** more than two months after submission of the Griffin Report and after his two depositions. Salazar's shifting sands approach to its infringement theory is inherently

2

prejudicial to HTC Corp., especially at this late stage of the case after fact and expert discovery have closed.

## II. THE GRIFFIN DECLARATION CONTAINS CONCLUSORY ASSERTIONS WITHOUT SUPPORTING FACTS OR REASONING.

Paragraphs 6-7, 9, and 18 of the Griffin Declaration should also be stricken because they contain bare conclusions without the supporting facts or reasoning required by Fed. R. Civ. P. 26(a)(2)(B). Salazar argues that the opinions in the Griffin Declaration are "factual elaborations" supported by "specific facts." Opp. at 7-9. Yet, the Opposition simply recites Mr. Griffin's conclusory statements without identifying any evidentiary support or reasoning why the conclusory statements show infringement. Paragraphs 6-7 of the Griffin Declaration fail to specifically identify which instructions allegedly satisfy the "memory device" element, when the instructions are executed to allegedly "configure" the memory devices of the Accused Devices, and how the instructions actually configure the memory devices. The Griffin Declaration also fails to identify when or how the unidentified "sandboxed file folders" configure the memory devices. For both of these assertions, Mr. Griffin failed to identify any evidentiary support for his assertions or how his assertions may show infringement of the "memory device" element.

The Opposition similarly fails to identify the supporting facts or reasoning for Mr. Griffin's new opinions in ¶¶ 9 and 18 of the Griffin Declaration. For ¶ 9, Mr. Griffin failed to provide any evidentiary support that: (1) a TiVo box with an IR blaster exists, (2) when such devices were available to consumers, or (3) how his demo application on an Accused Device could be used to send IR signals to and receive IR signals from such a TiVo box.

In ¶ 18, Mr. Griffin baldly opines that "all of the exemplarily components and source code in the HTC One M8 [] are substantially identical in the HTC One M9," without identifying any support for his opinion. In the Opposition, Salazar argues for the first time that "[a]s HTC only

3

produced one set of source code for the Accused Devices, it admitted that the source code of the Accused Devices is identical." Opp. at 8.  To the contrary, HTC Corp. made source code available to Salazar's counsel and expert for each of the HTC One M7, One M8, One M8 for Windows, and One M9.  Ex. 1 (image of source code directories made available); Apreotesi Decl. at ¶ 4.  It is undisputed that the One M9 used the Peel Smart Remote application provided by third-party Peel and that the One M7 and One M8 used the Sense TV application provided by HTC Corp.  Dkt. 149 at 2-3.  And Salazar admits that Mr. Griffin did not inspect any physical samples of the One M9.  Opp. at 9.  Because Mr. Griffin neither analyzed the Peel Smart Remote application nor inspected the One M9 device, it would be impossible for him to provide evidentiary support for his conclusory statement that the One M9 infringes the asserted claims for the same reason that the One M8 allegedly does.

### III.   CONCLUSION

For the foregoing reasons, HTC respectfully requests that the Court strike paragraphs 6-7, 9, and 18 of the Griffin Declaration.

Dated: April 9, 2018                    Respectfully submitted by,

*/s/ Fred I. Williams*
Fred I. Williams
State Bar No. 00794855
fwilliams@velaw.com
Mario A. Apreotesi
State Bar No. 24080772
mapreotesi@velaw.com
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, Texas 78746
Tel:  512.542.8400
Fax: 512.542.8612

Todd E. Landis
State Bar No. 24030226
tlandis@velaw.com
Eric J. Klein
State Bar No. 24041258
eklein@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, Texas  75201
Tel:  214.220.7700
Fax: 214.220.7716

Harry Lee Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas   75670
Tel:  903.934.8450
Fax: 903.934.9257

*Counsel for Defendant HTC Corporation*

**CERTIFICATE OF SERVICE**

    The undersigned certifies that all counsel of record who have deemed to have consented to electronic service are being served on April 9, 2018, with a copy of the foregoing document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).

    */s/ Fred I. Williams*_____
    Fred I. Williams