# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| JOE ANDREW SALAZAR, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 2:16-CV-01096-JRG-RSP |
| HTC CORPORATION, | § § | |
| Defendants. | § § | |

## ORDER ON MOTIONS IN LIMINE

Before the Court are the opposed motions *in limine* filed by Defendant HTC Corporation [Dkt. # 197] and by Joe Andrew Salazar [Dkt. # 199], and the Joint Stipulation of Agreed Motions in Limine [Dkt. # 198]. On April 16, 2018, the Court heard argument on the opposed motions during a pretrial conference. For the reasons explained at the hearing, the Court ruled as follows.

A party must approach the bench before introducing evidence or argument about the subject matter of a granted motion *in limine*.

## Agreed Motions *in Limine* [Dkt. # 198]

1.     No party will introduce any reference, evidence, testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony concerning, unrelated litigations or settlements thereof involving the other party, including current or former affiliate entities.

2. No party will introduce any reference, evidence, testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony concerning, any party's use or alleged use of jury studies, jury consultants, focus group studies, or shadow juries.

3. No party will introduce any reference, evidence, testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony concerning, settlement discussions in this case.

4. No party will introduce any reference, evidence, testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony concerning, the (1) actual or estimated costs incurred in prosecution or defense of this lawsuit or (2) the financing of this lawsuit by either party.

5. No party will introduce any reference, evidence, testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony concerning, the personal net worth of any witness or of any owner (direct or indirect), shareholder, director, officer, and/or employee of HTC Corp. or its affiliates.

6. No party will introduce any reference, evidence, testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony concerning, any claims of privilege asserted by any party during discovery, privileged subject matter, or any communications between the parties and their attorneys, or any attempt to elicit any testimony that the party knows will, or is intended to, cause the responding party to invoke

its right to attorney- client confidentiality, including advice of counsel relating to alleged infringement of the asserted patents.

7. No party will introduce any reference, evidence, testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony concerning, withdrawn infringement allegations, claims never asserted or no longer asserted, or no longer accused products (e.g., the HTC Mini+ and the HTC One M8 for Windows).

8. No party will introduce any reference, evidence, testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony concerning, motions that have been filed in the case and/or the Court's rulings on any motions (except for the claim constructions adopted by the Court).

9. No party will introduce any reference, evidence, testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony comparing HTC's accused products to the preferred embodiments of the '467 Patent.

10. No party will introduce any reference, evidence, testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony concerning non-infringement based on alleged practice of the prior art.

11. No party will introduce any reference, evidence, testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony suggesting that the presumption of validity does not apply to the patent-in-suit.

12. No party will introduce any reference, evidence, testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony regarding

whether any asserted claims of the patent-in-suit are unpatentable under 35 U.S.C. § 101 as an invalidity defense

13.　　No party will introduce any reference, evidence, testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony concerning, any pending and/or requested USPTO post-grant proceeding regarding the '467 Patent, including IPRs or reexaminations or the success rate of such proceedings.

14.　　No party will introduce any reference, evidence, testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony concerning the workload of the USPTO or its examiners or disparaging the USPTO or its employees.

15.　　No party will introduce any reference, evidence, testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony concerning any matters that were not timely and properly disclosed pursuant to the Local Patent Rules, the Federal Rules of Civil Procedure, the Court's Docket Control Order, or other Court Orders.

16.　　No party will introduce any reference, evidence, testimony (including expert testimony), or argument regarding, or inquire about or elicit any testimony concerning the parties' filing of any Motions in Limine.

## Plaintiff's Motions *in Limine* [Dkt. # 199]

1. To preclude any statement, argument, testimony, or evidence that is inconsistent with the Court's claim construction opinion or pertains to rejected claim construction positions.

   **DENIED** as unnecessary.

   * * *

2. To preclude any statement, argument, testimony, or evidence that the accused products are covered by HTC's own patents or general references to HTC's own patents.

   **GRANTED IN PART.** HTC may not make any statement or argument that its own patents are somehow a defense to infringement. Otherwise, **DENIED**.

   * * *

3. To preclude any statement, argument, testimony, or evidence making comparisons between the accused products and the patents or patent applications of HTC or third parties.

   **GRANTED**, but does not prevent references for the purpose of analyzing *Georgia-Pacific* factor No. 13.

   * * *

4. To preclude any statement, argument, testimony or evidence comparing an Accused Product to the prior art to establish non-infringement or invalidity.

   **GRANTED**, except as to the elected prior art of Defendant.

   * * *

5. To preclude any statement, argument, testimony, or evidence regarding indefiniteness of the patents-in-suit as an invalidity defense.

**GRANTED.**

\* \* \*

6. Any statement, argument, testimony, or evidence regarding any past patent prosecution efforts by Mr. Salazar not related to the issuance of the '467 Patent, including patent application No. US 2005/0054289 A1, and the examiner's actions therein.

**GRANTED IN PART.** Defendant may not offer any argument or evidence concerning the USPTO's denial of the application or refusal to allow claims. Otherwise, **DENIED**.

\* \* \*

7. To preclude any statement, argument, testimony, or evidence regarding Mr. Salazar's alleged failure to mark.

**DENIED.**

\* \* \*

8. To preclude any statement, argument, testimony, or evidence regarding or referencing equitable issues.

**GRANTED.**

\* \* \*

9. To preclude any statement, argument, testimony, or evidence regarding any alleged delay in Plaintiff filing suit against HTC.

**GRANTED** as to any argument about the effect of delay other than in connection with HTC's marking defense. Otherwise, **DENIED**.

\* \* \*

10. To preclude any statement, argument, testimony, or evidence regarding alleged misrepresentations to or withholding from the USPTO.

**GRANTED.**

\* \* \*

11. To preclude any statement, argument, testimony, or evidence regarding or referring to any available, acceptable non-infringing alternatives that do not provide the same or similar benefits as the '467 Patent.

**WITHDRAWN** by Plaintiff.

\* \* \*

12. To preclude any statement, argument, testimony, or evidence regarding Mr. Salazar's choice of venue.

**GRANTED**, but either side may ask about where a witness is from or works.

\* \* \*

13. To preclude any statement, argument, testimony, or evidence regarding opinions, reports, or testimony of Mr. Salazar's expert witnesses in other cases.

**GRANTED** as to other courts' opinions (or references thereto) that limited or excluded an expert's testimony or opinion. Mutually applicable to both parties. Otherwise, **DENIED**.

\* \* \*

14. To preclude any statement, argument, testimony, or evidence regarding or referring to any experts' previous and/or current retention by counsel for Mr. Salazar.

**GRANTED** and mutually applicable to both parties.

\* \* \*

15. To preclude any statement, argument, testimony, or evidence regarding Mr. Salazar's attorneys or their fee agreements.

**GRANTED** as to fee arrangements and the timing of retention. Otherwise, **DENIED**. Mutually applicable to both parties.

\* \* \*

16. To preclude any statement, argument, testimony, or evidence by counsel regarding their personal beliefs or opinions about the case.

**WITHDRAWN** by Plaintiff.

\* \* \*

17. To preclude any statement, argument, testimony, or evidence that Mr. Salazar's infringement analysis is incomplete, inaccurate, or in any way deficient based on his inability to access source code, the number of times it was accessed, or the identity of the person reviewing the code.

**WITHDRAWN** by Plaintiff.

\* \* \*

18. To preclude any statement, argument, testimony, or evidence indicating or suggesting that the case lacks merit or has less value because the patent is expired.

**DENIED.**

* * *

19. To preclude any statement, argument, testimony, or evidence regarding or referring to Salazar's document production or missing documents.

**GRANTED** as to discovery matters. Otherwise, **DENIED**. Mutually applicable to both parties.

* * *

20. To preclude any statement, argument, testimony, or evidence that amounts to negative or derogatory statements commenting that Mr. Salazar or companies previously owned by him or that he had an interest in did not practice the invention and/or is a non-practicing entity.

**GRANTED** as to derogatory terms, such as "patent troll" and the like. Otherwise, **DENIED**.

* * *

21. To preclude any statement, argument, testimony, or evidence that references or mentions products or disclosure of products sold by Mr. Salazar or I3 that did not practice any claims of the '467 Patent (even if mistakenly marked).

**GRANTED** as to false marking. Otherwise, **DENIED**.

### HTC Corporation's Motions *in Limine* [Dkt. # 155]

I.A.   To exclude any argument or testimony, including from experts, regarding HTC Corp.'s sales prices or total revenues attributable to any HTC-branded products.

**GRANTED**, unless HTC opens the door to such argument or testimony. If Plaintiff believes the door has been opened, Plaintiff should first approach and seek leave before proffering such argument or testimony.

\* \* \*

I.B.   To exclude any argument or testimony, including from experts, concerning HTC Corp.'s size, wealth, total net worth, total profits, and/or ability to pay damages.

**GRANTED** as to wealth, total net worth, total profits, and/or ability to pay damages. Otherwise, **DENIED**.

\* \* \*

II.A.   To exclude any argument or testimony, including from experts, concerning HTC Corp.'s foreign incorporation or nationality.

**GRANTED** as to disparaging references to the nationality of HTC or its employees, including, but not limited to, that (1) Plaintiff must refer to a person or entity from Taiwan as "Taiwanese" rather than "Chinese," and (2) Plaintiff may not refer to Taiwan as the Republic of China.

\* \* \*

II.B.   To exclude any argument or testimony, including from experts, concerning

statements or reasoning in the Court's claim construction Order.

**AGREED.**

\* \* \*

II.C.   To exclude any argument or testimony, including from experts, concerning disputed issues or alleged deficiencies in HTC Corp.'s discovery conduct.

**GRANTED**. *See also* Pl.'s Motion *in Limine* No. 19.

\* \* \*

II.D.   To exclude any argument or testimony, including from experts, concerning opinions outside the scope of any expert's timely written report.

**DENIED** as unnecessary.

\* \* \*

II.E.   To exclude any argument or testimony, including from experts, concerning the size of the parties' law firms.

**GRANTED.**

\* \* \*

II.F.   To exclude any argument or testimony, including from experts, concerning objections made by a party.

**GRANTED**, but the Court will consider exceptions if and when interrogatory responses are offered as exhibits.

**SIGNED this 16th day of April, 2018.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE