IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOE ANDREW SALAZAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:16-cv-01096-JRG-RSP |
| | § | |
| HTC CORPORATION, | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

**PLAINTIFF JOE ANDREW SALAZAR'S MOTION FOR
PARTIAL SUMMARY JUDGMENT ON COMPLIANCE WITH
MARKING REQUIREMENTS UNDER 35 U.S.C. § 287(a)**

Plaintiff Joe Andrew Salazar files this Motion for Partial Summary Judgment on Compliance With Marking Requirements Under 35 U.S.C. § 287(a) and in support thereof shows as follows:

**I.   STATEMENT OF ISSUES TO BE DECIDED BY THE COURT**

1. Whether Plaintiff Joe Andrew Salazar has established that no reasonable jury could find that the Model Hughes Remote Phone, the 650D My One Remote, or the My1Remote (collectively, the "I3 devices") were not substantially consistent and continuously marked with the '467 patent number during the entire period each of the devices was sold.

2. Whether Plaintiff Joe Andrew Salazar has established that no reasonable jury could find that the Model Hughes Remote Phone, the 650D My One Remote, or the My1Remote (collectively, the "I3 devices") were patented articles within the meaning of § 287(a) because they do not meet all the elements of any of the claims of the '467 Patent.

3. Whether Plaintiff Joe Andrew Salazar is entitled to judgment as a matter of law that he has complied with the marking requirements of 35 U.S.C. § 287(a).

## II. PRELIMINARY STATEMENT

On March 7, 2018, Defendant HTC Corporation ("HTC" or "Defendant") filed its Amended Answer and Counterclaims to Plaintiff Joe Andrew Salazar ("Salazar" or "Plaintiff")'s Second Amended Original Complaint for Patent Infringement (Dkt. No. 180, "Amended Answer"), where for the first time HTC provided any allegations pertaining to an "affirmative or other defense" that Plaintiff's claim for damages is statutorily limited by §§ 286[1] and/or 287[2]. As Defendant has presented no evidence (nor can it) to support its conclusory allegations, Plaintiff files this Motion for Partial Summary Judgment on Compliance With Marking Requirements Under 35 U.S.C. § 287(a) ("Motion for Summary Judgment"). Plaintiff's Motion for Summary Judgment should be granted for the following two reasons. First, no reasonable jury could find that the Model Hughes Remote Phone, the 650D My One Remote, or the My1Remote (collectively, the "I3 devices") were not substantially consistent and continuously marked with the '467 patent number during the entire period each of the devices was sold. Plaintiff has produced uncontroverted evidence that his former company, Innovative Intelcom Industries ("I3") marked each of the I3 devices with the '467 patent number in compliance with 35 U.S.C. §287 (a), and Defendant has not produced any evidence showing otherwise. Second, even if I3 had failed to mark the I3 devices, they are not "patented articles" within the meaning of the marking statute because none of the I3 devices practice any of the claims of the '467 Patent. Plaintiff's expert concluded that none of the I3 devices meet all the elements of any of the claims of the '467 Patent, including "an infra-red frequency transceiver coupled to said microprocessor for transmitting to

---

[1] 35 U.S.C. § 286 is inapplicable in the instant case because it is undisputed that HTC began selling the accused devices in 2013 and Plaintiff filed suit less than six years later, in 2016.

[2] Defendant had previously filed an initial Answer and Counterclaims to Plaintiff's Second Amended Original Complaint for Patent Infringement (Dkt. No. 170) on February 28, 2018 wherein it was asserted – in pure boilerplate fashion – in paragraph 31 that "Salazar's claim for damages is statutorily limited by 35 U.S.C. §§ 286 and/or 287" without any further elaboration.

said external devices and receiving from said external devices, infra-red frequency signals in accordance with said communications protocols." Because all of the I3 devices sold by I3 were marked with the '467 patent number and none of the I3 devices are "patented articles" within the meaning of 35 U.S.C. § 287(a), Plaintiff is entitled to summary judgment on compliance with the marking statute or, in the alternative, that Salazar's claim for damages is not statutorily limited by 35 U.S.C. § 287 as a matter of law.

### III. LEGAL STANDARD

A court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). A dispute about a material fact is "genuine" only when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242*,* 247 (1986). To demonstrate a genuine issue, the non-movant must present sufficient evidence—more than a mere "scintilla"—upon which a jury could reasonably find in its favor. *Id.* at 252. Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex,* 477 U.S. at 322.

"By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment . . . ." *Anderson,* 477 U.S. at 247-48; *PACT XPP Techs., AG v. Xilinx, Inc.*, No. 2:07-CV-563-RSP, 2012 WL 1029064, at *1 (E.D. Tex. Mar. 26, 2012). Disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Anderson,* 477 U.S. at 248. "***Mere conclusory allegations, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence***." *Eason v. Thaler,* 73

3

F.3d 1322, 1325 (5th Cir. 1996); *VirnetX Inc. v. Apple, Inc.*, No. 6:12-CV-855, 2014 WL 12597800, at *2 (E.D. Tex. Aug. 8, 2014) (emphasis added). Moreover, "[w]hen the moving party has carried its burden . . . its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Peterson v. C. R. Bard, Inc.*, 654 F. App'x 667, 669 (5th Cir. 2016). The party opposing summary judgment is required to identify evidence in the record and articulate the manner in which that evidence supports his claim. *VirnetX*, 2014 WL 12597800, at *2. The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251-52.

IV. ARGUMENT

    A. Plaintiff's marking of the I3 devices complies with § 287(a)

When a patentee makes or sells a "patented article," damages cannot be recovered for acts of infringement that occurred before the patentee gave the alleged infringer "notice of infringement." 35 U.S.C. § 287(a). Notice can be either actual or constructive. *See, e.g., Maxwell v. J. Baker, Inc.,* 86 F.3d 1098, 1111-12 (Fed. Cir. 1996); *Tivo Inc. v. Echostar Commc'ns Corp.*, No. 2:04-CV-1-DF, 2006 WL 8408221, at *3 (E.D. Tex. Mar. 23, 2006). Constructive notice is given once the patentee consistently marks substantially all of its patented products. *Sentry Prot. Prods., Inc. v. Eagle Mfg. Co.,* 400 F.3d 910, 918 (Fed. Cir. 2005). "In determining whether the patentee marked its products sufficiently to comply with the constructive notice requirement, the focus is not on what the infringer actually knew, but on whether the patentee's actions were sufficient, in the circumstances, to provide notice in rem." *Nike, Inc. v. Wal–Mart Stores, Inc.,*

138 F.3d 1437, 1446 (Fed. Cir. 1998), *cert. denied*, 528 U.S. 946 (1999). "The purpose of the constructive notice provision is to give patentees the proper incentive to mark their products and thus place the world on notice of the existence of the patent." *Am. Med. Sys., Inc. v. Med. Eng'g Corp.,* 6 F.3d 1523, 1538 (Fed. Cir. 1993).

The marking statute specifies several ways in which a patented product may be marked. *See* 35 U.S.C. § 287(a). For example, a product may be marked by affixing the word "patent," or the abbreviation "pat.," along with the number of the patent. *Id.* The Federal Circuit has held that a sticker affixed on a product bearing the patent number provides effective notice to the public under § 287(a). *Allen Eng'g Corp. v. Bartell Indus., Inc.,* 299 F.3d 1336, 1356 (Fed. Cir. 2002); *see also Halliburton Servs. v. Smith Int'l Inc.*, 317 F. Supp. 2d 719, 725 (E.D. Tex. 2004) (sticker affixed to packaging sufficient); *A to Z Machining Serv., LLC v. Nat'l Storm Shelter, LLC,* No. CIV-10-422-C, 2011 WL 6888543, at *4 (W.D. Okla. Dec. 29, 2011) ("A sticker with the word "patent" or the abbreviation thereof together with the patent number would satisfy § 287(a) . . . .").

Where the parties dispute whether or not the patented item was adequately "marked," summary judgment is appropriate if no reasonable jury could find that the patentee did not mark the patented product. *Cf. Gart v. Logitech, Inc.*, 254 F.3d 1334, 1339 (Fed. Cir. 2001); *Pioneer Hi-Bred Int'l, Inc. v. Ottawa Plant Food, Inc.,* 283 F. Supp. 2d 1018, 1051 (N.D. Iowa 2003). An alleged infringer who challenges the patentee's compliance with § 287 bears an initial burden of production to articulate the products it believes are unmarked "patented articles" subject to § 287. *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017).

In this case, there is uncontroverted evidence that Plaintiff marked all of the products HTC identifies with the patent number in compliance with 35 U.S.C. §287(a). The I3 devices were each marked with a manufacturer's sticker on the device itself that states: US PATENT NO: 5,802,467.

*See* Declaration of Frances H. Stephenson at ¶¶ 2-4, and attached Exhibit A, Exhibit B and Exhibit C (April 18, 2018); Declaration of Joe Andrew Salazar, at ¶¶ 2-4 (April 18, 2018).  In the case of the My1Remote device, the packaging was also marked with "Patent 5,802,467."  *See* Exhibit C. Plaintiff also testifies in his declaration that, according to his firsthand knowledge, each of the I3 devices sold had a manufacturer sticker affixed to the device itself bearing the U.S. patent number 5,802,467.  *See* Salazar Decl., at ¶¶ 2-4.

By contrast, Defendant's sole "evidence" that the I3 devices were not marked consists of conclusory allegations[3] made in HTC's Amended Answer and Counterclaims to Plaintiff's Second Amended Original Complaint For Patent Infringement (Dkt. No. 180 at ¶¶ 12, 31).  Defendant has not presented any evidence to support its conclusory argument that these products were not marked—nor can it.  As unsupported speculation is not sufficient to defeat a motion for summary judgment, *see Eason*, 73 F.3d at 1325; *VirnetX Inc.*, 2014 WL 12597800, at *2, Plaintiff's Motion for Summary Judgment must be granted.

### B. Even if Defendant could produce evidence that Plaintiff did not comply with § 287(a), the marking statute does not apply because the I3 products do not fall within the '467 Patent claims

The marking statute only applies to patented articles.  *See* 35 U.S.C. § 287(a).  The statute is only triggered when articles that practice a patent are actually sold into the marketplace, and does not limit damages where a patent holder (or licensee) does not actually sell products

---

[3] In paragraph 12 of it's Amended Answer Defendant asserts: "HTC Corporation denies that Salazar marked the Model Hughes Remote Phone, the 650D My One Remote, and the My1Remote devices in compliance with 35 U.S.C. § 287(a)."  In paragraph 31, Defendant asserts: "Salazar's claim for damages is statutorily limited by 35 U.S.C. §§ 286 and/or 287. Salazar alleges that the Model Hughes Remote Phone, the 650D My One Remote, and the My1Remote devices practiced the asserted claims of the '467 patent. Because I3 failed to consistently and continuously mark substantially all of the Model Hughes Remote Phone devices with the '467 patent number from 1999 to 2001, Salazar is precluded from recovering pre-suit damages. Because I3 also failed to consistently and continuously mark substantially all of the 650D My One Remote devices with the '467 patent number from 2001 to 2003, Salazar is precluded from recovering pre-suit damages. Because I3 also failed to consistently and continuously mark substantially all of the My1Remote devices with the '467 patent number from 2003 to 2005, Salazar is precluded from recovering pre-suit damages."

*practicing the relevant patent* in the marketplace. *See Tex. Dig. Sys., Inc. v. Telegenix, Inc.*, 308 F.3d 1193, 1220 (Fed. Cir. 2002) ("The recovery of damages is not limited [by 35 U.S.C. § 287] where there is no failure to mark, *i.e.*, where the proper patent notice appears on products or where there are no products to mark.") (emphasis added), *abrogated on other grounds by Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005).

Here, despite Plaintiff incorrectly marking[4] the I3 devices, they are not patented articles within the meaning of § 287(a) because they do not meet all the elements of any of the claims of the '467 Patent. *See* Supplemental Expert Report of Roy A. Griffin III at ¶ 57. Plaintiff's technical expert Roy A. Griffin III carefully reviewed samples of each of the products identified by Defendant and determined that they are not covered by any claims of the '467 Patent for at least the reason that they do not meet the claim element: "an infra-red frequency transceiver coupled to said microprocessor for transmitting to said external devices and receiving from said external devices, infra-red frequency signals in accordance with said communications protocols."[5] *Id*. Defendant has not presented any evidence or even made any allegation that the I3 devices are covered by the '467 Patent. Accordingly, there is no issue of genuine material fact and the Court should grant Plaintiff's Motion for Summary Judgment.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Salazar's Partial Motion for Summary Judgment be granted.

---

[4] Although in Plaintiff's complaints and responses to interrogatories he identified the I3 devices as being marked by the patent number, after Defendant filed its Amended Answer on March 7, 2018, Plaintiff was first put on notice of Defendant's allegation of Plaintiff's failure to mark the I3 devices. Plaintiff's technical expert, Roy A. Griffin III, reviewed the identified products and concluded that they do not practice the claims of the '467 patent and Mr. Griffin submitted a supplemental expert report addressing this issue.

[5] Mr. Griffin submitted his supplemental expert report with a sworn declaration pursuant to 28 U.S.C. § 1746 on March 30, 2018.

Dated: April 18, 2018

                                   Respectfully submitted,

*/s/ Andy Tindel w/ permission of Lead Attorney*

Dariush Keyhani, Lead Attorney
*Pro Hac Vice*
New Jersey State Bar No. 044062002
MEREDITH & KEYANI, PLLC
125 Park Avenue, 25th Floor
New York, NY 10017
(212) 760-0098 Telephone
(212) 202-3819 Facsimile
Email: dkeyhani@meredithkeyhani.com

Andy Tindel
Texas State Bar No. 20054500
MT² LAW GROUP
MANN | TINDEL | THOMPSON
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile: (903) 596-0909
Email: atindel@andytindel.com

J. Mark Mann
Texas State Bar No. 12926150
G. Blake Thompson
Texas State Bar No. 24042033
MT² LAW GROUP
MANN | TINDEL | THOMPSON
300 West Main Street
Henderson, Texas 75652
Telephone: (903) 657-8540
Facsimile: (903) 657-6003
Email: mark@themannfirm.com
Email: blake@themannfirm.com

***Attorneys for Plaintiff Joe Andrew Salazar***

8

## CERTIFICATE OF SERVICE

This is to certify that all known counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on this the 18th day of April, 2018.  Any other known counsel of record will be served with a copy of this document by email and/or facsimile transmission.

_____
Andy Tindel

## CERTIFICATE OF AUTHORIZATION TO FILE SEALED DOCUMENTS

Pursuant to E.D. Tex. Loc. Ct. R. CV-5(a)(7)(A), I hereby certify that the Supplemental Expert Report of Roy A. Griffin III attached in support of the foregoing document is authorized to be filed under seal because the Court has granted authorization to file sealed documents in this action by virtue of the Protective Order (Doc. No.33) previously entered herein on April 25, 2017.

Dated: April 18, 2018

_____
Andy Tindel