IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JOE ANDREW SALAZAR,<br><br>    Plaintiff,<br><br>v.<br><br>HTC CORPORATION,<br><br>    Defendant. | §<br>§<br>§<br>§  Case No. 2:16-cv-1096-JRG-RSP<br>§<br>§<br>§<br>§<br>§ |

**DECLARATION OF ANDREW WOLFE, Ph.D. IN CONNECTION TO
HTC CORPORATION'S OPPOSITION TO SALAZAR'S MOTION FOR SUMMARY
JUDGMENT OF COMPLIANCE WITH
MARKING REQUIREMENTS UNDER 35 U.S.C. § 287(a)**

1. In connection with the above-referenced case (2:16-CV-1096-JRG-RSP) between Plaintiff Joe Andrew Salazar ("Salazar") and Defendant HTC Corporation, I have been retained as an expert on behalf of HTC Corporation ("HTC Corp.") to offer my opinions regarding certain topics relevant to this case. I make this declaration in connection to HTC Corp.'s Opposition to Salazar's Motion for Summary Judgment of Compliance with Marking Requirements Under 35 U.S.C. § 287(a).

2. My qualifications as an expert are set forth in detail in my Expert Report Regarding Invalidity of U.S. Patent No. 5,802,467 at pages 5 to 9 and my curriculum vitae attached thereto.

3. It is my understanding that Innovative Intelcom Industries ("I3") sold packaged products, including the Model Hughes Remote Phone, the 650D My One Remote, and the My1Remote (the "I3 Packaged Products"), in which the charging base was marked with the '467 patent number.

4. Images of the charging base for the Model Hughes Remote Phone are provided below. I note that the charging base is marked with the '467 patent number by a sticker on the base's bottom surface.





5. Images of the charging base for the 650D My One Remote are provided below. I note that the charging base is marked with the '467 patent number by a sticker on the base's bottom surface.







6. Images of the charging base for the My1Remote are provided below. I note that the charging base is marked with the '467 patent number by a sticker on the base's bottom surface.






7.  It is my opinion that none of the charging bases for I3 Packaged Products practice any of the claims of the '467 patent. For example, each of the claims of the '467 patent require "a user interface coupled to said microprocessor for sending a plurality of signals corresponding to user selections to said microprocessor and displaying a plurality of menu selections available for the user's choice." As can be seen in the images above, none of the charging bases for the I3 Packaged Products have a display, let alone a user interface that "display[s] a plurality of menu selections available for the user's choice." The charging base for the Model Hughes Remote Phone and the 650D My One Remote only include a "page" button and do not include a display for displaying menu selections for a user's choice. The charging base for the My1Remote includes buttons similar to those typically found on a telephone but it is my opinion that this is not the claimed user interface because it cannot and does not perform the claimed function of displaying a plurality of menu selections available for the user's choice.

8.  The claims of the '467 patent also require "an infra-red frequency transceiver." In my inspection of the charging bases for the I3 Packaged Products, I did not observe an infra-red LED on any of the charging bases and, thus, it is my opinion that none of the charging bases for the I3 Packaged Products include an "infra-red frequency transceiver."

9.  It is also my opinion that none of the charging bases include the claimed "microprocessor" because the charging bases are not capable of creating or generating the claimed "communication protocols" for transmission by the IR transceiver because none of the charging stations include an IR transceiver.

10. For the same reasons discussed above, it is my opinion that the charging bases for the I3 Packaged Products also do not satisfy the "handset" or "base station" elements of claim 10 and its dependent claim because the charging bases do not include the claimed "user interface," "infra-red frequency transceiver," and "microprocessor" limitations.

11. As a result, for all of the various reasons stated above, it is my opinion that the charging bases for the I3 Packaged Products do not practice any of the claims of the '467 patent and, thus, are not a patented article for the '467 patent.

12. I declare under penalty of perjury that the foregoing is true and correct.

Executed in _Los Gatos CA_ on _4/23/18_

By: _/s/ Andrew Wolfe_

Andrew Wolfe, Ph.D.