# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOE ANDREW SALAZAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:16-cv-01096-JRG-RSP |
| | § | |
| HTC CORPORATION | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF JOE ANDREW SALAZAR'S SECOND AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT HTC CORPORATION'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Joe Andrew Salazar ("Salazar" or "Plaintiff"), for his responses to Defendant HTC Corporation's ("HTC" or "Defendant") First Set of Interrogatories herein, alleges upon information and/or knowledge and/or belief:

**RESERVATION OF RIGHTS**

Plaintiff reserves all objections to the admissibility of any information produced in response to the interrogatories. Inadvertent disclosure of any information shall not be a waiver of any claim of privilege, work-product protection or any other exemption

**OBJECTIONS TO DEFENDANT'S DEFINITIONS AND INSTRUCTIONS**

Plaintiff objects to Defendant's instructions on how to produce and/or identify documents and/or respond to interrogatories to the extent that they are unduly burdensome and oppressive and/or attempt to impose an obligation upon Plaintiff not required by the Federal Rules of Civil Procedure or the Local Rules of this Court.

such contention, a description of the person's contention that the claims were invalid or unenforceable, any response, and an identification of the persons most knowledgeable about such factual circumstances and all documents and things referring or relating thereto.

**OBJECTIONS/RESPONSE:** Plaintiff further objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Notwithstanding and subject to the General Objections and foregoing specific objection, Plaintiff states the following: None.

**INTERROGATORY NO. 7:**

Describe the factual circumstances surrounding any person's acquisition of any rights under the '467 Patent, including Salazar's alleged acquisition of any rights under the '467 Patent, including the date of each alleged acquisition, the consideration paid for the alleged acquisition, all other material terms of the alleged acquisition, and any other past owner or owners, such that the chain-of-title and all transactions concerning change in title or any rights relating thereto is described from the alleged inventors through to Salazar, with an identification of the persons most knowledgeable about such factual circumstances and all documents and things referring or relating thereto.

**OBJECTIONS/RESPONSE:** Plaintiff objects to this interrogatory to the extent that it is vague and non-specific. Plaintiff further objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant

9

information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Notwithstanding and subject to the General Objections, Plaintiff states the following: The original inventors of the '467 Patent assigned the patent to Innovative Intelcom Industries ("I3") and later I3 assigned all rights in the patent to Joe Andrew Salazar. To extent additional responsive information may be available it has been produced in Plaintiff's document production including documents Bates numbered Salazar –553-562.

**INTERROGATORY NO. 8:**

Identify all agreements or other past or present proposed or actual transfer of rights, title, or interest granted, offered, received, or requested by Salazar, whether written or oral, concerning the '467 Patent, the subject matter of the '467 Patent, or any product or system that Salazar contends embodies any of the inventions disclosed or claimed in the '467 Patent; whether any license was actually entered into; the date of all licensing negotiations; and any supporting facts, an identification of the three persons with most knowledge thereof, and all documents and things referring or relating thereto.

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent this request seeks information protected by the attorney-client privilege or work product privilege. Plaintiff further objects to this interrogatory to the extent it calls for conclusions of law. Plaintiff further objects to the extent that this information may be more appropriately obtained through deposition of witnesses with knowledge regarding the information requested. Plaintiff further objects to the extent that the burden of obtaining this information, to the extent available, by deposition of witnesses that may have knowledge of this information, is equally burdensome on the Plaintiff as it would be on the Defendant. Notwithstanding and subject to the General Objections and foregoing specific

10

objections, Plaintiff states the following: The inventors of the '467 Patent assigned the patent to Innovative Intelcom Industries ("I3") and later I3 assigned all rights in the patent to Joe Andrew Salazar. To extent additional responsive information may be available it has been produced in Plaintiff's document production including documents Bates numbered Salazar –553-562.

**INTERROGATORY NO. 9:**

Identify each apparatus, product, device, process, method, act, or other instrumentality other than the Accused Products that practices, has ever practiced, or is contemplated for future practice of the '467 Patent by product name, trade designation, and/or other appropriate description, by manufacturer, licensee, user, and/or source, specify in claim charts where each element of each Asserted Claim is allegedly found within each such instrumentality, and identify the three persons with most knowledge thereof and all documents and things referring or relating thereto.

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff objects to the extent this request seeks information protected by the attorney-client privilege or work product privilege. Plaintiff further objects to the extent the interrogatory calls for conclusions of law. Notwithstanding and subject to the General Objections and foregoing specific objections, Plaintiff states the following: Model Hughes Remote Phone (Hughes Electronic Systems), 650D My One Remote (Lelux Electronics Ltd.), and My1Remote (Newcont Electronic Company Ltd.) were marked with the '467 Patent number.

**INTERROGATORY NO. 10:**

11

Patent.

OBJECTIONS/RESPONSE: Plaintiff objects to the extent Defendant possesses such documents. Notwithstanding and subject to the General Objections and foregoing specific objections, Plaintiff states the following: Plaintiff is not aware of any documents sent directly from the Plaintiff to the Defendant.

INTERROGATORY NO. 12:

Identify all persons who have an absolute, contingent, potential or any other right to a share in any recovery you may obtain based on any licenses, settlements, or damages recovery based on the '467Patent, explain the nature of such rights (including the dollar or percentage share of each such person or entity in any such recovery) and identify all documents and things referring or relating thereto.

OBJECTIONS/RESPONSE: Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff further objects to the extent this request seeks information protected by the attorney-client privilege or work product privilege.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on ~~August~~ Sep. 1, 2017.

Joe Andrew Salazar

13

Dated: September 7, 2017

        Respectfully submitted,

        */s/ Dariush Keyhani*
        DARIUSH KEYHANI, Lead Attorney
        NJ SBN 044062002
        *Pro Hae Vice*
        MEREDITH & KEYHANI, PLLC
        125 Park A venue, 25th Floor
        New York, New York 10017
        (212) 760-0098 Telephone
        (212) 380-1325 Direct Line
        (212) 202-3819 Facsimile
        dkeyhani@meredithkeyhani.com

        ANDY TINDEL
        Texas State Bar No. 20054500
        MT2 LAW GROUP
        MANN | TINDEL | THOMPSON
        112 East Line Street, Suite 304
        Tyler, Texas 75702
        Telephone: (903) 596-0900
        Facsimile: (903) 596-0909
        Email: atindel@andytindel.com

        *Attorneys for Plaintiff Joe Andrew Salazar*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing documents was served via electronic mail to the below counsel of record this 7th day of September, 2017.

Jerry R. Selinger
Email: jselinger@pattersonsheridan.com
Trampas A. Kurth
Email: tkurth@pattersonsheridan.com
PATTERSON + SHERIDAN, LLP
1700 Pacific Avenue, Suite 2650
Dallas, Texas 75201

                                                    Andy Tindel