IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOE ANDREW SALAZAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 2:16-CV-01096-JRG-RSP |
| | § | |
| HTC CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## ORDER

In this patent case, the Court now considers HTC Corporation's Motion to Strike the Declaration of Roy A. Griffin III [Dkt. # 194]. Specifically, Defendant asks the Court not to consider Griffin's declaration in deciding Defendant's Motion for Summary Judgment of Noninfringement [Dkt. # 149]. For the reasons explained below, the Court will **GRANT** the motion.

\* \* \*

Plaintiff Joe Salazar accuses HTC Corporation of infringing U.S. Patent 5,802,467 by making and selling various models of smartphones. Second Am. Compl. [Dkt. # 44] ¶ 7. The '467 Patent relates to a system for two-way communication with appliances, such as intercoms, televisions, sound systems, and the like. *See, e.g.*, '467 Patent fig.1b. According to the patent, prior-art devices communicated with such appliances only using one-way communication, and usually with only one of an infrared (IR) signal or a radio frequency

(RF) signal. *Id.* at 1:18–50. Relative to the prior art, the '467 Patent considered full two-way communication directly with an appliance using IR or RF links to be significantly advantageous. *Id.* at 1:51–2:11.

On February 12, Defendant moved for summary judgment of non-infringement. *See* Def.'s Mot. for Summ. J. [Dkt. # 149]. The motion alleges, *inter alia*, that Salazar cannot show the claims cover the One M9 model smartphone because the report of Salazar's infringement expert, Roy Griffin, provides no analysis of the Peel Smart Remote application installed on that device. *Id.* at 22–23. Instead, Griffin's analysis was limited to the Sense TV application found on the One M7 and One M8 models. *Id.*

Salazar responded on March 6 with, *inter alia*, a declaration from Griffin directed to whether the accused devices satisfy certain limitations of the asserted claims. Griffin Decl. (Mar. 6, 2018) [Dkt. # 214-6]. Specifically, Griffin declared:

> A memory device on the HTC phones is configured to store a plurality of parameter sets by storing on the memory device the instructions for storing parameter sets. Such instructions are embodied at least in the HTC proprietary IR related operating system software application interfaces (APIs) which are stored on the phone as shipped.
>
> (7) The factory installation of the Sense TV Application on the accused devices is another way in which a memory device coupled to the microprocessor is configured to store a plurality of parameter sets since the Sense TV Application also comprises instructions for storing parameter sets. Additionally, when an application is installed in an Android phone, the Android operating system configures a non-volitile [sic] memory device with sandboxed file folders for use by the application. The Sense TV Application stores parameter sets in such a sandboxed file folder.

*Id.* ¶¶ 6–7.

> As I explained in pages 8, 42, and 81 and accompanying footnotes of Exhibit C to my report, the demo application test established that an HTC One phone can communicate with another HTC One phone (operating as an external device) via bidirectional IR. Other external devices capable of bi-directional IR such as a universal learning remote control could have been used in lieu of the HTC One phone (operating as an external device) to demonstrate the bi-directional IR functionality of the HTC One phone. Alternatively, the test steps of the demo program could have been modified slightly for use with a TiVo box (incorporating an IR Blaster) to demonstrate the bi-directional IR functionality of the HTC One phone.

*Id.* ¶ 9.

> My expert report identifies all of the exemplarily components and source code in the HTC One M8 that are substantially identical in the HTC One M9 and based on my knowledge as an expert, information provided by HTC, and inferences that I have made, I concluded that the HTC One M9 has substantially the same components and functionality as the HTC One M7 and HTC One M8 and meet all of the claim elements of the Asserted Claims.

*Id.* ¶ 18.

Defendant moves the Court to "strike" these paragraphs as untimely and prejudicial. Defendant notes Salazar was on notice of its noninfringement position in January 2018. Despite that, says Defendant, the declaration was not filed until more than two months after Salazar served Griffin's report, and after Griffin's depositions. *See generally* Def.'s Mot. to Strike [Dkt. # 194] at 4–6.

Salazar opposes the motion on three grounds. First, he characterizes Griffin's declaration as permissible elaboration rather than impermissible supplementation. Second, Salazar contends the declaration is justified in light of Defendant's allegedly new claim construction advanced in its summary-judgment

motion. Third, Salazar contends, to the extent the declaration constitutes supplementation, any delay was minimal. Pl.'s Resp. [Dkt. # 214] at 3–7.

The Court will grant the motion for three reasons. First, the declaration is untimely. Salazar does not contest he was on notice of Defendant's noninfringement position in January 2018. Yet the declaration was not filed until more than two months after Salazar served Griffin's report, after Griffin's depositions, and after Defendant spent substantial effort moving for summary judgment. Thus, the timing of Griffin's declaration prevented Defendant from cross examining Griffin on its subject matter and presenting such cross-examination to the Court.

Second, Salazar contends that, to the extent the declaration is supplementation, the timing is justified by Defendant's "new" claim construction for certain terms. But Salazar has the burden, from the beginning of the lawsuit, of articulating an infringement theory and then proving that theory, regardless of whatever non-infringement position Defendant takes. While new documentary or technical evidence may sometimes warrant modifying an infringement theory midstream, the theory should generally not change or require supplementation simply because Defendant supposedly advances a new argument or claim construction position. That would lead to endless supplementation of expert reports and counteract the goal of crystallizing infringement theories early to provide precision for the remainder of the case. *See Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 527 (E.D. Tex. 2005) ("[W]hen parties formulate, test, and crystallize their infringement theories . . . , the case takes a clear path, focusing discovery on building

precise final infringement or invalidity contentions and narrowing issues for *Markman,* summary judgment, trial, and beyond.").

Third, the Court does not view Griffin's declaration as mere elaboration, but as outside the scope of Griffin's expert report. With respect to paragraph 7, for example, Griffin's invalidity chart does not mention "factory installation" of the Sense TV application as a way in which the memory device is configured to store parameter sets. Nor does the report mention "file folders." As to paragraph 18, Griffin attempts to belatedly establish some sort of comparability between the One M8 and One M9, but provides no citations to his report from which the Court can conclude this is simply elaboration to an existing conclusion. And Salazar notably characterizes Griffin's declaration as "crucial," Pl.'s Resp. [Dkt. # 214] at 1, which is antithetical to the notion that it is merely bolstering already-existing opinions. Thus, to consider the declaration would run afoul of our rules of procedure, which require a *complete* statement of all opinions a testifying expert witness will express and the reasons for them. Fed. R. Civ. P. 26(a)(2)(B)(i).

* * *

The Court **GRANTS** HTC Corporation's Motion to Strike the Declaration of Roy A. Griffin III [Dkt. # 194]. Accordingly, the Court will not consider Griffin's declaration when resolving Defendant's Motion for Summary Judgment [Dkt. # 149].

**SIGNED this 1st day of May, 2018.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE