IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOE ANDREW SALAZAR, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 2:16-CV-01096-JRG-RSP |
| HTC CORPORATION, | § § § | |
| Defendant. | § | |

## ORDER

In this patent case, the Court now considers HTC Corporation's Motion to Strike the Expert Report of Roy A. Griffin III [Dkt. # 158]. The Court will **GRANT** the motion **IN PART**.

\* \* \*

Plaintiff Joe Salazar accuses HTC Corporation of infringing U.S. Patent 5,802,467 by making and selling various models of smartphones. Second Am. Compl. [Dkt. # 44] ¶ 7. The '467 Patent relates to a system for two-way communication with appliances, such as intercoms, televisions, sound systems, and the like. *See, e.g.*, '467 Patent fig.1b. According to the patent, prior-art devices communicated with such appliances only using one-way communication, and usually with only one of an infrared (IR) signal or a radio frequency (RF) signal. *Id.* at 1:18–50. Relative to the prior art, the '467 Patent considered full two-

way communication directly with an appliance using IR or RF links to be significantly advantageous. *Id.* at 1:51–2:11.

Defendant now moves to exclude certain testimony of Roy Griffin, Plaintiff's technical expert, on four grounds. First, Defendant argues Griffin's opinions and testimony regarding the "capability" to satisfy the "command code set," "memory device," and "user interface" limitations apply improper legal principles. Def.'s Mot. [Dkt. # 158] at 3–7. Second, Defendant contends Griffin's opinions concerning "said external devices" and "said communications protocols" are improper. *Id.* at 7–11. Third, Defendant contends Griffin's opinions regarding the doctrine of equivalents should be excluded. *Id.* at 12–13. Fourth, Defendant argues the Court should exclude Griffin's opinions regarding the One M9. *Id.* at 13–14.

## A.   Defendant's "capability" argument

### 1.   "command code set"

The asserted claims require that each created reprogrammable communication protocol "includes a command code set that defines the signals that are employed to communicate with each one of said external devices." '467 Patent at 25:62–67; *see also id.* at 30:11–14. The parties dispute the meaning of "includes." When asked whether a communication protocol that did *not* include a command code set would satisfy this claim limitation, Griffin responded, "[I]t's a question of whether it's *capable of* including a command code set that defines those signals to -- you have to have -- it needs to be capable." Griffin Dep. (Jan. 23, 2018) [Dkt. # 158-2] at 123:10–18.

That's *not* the question. The plain and ordinary meaning of the phrase requires more than a mere capability that the communication protocols include a command code set: It requires *actual inclusion*. Accordingly, the Court will preclude Salazar from advancing any argument that, with respect to this limitation, mere *capability* of inclusion is sufficient.

### 2. "memory device"

The Court addressed this limitation in, and refers the parties to, Part III.A.1 of its Report & Recommendation [Dkt. # 250]. The Court will therefore **deny** this part of the motion as **moot**.

### 3. "user interface"

Each asserted claim requires "a user interface coupled to said microprocessor for . . . displaying a plurality of menu selections available for the user's choice" '467 Patent at 26:7–10. But Defendant's arguments, which are based on a discussion of the device's operation rather than specifics from Griffin's report, have not persuaded the Court that exclusion is warranted. Accordingly, the Court will **deny** this part of the motion.

## B. Griffin's opinions concerning "said external devices" and "said communications protocols"

For the reasons set forth in Parts III.A.2 and III.A.3 of its Report and Recommendation [Dkt. # 250], the Court will **deny** this part of the motion.

## C. The Doctrine of Equivalents

For the reasons set forth in Part III.B.2 of its Report and Recommendation [Dkt. # 250], the Court will **grant** this part of the motion.

### D.     The One M8 and One M9

For the reasons set forth in Part III.C of its Report and Recommendation [Dkt. # 250], the Court will **deny** this part of the motion.

* * *

The Court **GRANTS** HTC Corporation's Motion to Strike the Expert Report of Roy A. Griffin III [Dkt. # 158] **IN PART**. Specifically, the Court **PRECLUDES** Salazar from advancing any argument, with respect to the phrase "each communication protocol includes a command code set," that mere capability of inclusion of a command code set is sufficient. Also, the Court **PRECLUDES** Salazar from eliciting any doctrine-of-equivalents testimony from Griffin. Otherwise, the Court **DENIES** the motion.

**SIGNED this 2nd day of May, 2018.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE