# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| JOE ANDREW SALAZAR, | § § § § | |
| Plaintiff, | | |
| vs. | § § § | Civil Action No. 2:16-CV-01096-JRG-RSP |
| HTC CORPORATION, | § § § | JURY TRIAL DEMANDED |
| Defendant. | | |

## AMENDED JOINT PROPOSED TRIAL MANAGEMENT PROCEDURES

Salazar and HTC Corp. have agreed to the following stipulations:[1]

### A. Depositions and Deposition Excerpts:

1. To the extent that deposition testimony is admissible, a party's decision not to introduce some or all of the deposition testimony of a witness designated by that party herein will not be commented upon by the other party at trial, subject to the parties' rights to completeness under Federal Rule of Evidence 106.

2. For those depositions that have been videotaped, to the extent the deposition testimony is admissible, a party may introduce the deposition excerpt by videotape instead of, or in addition to, by transcript. If a party opts to introduce deposition testimony by videotape only, any counter-designations of that same witness's deposition testimony must also be submitted by videotape.

---

[1] The Parties have made certain objections to certain deposition designations. Accordingly, the stipulations in this section regarding treatment of deposition designations only apply to the extent the deposition designations are allowed to be used at trial.

3. Any deposition testimony may be used at trial for the purpose of impeachment, regardless of whether a party specifically identified that testimony on its updated list of deposition designations, if the testimony is otherwise competent and admissible for such purpose.

4. Each party reserves the right to use deposition testimony designated by the other party (whether as a designation or a counter-designation), even if not separately listed on its own updated deposition designation list.

5. By 8:00 p.m. two days before the deposition designations are to be played [2], the parties agree to provide a list of any deposition designations (by page and line number) to be played (i.e., the list provided on Monday at 8:00 p.m. will identify Wednesday's designations). The other party will provide all of its designations (counter or otherwise) and runtimes for those witnesses to be presented via deposition by 9:00 p.m. on the same day. The parties agree to meet and confer at 10:15 p.m. regarding any objections to such deposition designations before raising objections with the Court.

6. By 8:00 p.m. two days before deposition designations are to be played [3], the parties agree to provide a list of any rebuttal witness deposition designations (by page and line number) (i.e., the list provided on Monday at 8:00 p.m. will identify Wednesday's designations). The other party will provide all of its designations (counter or otherwise) and runtimes for those witnesses to be presented via deposition by 9:00 p.m. the same day. The parties agree to meet and confer at 10:15 p.m. regarding any objections to such deposition designations before raising objections with the Court.

7. Additionally, any transcripts of testimony (excluding testimony given during this trial) must be cleared of outstanding objections before being shown to the jury during openings or

---

[2] Excluding any deposition designations to be played on the first day of trial.
[3] Excluding any deposition designations to be played on the first day of trial.

on direct examination. On cross-examination, transcripts of testimony may be used so long as it is not in violation of a motion *in limine* or other exclusionary order, regardless of whether it was previously designated by the parties.

8. All admissible deposition counter-designation excerpts, whether offered by videotape or by transcript, will be introduced simultaneously in the sequence in which the testimony was originally given. To the extent such designations are read or played in open court, each party will be charged for the time taken to read or play its designations. If read, such time will be measured by the number of lines of testimony each party designates as a percentage of the total number of lines of testimony read by both parties. If played, such time will be measured by the actual amount of time required to play each party's designations.

9. The parties agree to edit out deposition objections and long pauses between the end of an answer and the start of the next question from the clips of the deposition designations to be played to the jury.

10. The parties agree to edit out comments by and discussions between counsel during depositions from the clips of the deposition designations to be played to the jury.

**B.  Documentary and Physical Demonstratives**:

11. The parties agree to exchange complete color copies of all "documentary demonstratives" such as graphics, animations, boards, slides, including PowerPoint slides, and any related form of documentary demonstratives planned to be used with openings and closings by 7:00 p.m. the night before openings and by 8:00 p.m. the night before closings and to exchange complete color copies of such documentary demonstratives to be used with openings and closings in PDF form by e-mail or by other electronic means. To be clear, PowerPoint slides that include or excerpt trial exhibits or portions thereof are documentary demonstratives. The parties will also make available for inspection all "physical demonstratives" such as physical exhibits, physical

prior art, physical products, live product demonstrations and any related form of physical demonstratives planned to be used in openings or closings by no later than 7:00 p.m. the night before openings and 8:00 p.m. the night before closings. The parties shall provide objections to opening and closing documentary and physical demonstratives by no later than 9:00 p.m. that same night. The parties agree to meet and confer at 9:15 p.m. regarding any objections to such demonstratives before raising any objections with the Court. Documentary or physical demonstratives for openings and closings must be cleared of outstanding objections before being shown to the jury.

      12.      The parties agree to provide color copies of any documentary demonstratives, such as graphics, animations, boards, slides, including PowerPoint slides, and any related form of documentary demonstratives planned to be used on direct examination of a party's witness – but not for cross-examination of that witness – in PDF form by e-mail or by other electronic means by no later than 8:00 p.m. the night before the witness is to take the stand. To be clear, PowerPoint slides that include or excerpt trial exhibits or portions thereof are documentary demonstratives. The parties will also make any physical demonstratives, such as physical exhibits, physical prior art, physical products, live product demonstrations and any related form of physical demonstratives planned to be used on direct examination of a party's witness – but not for cross-examination of that witness – available for inspection by no later than 8:00 p.m. the night before the witness is to take the stand. The parties shall provide objections to such documentary demonstratives and physical demonstratives by no later than 9:00 p.m. that same night. The parties agree to meet and confer at 9:15 p.m. before raising any objections with the Court. Documentary or physical demonstratives for direct examinations must be cleared of outstanding objections before being shown to the jury.

13. The parties agree that there will be no exchange of any demonstratives which are created in the courtroom during witness testimony or during openings or closings or any "non-demonstrative" exhibits, including real-time ballooning, blow-ups, call-outs, excerpting or highlighting of trial exhibits or transcripts of deposition or trial testimony, to be used with any witness on direct, cross or redirect. Also, once a documentary or physical demonstrative has been disclosed by a party or has been displayed or created during the course of trial, a party does not have to make any additional disclosure of such material in order to use it on subsequent day of trial. Non-substantive edits or corrections of typographical and similar errors to documentary demonstratives may be made prior to their use. If a party provides a binder of exhibits to a witness, the party will provide one copy to the other party.

**C. Trial Witnesses**:

14. By 6:00 p.m. on the day before a live witness is to take the stand, the parties agree to provide via email a list live witnesses to be called (including live rebuttal witnesses) (i.e., the list provided on Tuesday at 6 p.m. will identify Wednesday's live witnesses).

15. Any witness not listed in a party's final list of trial witnesses submitted to the Court on the first day of trial per the Court's Order Regarding Exhibits (Dkt. No. 222) will be precluded from testifying absent good cause shown, except that each party reserves the right to call such rebuttal witnesses (who are not presently identifiable) as may be necessary. HTC Corp. shall identify any such un-listed rebuttal witnesses that it intends to call no later than the close of Salazar's case-in-chief. Salazar shall identify any such un-listed rebuttal witnesses that he intends to call no later than the close of HTC Corp.'s case-in-chief. Subject to the notice requirements adopted by the Court, the listing of a witness on any of a party's pre-trial witness lists does not require that party to call that witness to testify, and does not necessarily mean that the listing party has the power to compel the live testimony of that witness.

**D.  Trial Exhibits**:

16. The parties need not exchange the trial exhibits the parties intend to use.

17. The parties agree that any trial exhibit that appears on the exhibit list which is submitted to the Court on the first day of trial per the Court's Order Regarding Exhibits (Dkt. No. 222) as to which no objection remains pending at the time of opening statements may be shown to the jury during opening statements if that trial exhibit will be the subject of testimony and explained to the jury by a witness at trial.

18. Subject to the remaining provisions of this Order, and except for exhibits created during the course of witness testimony, no party may add to its exhibit list submitted to the Court on the first day of trial per the Court's Order Regarding Exhibits (Dkt. No. 222) or use at trial an exhibit not present on that party's exhibit list absent good cause, except that each party may use exhibits listed on the other party's trial exhibit list. The documentary and physical demonstratives that the parties intend to use at trial do not need to be included on their respective exhibit lists submitted to the Court on the first day of trial per the Court's Order Regarding Exhibits (Dkt. No. 222). The parties also agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the document.

Dated: May 3, 2018

        Respectfully submitted,

*/s/ Andy Tindel w/ permission of Lead Attorney*

DARIUSH KEYHANI, Lead Attorney
NJ SBN 044062002
*Pro Hac Vice*
MEREDITH & KEYHANI, PLLC
125 Park Avenue, 25th Floor
New York, New York 10017
(212) 760-0098 Telephone
(212) 380-1325 Direct Line
(212) 202-3819 Facsimile
Email: dkeyhani@meredithkeyhani.com

Andy Tindel
Texas State Bar No. 20054500
MT² LAW GROUP
MANN | TINDEL | THOMPSON
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile: (903) 596-0909
Email: atindel@andytindel.com

J. Mark Mann
Texas State Bar No. 12926150
G. Blake Thompson
Texas State Bar No. 24042033
MT² LAW GROUP
MANN | TINDEL | THOMPSON
300 West Main Street
Henderson, Texas 75652
(903) 657-8540
(903) 657-6003 (fax)
Email: mark@themannfirm.com
Email: blake@themannfirm.com

***Attorneys for Plaintiff Joe Andrew Salazar***

Dated: May 3, 2018

Respectfully submitted by,

*/s/ Fred I. Williams*
Fred I. Williams
State Bar No. 00794855
fwilliams@velaw.com
Mario A. Apreotesi
State Bar No. 24080772
mapreotesi@velaw.com
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, Texas 78746
Tel:  512.542.8400
Fax: 512.542.8612

Todd E. Landis
State Bar No. 24030226
tlandis@velaw.com
Eric J. Klein
State Bar No. 24041258
eklein@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, Texas  75201
Tel:  214.220.7700
Fax: 214.220.7716

Parker Hancock
Georgia Bar No. 463690
phancock@velaw.com
VINSON & ELKINS LLP
1001 Fannin, Suite 2500
Houston, Texas  77002
Tel:  713.758.2222
Fax: 713.758.2346

Harry Lee Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas   75670
Tel:  903.934.8450
Fax: 903.934.9257

*Counsel for Defendant HTC Corporation*

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that all counsel of record who have deemed to have consented to electronic service are being served on May 3, 2018, with a copy of the foregoing document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).

                                            */s/ Fred I. Williams*_____
                                            Fred I. Williams