**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| JOE ANDREW SALAZAR,<br><br>    Plaintiff,<br><br>  v.<br><br>HTC CORPORATION,<br><br>    Defendant. | Civil Action No. 2:16-cv-01096-JRG-RSP<br><br>JURY TRIAL DEMANDED<br>**PATENT CASE** |

**<u>HTC CORPORATION'S OBJECTIONS TO AND REQUEST FOR
RECONSIDERATION OF THE MAGISTRATE'S REPORT AND
RECOMMENDATION (DKT. 250)</u>**

Fred I. Williams
TX Bar No. 00794855
Email: fwilliams@velaw.com
Mario A. Apreotesi
TX Bar No. 24080772
Email: mapreotesi@velaw.com
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, Texas 78746
Tel: 512.542.8400
Fax: 512.542.8612

Harry Lee Gillam, Jr.
State Bar No. 07921800
Email: gil@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Tel: 903.934.8450
Fax: 903.934.9257

Todd E. Landis
TX Bar No. 24030226
Email: tlandis@velaw.com
Eric J. Klein
TX Bar No. 24041258
Email: eklein@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201
Tel: 214.220.7700
Fax: 214.220.7716

Parker D. Hancock
GA Bar No. 463690
Email: phancock@velaw.com
VINSON & ELKINS LLP
1001 Fannin St., Suite 2500
Houston, Texas 77002
Tel: 713.758.2153
Fax: 713.615.5140

ATTORNEYS FOR DEFENDANT
HTC CORPORATION

Defendant HTC Corporation ("HTC") objects to, and respectfully requests reconsideration of, certain determinations entered by the Magistrate Judge in his Report & Recommendation ("Report"). (Dkt. 250). *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(b); L.R. CV-72(c). In this case, Plaintiff Joe Andrew Salazar ("Salazar") has accused HTC's products ("Accused Devices") of infringing U.S. Patent 5,802,467 (the "'467 patent"). HTC respectfully submits that the Report should be reversed in part, and respectfully requests reconsideration of its motion for summary judgment. (Dkt. 149).

## I. The Report Improperly Construes the Term "In Accordance With Said Communication Protocols" Based Entirely on Plaintiff's Infringement Theory and Expert Testimony.

Contrary to the Report's finding, it is Salazar's infringement theory that is rendered nonsensical by the asserted claims, not HTC's application of the asserted claims' plain meaning. Claim 1 recites: "said microprocessor creating a plurality of reprogrammable communication protocols" and "an infra-red frequency transceiver coupled to said microprocessor for transmitting to said external devices and receiving from said external devices, infra-red frequency signals in accordance with said communications protocols." Claim 2 recites "a radio frequency transceiver coupled to said microprocessor for transmitting to said external devices and receiving from said devices, radio frequency signals at variable frequencies within a predetermined frequency range and in accordance with said communication protocols." In Claims 1 and 2, the IR and RF transceivers respectively must be capable of communicating in accordance with the plurality of communication protocols created by the microprocessor. These protocols are not defined in the claim itself and, in particular, are not defined as IR and RF communication protocols. It is Salazar's infringement theories that accuse the claimed plurality of communication protocols of being IR and RF communication protocols.

1

Salazar's infringement theories are nonsensical when read in light of the properly construed claim language because he alleges that the accused plurality of communication protocols includes both IR and RF communication protocols. HTC moved for summary judgment of no infringement because it is undisputed that the IR transceivers in the accused devices cannot transmit and receive IR signals in accordance with an RF communication protocol. Salazar argued that a person of ordinary skill would not read the "said communication protocols" language to mean all of the communication protocols from the plurality of communication protocols created by the microprocessor, because such a reading would require the IR transceiver to communicate in accordance with RF protocols. In other words, Salazar argued that because HTC's phones (or any other device) cannot operate in this manner, the claims cannot be construed in this way. That result flies in the face of decades of well-settled precedent:

> A claim is construed in light of the claim language, the other claims, the prior art, the prosecution history, and the specification, *not* in light of the accused device. That procedure would make infringement a matter of judicial whim. It is only after the claims have been construed *without reference to the accused device* that the claims, as so construed, are applied to the accused device to determine infringement.

*SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1118 (Fed. Cir. 1985) (en banc) (emphasis in original); *see also Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1324 (Fed. Cir. 2009) ("Claims are properly construed without the objective of capturing or excluding the accused device."); *Cohesive Techs., Inc. v. Waters Corp.*, 543 F.3d 1351, 1367 (Fed. Cir. 2008) ("[I]t is not appropriate for the court to construe a claim solely to exclude the accused device."); *see, e.g., NeoMagic Corp. v. Trident Microsystems, Inc.*, 287 F.3d 1062, 1074 (Fed. Cir. 2002) (agreeing that the district court arrived at its construction by improperly examining a feature of the accused device "and, in effect, constru[ed] the claims to exclude it"); *Johansson v. Rose Displays Ltd., Inc.*, 121 F.3d 727 (Fed. Cir. 1997) (concluding that the district court failed to formulate "a

claim construction before looking to the accused markers"); *Med. Innovations Corp. v. Ray*, 930 F.2d 38 (Fed. Cir. 1991) (explaining that "[c]haracterization of parts of [the accused] device is not evidence of the meaning of the claim"); *EON Corp. IP Holdings, LLC v. Sensus USA Inc.*, 741 F. Supp. 2d 783, 796 (E.D. Tex. 2010) (Love, M.J.) (declining to construe terms in light of the accused products as an improper "request for the Court to pass judgment on the merits of [Plaintiff's] non-infringement position"); *Broadcom Corp. v. Intel Corp.*, No. 5:01-cv-302-DF, 2003 WL 25787491, at *10 (E.D. Tex. May 9, 2003) (Folsom, J.) (refusing to narrow "the definition of 'protocol' to require a 'frame format' and 'data rate'" based on limitations of the accused products").

By improperly construing the claims by reference to the accused devices, the Report concluded that the "said communication protocols" terms can allow for the created "plurality of reprogrammable communication protocols" to be split among Claims 1 and 2 such that "said communications protocols" in claim 1 can refer to one subset of the "plurality of reprogrammable communications protocols" and that identical language in dependent Claim 2 can refer to a different subset of the "plurality of reprogrammable communication protocols." Report, at 7-8. That is contrary to well-settled law. *See Wi-Lan v. Apple, Inc.*, 811 F.3d 455, 462 (Fed. Cir. 2016) ("subsequent use of the definite articles 'the' or 'said' in a claim refers back to the same term recited earlier in the claim") (claim limitations of "producing modulated data symbols" and "combine[s] the modulated data symbols" refer to the same data symbols); *01 Communique Laboratory, Inc. v. LogMeIn, Inc.*, 687 F.3d 1292, 1297 (Fed. Cir. 2012) ("The subsequent use of definite articles 'the' or 'said' in a claim to refer back to the same claim term does not change the general plural rule, but simply reinvokes that non-singular meaning."); *Creative Internet Advertising Corp. v. Yahoo, Inc.*, 467 Fed. Appx. 724, 728-29 (Fed. Cir. 2011) (claims that recite

"a" message, and then performing steps on "the" message refer to the same message); *Baldwin Graphic Sys. v. Siebert, Inc.*, 512 F.3d 1338, 1343 (Fed. Cir. 2008) ("In grammatical terms, the instances of 'said fabric roll' in the claim are anaphoric phrases, referring to the initial antecedent phrase."); *NTP, Inc. v. Research In Motion, Ltd.*, 418 F.3d 1282, 1306 (Fed. Cir. 2005) ("[T]he definite article 'the,' refers to the antecedent 'at least one of a plurality of destination processors in the electronic mail system.'"). Further, even if the Court believes that its constructions are necessary to avoid a nonsensical result, it is not free to re-write the claims. *See Chef Am., Inc. v. Lamb-Weston, Inc.*, 358 F.3d 1371, 1374 (Fed. Cir. 2004) ("Even a nonsensical result does not require the court to redraft the claims of the [] patent"); *Process Control Corp. v. Hydreclaim Corp.*, 190 F.3d 1350, 1357 (Fed. Cir. 1999) ("We do not permit courts to redraft claims. . . . we must construe the claims based on the patentee's version of the claims as he himself drafted it").

**II.     The Report Fails To Apply The Supreme Court's Holding in *Celotex* When Denying Summary Judgment on the Memory Device Element.**

On a motion for summary judgment, it is well-settled that "[t]he moving party is entitled to a judgment as a matter of law [when] the nonmoving party [fails] to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers, interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial." *Id.* at 323. Indeed "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Id.* at 323-24. Because Salazar's only evidence in opposition to HTC's motion for summary judgment on the memory device element was stricken and not considered, summary judgment of no infringement should have been entered. (Dkt. 251, at 5.)

It is Salazar's burden alone to prove infringement by the Accused Devices. *See Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S.Ct. 843, 849 (2014) ("[T]he burden of proving infringement generally rests upon the patentee."). Salazar failed to make a sufficient showing on the "memory device" element for each of the asserted claims. Salazar relied exclusively on a declaration from his expert, Mr. Griffin, to attempt to establish a genuine issue of material fact. *See* Fed. R. Civ. P. 56(a). Because the opinions proffered in Mr. Griffin's declaration were untimely, unjustified, and outside the scope of his expert report, the Court granted HTC's motion to strike, stating that it would "not consider Griffin's declaration when resolving [HTC's] Motion for Summary Judgment." Dkt. 215, at 4-5. The claims require "a memory device coupled to said microprocessor **configured to** store a plurality of parameter sets." The Report construed "configured to" to "require some particularized arrangement of the memory device for a specific purpose." Report, at 5. Without Mr. Griffin's stricken report, Salazar presented **no admissible evidence** in rebuttal to HTC's motion. Fed. R. Civ. P. 56(c)(1)(A)-(B); s*ee Celotex*, 477 U.S. at 327. HTC is thus entitled to summary judgment because Salazar failed to make any showing to establish that the memory of the accused devices as sold were "configured to store a plurality of parameter sets."

### III. The Report Fails to Resolve The Parties' Fundamental Dispute on Whether the Claim Language Requires a Single Microprocessor.

The claim limitations at issue here are "a microprocessor for generating a plurality of control signals used to operate said system," "said microprocessor creating a plurality of reprogrammable communication protocols," "said microprocessor configured to store a plurality of parameter sets retrieved by said microprocessor so as to recreate a desired command code set," and "said microprocessor generating a communication protocol in response to said user selections." The parties have a fundamental dispute over whether one microprocessor must be

5

capable of performing the claimed functions. As such, the Court is obligated to resolve the dispute. *See O2 Micro Int'l v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008).

Under controlling precedent, the claim language above requires a single microprocessor to perform **all** of the claimed functions associated with the claimed microprocessor. *See In re Varma*, 816 F.3d 1352 (Fed. Cir. 2016). *In re Varma* involved the appeal of a claim construction from the Patent Trial and Appeal Board (the "Board"), in which the Board interpreted the phrase "a statistical analysis request corresponding to two or more selected investments." *Id.* at 1358. The Board had concluded that the claim would be satisfied even if two requests would be necessary to accomplish an analysis of "two or more investments." *Id.* The Federal Circuit rejected the Board's decision because the Board had focused on the indefinite article "a" in the phrase "a statistical analysis" rather than on the two or more investments to which it must correspond. *Id.* at 1362-63. The Federal Circuit analogized this principle as follows: "For a dog owner to have a dog that rolls over and fetches sticks, it does not suffice that he have two dogs, each able to perform just one of the tasks" *Id.* at 1363. "In the present case, no matter how many requests there may be, no matter the variety of the requests the system may receive, the system must be adapted to receive a request that itself corresponds to at least two investments." *Id.* The Federal Circuit thus concluded that the systems must be adapted to receive a request that itself corresponds to two investments.

This Court has held that *In re Varma* is the law in factual circumstances quite similar to the present case. *See Plano Encryption Techs., LLC v. Alkami, Inc.*, No. 2:16-cv-1032-JRG, 2017 WL 3654122, at *10 (E.D. Tex. Aug. 23, 2017) (Gilstrap, J.) (based on the "legal principle" cited in *In re Varma*, construing "a storage medium" to mean "one or more storage media, at least one of which stores all of the recited instructions"); *Plano Encryption Techs., LLC v. Am. Bank of Tex.*, No. 2:15-cv-1273-JRG, 2016 WL 3959808, at *6-7 (E.D. Tex. July 22, 2016) (Gilstrap, J.)

6

(applying the rational of *Enfish* and *In re Varma* to construe disputed term). That is in accord with Federal Circuit precedent. *See Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1342 (Fed. Cir. 2016) (regarding "a logical table," finding that the limitations at issue were required to be "in the same logical table"). The Report erred by not finding that, based on the plain meaning of the claims and the context of the invention disclosed in the '467 patent, each and every recitation of "said microprocessor" refers to the same microprocessor. *See Wi-Lan*, 811 F.3d at 462 ("subsequent use of the definite articles 'the' or 'said' in a claim refers back to the same term recited earlier in the claim")

## IV. Against The Overwhelming Weight of Intrinsic Evidence, The Report Construes The Claims To Read Out Their Requirement of "Two-Way" Communications.

For the same reasons that "said communication protocols" must refer to all communication protocols throughout the claims, subsequent limitations that recite "said external devices" must refer to all of said external devices. *See* cited case law, *supra*, at p. 1. By failing to recognize the proper antecedent reference for "said external devices," the Report re-writes the "for transmitting to said external devices and receiving from said external devices" claim language to be "for transmitting to said external devices or receiving from said external devices." That result is improper under the law.

## V. The Report Misconstrues The Terms "Creating" or "Generating."

Defendant objects to the Report's construction of the terms "creating" or "generating," which excludes actually creating or generating communication protocols. Report at 9. The plain and ordinary meaning of both terms is to "bring into existence." *See* Dkt. 149, at 6-7. Salazar argued that the plain and ordinary meaning should not control based on the now-stricken declaration of Roy Griffin, and now the parties once more appear to have a disputed claim construction that was not resolved by the Report. Report, at 8; *see O2 Micro Int'l. v. Beyond*

7

*Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008) ("When the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it."). The Report therefore errs in not adopting an express construction for these terms.

**VI.     HTC is Entitled to Summary Judgment for the Products Sold to Sprint.**

Defendant objects to the Court's determination that HTC is not entitled to partial summary judgment that the Accused Devices sold to Sprint do not infringe. It is undisputed that HTC America, Inc. is the importer of record for HTC-branded smartphones sold in the U.S., taking title outside of the United States. (Dkt. 149, UMF No. 23). Because the record shows no allegedly infringing acts in the United States, HTC Corporation cannot be liable for any direct infringement for the Accused Devices retailed by Sprint. HTC Corporation is therefore entitled to partial summary judgment on those sales.

Dated: May 6, 2018

Respectfully submitted by,

*/s/ Fred I. Williams*
Fred I. Williams
State Bar No. 00794855
fwilliams@velaw.com
Mario A. Apreotesi
State Bar No. 24080772
mapreotesi@velaw.com
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, Texas 78746
Tel: 512.542.8400
Fax: 512.542.8612

Todd E. Landis
State Bar No. 24030226
tlandis@velaw.com
Eric J. Klein
State Bar No. 24041258
eklein@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, Texas  75201
Tel:  214.220.7700
Fax: 214.220.7716

Parker Hancock
Georgia Bar No. 463690
phancock@velaw.com
VINSON & ELKINS LLP
1001 Fannin, Suite 2500
Houston, Texas  77002
Tel:  713.758.2222
Fax: 713.758.2346

Harry Lee Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas   75670
Tel: 903.934.8450
Fax: 903.934.9257

*Counsel for Defendant HTC Corporation*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who have consented to electronic service are being served on May 6, 2018, with a copy of the foregoing document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).

                                                */s/ Fred I. Williams*_____
                                                Fred I. Williams