WIN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JOE ANDREW SALAZAR, <br><br> Plaintiff, <br><br> v. <br><br> HTC CORPORATION, <br><br> Defendant. | Civil Action No. 2:16-cv-01096-JRG-RSP <br><br> JURY TRIAL DEMANDED <br> **PATENT CASE** |

**HTC CORPORATION'S MOTION DISMISS ITS COUNTERCLAIM FOR INVALIDITY WITHOUT PREJUDICE OR IN THE ALTERNATIVE, MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 50(b)**

Fred I. Williams
TX Bar No. 00794855
Email: fwilliams@velaw.com
Mario A. Apreotesi
TX Bar No. 24080772
Email: mapreotesi@velaw.com
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, Texas 78746
Tel: 512.542.8400
Fax: 512.542.8612

Harry Lee Gillam, Jr.
State Bar No. 07921800
Email: gil@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas   75670
Tel: 903.934.8450
Fax: 903.934.9257

Todd E. Landis
TX Bar No. 24030226
Email: tlandis@velaw.com
Eric J. Klein
TX Bar No. 24041258
Email: eklein@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, Texas  75201
Tel:  214.220.7700
Fax: 214.220.7716

Parker D. Hancock
TX Bar No. 24108256
Email: phancock@velaw.com
VINSON & ELKINS LLP
1001 Fannin St., Suite 2500
Houston, Texas 77002
Tel: 713.758.2153
Fax: 713.615.5140

ATTORNEYS FOR DEFENDANT
HTC CORPORATION

Defendant HTC Corporation ("HTC Corp.") hereby moves the Court to either (1) dismiss HTC Corp.'s counterclaim for invalidity <u>without prejudice,</u> or (2) enter judgment that the asserted claims of U.S. Patent No. 5,802,467 ("'467 Patent") are invalid, as a matter of law, under Federal Rule of Civil Procedure 50(b). As shown below, HTC Corp. presented clear and convincing evidence at trial that all asserted claims of the '467 patent are invalid, and Plaintiff Joe Andrew Salazar ("Mr. Salazar") failed to present any evidence from which a reasonable jury could conclude otherwise.

## I. HTC Corp.'s Counterclaim for Invalidity Should Be Dismissed Without Prejudice.

As the Court is aware, the jury returned its verdict by answering only question 1 (on infringement) and failing to answer question 2 (on invalidity). When presented with the jury verdict, the Court held a discussion with counsel during which HTC Corp. agreed to accept the verdict with only question 1 answered. That action was fully within the Court's discretion. *See Baxter Healthcare Corp. v. Spectramed, Inc.*, 49 F.3d 1575, 1581 (Fed. Cir. 1995) ("the trial judge could enter judgment on the basis of the unanimous verdicts if they are dispositive of the case.") The jury's finding of no infringement was otherwise case-dispositive, and therefore the Court had discretion to accept the verdict without the need for an answer to question 2.

HTC Corp. respectfully submits that additional action is, however, needed on its live counterclaim for invalidity. Because HTC Corp. pleaded and proved the counterclaim but it was not decided by the jury, the claim should be resolved at this time. HTC Corp. respectfully submits that the counterclaim for invalidity should be dismissed <u>without prejudice</u> because it has not been adjudicated.

The Court has previously faced a similar circumstance in *Flexuspine, Inc. v. Globus Medical, Inc.*, Case No. 6:15-cv-201. There, Globus had pleaded a counterclaim for invalidity, which was submitted to the jury. The jury returned a verdict of no infringement but did not reach the question

of invalidity because the verdict form specifically instructed the jury not to answer the question on invalidity if the jury had found no infringement. The Court found that, because the verdict form specifically instructed the jury to stop answering the form's interrogatories if the jury found no infringement (and because no objection to the form was made), Globus had waived its right to present the invalidity counterclaim to the jury and instead had presented invalidity as an affirmative defense. The Court therefore dismissed Globus' invalidity counterclaim <u>without prejudice</u> and rendered Globus's Rule 50 motions moot. The Federal Circuit affirmed the Court's decision. *See Flexuspine, Inc. v. Globus Medical, Inc.*, 879 F.3d 1369 (Fed. Cir. 2018).

In the instant case, the verdict form submitted to the jury did <u>not</u> instruct the jury to stop if it found no infringement. Instead, the jury was instructed to answer both question 1 (on infringement) and question 2 (on invalidity). After those two questions, the verdict form instructed the jury to not answer any further questions if it answered the question on infringement with a "NO." Given the verdict form and record here, HTC Corp. has not waived its counterclaim for invalidity and the counterclaim is still live before the Court.

Despite the differences between *Flexuspine v. Globus Medical* and the instant case, the outcome should be similar. Having accepted the jury's verdict on infringement, the Court should now dismiss HTC Corp.'s invalidity counterclaim <u>without prejudice</u>. In the alternative, if the Court finds its cannot dismiss HTC Corp.'s counterclaim for invalidity, HTC Corp. requests that the counterclaim for invalidity be severed and stayed pending resolution of the ongoing *inter partes* review filed by HTC Corp. against the '467 patent and any appeal of this case that Mr. Salazar may pursue.

### II. If the Court Does Not Dismiss or Sever and Stay HTC Corp.'s Counterclaim for Invalidity, Then Judgment as a Matter of Law Should Be Entered in Favor of HTC Corp. on the Issue of Invalidity.

Judgment as a matter of law is appropriate "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1); *see James v. Harris County*, 577 F.3d 612, 617 (5th Cir. 2009); *see also Old Town Canoe Co. v. Confluence Holdings Corp.*, 448 F.3d 1309, 1314 (Fed. Cir. 2006). To avoid judgment as a matter of law, the non-moving party must introduce "substantial evidence" to support each legal element of the non-movant's claims. *See Goodner v. Hyundai Motor Co., Ltd.*, 650 F.3d 1034, 1040 (5th Cir. 2011). "Substantial evidence" is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1363 (Fed. Cir. 2004) (*quoting Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

HTC Corp. moves under FRCP 50(b) for judgment, as a matter of law, that claims 1-7, 27-30 and 34 of the '467 patent (the "Asserted Claims") are invalid. A claim is "invalid as anticipated where each and every element is found within a single prior art reference, arranged as claimed." *Summit 6, LLC v. Samsung Elecs. Co., Ltd.*, 802 F.3d 1283, 1294 (Fed. Cir. 2015). A claim is also invalid if it would have been obvious to a person of ordinary skill in the art at the time the invention was made, in view of the scope and content of the prior art, and the differences between the prior art and the claimed invention. *Graham v. John Deere*, 383 U.S. 1 at 17 (1966). Further, while it is true that "[a] defendant bears "the initial burden of going forward with evidence to support its invalidity allegation," once the defendant has satisfied its burden "the burden of going forward shifts to the patentee to present contrary evidence and argument." *Id. Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 880 F.3d 1356, 1364 (Fed. Cir. Jan. 25, 2018). When a party bears a

burden of proof, the evidence to support the granting of the motion must be overwhelming. *Grey v. First Nat'l Bank of Dallas*, 393 F.2d 371, 380 (5th Cir. 1968). The evidence on invalidity here is overwhelming.

Dr. Wolfe provided detailed explanations of his opinions that Claims 1-7, 29-30, and 34 were anticipated in view of U.S. Patent 5,410,326 to Goldstein, and that Claims 27-28 were obvious in view of Goldstein and the knowledge of a person of ordinary skill in the art. Over the course of his direct examination, Dr. Wolfe gave detailed explanations and citations for where each limitation of the Asserted Claims is found in the Goldstein reference. *See* Trial Tr. at 15:20-26:11, 44:13-17, 68:1-69:14, 70:19-72:20, 73:3-75:21, 77:4-77:11, 78:3-79:20, 79:22-82:10, 82:21-24, 83:5-88:4, 91:23-93:25 (claim 1); 26:12-36:22, 44:18-25, 65:18-67:25 (claims 2-7); 36:23-38:21, 39:11-40:22, 44:18-25, 56:1-65:12 (claims 27-28); 41:2-43:13, 49:2-50:11, 51:11-55:16 (claims 29-30); and 43:15-44:5 (claim 34) (all citations from May 9, 2018 PM). For each claim term that does not appear verbatim in the Goldstein reference, Dr. Wolfe explained that a person of ordinary skill would recognize Goldstein as anticipating each and every claim of the '467 Patent, even if slightly different words were used. *See id; see also In re Gleave*, 560 F.3d 1331, 1334 (Fed. Cir. 2009) (prior art reference need not use the same terminology to anticipate). For Claims 27 and 28, Dr. Wolfe explained how a person of ordinary skill would find them obvious in view of Goldstein and the ordinary understanding of one of skill in the art. *See* Trial Tr. 36:23-38:21, 39:11-40:22, 44:18-25, 56:1-65:12 (May 9, 2018 PM).

None of Dr. Wolfe's opinions nor the evidence he presented were contradicted with substantial evidence by Mr. Salazar. In fact, Mr. Salazar's rebuttal witness on invalidity, Dr. Gottesman, did not present the jury with any credible evidence from which a reasonable juror could conclude that the Asserted Claims were valid. Indeed Dr. Gottesman presented the jury with

nothing but bare conclusions. For claims 1-7, 27-28 and 34, Dr. Gottesman conceded that all of the elements were satisfied with the exception of the preamble and the memory device element. See *See* Trial Tr. at 31:3-11 (claim 1); 24:8-20 (claims 2-7 and 27-28); and 31:19-32:15 (claim 34) (all citations May 10, 2018). For the preamble, however, Dr. Gottesman's only testimony was his unsupported conclusion that Goldstein does not have "a communications, command, control and sensing system." *See* Trial Tr. 20:5-18 (May 10, 2018) ("A. In my opinion, Goldstein does not disclose the preamble, a communications, command, control and sensing system for communicating with a plurality of external devices."). Dr. Gottesman provided no explanation for this conclusory statement and presented no evidence in support of it. As such, his testimony cannot support a jury's finding of validity because it does not qualify as "substantial evidence" sufficient to defeat judgment as a matter of law. *See Iovate Health Sciences, Inc. v. Bio-Engineered Supplements & Nutrition, Inc.*, 586 F.3d 1376, 1381-82 (Fed. Cir. 2009) (applying Fifth Circuit law).

Dr. Gottesman's opinions on the "memory device" element were likewise wholly conclusory, without any support or evidence. *See* Trial Tr. at 20:15-22:21 (May 10, 2018). He did not provide a single citation to the Goldstein reference. He did not provide any explanation of or for his conclusion. He merely stated, without support, that the elements do not exist in Goldstein. As discussed above, these conclusory opinions cannot support a denial of judgment as a matter of law. For claims 2-7, 27-28 and claim 34, Dr. Gottesman testified that the claims were valid on the same conclusory basis he gave for claim 1. *See* Trial Tr. at 26:12-36:22, 44:18-25, 65:18-67:25 (claims 2-7); 36:23-38:21, 39:11-40:22, 44:18-25, 56:1-65:12 (claims 27-28); and 43:15-44:5 (claim 34) (all citations from May 9, 2018 PM).

For claims 29-30, Dr. Gottesman testified that the claims were not anticipated by Goldstein for the additional reason that Goldstein did not teach a "sensor" as claimed. But Dr. Gottesman conceded that Goldstein teaches a device containing a touch-sensitive display screen such that the device would respond when the user presses the screen. *See* Trial Tr. at 33:22-25 and 34:1-7 (May 10, 2018). In contrast to Dr. Gottesman, Dr. Wolfe provided more than mere conclusions: he provided substantive explanations of the touch-sensitive screen in Goldstein and explained how its disclosure and operation invalidates the claims. *See* Trial Tr. at 41:2-43:13, 49:2-50:11, 51:11-55:16 (May 10, 2018).

Given the testimony and evidence provided by Dr. Wolfe and the complete failure of Mr. Salazar to present anything other than mere expert conclusions, no reasonable juror could find that the Asserted Claims are valid. HTC therefore respectfully requests judgment as a matter of law that Claims 1-7, 29-30, and 34 are invalid as anticipated under § 102, and that Claims 27-28 are invalid as obvious under § 103.

### III.   Conclusion

For these reasons, HTC Corp. respectfully requests that the Court either dismiss the counterclaim for invalidity <u>without prejudice</u>, sever and stay the counterclaim pending resolution of HTC Corp.'s IPR and any appeal of this case by Mr. Salazar, or—in the alternative—grant HTC's motion for judgment as a matter of law that Claims 1-7, 29-30, and 34 are invalid as anticipated, and Claims 27-28 are invalid as obvious.

Dated: June 8, 2018

Respectfully submitted by,

*/s/ Fred I Williams*
Fred I. Williams
State Bar No. 00794855
fwilliams@velaw.com
Mario A. Apreotesi
State Bar No. 24080772
mapreotesi@velaw.com
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, Texas 78746
Tel:  512.542.8400
Fax: 512.542.8612

Todd E. Landis
State Bar No. 24030226
tlandis@velaw.com
Eric J. Klein
State Bar No. 24041258
eklein@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, Texas  75201
Tel:  214.220.7700
Fax: 214.220.7716

Parker Hancock
State Bar No. 24108256
phancock@velaw.com
VINSON & ELKINS LLP
1001 Fannin, Suite 2500
Houston, Texas  77002
Tel:  713.758.2222
Fax: 713.758.2346

Harry Lee Gillam, Jr.
State Bar No. 07921800
gil@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas   75670
Tel:  903.934.8450
Fax: 903.934.9257

*Counsel for Defendant HTC Corporation*

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that all counsel of record who have deemed to have consented to electronic service are being served on June 8, 2018, with a copy of the foregoing document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).

                                              */s/ Fred I. Williams*
                                              Fred I. Williams