IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOE ANDREW SALAZAR, | § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No. 2:16-CV-01096-JRG-RSP |
| HTC CORPORATION, | § § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

**PLAINTIFF JOE ANDREW SALAZAR'S RESPONSE TO DEFENDANT HTC CORPORATION'S MOTION FOR AN ORDER TAXING DISPUTED COSTS TO <u>PLAINTIFF JOE ANDREW SALAZAR</u>**

Plaintiff Joe Andrew Salazar ("Salazar") files this Response in Opposition to the Motion for an Order Taxing Disputed Costs to Plaintiff Joe Andrew Salazar (Doc. No. 287) ("Motion") filed by Defendant HTC Corporation ("HTC") and shows:

**I. INTRODUCTION.**

Whether to award costs under Federal Rule of Civil Procedure 54(d)(1) is entirely discretionary with the Court: "Section 1920 is phrased permissibly because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444–45 (1987). Moreover, it is not an abuse of discretion to decline to tax the costs of daily trial transcripts obtained primarily for the convenience of counsel. *Brumley Estate v. Iowa Beef Processors, Inc.,* 704 F.2d 1362, 1363–64 (5th Cir.1983).

HTC bears the burden of proof to establish that the cost of daily trial transcripts are properly taxable under Sec. 1920. *Datapoint Corp. v. Picturetel Corp.,* No. 93-CV-2381, 1998 WL 401630 at *3 (N.D. Tex. 1998) (Because expedited daily trial transcripts are not customarily used in litigation, the burden of proof does not shift to the losing party to establish that they were obtained

1

primarily for the convenience of counsel.) Therefore, the burden of proof rests on HTC to demonstrate in its Motion that the costs of expedited daily trial transcripts are properly taxable. HTC has failed in this regard.

## II. THE EXPENSES OF EXPEDITED DAILY TRIAL TRANSCRIPTS ARE NOT PROPERLY TAXABLE AS COURT COSTS IN THIS ACTION

Section 1920(2) permits recovery of "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). In this instance, Salazar objects to HTC's request to tax costs in the amount of $10,781.00 for expedited daily trial transcripts because HTC has failed to prove that these transcripts were necessarily obtained for use in this case.

"Charges incurred merely for the convenience of one party's counsel should not be taxed to the other." *Fogleman v. Aramco*, 920 F.2d 278, 286 (5th Cir. 1991) (citing *J.T. Gibbons, Inc. v. Crawford Fitting Co.,* 760 F.2d 613, 615–16 (5th Cir. 1985)) ("the extra cost of obtaining a trial transcript on an expedited basis is not taxable unless prior court approval of expedition has been obtained or the special character of the litigation necessitates expedited receipt of the transcript").[1] "To award the cost of daily transcripts, the court must find that they were not obtained primarily for the convenience of the parties but were necessarily obtained for use in this case." *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 133 (5th Cir.1983) ("To award the cost of daily transcripts, the court must find that they were not 'obtained primarily for the convenience' of the parties but were 'necessarily obtained for use in this case.' "). "Necessity" is a factual finding. *Id. See also Vanderbilt Mortgage and Finance v. Flores*, No. C-09-312, 2011 WL 2160928, at *11 (S.D. Tex. May 27, 2011)

---

[1] Other courts have held that the extra cost of obtaining expedited same day and real time transcripts of the trial and hearings is not taxable unless prior court approval has been obtained. *See Stoffels v. SBC Communications, Inc.,* Civ. A. No. SA:05–CV–233–XR, 2012 WL 2122191, at *2 (W.D.Tex. June 11, 2012) (citing *Fogleman*, 920 F.2d at 286).

("The Court finds these expenses are not recoverable as costs because the Trevinos have not demonstrated why all (or any) of these transcripts were "necessarily obtained for use in the case" as required by 28 U.S.C. § 1920(2)"). However, the fact that a transcript was used during trial can support such a finding but does not require it. *See Marmillion v. American Int'l Ins. Co.,* 381 Fed.Appx. 421, at *9 (5th Cir. 2010). A finding of necessity is a factual finding. *Id.* (citing *United States v. Kolesar,* 313 F.2d 835, 839 (5th Cir.1963)).

Courts have developed standards for Section 1920(2) that focus on various factors to determine whether a transcript was necessary for use in a particular case, including: (1) the length of the trial; (2) the complexity of the issues; (3) whether the transcript would minimize disagreement over the testimony of the witnesses; (4) whether portions of the transcript were freely introduced in later hearings; (5) whether the case was tried to the court or before a jury; and (6) whether proposed findings of fact were required. *See, e.g., Structural Metals, Inc. v. S & C Elec. Co.,* No. SA–09–CV–984–XR, 2013 WL 3790450, at *3 (W.D. Tex. July 19, 2013) (citing Wright & Miller, Fed. Prac. & Pro. § 2677); *Datapoint Corp. v. Picturetel Corp.,* No. Civ. A. 3:93–CV–2381D, 1998 WL 641807, *2 (N.D. Tex. Sept. 11, 1998). HTC has failed to discuss or adequately discuss any of these factors. Instead, HTC has simply offered the following conclusory statement in its Motion as facts" supporting its request for taxation of the costs for expedited daily trial transcripts:

> Moreover, HTC Corp. utilized these transcripts to review and prepare for evidentiary arguments, witness preparation, focused cross-examination of Plaintiff's witnesses, prepare motions for judgment as a matter of law presented at the closed of evidence, and to prepare and use in its closing argument in a short period of time. Accordingly, the daily transcripts were necessarily obtained by HTC Corp. for use in this litigation and are properly recoverable under 28 U.S.C. § 1920(2).

Motion, at pg. 3.

3

HTC's allegation fails to demonstrate that expedited daily trial transcripts were necessary in this case. *See Marmillion*, 381 F. App'x at 421 (fact that a party used transcript to argue its motion for directed verdict would support a finding that the transcripts were necessarily obtained for use in the case, but did not compel such a finding or negate a conclusion that the transcripts were obtained primarily for the convenience of the parties). Although a daily trial transcript may have been used, it is not the Court's duty to look through the record to determine whether they were used or the extent to which they were used. Further, even if they were used, that fact alone does not require a finding that they were necessarily obtained for use in the case as opposed to primarily for convenience. *Id.*

HTC's conclusory allegation also glosses over the highly relevant fact that it brought a sizable contingent of lawyers to trial to assist with the defense of this action. *See Marmillion,* 381 Fed. Appx. at 430 (upholding district court's finding that real time reporting and daily transcripts were not necessarily obtained for use in the case on the basis that "1) there were other attorneys at trial who could have taken notes and 2) the trial was not so complicated as to necessitate the use of real time reporting and daily transcripts"; the Fifth Circuit stated: "the cited evidence does not dispel the district court's finding that the transcripts were obtained primarily for the convenience of the parties."). *See also Structural Metals, Inc. v. S & C Elec. Co.,* No. SA-09-CV-984-XR, 2013 WL 3790450, at *2 (W.D. Tex. July 19, 2013) (declining to award such costs because prevailing party "had counsel available to take notes" at pretrial hearings). Generally, daily trial transcripts are not necessary because counsel can rely on their note-taking and memories, particularly where the trial is relatively short and the prevailing party is represented by a large team of attorneys and support staff. *See United States ex. rel. Gonzalez v. Fresenius Med. Care N. Am.*, 761 F.Supp.2d 442, 451 (W.D.Tex.2010) (finding daily transcripts not necessary where

4

"Defendants had a large team of able attorneys and legal support staff that could take notes during the course of the trial on the testimony of witnesses and the rulings of the Court."); *Arrieta v. Yellow Transp., Inc.,* No. 3:05–CV–2271–D, 2010 WL 4314298, at *2 (N.D. Tex. Oct.26, 2010) (finding daily transcripts were necessary where testimony lasted three weeks); *Perry v. United States Dept. of Energy,* No. 05–C–3634, 2008 WL 161679, at *3 (N.D. Ill. Jan.14, 2008) (finding transcripts not necessary where trial was less than three days). *See Sealey v. EmCare, Inc.*, No. 2:11-CV-120, 2013 WL 3772470, at *2 (S.D. Tex. July 15, 2013) ("EmCare had numerous staff and attorneys present to take notes during the course of the trial. The Court thus finds that daily trial transcripts were not necessary, but constituted a convenience for the attorneys. Defendants are denied their costs for the daily trial transcripts.")

And even in complex cases, when daily trial transcripts are for the convenience of counsel, they are not "necessary" within the ambit of Section 1920. *U.S. Bank N.A. v. Verizon Communications*, No. 3:10-CV-1842-G-BK, 2014 WL 12577383, at *3 (N.D. Tex. March 18, 2014) citing *Harris Corp. v. Sanyo N. Am. Corp.*, No. 98-CV-2712, 2002 WL 356755 at *3–4 (N.D. Tex. 2002) (Kaplan, M.J.) ("Notwithstanding the complexity of this case, the Court concludes that daily trial transcripts were for the convenience for counsel and not necessary in the sense contemplated by 28 U.S.C. § 1920. *See In re Nissan Antitrust Litigation*, 577 F.2d 910, 912–13, 918 (5th Cir.1978), cert. denied, 99 S.Ct. 843 (1979)"). Moreover, the mere assertion by HTC that daily transcripts were necessary for the presentation of evidence is insufficient to justify taxing such costs. *U.S. Bank N.A. v. Verizon Communications,* 2014 WL 12577383, at *3, citing *Auto Wax Co. v. Mark V Prods., Inc.,* No. 99-CV-0982, 2002 WL 265091 at *4 (N.D. Tex. 2002) (Lynn J.) (more than a blanket assurance of necessity must be proffered; the prevailing party must articulate a specific justification for obtaining transcripts on an expedited basis) (citing *Datapoint*

*Corp. v. Picturetel Corp.,* No. 93-CV-2381, 1998 WL 401630 at *3 (N.D. Tex. 1998) (Stickney, M.J.)). "[T]he extra cost of obtaining a ... transcript on an expedited basis is not taxable ... unless the special character of the litigation necessitates the expedited receipt of the transcripts." *RLIS, Inc. v. Cerner Corporation,* No. 3:12–CV–209, 2015 WL 4040569, at *1, (S.D. Tex. July 1, 2015), citing *Thanedar v. Time Warner, Inc.,* 352 F. App'x 891, 903 (5th Cir.2009) (citing *Fogleman v. Aramco*, 920 F.2d 278, 286 (5th Cir.1991) (holding that the same rule applies to deposition and trial transcripts)).

HTC's Motion posits that courts in the Eastern District of Texas have held in various decisions that rush costs for depositions and the real-time transcripts at trial are often necessary when the case is sufficiently complicated that having the transcript immediately is required to efficiently and effectively litigate the case. *See, e.g., West v. Perry,* 2009 WL 2225579, at *4 (E.D. Tex. July 23, 2009), aff'd, 392 F. App'x 328, 329 (5th Cir.2010) (affirming the "award[ of] costs to defendants for expedited trial transcripts"); *see also Kinzenbaw v. Case LLC*, 2006 WL 1096683, at *6 (Fed. Cir. Apr.26, 2006) (affirming an award of costs for a real-time transcript). Salazar freely acknowledges the holding in these cases. However, *West* and similar decisions do not provide a blanket rule establishing that these types of costs are automatically taxable. In fact, a review of the holding in *West* reveals that the court carefully considered whether each of the hearing transcripts were necessary, and allowed costs only for those that were. *Id.* In particular, the court in *West* denied costs for the voir dire transcript. *Id.* Therefore, HTC was required to come forward with facts to support its allegations that expedited daily transcripts were necessary obtained for use in the case instead of relying on a "rule" on this subject that presumptively prevails in the Eastern District of Texas. HTC has failed to come forward with sufficient facts that adequately indicate that expedited daily trial transcript were necessary in this case.

Accordingly, under the circumstances presented here, the Court should conclude that the expedited daily transcripts ordered by HTC were "for the convenience [of] counsel and not necessary in the sense contemplated by 28 U.S.C. § 1920." *Harris Corp.,* 2002 WL 356755 at **4 (rejecting similar arguments in favor of taxing daily transcripts); *see also e.g. U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.,* 761 F. Supp. 2d at 451.[2] Because HTC has provided the Court with an inadequate showing of need, the expedited daily transcript costs totaling $10,781.00 should be disallowed as taxable costs of court.[3]

### III. CONCLUSION AND PRAYER.

HTC has not met its burden of proving that these fees were "necessarily incurred" in this case. The expedited daily trial transcripts ordered in this action were primarily for the convenience of counsel for HTC and for that reason they should not be taxed against Salazar. Therefore, they are not recoverable as taxable costs of court pursuant to 1920.

---

[2]  "The Court acknowledges that Fresenius Defendants used the daily transcripts effectively in several stages of the trial, including cross-examination, the motion for judgment as a matter of law, and closing argument. The Court nevertheless finds that the daily transcripts were a convenience to Fresenius Defendants and not necessary to their defense of the case. Fresenius Defendants had a large team of able attorneys and legal support staff that could take notes during the course of the trial on the testimony of witnesses and the rulings of the Court. The trial was relatively lengthy and complex, but not to a degree where daily transcripts were required to present a defense. Rather, daily transcripts were primarily for the convenience of Fresenius Defendants. Therefore, the Court will sustain Relator's objections to the taxing of costs for daily transcripts."

[3]  Moreover, if the Court is unable to determine from HTC's supporting documentation what portion of the total expense represents the expedited transcript costs versus the non-expedited cost of daily trial transcript costs, other courts have reduced the total amount of expedited trial transcripts costs requested by a prevailing party. See ____ ("Accordingly, only $4,547.60 (one-half of the $9,095.20 expended for expedited transcripts) will be taxed as costs". *See Alberti* [   ], 46 F.3d at 1358 (noting the court's wide discretion when taxing costs). See also SBC Communications ("Absent a showing of necessity, the Court will reduce the taxable costs for these transcripts to whatever the charge would have been on a non-expedited basis.")

Dated: June 15, 2018

        Respectfully submitted,

*/s/ Andy Tindel w/ permission of Lead Attorney*

Dariush Keyhani, Lead Attorney
*Pro Hac Vice*
New Jersey State Bar No. 044062002
MEREDITH & KEYANI, PLLC
125 Park Avenue, 25th Floor
New York, NY 10017
(212) 760-0098 Telephone
(212) 202-3819 Facsimile
Email: dkeyhani@meredithkeyhani.com

Andy Tindel
Texas State Bar No. 20054500
MT² LAW GROUP
MANN | TINDEL | THOMPSON
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile: (903) 596-0909
Email: atindel@andytindel.com

J. Mark Mann
Texas State Bar No. 12926150
G. Blake Thompson
Texas State Bar No. 24042033
MT² LAW GROUP
MANN | TINDEL | THOMPSON
300 West Main Street
Henderson, Texas 75652
Telephone: (903) 657-8540
Facsimile: (903) 657-6003
Email: mark@themannfirm.com
Email: blake@themannfirm.com

*Attorneys for Plaintiff Joe Andrew Salazar*

8

**CERTIFICATE OF SERVICE**

This is to certify that all known counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on this the 15th day of June, 2018.  Any other known counsel of record will be served with a copy of this document by email and/or facsimile transmission.

_____
Andy Tindel