# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| JOE ANDREW SALAZAR,<br><br>    Plaintiff,<br><br>    v.<br><br>HTC CORPORATION,<br><br>    Defendant. | Civil Action No. 2:16-cv-01096-JRG-RSP<br><br>JURY TRIAL DEMANDED<br>**PATENT CASE** |

## HTC CORPORATION'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM FOR INVALIDITY WITHOUT PREJUDICE OR, IN THE ALTERNATIVE, MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 50(b)

Fred I. Williams
TX Bar No. 00794855
Email: fwilliams@velaw.com
Mario A. Apreotesi
TX Bar No. 24080772
Email: mapreotesi@velaw.com
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, Texas 78746
Tel: 512.542.8400
Fax: 512.542.8612

Harry Lee Gillam, Jr.
State Bar No. 07921800
Email: gil@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas  75670
Tel: 903.934.8450
Fax: 903.934.9257

Todd E. Landis
TX Bar No. 24030226
Email: tlandis@velaw.com
Eric J. Klein
TX Bar No. 24041258
Email: eklein@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, Texas  75201
Tel:  214.220.7700
Fax: 214.220.7716

Parker D. Hancock
TX Bar No. 24108256
Email: phancock@velaw.com
VINSON & ELKINS LLP
1001 Fannin St., Suite 2500
Houston, Texas 77002
Tel: 713.758.2153
Fax: 713.615.5140

ATTORNEYS FOR DEFENDANT
HTC CORPORATION

Defendant HTC Corporation ("HTC Corp.") replies in support of its Motion to Dismiss Counterclaim for Invalidity Without Prejudice Or, In the Alternative, Motion for Judgment as a Matter of Law Pursuant to Federal Rule of Civil Procedure 50(b) (the "Motion," Dkt. 290). HTC Corp. respectfully submits that its invalidity counterclaim needs to be resolved by order or judgment. While Salazar believes that acceptance of the jury's verdict automatically dismissed the counterclaim with prejudice, that position finds no support in the case law. Therefore, HTC Corp. respectfully requests that the Court either (1) dismiss HTC Corp.'s invalidity counterclaim <u>without prejudice</u> (or sever and stay the counterclaim pending resolution of HTC Corp.'s IPR and any appeal of this case by Salazar), or (2) enter judgment that the asserted claims of U.S. Patent No. 5,802,467 ("'467 Patent") are invalid, as a matter of law, under Federal Rule of Civil Procedure 50(b).

## I. The Invalidity Counterclaim Should Be Dismissed, If At All, Without Prejudice.

### A. HTC Corp.'s invalidity counterclaim was not dismissed upon acceptance of the jury's verdict.

Because it has not been adjudicated by any order or action of the Court, the invalidity counterclaim must be dismissed <u>without prejudice</u> if the Court is inclined to enter a dismissal. Contrary to Salazar's brief, the Court's acceptance of the jury's verdict was not conditioned on any consent or intent of HTC Corp. to dismiss the counterclaim. Salazar argues that the "transcript makes clear" that the Court conditioned acceptance of the jury's verdict on dismissal of the invalidity case. *See* Dkt. 292 at 3. But the transcript does not support Salazar's assertion. *Id.* Because HTC Corp. did not volunteer to dismiss its counterclaim (and the Court did not order any dismissal of it, with or without HTC Corp.'s consent) when accepting the jury's verdict, the invalidity counterclaim is still "live."

Despite the differences between *Flexuspine v. Globus Medical* and the instant case, the similar facts appear to compel a similar outcome—dismissal of the invalidity counterclaim without prejudice. Contrary to Salazar's suggestion otherwise, the defendant in *Flexuspine* did plead invalidity as a counterclaim. *See Flexuspine, Inc. v. Globus Medical, Inc.*, 879 F.3d 1369, 1371 (Fed. Cir. 2018) (stating that Globus also filed a declaratory judgment counterclaim of invalidity). Because the verdict form in *Flexuspine* specifically instructed the jury to stop answering the form's interrogatories if the jury found no infringement, the district court found that Globus had waived its right to present the invalidity counterclaim to the jury, having instead presented invalidity as an affirmative defense. The district court therefore dismissed Globus' invalidity counterclaim <u>without prejudice</u>. Given the verdict form and record here, HTC Corp. respectfully requests that the Court dismiss HTC Corp.'s invalidity counterclaim <u>without prejudice</u>.

**B.    Dismissal of the invalidity counterclaim with prejudice would unfairly prejudice HTC Corp.**

Any dismissal of HTC Corp.'s invalidity counterclaim should be <u>without prejudice</u>. In the event there is another trial on Salazar's infringement claims or if HTC Corp's previously filed request for *inter partes* review of the asserted patent proceeds to hearing at the Patent Office, HTC would be severely prejudiced if a dismissal with prejudice in this case prevented it from establishing the invalidity of the patent. The Opposition has not disclaimed any right or intent to pursue satellite litigation against HTC-branded products. And while Salazar states that he "has filed no post-trial motions or appeals," he carefully avoids committing to not filing an appeal to the Federal Circuit. HTC Corp. accepted the jury's verdict because the verdict resolved Salazar's infringement claims, not to avoid an adverse verdict on invalidity as Salazar speculates. *See* Dkt. 292 at 8-9. HTC Corp. now seeks dismissal of its invalidity counterclaim <u>without prejudice</u> to

preserve its counterclaim in the event that Salazar appeals the verdict or asserts the '467 patent against HTC Corp. in the future.

Dismissal of the counterclaim without prejudice will not harm Salazar. The presentation of HTC Corp.'s invalidity counterclaim (and Salazar's rebuttal) required less than a day of trial testimony. The Opposition's discussion of the Court's prior rulings on invalidity (*see* Dkt. 292 at 7) are immaterial because none of those rulings related to the anticipation and obviousness arguments presented at trial.

Finally, contrary to Salazar's argument, dismissal without prejudice is not inconsistent with Salazar's Seventh Amendment rights. Infringement and invalidity are separate issues. A new jury considering the validity of the '467 patent would not be reexamining the same facts decided by the first jury to find non-infringement by the Accused Products.

Because it would not unduly prejudice Salazar or violate his Seventh Amendment Rights and because HTC Corp. has a valid explanation for its request, HTC Corp. requests dismissal of the counterclaim without prejudice.

## II.     If the Court Does Not Dismiss HTC Corp.'s Counterclaim for Invalidity Without Prejudice, Then Judgment as a Matter of Law Should Be Entered.

Judgment of invalidity as a matter of law on claims 1-7, 27-30, and 34 of the '467 patent (the "Asserted Claims") is warranted because no reasonable jury would have had a legally sufficient evidentiary basis to find otherwise. Dr. Wolfe provided detailed explanations of his opinions, showing that Claims 1-7, 29-30, and 34 were anticipated in view of U.S. Patent 5,410,326 to Goldstein, and that Claims 27-28 were obvious in view of Goldstein and the knowledge of a person of ordinary skill in the art. *See* Dkt. 290 at 4 (summarizing Dr. Wolfe's detailed explanations and citations for where each limitation of the Asserted Claims is found in the Goldstein reference). Because Salazar failed to provide any "substantial evidence" to the

3

contrary, no reasonable juror could find the Asserted Claims not invalid. HTC Corp. therefore respectfully requests judgment as a matter of law that Claims 1-7, 29-30, and 34 are invalid as anticipated under § 102, and that Claims 27-28 are invalid as obvious under § 103, as an alternative to the dismissal requested above.

Contrary to the Opposition's argument, Dr. Gottesman did not provide "ample evidence"—let alone any credible evidence—that would permit a reasonable jury to conclude that the Asserted Claims are not invalid. Instead Dr. Gottesman presented bare conclusions unsupported by any citations to (or evidence from) the Goldstein reference. Indeed, he conceded that all but two elements were satisfied by the Goldstein reference. *See* Dkt. 290 at 5.

For the preambles of claims 1 and 34, Dr. Gottesman provided only his unsupported conclusion that Goldstein does not have "a communications, command, control and sensing system." *See id.* Dr. Gottesman's citation of the Election Restriction does not present substantial evidence that the Goldstein reference does not satisfy the preambles of claims 1 and 34. Dr. Gottesman's opinions on the "memory device" element were likewise wholly conclusory, without any support or evidence. *See id.* In response, Salazar argues that Dr. Gottesman listed three reasons why Goldstein does not teach the limitation, but the cited testimony was also wholly conclusory and provided no explanation or supporting citations from the Goldstein reference. *See* Dkt. 292 at 14 n.4 (quoting Dr. Gottesman's trial testimony that merely stated his reasons, but provided no evidence or supporting argument). As discussed above, those conclusory opinions cannot support denial of judgment as a matter of law.

For claims 29-30, Dr. Gottesman testified that the claims were not anticipated by Goldstein for the additional reason that Goldstein did not teach a "sensor" as claimed. But Dr. Gottesman conceded that Goldstein teaches a device containing a touch-sensitive display screen such that the

4

device would respond when the user presses the screen. *See* Trial Tr. at 33:22-25 and 34:1-7 (May 10, 2018). Meanwhile, Dr. Wolfe provided more than mere conclusions: he gave substantive explanations of the touch-sensitive screen in Goldstein and explained how its disclosure and operation invalidates the claims. *See* Trial Tr. at 41:2-43:13, 49:2-50:11, 51:11-55:16 (May 10, 2018).

Given the testimony and evidence provided by Dr. Wolfe and the complete failure of Salazar to present anything other than bare expert conclusions, no reasonable juror could find that the Asserted Claims are not invalid. HTC Corp. therefore respectfully requests judgment as a matter of law that Claims 1-7, 29-30, and 34 are invalid as anticipated under § 102, and that Claims 27-28 are invalid as obvious under § 103.

### III. Conclusion

For these reasons, HTC Corp. respectfully requests that the Court either dismiss the counterclaim for invalidity <u>without prejudice</u> (or sever and stay the counterclaim pending resolution of HTC Corp.'s IPR and any appeal of this case by Salazar, if the Court prefers) or, in the alternative, grant HTC Corp.'s motion for judgment as a matter of law that Claims 1-7, 29-30, and 34 are invalid as anticipated, and Claims 27-28 are invalid as obvious.

Dated: July 2, 2018

Respectfully submitted by,

*/s/ Fred I Williams*
Fred I. Williams
State Bar No. 00794855
fwilliams@velaw.com
Mario A. Apreotesi
State Bar No. 24080772
mapreotesi@velaw.com
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, Texas 78746
Tel: 512.542.8400
Fax: 512.542.8612

5

        Todd E. Landis
        State Bar No. 24030226
        tlandis@velaw.com
        Eric J. Klein
        State Bar No. 24041258
        eklein@velaw.com
        VINSON & ELKINS LLP
        2001 Ross Avenue, Suite 3700
        Dallas, Texas 75201
        Tel: 214.220.7700
        Fax: 214.220.7716

        Parker Hancock
        State Bar No. 24108256
        phancock@velaw.com
        VINSON & ELKINS LLP
        1001 Fannin, Suite 2500
        Houston, Texas 77002
        Tel: 713.758.2222
        Fax: 713.758.2346

        Harry Lee Gillam, Jr.
        State Bar No. 07921800
        gil@gillamsmithlaw.com
        GILLAM & SMITH, LLP
        303 South Washington Avenue
        Marshall, Texas 75670
        Tel: 903.934.8450
        Fax: 903.934.9257

        *Counsel for Defendant HTC Corporation*

## CERTIFICATE OF SERVICE

       The undersigned certifies that all counsel of record who have deemed to have consented to electronic service are being served on July 2, 2018, with a copy of the foregoing document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).

        */s/ Fred I Williams*
        Fred I. Williams

US 5738674