IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOE ANDREW SALAZAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:16-cv-01096-JRG-RSP |
| | § | |
| HTC CORPORATION, | § | |
| | § | |
| Defendant. | § | JURY DEMANDED |

**PLAINTIFF JOE ANDREW SALAZAR'S SUR-REPLY IN OPPOSITION TO HTC CORPORATION'S MOTION TO DISMISS ITS COUNTERCLAIM FOR INVALIDITY WITHOUT PREJUDICE OR IN THE ALTERNATIVE, MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 50(b)**

**I.   HTC Corp.'s withdrawal of its invalidity counterclaim at the close of trial constituted a dismissal with prejudice.**

   **A.   HTC Corp. unilaterally removed its counterclaim from the jury after fully presenting its case and there is no "live" issue for the Court to act upon.**

HTC Corp.'s arguments that its counterclaim is still "live" because it has not been adjudicated by any order or action of the Court or because HTC Corp. "did not volunteer to dismiss" it are unavailing. As discussed in Plaintiff's Response,[1] courts have routinely dismissed claims without adjudication where the movant "fails to seek a dismissal until a late stage of trial," provides an insufficient explanation of the need to take a dismissal, and/or the movant seeks to avoid an imminent adverse ruling in the case. *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991); *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 318 n.3; *In re FEMA Trailer Formaldahyde Prods. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010).

---

[1] *See* Dkt. No. 292. All references to page numbers refer to pages listed in the document's header.

Further, HTC Corp. volunteered to dismiss its counterclaim upon accepting the jury's verdict to Question 1 alone. Contrary to HTC Corp.'s assertion, HTC Corp. could not have accepted the jury verdict at that time without withdrawing its counterclaim. *See* Dkt. No. 292 at 6-7 (explaining that "at this point, I [the Court] need the Defendants to tell me if they want me to send the jury back and instruct them to answer Question 2 on validity or they want me to accept the verdict with the answers to Question 1 only."). Indeed, had HTC Corp. elected not to withdraw its counterclaim, both Question 1 (infringement) and Question 2 (validity) would have been sent back to the jury.[2] *Id*.

With respect to HTC Corp.'s arguments relating to *Flexuspine*, the facts of *Flexuspine* do not compel a similar outcome and HTC Corp. fails to present *any* analysis[3] of why or how *Flexuspine* should apply to the instant case—where here HTC Corp. fully presented its case, the jury was instructed to decide its counterclaim (and mistakenly did not), and HTC Corp. unilaterally pulled the decision from the jury at the eleventh hour. As set forth in Plaintiff's Response, the issue of invalidity in *Flexuspine* was submitted to the jury only as an affirmative defense—not as a counterclaim. Therefore, the counterclaim never reached the jury and was dismissed without prejudice, *by the court*, for that reason. Dkt. No. 292 at 7-8. *Flexuspine* does not stand for the proposition that claims can be fully tried and presented to a jury and then dismissed without

---

[2] HTC Corp.'s explanation that it accepted the jury's verdict because it resolved Salazar's infringement claims rather than to avoid an adverse verdict on invalidity is incredible. By filing the present motion, it is clear that somehow invalidating Salazar's patent is important to HTC Corp. and if HTC Corp. was confident with its arguments/evidence of invalidity, it would have wanted the jury to decide the issue.

[3] In its Response, Plaintiff did not suggest that Globus did not plead invalidity as a counterclaim. Indeed, had Globus only asserted invalidity as an affirmative defense, there would be no "claim" for the court to dismiss—with or without prejudice. Nevertheless, Globus' pleading of invalidity as a counterclaim is immaterial.

prejudice at the sole discretion of the party asserting the claim whenever that party wishes to avoid an imminent adverse ruling.

### B.  Salazar—not HTC Corp.—will be severely prejudiced if HTC Corp. is permitted to re-litigate the validity of the '467 Patent.

HTC Corp. asserts that it seeks dismissal without prejudice to preserve its counterclaim "in the event that Salazar appeals the verdict or asserts the '467 patent against HTC Corp. in the future." Neither of those scenarios are possible.  As discussed in Salazar's Response, Salazar has filed no post-trial motions and therefore has nothing to appeal to the Federal Circuit.  The only pending, appealable motion is the instant one, which does not relate to HTC Corp.'s noninfringement verdict. Further, any claim Salazar could have made against HTC Corp. involving the claims of the '467 Patent would have had to have been included in this case and because the '467 patent is expired, Salazar cannot sue HTC Corp. for infringement of any future products.  Accordingly, any challenge to the validity of the '467 patent is a waste of time and resources for the parties and the Court.

Furthermore, HTC Corp.'s focus on the potential length (in days) of a future trial as the measure of prejudice ignores the substantial time and resources required to litigate an entire case. Similarly, HTC Corp.'s suggestion that Salazar would not be prejudiced if the Court sets aside its prior rulings that were adverse to HTC Corp. because "none of those rulings related to the anticipation and obviousness arguments presented at trial" should be rejected.  Contrary to HTC Corp.'s statement, the Court's denial of HTC Corp.'s Rule 50(a) motion at the close of trial directly related to HTC Corp.'s anticipation and obviousness arguments.  Moreover, as addressed in Salazar's Response, Salazar would be severely prejudiced if HTC Corp. could wipe the slate clean of rulings that had been decided in Salazar's favor, including indefiniteness and choice of venue, among others.

HTC Corp.'s Seventh Amendment argument also lacks merit. "The Seventh Amendment entitles parties to have fact issues decided by one jury, and prohibits a second jury from reexamining those facts and issues." *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 750 (5th Cir. 1996). As explained in Salazar's Response, dismissal without prejudice would open the door to a Seventh Amendment violation because a separate jury deciding the issue of invalidity would be reexamining the same fact issues regarding the application of the patent claims that the jury in this case already considered and determined, because how the patent claims are to be interpreted inform both the infringement and invalidity inquiries. The Court should reject HTC Corp.'s argument that because infringement and invalidity are separate issues, no Seventh Amendment violation is possible.

In sum, Salazar would be severely prejudiced if HTC Corp.'s counterclaims were dismissed without prejudice while HTC Corp.'s purported prejudice is illusory at best and simply does not warrant allowing HTC Corp. to resurrect a claim it abandoned at trial.

## II. HTC Corp.'s motion for judgment as a matter of law should be denied.

The Court should reject HTC Corp.'s attempt to shift the burden of proving validity of the claims of the '467 Patent onto Salazar. Despite citing no law to support its contention, HTC Corp. boldly asserts that Salazar's validity expert Dr. Oded Gottesman was required to present "substantial evidence" that the asserted claims were valid. HTC Corp. fails to explain why the clear guidance from the Federal Circuit—that the party challenging a patent's validity has the burden to prove by clear and convincing evidence that a patent is invalid and that a patentee is not required to offer *any* expert testimony on the issue of validity—should not apply in this instance. *See* Dkt. No. 282 at 16-17. As discussed in Salazar's Response, Dr. Gottesman presented ample

4

evidence for a jury to find the claims of the '467 Patent valid.[4] *Id*. at 17-20. Nevertheless, HTC Corp.'s Reply wholly fails to address Salazar's counsel's rigorous cross-examination of Dr. Wolfe, as identified in Plaintiff's Response. It was entirely within the jury's purview to reject Dr. Wolfe's opinion in its entirety and find that HTC Corp. failed to meet its burden of proving the asserted claims were invalid.

The PTAB's recent denial of HTC Corp.'s petition for *inter partes* review in its entirety also supports denial of HTC Corp.'s judgment as a matter of law. On July 9, 2018 the PTAB declined to institute *inter partes* review of each of the claims asserted against HTC Corp. in this case based on the same prior art references raised by HTC Corp. in this litigation (including Goldstein) and arguments presented in the instant case.[5] Moreover, Dr. Wolfe and Dr. Gottesman—the same experts who testified at trial—provided expert testimony in the IPR proceedings. Just as the PTAB sustained the validity of the asserted claims of the '467 patent, so too could a reasonable jury in this case. Accordingly, HTC Corp.'s motion should be denied.

## III.   Conclusion

For the foregoing reasons, Salazar respectfully requests that the Court deny HTC Corp.'s motion in its entirety and affirm that HTC Corp.'s counterclaim to invalidate the asserted claims of the '467 patent was in fact dismissed with prejudice when HTC Corp. withdrew it from consideration from the jury.

---

[4] HTC Corp.'s argument that Dr. Gottesman "conceded that Goldstein teaches a device containing a touch-sensitive display screen such that the device would respond when the user presses the screen" is immaterial to whether Goldstein teaches the *claimed* sensor. Dr. Gottesman explicitly rejected Dr. Wolfe's opinion that such a touch screen met the "measuring physical phenomena" limitation, as required by claims 29 and 30 and explained why Dr. Wolfe was wrong. Dkt. No. 292 at 19.

[5] Because the '467 patent is expired, the PTAB applied the same standard for invalidity that was applied in this case. *See* DECISION Denying Institution of *Inter Partes* Review *35 U.S.C. § 314(a)* at 7-8 (July 9, 2018) (**Ex.5**).

5

Dated: July 9, 2018

Respectfully submitted,

*[signature: Andy Tindel w/ permission of Lead Attorney]*

Dariush Keyhani, Lead Attorney
New Jersey State Bar No. 044062002
Admitted *pro hac vice*
MEREDITH & KEYANI, PLLC
125 Park Avenue, 25th Floor
New York, NY 10017
(212) 760-0098 Telephone
(212) 202-3819 Facsimile
dkeyhani@meredithkeyhani.com

Andy Tindel
Texas State Bar No. 20054500
MT² LAW GROUP
MANN | TINDEL | THOMPSON
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile: (903) 596-0909
Email: atindel@andytindel.com

J. Mark Mann
Texas State Bar No. 12926150
G. Blake Thompson
Texas State Bar No. 24042033
MT² LAW GROUP
MANN | TINDEL | THOMPSON
300 West Main Street
Henderson, Texas 75652
(903) 657-8540
(903) 657-6003 (fax)
Email: mark@themannfirm.com
Email: blake@themannfirm.com

***Attorneys for Plaintiff Joe Andrew Salazar***

6

**CERTIFICATE OF SERVICE**

      This is to certify that all known counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on this the 9th day of July, 2018.  Any other known counsel of record will be served with a copy of this document by email and/or facsimile transmission

_____
Andy Tindel