IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOE ANDREW SALAZAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:16-CV-01096-JRG |
| | § | |
| HTC CORPORATION, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**ORDER**

Before the Court is Defendant HTC Corporation's ("HTC" or "Defendant") Motion for an Order Taxing Disputed Costs to Plaintiff Joe Andrew Salazar (the "Motion"). (Dkt. No. 287.) Having considered the Motion and the relevant authorities, the Court finds that the Motion should be and hereby is **GRANTED**.

**I. LEGAL STANDARD**

The issue of costs raises a procedural issue not unique to patent law and is therefore governed by regional circuit law. *In re Ricoh Co., Ltd. Patent Litigation*, 661 F.3d 1361, 1364 (Fed. Cir. 2011). Under Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d) affords courts discretion in awarding costs to prevailing parties. *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2002 (2012). However, the provisions of 28 U.S.C. § 1920 limit the Court's discretion in taxing costs against the unsuccessful litigant. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42

(1987). Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d):

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; *see also CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320, 1325 (Fed. Cir. 2013). A district court is permitted to decline to award costs listed in the statute but may not award costs omitted from the statute. *Crawford*, 482 U.S. at 441–42.

## II. ANALYSIS

Plaintiff Joe Andrew Salazar ("Plaintiff") does not dispute the propriety of $29,624.30 in costs for "deposition transcripts, pretrial transcripts, fees for witnesses, document production conversion and preparation of trial exhibits." (Dkt. No. 287 at 2; *see generally* Dkt. No. 291 (Plaintiff's response that only addresses disputed costs).) The Court thus turns to the only disputed amount — HTC's request of $10,781.00 for the expedited daily trial transcripts. (Dkt. No. 287 at 1.)

HTC argues that the expedited daily trial transcripts are properly recoverable under Section 1920(2) because HTC "utilized these transcripts to review and prepare for evidentiary arguments, witness preparation, focused cross-examination of Plaintiff's witnesses, prepare motions for judgment as a matter of law presented at the close of evidence, and to prepare and use in its closing argument in a short period of time." (Dkt. No. 287 at 3.) Relying primarily on non-patent cases, Plaintiff responds that "daily trial transcripts are not necessary because counsel can rely on their

note-taking and memories, particularly where the trial is relatively short and the prevailing party is represented by a large team of attorneys and support staff." (Dkt. No. 291 at 4 (citing *United States ex. rel. v. Fresenius Med. Care N. Am.*, 761 F. Supp. 2d 442, 451 (W.D. Tex. 2010).)

"To award the cost of daily transcripts, the court must find that they were not 'obtained primarily for the convenience' of the parties but were 'necessarily obtained for use in this case.'" *Studiengesellshaft Kohle mbH v. Eastmen Kodak Co.*, 713 F.2d 128, 133 (5th Cir. 1983) (quoting *Brumley Estate v. Iowa Beef Processors, Inc.*, 704 F.2d 1362, 1363 (5th Cir. 1983). Necessity is a factual finding, and use of the trial transcript during the trial can support such a finding. *See Structural Metals, Inc. v. S&C Elec. Co.*, No. SA-09-CV-984-XR, 2013 WL 3790450, at *2 (W.D. Tex. July 19, 2013); *accord Marmillion v. American Int'l Ins. Co.*, 381 F. App'x 421, at *9 (5th Cir. 2010). The courts of this district have found daily trial transcripts necessary. *Blackboard Inc. v. Desire2Learn, Inc.*, No. 9:06-cv-155, Dkt. No. 438 at 4 (E.D. Tex. July 17, 2008) (patent infringement); *Pressure Prods. Med. Supplies, Inc. v. Quan Emerteq Corp.*, No. 9:06-cv-121, Dkt. No. 259 at 4 (E.D. Tex. Oct. 14, 2008) (patent infringement); *West v. Perry*, No. 2:07-cv-200, 2009 WL 2225579, at *4 (E.D. Tex. July 23, 2009) (copyright infringement).

The Court agrees with Defendant and finds that the expedited daily trial transcripts were "necessarily obtained for use in this case." This patent infringement case involved complex technological and patent law issues that required the testimony of five expert witnesses over the span of five days. The trial transcripts were heavily quoted in both parties' demonstratives for use in both examination of witnesses and closing arguments. (Dkt. No. 293 at 5; *see also* Dkt. No. 293-1–293-3 (examples of demonstrative slides using excepts from trial transcripts).) As evidenced by both parties' use of such daily transcripts, the complexity and length of this trial necessitated obtaining expedited daily transcripts for use throughout the trial. They were not obtained

"primarily for the convenience" of counsel.

Having addressed the only disputed cost, the Court finds that the total amount of $40,405.30 in HTC's Bill of Costs is both reasonable and in accordance with Section 1920.

### III. CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Defendant HTC Corporation's Motion for an Order Taxing Disputed Costs to Plaintiff Joe Andrew Salazar. (Dkt. No. 287.) The Court finds and declares HTC to be the prevailing party. As such, the Court **GRANTS** HTC $29,624.30 in unopposed costs. The Court also **GRANTS** HTC $10,781.00 in opposed costs. The Court **DIRECTS** the Clerk to forthwith **ENTER** HTC's Bill of Costs, which is attached to the Motion as Exhibit 1. (Dkt. No. 287-1.)

**So Ordered this**
**Mar 5, 2019**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE