IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JOE ANDREW SALAZAR, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 2:16-CV-01096-JRG |
| § | |
| HTC CORPORATION, § | |
| § | |
| Defendants. § | |
| § | |

# ORDER

Before the Court is Defendant HTC Corporation's ("Defendant" or "HTC") Motion to Dismiss Its Counterclaim for Invalidity Without Prejudice, or in the Alternative, Motion for Judgment as a Matter of Law Pursuant to Federal Rule of Civil Procedure 50(b) (the "Motion"). (Dkt. No. 290.) Having considered the Motion, and for the reasons that follow, the Court finds that the Motion should be and hereby is **DENIED**.

## I. BACKGROUND

On October 5, 2016, Plaintiff Joe Andrew Salazar ("Plaintiff") filed a patent infringement suit against HTC. (*See generally* Dkt. No. 1.) HTC answered the Complaint on February 28, 2018, and asserted declaratory judgment counterclaims of noninfringement and invalidity for the only patent-at-suit—U.S. Patent No. 5,802,467 (the "'467 Patent"). (Dkt. No. 170 at 7–8.)

On May 7, 2018, a jury trial commenced in this case on both infringement and invalidity of the '467 Patent. On May 10, 2018, and after the close of evidence, the Court held an informal charge conference to discuss the final jury instructions and verdict form with counsel. (Dkt. No. 268.) Based on these discussions, the Court then generated its proposed final jury instructions and

proposed final verdict form. A formal charge conference was then held on the record, and pursuant thereto, the jury instructions and verdict form to be submitted to the jury were finalized.

The final verdict form included an instructional first page that defined terms. (Dkt. No. 272 at 1.) The bottom of the first page included the instruction "PROCEED TO THE NEXT PAGE." Question 1, located on page two, dealt with infringement and the same instruction was included at the bottom of that page. (*Id.* at 2.) Question 2, located on page three, dealt with invalidity, and again, the same instruction was included at the bottom of that page. (*Id.* at 3.) Additional instructions on page four directed the jury to answer no further questions if they had answered no as to infringement by all accused products in Question 1 or yes as to invalidity of all asserted claims in Question 2. (*Id.* at 4.) However, these instructions clearly followed Questions 1 and 2 on a subsequent page, and they were only to be followed after the jury had completed and answered Questions 1 and 2. At the formal charge conference, neither of the parties objected to any part of this final verdict form, including the instructions on answering the questions. (Dkt. No. 282, 05/10/2018 PM Hr'g Tr. at 65:4–13.)

On May 12, 2018, the Court instructed the jury that "invalidity and infringement are separate and distinct issues that must be decided separately" and that the jury's job was "to decide whether the asserted claims of the '467 patent have been infringed and whether any of the asserted claims of the '467 patent are invalid." (Dkt. No. 283, 05/11/2018 Hr'g Tr. at 15:25–16:4.) The Court further instructed the jury to "[a]nswer each question in the verdict form from the facts as you find them to be from the evidence presented in this case." (*Id.* at 82:18–20.)

The jury then deliberated and reported that it had reached a verdict. Upon reviewing the verdict form, the Court determined that the jury had answered Question 1 regarding infringement (finding no infringement) but the jury had not answered any of the remaining questions in the

verdict form, including Question 2 regarding invalidity. The Court held a bench conference with counsel during which the following exchange took place:

> THE COURT: The jury has answered Question 1 with regard to infringement as "no" to each of the accused products. However, the jury has not answered Question 2 with regard to invalidity of the patent-in-suit. The instructions that follow Question 2 provide that if they've answered "no" to Question 1, they should not answer any further questions, but that instruction is after Question 2, and since there is a live declaratory judgment action for invalidity, the jury should answer Question 2. At this point, I need the Defendants to tell me if they want me to send the jury back and instruct them to answer Question 2 on validity or they want me to accept the verdict with the answers to Question 1 only.
> . . . .
> [DEFENDANT'S COUNSEL:] Your Honor, the Defendant will elect to accept the verdict.
> [THE COURT]: All right. So the Defendant has no objection to me accepting the verdict with only Question 1 being answered?
> [DEFENDANT'S COUNSEL:] That's correct, Your Honor.

(*Id.* at 87:12–88:16.) Based on HTC's counsel's representations, the Court accepted the verdict with only Question 1 having been answered as to infringement.

On May 18, 2018, the Court entered final judgment that HTC did not infringe any of the asserted claims of the '467 Patent. (Dkt. No. 284.) The final judgment did not address the issue of invalidity. (*See id.*) The Court also directed the Clerk to close the case. (*See id.* at 2.)

II. ANALYSIS

In its Motion, HTC argues that the Court should dismiss its invalidity counterclaim without prejudice, or in the alternative, sever and stay the counterclaim, or enter judgment as a matter of law under Rule 50(b). (*See generally* Dkt. No. 290.) Plaintiff responds that HTC withdrew its invalidity counterclaim at the close of trial so there is no live issue for the Court to decide, and the counterclaim should be dismissed with prejudice.

HTC argues that "[b]ecause HTC Corp. pleaded and proved the counterclaim but it was not decided by the jury, the claim should be resolved at this time." (Dkt. No. 290 at 1.) HTC's

3

argument ignores a crucial fact—validity was not decided by the jury because HTC specifically chose not to have it decided by the jury, after the Court provided HTC a clear and express opportunity to do so.

Contrary to HTC's assertions, the present facts are distinguishable than those of *Flexuspine*. *Flexuspine, Inc. v. Globus Medical, Inc.*, 879 F.3d 1369 (Fed. Cir. 2018). The verdict form in *Flexuspine* included a stop instruction[1] before the jury was to answer the invalidity question. *Id.* at 1371. After the jury reported that they had reached a verdict, and upon reviewing the verdict form, the Court determined that the jury had answered "no" to question 1 as to infringement but they had ignored the stop instruction, and proceeded to answer questions 2 and 3 regarding invalidity and damages. *Id.* at 1372. After consulting with the parties, who did not raise any objections, the Court instructed the jury to retire again with a blank verdict form and complete a new verdict. *Id.* The jury then returned a verdict form with only question 1 as to infringement answered. *Id.*

Here, the verdict form contained no such stop instruction. Rather, the form instructed the jury to answer both Question 1 as to infringement and Question 2 as to invalidity ***before*** the stop instruction, which preceded Question 3 on a subsequent separate page. The Court reviewed the verdict form and determined that the jury had not answered Question 2 regarding invalidity. Fully aware of HTC's invalidity counterclaim, the Court asked HTC's counsel to elect whether to accept the verdict form with only Question 1 as to infringement answered and forego HTC's invalidity counterclaim, or to instruct the jury to retire again and answer Question 2 on invalidity. (Dkt. No. 283, 05/11/2018 Hr'g Tr. at 87:12–88:16.) HTC voluntarily elected to accept the verdict with only

---

[1] That stop instruction read "ANSWER THIS QUESTION ONLY AS TO THOSE CLAIMS YOU ANSWERED 'YES' TO IN QUESTION 1 [the infringement question] ABOVE—OTHERWISE DO NOT ANSWER THIS QUESTION." *Flexuspine*, 879 F.3d at 1369.

4

Question 1 answered. (*Id.*)

The Court finds that HTC's strategic election to accept the verdict constitutes waiver of HTC's right to have a jury decide its invalidity counterclaim. *Cf. Strattec Sec. Corp. v. General Automotive Specialty Co., Inc.*, 126 F.3d 1411, 1419 (Fed. Cir. 1997) (finding no waiver when a jury did not reach an issue because a stop instruction precluded it from doing so). The issue of validity of the '467 Patent was fully submitted and tried to the jury. Indeed, both parties presented full evidence including experts who testified as to the '467 Patent's validity. With the Court's instructions after seeing the tendered verdict form, the jury would have reached and answered the issue of validity <u>but for</u> HTC's election to accept the verdict without the jury being so instructed.

As HTC has waived its right to have a jury determination of its counterclaim, a motion pursuant to Rule 50(b) is improper and should be denied.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** that Defendant's Motion to Dismiss Its Counterclaim for Invalidity Without Prejudice, or in the Alternative, Motion for Judgment as a Matter of Law Pursuant to Federal Rule of Civil Procedure 50(b) (Dkt. No. 290).

In light of HTC's waiver, this Court, having heard all the evidence during the trial, will proceed to make both findings of fact and rulings of law with a resulting judgment regarding the validity the '467 Patent. *See Liquid Dynamics Corp. v. Vaughan Co., Inc.*, 655 F.3d 1361, 1371 (Fed. Cir. 2004) ("A district court faced with an invalidity counterclaim challenging a patent that it concludes was not infringed may either hear the claim or dismiss it without prejudice, subject to review only for abuse of discretion."). As this issue has been fully tried before this Court, and Defendant has waived its right to a jury determination as to validity, it falls to this Court to proceed on the current record to adjudicate the same.

Accordingly, the Court hereby **ORDERS** that each party separately submit proposed findings of fact and conclusions of law addressing the validity of the '467 Patent by March 18, 2019. The proposed findings of fact and conclusions of law should be *fully documented* with citations to the exhibits, the trial transcript, and any other evidence that is properly before the Court. The Court will consider a failure to cite direct and accurate support for any proposition in the proposed findings of fact and conclusions of law as potentially sanctionable conduct. Additionally, separately from their filings with the Clerk of Court, each party shall email its submissions in *Word* format to the Court.

**So ORDERED and SIGNED this 7th day of March, 2019.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE